# IN THE UNITED STATES DISTRICT COURT

## FOR THE EASTERN DISTRICT OF TEXAS

### TYLER DIVISION

| | | |
|---|---|---|
| **SMARTFLASH LLC AND SMARTFLASH TECHNOLOGIES LIMITED,** | § § § § | **Civil Action No. 6:13-CV-447-MHS-JDL** |
| *Plaintiff*, | § § | |
| v. | § § | **JURY TRIAL DEMANDED** |
| **APPLE, INC.,** *et al.*, | § § | |
| *Defendants*. | § § | |

## DEFENDANT APPLE INC.'S ANSWER AND COUNTERCLAIMS TO PLAINTIFFS' ORIGINAL COMPLAINT FOR PATENT INFRINGEMENT

Defendant Apple Inc. ("Apple") respectfully submits its Answer and Counterclaims to the Original Complaint for Patent Infringement ("Complaint") filed by Plaintiffs Smartflash LLC and Smartflash Technologies Limited (collectively "Smartflash") as follows. The numbered paragraphs below correspond to the numbered paragraphs of the Complaint.

### THE PARTIES

1.      Apple lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 1 of the Complaint, and therefore denies those allegations.

2.      Apple lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 2 of the Complaint, and therefore denies those allegations.

3.      Apple admits that it is a California corporation having its principal place of business at 1 Infinite Loop, Cupertino, California 95014.  Apple further admits that it maintains an agent of process at CT Corporation System, 350 N. St. Paul Street, Suite 2900, Dallas, TX 75201.

4.      Apple lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 4 of the Complaint, and therefore denies those allegations.

5.      Apple lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 5 of the Complaint, and therefore denies those allegations.

6.      Apple lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 6 of the Complaint, and therefore denies those allegations.

## JURISDICTION AND VENUE

7.      Apple admits that the Complaint purports to state a claim for patent infringement under the patent laws of the United States, Title 35 of the United States Code.  Apple further admits that Smartflash purports to assert subject-matter jurisdiction over such claims pursuant to 28 U.S.C. §§ 1331 and 1338(a).  Except as expressly admitted, Apple denies the remaining allegations of Paragraph 7.

8.      Apple does not challenge that this Court has personal jurisdiction over it and admits that it conducts business in this District.  Apple denies that it has "committed acts of patent infringement and/or [has] induced acts of patent infringement by others in this district and/or [has] contributed to patent infringement by others in this district, the State of Texas, and elsewhere in the United States."  Except as expressly admitted, Apple denies the remaining allegations of Paragraph 8.

9.      Apple does not contest that venue is proper in this District, but denies that venue is convenient or in the interests of justice under 28 U.S.C. § 1404(a). Apple does not challenge that this Court has personal jurisdiction over it and admits that it conducts business in this District. Except as expressly admitted, Apple denies the remaining allegations of Paragraph 9.

**PATENTS-IN-SUIT**

10.      Apple admits that U.S. Patent No. 7,334,720 (the "'720 patent") states on its face that it was issued on February 26, 2008. Apple further admits that the '720 patent states on its face that it is titled "Data Storage and Access Systems." Apple admits that a copy of what purports to be the '720 patent is attached to the Complaint as Exhibit A. Except as expressly admitted, Apple denies the remaining allegations of Paragraph 10.

11.      Apple admits that U.S. Patent No. 7,942,317 (the "'317 patent") states on its face that it was issued on May 17, 2011. Apple further admits that the '317 patent states on its face that it is titled "Data Storage and Access Systems." Apple admits that a copy of what purports to be the '317 patent is attached to the Complaint as Exhibit B. Except as expressly admitted, Apple denies the remaining allegations of Paragraph 11.

12.      Apple admits that U.S. Patent No. 8,033,458 (the "'458 patent") states on its face that it was issued on October 11, 2011. Apple further admits that the '458 patent states on its face that it is titled "Data Storage and Access Systems." Apple admits that a copy of what purports to be the '458 patent is attached to the Complaint as Exhibit C. Except as expressly admitted, Apple denies the remaining allegations of Paragraph 12.

13.     Apple admits that U.S. Patent No. 8,061,598 (the "'598 patent") states on its face that it was issued on November 22, 2011.  Apple further admits that the '598 patent states on its face that it is titled "Data Storage and Access Systems."  Apple admits that a copy of what purports to be the '598 patent is attached to the Complaint as Exhibit D.  Except as expressly admitted, Apple denies the remaining allegations of Paragraph 13.

