# Exhibit A

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# TYLER DIVISION

| | |
|---|---|
| **SMARTFLASH LLC**, *et al.*, <br><br> Plaintiffs, <br> v. <br><br> **APPLE INC.**, *et al.*, <br><br> Defendants. | **Case No. 6:13-CV-00447-MHS-KNM** <br><br> **JURY TRIAL DEMANDED** |
| **SMARTFLASH LLC**, *et al.*, <br><br> Plaintiffs, <br> v. <br><br> **SAMSUNG ELECTRONICS CO., LTD.**, *et al.*, <br><br> Defendants. | **Case No. 6:13-CV-00448-MHS-KNM** <br><br> **JURY TRIAL DEMANDED** |

## ORDER FOCUSING PATENT CLAIMS
## AND PRIOR ART TO REDUCE COSTS

The Court ORDERS as follows:

1. This Order supplements all other discovery rules and orders. It streamlines the issues in this case to promote a "just, speedy, and inexpensive determination" of this action, as provided by Rule 1, Fed. R. Civ. P.

2. By agreement of the parties, this Order is being entered simultaneously in Case Nos. 6:13-cv-00447-MHS-KMN and 6:13-cv-00448-MHS-KMN, and the limits on asserted claims and prior art references apply collectively to Plaintiff and Defendants in both cases.

*Phased Limits on Asserted Claims and Prior Art References*

3. On the date set for compliance with P.R. 3-1 and P.R. 3-2, Smartflash shall serve a Preliminary Election of Asserted Claims, which shall assert no more than 10 claims from each patent and not more than a total of 32 claims. These limits apply collectively to Smartflash's infringement claims against all Defendants in this case and in Case Nos. 6:13-cv-00447-MHS-KMN and 6:13-cv-00448-MHS-KMN.

4. On the date set for compliance with P.R. 3-3 and P.R. 3-4, Defendants shall serve a Preliminary Election of Asserted Prior Art, which shall assert no more than 12 prior art references against each patent and not more than a total of 40 references. These limits apply collectively to all Defendants in this case and in Case Nos. 6:13-cv-00447-MHS-KMN and 6:13-cv-00448-MHS-KMN.[1]

5. *The parties have a disagreement regarding whether this Order should require and specify the terms of a mandatory Final Election phase where the parties' respective claims and prior art would be further limited. The competing proposals are included below. Where applicable, a party's reasoning is included in footnotes (for readability) following the party's proposal.*

PROPOSAL OF DEFENDANTS SAMSUNG AND HTC, JOINED BY PLAINTIFF SMARTFLASH:

No later than 60 days before the service of expert reports by the party with the burden of proof on an issue, the parties shall meet and confer regarding the number of asserted claims to be included in a Final Election of Asserted Claims and the number of asserted prior art

---

[1] For purposes of this Order, a prior art instrumentality (such as a device or process) and associated references that describe that instrumentality shall count as one reference, as shall the closely related work of a single prior artist.

2

references to be included in a Final Election of Asserted Prior Art, as well as the timing for those respective Elections. If the parties cannot agree, they shall approach the Court for resolution.[2]

PROPOSAL OF DEFENDANT APPLE, JOINED BY DEFENDANTS GAME CIRCUS, KINGSISLE, AND ROBOT ENTERTAINMENT:

No later than 28 days before the service of expert reports by the party with the burden of proof on an issue, the patent claimant shall serve a Final Election of Asserted Claims, which shall identify no more than 5 asserted claims per patent from among the 10 previously identified claims and no more than a total of 16 claims. By the date set for the service of expert reports by the party with the burden of proof on an issue, the patent Defendants shall serve a Final Election of Asserted Prior Art, which shall identify no more than 6 asserted prior art references per patent from among the 12 prior art references previously identified for that particular patent and no more than a total of 20 references.[3]

---

[2] Smartflash agrees with the proposal by Defendants Samsung and HTC, which is fair for all parties. The Model Order upon which Apple bases its proposal is intended for one-defendant cases, as shown in its text (e.g., "the patent defendant") and confirmed by the Rules Committee at the recent Bench Bar session. Nevertheless, Apple hopes to seize upon final limits in the Model that are not reasonable at this time in this multi-defendant matter. Smartflash, Samsung, and HTC agree that the parties should confer regarding any future claim and prior art reductions a little further into this case, when they are better able to evaluate how this multi-defendant case will be tried. Notably, the parties have already cooperated to greatly reduce the number of claims and prior art references using the Model as a guide-—at a stage even earlier than in the Model Order. Smartflash entered this agreement hoping to streamline matters for the Court and the parties, but believes it would be inappropriate to decide now that Smartflash will later cut to no more than 16 total claims—*covering any claims to be tried against any combination(s) of the six defendant groups*—no matter what commonalities and distinctions are discovered or how the case is likely to be tried. Apple has inexplicably deleted the sentence "For purposes of this Final Election of Asserted Prior Art, each obviousness combination counts as a separate prior art reference" from the Model. This omission is presumably designed so Apple can assert far more combinations than the Committee intended, and Apple should not be permitted to delete this important qualification if and when additional prior art reductions are ordered.

[3] Apple bases its proposal on the framework provided by the Court's General Order No. 13-20. With respect to the manner in which obviousness combinations are counted for purposes

3

*Modification of this Order*

    6.  Subject to Court approval, the parties may modify this Order by agreement, but should endeavor to limit the asserted claims and prior art references to the greatest extent possible. Absent agreement, post-entry motions to modify this Order's numerical limits on, or a party's selection of, asserted claims and prior art references must demonstrate good cause warranting the modification. Motions to modify other portions of this Order are committed to the sound discretion of the Court.[4]

---

of the Final Election, Apple believes that its proposal is appropriate based on Smartflash's assertion of six related patents, each of which are expected to have common prior art asserted against each patent.

[4] This Order contemplates that the parties and the Court may further narrow the issues during pretrial proceedings in order to present a manageable case at trial.