14.     Apple admits that U.S. Patent No. 8,118,221 (the "'221 patent") states on its face that it was issued on February 21, 2012.  Apple further admits that the '221 patent states on its face that it is titled "Data Storage and Access Systems."  Apple admits that a copy of what purports to be the '221 patent is attached to the Complaint as Exhibit E.  Except as expressly admitted, Apple denies the remaining allegations of Paragraph 14.

15.     Apple admits that U.S. Patent No. 8,336,772 (the "'772 patent") states on its face that it was issued on December 25, 2012.  Apple further admits that the '772 patent states on its face that it is titled "Data Storage and Access Systems."  Apple admits that a copy of what purports to be the '772 patent is attached to the Complaint as Exhibit A.  Except as expressly admitted, Apple denies the remaining allegations of Paragraph 15.

16.     Apple lacks knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 16 of the Complaint and therefore denies those allegations.

## FACTUAL ALLEGATIONS

17.     Paragraph 17 of the Complaint contains legal conclusions that do not require a response by Apple.  To the extent that a response is required, Apple denies the allegations of Paragraph 17, except that Apple admits that certain claims of the asserted patents are purportedly directed to a "portable data carrier," while others are purportedly directed to a "computer system."

18.     Apple denies the allegations directed to Mr. Augustin Farrugia.  Apple lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations of Paragraph 18 of the Complaint and therefore denies those allegations.

19.     Apple admits that Mr. Augustin Farrugia is currently a Senior Director employed by Apple.  Except as expressly admitted, Apple lacks knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 19 of the Complaint and therefore denies those allegations.

20.     Apple admits that iTunes is a free software application that lets users organize and play digital music and video on a computer.  Apple makes versions of iTunes compatible with either Mac- or Windows-based computer systems available for download.  Except as expressly admitted, Apple denies the remaining allegations of Paragraph 20.

21.     Admitted.

22.     Apple admits that the iTunes application is capable of interfacing with the iTunes Store.  Except as expressly admitted, Apple denies the remaining allegations of Paragraph 22.

23.     Admitted.

24.     Admitted.

25.     Admitted.

26.     Apple admits that the Store Kit framework provides classes that allow an app to request payment from a user for additional functionality or content that an application delivers. Except as expressly admitted, Apple denies the remaining allegations of Paragraph 26.

27.     Apple admits that the Store Kit framework provides classes that allow an app to request payment from a user for additional functionality or content that an application delivers. Except as expressly admitted, Apple denies the remaining allegations of Paragraph 27.

28.     Apple admits that the Store Kit framework provides classes that allow an app to request payment from a user for additional functionality or content that an application delivers. Except as expressly admitted, Apple denies the remaining allegations of Paragraph 28.

29.     Apple admits that the Store Kit framework provides classes that allow an app to request payment from a user for additional functionality or content that an application delivers. Except as expressly admitted, Apple denies the remaining allegations of Paragraph 29.

30.     Admitted.

31.     Admitted.

32.     Apple admits that it provides various versions of an iOS SDK for use by third parties.  Except as expressly admitted, Apple denies the remaining allegations of Paragraph 32.

33.     Apple admits that it provides an iAd Creative Toolkit, which is used to design and code advertising.  Except as expressly admitted, Apple denies the remaining allegations of Paragraph 33.

34.     Apple admits that the iAd Bundle Development Kit also includes the template.ad bundle referenced in the Developer's Starter Guide, JavaScript API documentation, and the packaging script to optimize ad bundles for the iAd Network.  Except as expressly admitted, Apple denies the remaining allegations of Paragraph 34.

35.     Apple admits that an app titled "Hero Academy" is available for download from Apple's iTunes Store, and that an app titled "Hero Academy" is available for download from Apple's Mac App Store.  Apple otherwise lacks knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 35 of the Complaint and therefore denies those allegations.

36.     Apple lacks knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 36 of the Complaint and therefore denies those allegations.

37.     Apple lacks knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 37 of the Complaint and therefore denies those allegations.

38.     Apple admits that Apps titled "Grub Guardian" and "WizardBlox" are available for download from Apple's iTunes Store.  Apple otherwise lacks knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 38 of the Complaint and therefore denies those allegations.

39.     Apple lacks knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 39 of the Complaint and therefore denies those allegations.

40.     Apple lacks knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 40 of the Complaint and therefore denies those allegations.

41.     Apple admits that Apps are available for download from Apple's iTunes Store that identify "Game Circus LLC" as the "seller."  Apple otherwise lacks knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 41 of the Complaint and therefore denies those allegations.

42.     Apple lacks knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 42 of the Complaint and therefore denies those allegations.

43.     Apple denies the allegations of Paragraph 43 of the Complaint.

44.     Apple lacks knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 44 of the Complaint and therefore denies those allegations.

45.     Apple lacks knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 45 of the Complaint and therefore denies those allegations.

46.     Apple lacks knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 46 of the Complaint and therefore denies those allegations.

47.     Apple denies the allegations of Paragraph 47 of the Complaint.

48.     Apple denies the allegations of Paragraph 48 of the Complaint.

49.     Apple lacks knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 49 of the Complaint and therefore denies those allegations.

## COUNT ONE: PATENT INFRINGEMENT BY APPLE

50.     Apple incorporates by reference its responses to paragraphs 1 through 49, as set forth above.

51.     Apple denies the allegations of Paragraph 51 of the Complaint.

52.     Apple denies the allegations of Paragraph 52 of the Complaint.

53.     Apple denies the allegations of Paragraph 53 of the Complaint.

54.     Apple denies the allegations of Paragraph 54 of the Complaint.

55.     Apple denies that it had actual knowledge of the Asserted Patents before the filing date of the Complaint.

56.     Apple denies the allegations of Paragraph 56 of the Complaint.

57.     Apple denies the allegations of Paragraph 57 of the Complaint.

58.     Apple denies the allegations of Paragraph 58 of the Complaint.

59.     Apple denies the allegations of Paragraph 59 of the Complaint.

60.     Apple denies the allegations of Paragraph 60 of the Complaint.

61.     Apple denies the allegations of Paragraph 61 of the Complaint.

62.     Apple denies the allegations of Paragraph 62 of the Complaint.

63.     Apple denies the allegations of Paragraph 63 of the Complaint.

64.     Apple denies the allegations of Paragraph 64 of the Complaint.

## COUNT TWO: PATENT INFRINGEMENT BY ROBOT ENTERTAINMENT

65.     Apple incorporates by reference its responses to paragraphs 1 through 64, as set forth above.

66.     Apple lacks knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 66 of the Complaint and therefore denies those allegations.

67.     Apple lacks knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 67 of the Complaint and therefore denies those allegations.

68.     Apple lacks knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 68 of the Complaint and therefore denies those allegations.

69.     Apple lacks knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 69 of the Complaint and therefore denies those allegations.

70.     Apple lacks knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 70 of the Complaint and therefore denies those allegations.

71.     Apple lacks knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 71 of the Complaint and therefore denies those allegations.

72.     Apple lacks knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 72 of the Complaint and therefore denies those allegations.

73.     Apple lacks knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 73 of the Complaint and therefore denies those allegations.

74.     Apple lacks knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 74 of the Complaint and therefore denies those allegations.

75.     Apple lacks knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 75 of the Complaint and therefore denies those allegations.

76.     Apple lacks knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 76 of the Complaint and therefore denies those allegations.

**COUNT THREE: PATENT INFRINGEMENT BY KINGSISLE**

77.     Apple incorporates by reference its responses to paragraphs 1 through 76, as set forth above.

78.     Apple lacks knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 78 of the Complaint and therefore denies those allegations.

79.     Apple lacks knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 79 of the Complaint and therefore denies those allegations.

80.     Apple lacks knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 80 of the Complaint and therefore denies those allegations.

81.     Apple lacks knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 81 of the Complaint and therefore denies those allegations.

82.     Apple lacks knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 82 of the Complaint and therefore denies those allegations.

83.     Apple lacks knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 83 of the Complaint and therefore denies those allegations.

84.     Apple lacks knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 84 of the Complaint and therefore denies those allegations.

85.     Apple lacks knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 85 of the Complaint and therefore denies those allegations.

86.     Apple lacks knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 86 of the Complaint and therefore denies those allegations.

87.     Apple lacks knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 87 of the Complaint and therefore denies those allegations.

88.     Apple lacks knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 88 of the Complaint and therefore denies those allegations.

## COUNT FOUR: PATENT INFRINGEMENT BY GAME CIRCUS

89.     Apple incorporates by reference its responses to paragraphs 1 through 88, as set forth above.

90.     Apple lacks knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 90 of the Complaint and therefore denies those allegations.

91.     Apple lacks knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 91 of the Complaint and therefore denies those allegations.

92.     Apple lacks knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 92 of the Complaint and therefore denies those allegations.

93.     Apple lacks knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 93 of the Complaint and therefore denies those allegations.

94.     Apple lacks knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 94 of the Complaint and therefore denies those allegations.

95.     Apple lacks knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 95 of the Complaint and therefore denies those allegations.

96.     Apple lacks knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 96 of the Complaint and therefore denies those allegations.

97.     Apple lacks knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 97 of the Complaint and therefore denies those allegations.

98.     Apple lacks knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 98 of the Complaint and therefore denies those allegations.

99.     Apple lacks knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 99 of the Complaint and therefore denies those allegations.

100.    Apple lacks knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 100 of the Complaint and therefore denies those allegations.

## JURY TRIAL DEMAND

No response is necessary to Smartflash's request for a trial by jury; however, to the extent that a response is necessary, Apple admits that Smartflash requests a trial by jury.

## PRAYER FOR RELIEF

As to any prayer for relief sought from Apple, Apple denies that Smartflash is entitled to any relief whatsoever.

## GENERAL DENIAL

Apple denies all allegations not expressly admitted.

## AFFIRMATIVE DEFENSES

In further answer to Smartflash's Complaint, Apple asserts the following defenses.

### First Affirmative Defense (Failure to State a Claim)

Smartflash has failed to state a claim upon which relief can be granted.

### Second Affirmative Defense (Invalidity)

One or more claims of the '720, '317, '458, '598, '221, and '772 patents are invalid for failure to comply with one or more of the requirements of Title 35, United States Code, including but not limited to §§ 101, 102, 103, 112 and/or 120 thereof.

### Third Affirmative Defense (Non-Infringement)

Apple is not infringing and has not infringed, either by direct infringement, contributory infringement, inducement of infringement, or otherwise, any valid claim of the '720, '317, '458, '598, '221, or '772 patent, either literally or under the doctrine of equivalents.

### Fourth Affirmative Defense (Prosecution History Estoppel)

To the extent that Smartflash alleges infringement under the doctrine of equivalents, Smartflash's alleged cause of action is barred, including, without limitation, by way of example, under the doctrine of prosecution history estoppel, claim vitiation, and/or recapture.  By virtue of statements made, amendments made, and/or positions taken during the prosecution of the applications for the '720, '317, '458, '598, '221, and '772 patents, and any application to which these patents claim priority, Smartflash is estopped from asserting that the '720, '317, '458, '598, '221, or '772 patent covers or includes any accused Apple product or service.

### Fifth Affirmative Defense (Limitations on Damages and Costs)

Smartflash's claims for damages or costs, if any, are statutorily limited by 35 U.S.C. §§ 252, 286, 287, and/or 288, and may additionally be limited by 28 U.S.C. § 1498.

### Sixth Affirmative Defense (Unavailability of Injunctive Relief)

Smartflash's claims for injunctive relief, if any, are barred as a matter of law because any alleged injury is not immediate or irreparable, and Smartflash has an adequate remedy at law for any alleged injury.

### Seventh Affirmative Defense (Equitable Defenses)

Smartflash's claims of patent infringement are barred by doctrines of estoppel, waiver, laches, and/or other equitable doctrines, including without limitation, unclean hands.

**Eighth Affirmative Defense (Other Defenses)**

Apple expressly reserves the right to assert any other legal or equitable defenses to which it is shown to be entitled.

## COUNTERCLAIMS

For counterclaims against Smartflash, Apple alleges as follows:

## THE PARTIES

1.      Counterclaimant Apple Inc. ("Apple") is a corporation organized and existing under the laws of the State of California with its principal place of business located at 1 Infinite Loop, Cupertino, California 95014.

2.      Upon information and belief, and as alleged in Paragraph 1 of its Complaint in this action, Smartflash LLC is a limited liability corporation organized and existing under the laws of the State of Texas, and maintains its principal place of business at 100 E. Ferguson, Suite 406, Tyler, Texas 75702.

3.      Upon information and belief, and as alleged in Paragraph 2 of its Complaint in this action, Smartflash Technologies Limited is a limited company organized and existing under the laws of the British Virgin Islands, and maintains a principal place of business on the islands of Tortola.

## JURISDICTION AND VENUE

4.      These counterclaims arise under the Patent Laws of the United States, 35 U.S.C. §§ 100 *et seq.*, and the Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202.

5.      On May 29, 2013, Smartflash filed the Complaint initiating this action. Smartflash served the Complaint on June 4, 2013.

6.      Smartflash LLC, along with Smartflash Technologies Limited, alleges in Paragraph 16 of its Complaint that it owns all right, title and interest in U.S. Patent Nos. 7,334,720 ("the '720 patent"); 7,942,317 ("the '317 patent"); 8,033,458 ("the '458 patent"); 8,061,598 ("the '598 patent"); 8,118,221 ("the '221 patent"); and 8,336,772 ("the '772 patent") (collectively, "the Asserted Patents").

7.      Apple is not infringing, and has not infringed, any valid claim of the Asserted Patents, by direct infringement, contributory infringement, or inducement of infringement, either literally or under the doctrine of equivalents.

8.      One or more claims of the Asserted Patents are invalid for failure to comply with one or more of the requirements of Title 35, United States Code, including but not limited to §§ 101, 102, 103, 112 and/or 120 thereof.

9.      An actual, substantial, and continuing justiciable controversy exists between Apple and Smartflash with respect to which Apple requires a declaration of rights by this Court. At present, the controversy relates to non-infringement and invalidity of the Asserted Patents.

10.     This court has subject matter jurisdiction over the counterclaims pursuant to 28 U.S.C. §§ 1331, 1338(a), 2201, and 2202.

11.     This Court has jurisdiction over Smartflash because Smartflash has brought suit in this forum alleging patent infringement against Apple.

12.     Apple maintains its right to seek a transfer of venue on forum non conveniens grounds or pursuant to 28 U.S.C. § 1404.  In the event of such transfer, Apple consents to the transfer of its counterclaims set forth herein to the transferee forum.  To the extent that this action remains in this District, venue is appropriate because Plaintiff has consented to the propriety of venue in this Court by filing its claim for patent infringement in this Court, in response to which these counterclaims are asserted.

**FIRST COUNTERCLAIM: PATENT NON-INFRINGEMENT OF THE '720 PATENT**

13.     Apple repeats and realleges the allegations contained in Paragraphs 1 through 12 of the Counterclaims as if set forth at length herein.

14.     An actual justiciable controversy exists between Apple and Smartflash concerning the alleged infringement of the '720 patent by virtue of the allegations of Smartflash's Complaint in this action.

15.     Apple is not infringing and has not infringed, directly or indirectly, or contributed to infringement by another, or actively induced others to infringe, any valid claim of the '720 patent, either literally or under the doctrine of equivalents.

16.     A declaratory judgment of non-infringement of the '720 patent by Apple is appropriate at this time.

**SECOND COUNTERCLAIM: PATENT NON-INFRINGEMENT OF THE '317 PATENT**

17.     Apple repeats and realleges the allegations contained in Paragraphs 1 through 12 of the Counterclaims as if set forth at length herein.

18.     An actual justiciable controversy exists between Apple and Smartflash concerning the alleged infringement of the '317 patent by virtue of the allegations of Smartflash's Complaint in this action.

19.     Apple is not infringing and has not infringed, directly or indirectly, or contributed to infringement by another, or actively induced others to infringe, any valid claim of the '317 patent, either literally or under the doctrine of equivalents.

20.     A declaratory judgment of non-infringement of the '317 patent by Apple is appropriate at this time.

**THIRD COUNTERCLAIM: PATENT NON-INFRINGEMENT OF THE '458 PATENT**

21.     Apple repeats and realleges the allegations contained in Paragraphs 1 through 12 of the Counterclaims as if set forth at length herein.

22.     An actual justiciable controversy exists between Apple and Smartflash concerning the alleged infringement of the '458 patent by virtue of the allegations of Smartflash's Complaint in this action.

23.     Apple is not infringing and has not infringed, directly or indirectly, or contributed to infringement by another, or actively induced others to infringe, any valid claim of the '458 patent, either literally or under the doctrine of equivalents.

24.     A declaratory judgment of non-infringement of the '458 patent by Apple is appropriate at this time.

**FOURTH COUNTERCLAIM: PATENT NON-INFRINGEMENT OF THE '598 PATENT**

25.     Apple repeats and realleges the allegations contained in Paragraphs 1 through 12 of the Counterclaims as if set forth at length herein.

26.     An actual justiciable controversy exists between Apple and Smartflash concerning the alleged infringement of the '598 patent by virtue of the allegations of Smartflash's Complaint in this action.

27.     Apple is not infringing and has not infringed, directly or indirectly, or contributed to infringement by another, or actively induced others to infringe, any valid claim of the '598 patent, either literally or under the doctrine of equivalents.

A declaratory judgment of non-infringement of the '598 patent by Apple is appropriate at this time.

**FIFTH COUNTERCLAIM: PATENT NON-INFRINGEMENT OF THE '221 PATENT**

28.     Apple repeats and realleges the allegations contained in Paragraphs 1 through 12 of the Counterclaims as if set forth at length herein.

29.     An actual justiciable controversy exists between Apple and Smartflash concerning the alleged infringement of the '221 patent by virtue of the allegations of Smartflash's Complaint in this action.

30.     Apple is not infringing and has not infringed, directly or indirectly, or contributed to infringement by another, or actively induced others to infringe, any valid claim of the '221 patent, either literally or under the doctrine of equivalents.

A declaratory judgment of non-infringement of the '221 patent by Apple is appropriate at this time.

**SIXTH COUNTERCLAIM: PATENT NON-INFRINGEMENT OF THE '772 PATENT**

31.     Apple repeats and realleges the allegations contained in Paragraphs 1 through 12 of the Counterclaims as if set forth at length herein.

32.     An actual justiciable controversy exists between Apple and Smartflash concerning the alleged infringement of the '772 patent by virtue of the allegations of Smartflash's Complaint in this action.

33.     Apple is not infringing and has not infringed, directly or indirectly, or contributed to infringement by another, or actively induced others to infringe, any valid claim of the '772 patent, either literally or under the doctrine of equivalents.

34.     A declaratory judgment of non-infringement of the '772 patent by Apple is appropriate at this time.

## SEVENTH COUNTERCLAIM: PATENT INVALIDITY OF THE '720 PATENT

35.     Apple repeats and realleges the allegations contained in Paragraphs 1 through 12 of the Counterclaims as if set forth at length herein.

36.     An actual justiciable controversy exists between Apple and Smartflash concerning the validity of the '720 patent by virtue of the allegations of Smartflash's Complaint in this action.

37.     One or more claims of the '720 patent is invalid for failure to comply with one or more of the requirements of patentability stated in Title 35, United States Code, and particularly the requirements of one or more of 35 U.S.C. §§ 101, 102, 103, 112, and/or 120.

38.     A declaratory judgment of invalidity of the '720 patent is appropriate at this time.

## EIGHTH COUNTERCLAIM: PATENT INVALIDITY OF THE '317 PATENT

39.     Apple repeats and realleges the allegations contained in Paragraphs 1 through 12 of the Counterclaims as if set forth at length herein.

40.     An actual justiciable controversy exists between Apple and Smartflash concerning the validity of the '317 patent by virtue of the allegations of Smartflash's Complaint in this action.

41.     One or more claims of the '317 patent is invalid for failure to comply with one or more of the requirements of patentability stated in Title 35, United States Code, and particularly the requirements of one or more of 35 U.S.C. §§ 101, 102, 103, 112, and/or 120.

42.     A declaratory judgment of invalidity of the '317 patent is appropriate at this time.

**NINTH COUNTERCLAIM: PATENT INVALIDITY OF THE '458 PATENT**

43.     Apple repeats and realleges the allegations contained in Paragraphs 1 through 12 of the Counterclaims as if set forth at length herein.

44.     An actual justiciable controversy exists between Apple and Smartflash concerning the validity of the '458 patent by virtue of the allegations of Smartflash's Complaint in this action.

45.     One or more claims of the '458317 patent is invalid for failure to comply with one or more of the requirements of patentability stated in Title 35, United States Code, and particularly the requirements of one or more of 35 U.S.C. §§ 101, 102, 103, 112, and/or 120.

46.     A declaratory judgment of invalidity of the '458 patent is appropriate at this time.

**TENTH COUNTERCLAIM: PATENT INVALIDITY OF THE '598 PATENT**

47.     Apple repeats and realleges the allegations contained in Paragraphs 1 through 12 of the Counterclaims as if set forth at length herein.

48.     An actual justiciable controversy exists between Apple and Smartflash concerning the validity of the '598 patent by virtue of the allegations of Smartflash's Complaint in this action.

49.     One or more claims of the '598 patent is invalid for failure to comply with one or more of the requirements of patentability stated in Title 35, United States Code, and particularly the requirements of one or more of 35 U.S.C. §§ 101, 102, 103, 112, and/or 120.

50.     A declaratory judgment of invalidity of the '598 patent is appropriate at this time.

**ELEVENTH COUNTERCLAIM: PATENT INVALIDITY OF THE '221 PATENT**

51.     Apple repeats and realleges the allegations contained in Paragraphs 1 through 12 of the Counterclaims as if set forth at length herein.

52.     An actual justiciable controversy exists between Apple and Smartflash concerning the validity of the '221 patent by virtue of the allegations of Smartflash's Complaint in this action.

53.     One or more claims of the '221 patent is invalid for failure to comply with one or more of the requirements of patentability stated in Title 35, United States Code, and particularly the requirements of one or more of 35 U.S.C. §§ 101, 102, 103, 112, and/or 120.

54.     A declaratory judgment of invalidity of the '221 patent is appropriate at this time.

**TWELFTH COUNTERCLAIM: PATENT INVALIDITY OF THE '772 PATENT**

55.     Apple repeats and realleges the allegations contained in Paragraphs 1 through 12 of the Counterclaims as if set forth at length herein.

56.     An actual justiciable controversy exists between Apple and Smartflash concerning the validity of the '772 patent by virtue of the allegations of Smartflash's Complaint in this action.

57.     One or more claims of the '772 patent is invalid for failure to comply with one or more of the requirements of patentability stated in Title 35, United States Code, and particularly the requirements of one or more of 35 U.S.C. §§ 101, 102, 103, 112, and/or 120.

58.     A declaratory judgment of invalidity of the '772 patent is appropriate at this time.

**JURY DEMAND**

Apple demands a trial by jury on all issues.

**PRAYER FOR RELIEF**

WHEREFORE, Apple respectfully requests judgment:

A.      That Smartflash take nothing by its Complaint;

B.      Dismissing Smartflash's Complaint against Apple with prejudice, and that all relief requested by Smartflash be denied with prejudice;

21

C.      Declaring that Apple does not infringe and has not infringed any claim of the Asserted Patents;

D.      Declaring that each of the claims of the Asserted Patents is invalid;

E.      Finding that this is an exceptional case pursuant to 35 U.S.C. § 285 and awarding Apple its costs and disbursements of this action, including its reasonable attorneys' fees, and any and all other damages as Apple may prove;

F.      Enjoining Smartflash, its successors, affiliates, agents, employees and attorneys, and those persons in active concert of participation with any of them, from directly or indirectly asserting infringement of, or instituting any further action of infringement of, the Asserted Patents against Apple or any of Apple's successors, assigns, agents, direct or indirect customers, partners or suppliers; and

G.      Awarding to Apple such other and further relief as this Court may deem just and proper.

Respectfully submitted,

Eric M. Albritton
Texas State Bar No. 00790215
ema@emafirm.com
ALBRITTON LAW FIRM
P.O. Box 2649
Longview, Texas 75606
Telephone:  (903) 757-8449
Facsimile:  (903) 758-7397

Ching-Lee Fukuda
NY Bar No. 2884088
Ching-Lee.Fukuda@ropesgray.com
Kevin J. Post (*pro hac vice*)
Kevin.Post@ropesgray.com

**ROPES & GRAY LLP**

1211 Avenue of the Americas
New York, NY 10036-8704
Telephone:  (212) 596-9000
Facsimile:  (212) 596-9050

*Counsel for Apple Inc.*

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was filed electronically in compliance with Local Rule CV-5(a).  As such, this motion was served on all counsel who are deemed to have consented to electronic service.  Local Rule CV-5(a)(3)(A).  Pursuant to Fed. R. Civ. P. 5(d) and Local Rule CV-5(d) and (e), all other counsel of record not deemed to have consented to electronic service were served with a true and correct copy of the foregoing by email, on this the 24th day of July 2013.

Eric M. Albritton

23