# Exhibit C

UNITED STATES PATENT AND TRADEMARK OFFICE

UNITED STATES DEPARTMENT OF COMMERCE
United States Patent and Trademark Office
Address: COMMISSIONER FOR PATENTS
P.O. Box 1450
Alexandria, Virginia 22313-1450
www.uspto.gov

| APPLICATION NO. | FILING DATE | FIRST NAMED INVENTOR | ATTORNEY DOCKET NO. | CONFIRMATION NO. |
|---|---|---|---|---|
| 95/001,144 | 02/11/2009 | 7020704 | 4292.02REX01 | 4234 |

24113          7590          06/25/2013
PATTERSON THUENTE PEDERSEN, P.A.
4800 IDS CENTER
80 SOUTH 8TH STREET
MINNEAPOLIS, MN 55402-2100

| EXAMINER |
|---|
| FERRIS III, FRED O |

| ART UNIT | PAPER NUMBER |
|---|---|
| 3992 | |

| MAIL DATE | DELIVERY MODE |
|---|---|
| 06/25/2013 | PAPER |

**Please find below and/or attached an Office communication concerning this application or proceeding.**

The time period for reply, if any, is set in the attached communication.

PTOL-90A (Rev. 04/07)

UNITED STATES PATENT AND TRADEMARK OFFICE
_____

BEFORE THE PATENT TRIAL AND APPEAL BOARD
_____

APPLE, INC.
Requester

v.

ZAPMEDIA SERVICES, INC.
Patent Owner and Appellant
_____

Appeal 2013-004561
Reexamination Control 95/001,144
Patent 7,020,704 B1[1]
Technology Center 3900
_____

Before STEPHEN C. SIU, BRUCE R. WINSOR, and
STANLEY M. WEINBERG, *Administrative Patent Judges*.

WEINBERG, *Administrative Patent Judge*.

DECISION ON APPEAL

---

[1] The patent involved in this reexamination appeal proceeding (the "'704 Patent") issued to Lipscomb et al. on March 28, 2006.

Appeal 2013-004561
Reexamination Control 95/001,144
Patent 7,020,704 B1

## A. STATEMENT OF THE CASE

### Introduction

This reexamination proceeding arose from a third party request (Request) for *inter partes* reexamination filed on February 11, 2009 by Apple, Inc. (Requester). ZapMedia Services, Inc. (Appellant), the owner of the patent under reexamination,[2] appeals under 35 U.S.C. §§ 134(b) and 315 from a final rejection of claims 1-42.

We have jurisdiction under 35 U.S.C. §§ 134(b) and 315.

We affirm.

### Related Proceeding

Appellant informs us that the present appeal is related to *Inter Partes* Reexamination No. 95/001,143 with respect to US 7,343,414 (the '414 Patent) which is a continuation of the '704 Patent; that the Third Party Requester in the '414 reexamination is also Apple, Inc.; and that Appellant has also filed a Notice of Appeal in the '143 reexamination.

Appellant also informs us that both the '704 and '414 Patents were asserted in litigation styled *ZapMedia Services, Inc. v. Apple, Inc.*, Civil Action File No. 2:08-cv-00104-DF-CE which was being litigated in the U.S. District Court for the Eastern District of Texas, Marshall Division at the time Appellant filed its Appeal Brief with the Board in the present appeal on December 17, 2010.

---

[2] *See* Patent Assignment Abstract of Title, Reel 017931 Frame 0021 recorded July 13, 2006 and entered into the record of this proceeding as "Title Report" on February 17, 2009; the Certificate Under 37 CFR § 3.73(b) entered into the record of this proceeding on July 25, 2011 asserting a chain of title from the inventors to ZapMedia Services, Inc.; and Appellant's statement of the Real Party In Interest. Appeal Brief (Br.) 1.

2

Appeal 2013-004561
Reexamination Control 95/001,144
Patent 7,020,704 B1

Appellant also informs us that there are no other appeals or interferences known to Appellant that will have a bearing on the Board's decision in the present appeal.

Requester informs us that Notices of Appeal have been filed in the '143 reexamination by both Appellant and Requester. Requester also informs us that at the time Requester filed its Respondent Brief (Resp. Br.) on January 18, 2011, the '704 Patent was no longer being asserted by Appellant in the aforesaid litigation then pending in the U.S. District Court.

Our own research reveals a decision by the U.S. Court of Appeals for the Federal Circuit stemming from the aforesaid District Court litigation styled *ZapMedia Services, Inc. v. Apple, Inc.*, 482 Fed. Appx. 533 (Fed. Cir. 2012).[3]

The Invention

The invention relates to a system and method for distributing digital media assets such as music, video, and software to a plurality of users. Abstract; col. 1, ll. 17-18; col. 2, ll. 15-19. A user can purchase access rights to media assets, may have multiple media player devices, and may desire access to the purchased media assets on each media player. Col. 3, ll. 1-5. A user can access any licensed media asset from any of the user's media players for which that user has licensed rights. Col. 4, ll. 5-6.

A portal 300 (e.g., a server computer) manages access to a master library of media assets that can be accessed by users via communication networks. Abstract. Media player devices 200 communicate with the portal 300 to access media assets for use. Abstract. Portal 300 connects

---

[3] *See* 37 CFR §§ 41.67(c)(ii) and (x).

Appeal 2013-004561
Reexamination Control 95/001,144
Patent 7,020,704 B1

media assets to media player devices 200 thereby downloading and/or streaming media assets to media player devices. Col. 2, ll. 34-36.

Each account on the portal has one or more media player devices associated with it and one or more users are associated with a given account. Users on any media player device may have access to assets on any other media player device associated with that account. Col. 10, ll. 15-21. Once a user becomes a member or subscriber to a portal, a virtual private media asset database is created and associated with the user's login account and password in the portal. Col. 10, ll. 48-53.

Appellant argues claims 1-42 together. Br. 4. Claim 7 is illustrative of the appealed subject matter and is reproduced below with disputed limitations emphasized (Br. App'x A, Claims Appendix):

> 7. A media asset management system comprising:
> a portal comprising:
> > a *user account* corresponding to at least one user; and
> > a virtual media asset library for *storing* a reference to a plurality of media assets which the user has a license to use; and
> > *a plurality of media player devices associated with the user account*, the plurality of media player devices including a media asset portability application that enables the user to access the plurality of media assets referenced in the virtual media asset library across the plurality of media player devices.

The Prior Art

WO 96/27155          Ginter          Sept. 6, 1996
US 5,715,403         Stefik          Feb. 3, 1998

Mark Stefik, *Letting Loose the Light: Igniting Commerce in Electronic Publication*, originally published in *From Internet Dreams: Archetypes, Myths, and Metaphors* (MIT Press 1996) (hereinafter "the Stefik article")

Appeal 2013-004561
Reexamination Control 95/001,144
Patent 7,020,704 B1

## The Rejections

Claims 1-42 stand rejected under 35 U.S.C. § 102(b) as anticipated by Ginter. RAN 48, 65.

Claims 1-42 stand rejected under 35 U.S.C. § 103(a) as obvious over Stefik in view of the Stefik article. RAN 48, 65.

### B.   ANALYSIS

As a preliminary matter, Appellant contends that the Examiner failed to properly construe the elements related to a "user account" as recited in the claims because the Examiner did not construe the limitation in light of the specification and the file wrapper history. Br. 5-6. Without citation to supporting authority, Appellant contends that the Board should use the District Court's claim construction as the broadest reasonable interpretation of the claims. Br. 11-18. Our reviewing court, however, has held that "[i]n reexamination, 'claims . . . are to be given their broadest reasonable interpretation consistent with the specification, and . . . claim language should be read in light of the specification as it would be interpreted by one of ordinary skill in the art.'" *In re NTP, Inc.*, 654 F.3d 1268, 1274 (Fed. Cir. 2011), quoting *In re American Academy of Science Tech Center*, 367 F.3d 1359, 1364 (Fed. Cir. 2004); *see also In re Baxter Intern., Inc.*, 678 F.3d 1357, 1365 (Fed. Cir. 2012) (holding that because District Court proceedings and reexamination proceedings in the PTO apply different burdens of proof and rely on different records, the PTO did not err by failing to provide a detailed explanation as to why the PTO came to a different determination than did the court system). We will follow the Federal Circuit's holding.

5

Appeal 2013-004561
Reexamination Control 95/001,144
Patent 7,020,704 B1

The Rejection Of Claims 1-42<br>As Anticipated by Ginter

Appellant contends that Ginter does not disclose a user account as claimed. Br. 19.

Ginter provides systems and methods for electronic commerce that use computers to help ensure that information is accessed and used only in authorized ways. Abstract. "As a result, permission records 808 and key blocks 810 will frequently, in the preferred embodiment, be stored only on electronic appliances 600 of registered users (and may themselves be delivered to the user as part of a registration/initialization process)." Ginter 393, ll. 2-6. Based on this part of Ginter, the Examiner finds that Ginter discloses associating media devices with a user account via a registration/initialization process in which a permissions record is stored only on electronic appliances of identified and registered users. RAN 11.

Appellant does not contend that Ginter 393, ll. 2-6 fails to disclose a user account. In fact, "Appellant readily admits that it did not invent the concept of a 'user account'" and acknowledges that Ginter's registration/initialization process "is a process of user registration" Br. 19 n.1; 23. Nevertheless, Appellant misinterprets the Examiner's reliance on the above quote from page 393 of Ginter and contends that Ginter's PERC[4] is not a user account for various reasons. Br. 19 ("A PERC is not a user account").

---

[4] PERC is an acronym for "permission records" that are discussed at Ginter 393. *See* Ginter 147, ll. 16-17; 450, l. 16.

6

Appeal 2013-004561
Reexamination Control 95/001,144
Patent 7,020,704 B1

Requester "disputes Appellant's statement that a PERC as disclosed in Ginter was construed to be a user account by the Respondent or Examiner during reexamination." Resp. Br. 14. The Examiner confirms that he interprets Ginter's "identified and registered users" as user accounts. RAN 11. Because Appellant does not persuasively contest the explanations by Requester and the Examiner as to how they interpret Ginter's page 393, we conclude that the Examiner does not equate Ginter's PERC with the claimed user account.[5]

Thereafter, as a result of Appellant's incorrect assertion that the Examiner has equated Ginter's PERC with the claimed user account, Appellant's follow-up arguments that rely upon the incorrect assertion are not persuasive:

- The PERC of Ginter is a content-focused permission record that is neither associated with a user or a device. A PERC is associated only with the content. Ginter controls access to content by requiring that the PERC must travel with individual objects between different users or devices. Br. 19.

- A PERC lacks information identifying the devices and referenced/licensed media asserts of a given user. Br. 21.

- Logging into a machine in the context of Ginter does not tie that device to the PERC, the alleged user account of Ginter. Br. 24.

---

[5] Appellant's further contention that Ginter Figs. 16 and 30 also do not disclose a user account (Br. 21) is not persuasive because, as explained in the text, the Examiner relies on other aspects of Ginter to show the claimed user account.

7

Appeal 2013-004561
Reexamination Control 95/001,144
Patent 7,020,704 B1

Appellant then focuses on the claimed "require[ments] that the user account include an association with or specification of a media player device." Br. 19.

Appellant first contends that Ginter does not disclose claim 7's recitation of "a plurality of media player devices associated with the user account . . . because Ginter does not disclose a user-device focused system to manage media assets." Br. 20. *See also* Br. 3, 4. The Examiner concludes, and Requester contends, that the language of the claims does not require a "user-device focused" approach; Appellant's arguments regarding a user-device focused approach are more specific than the actual claim language; and there is no disclosure in the Specification to support Appellant's user-device focused understanding of the claim language. RAN 5-6; Resp. Br. 4, 8. We agree with the Examiner's and Respondent's claim interpretation and with their conclusion that the Specification does not support a "user-device" focused understanding of the claims. Appellant's arguments that rely on its discussion of a user-device focus are therefore not persuasive. *See* Br. 20.

Appellant next makes a series of related contentions: (1) Ginter fails to disclose any association of media player devices with a user account as required by the claims. Br. 20, 25; (2) Ginter contains no disclosure of "user account association, authorization or registration of a media device." Br. 21; *See also* Br. 11; (3) Ginter does not track, register, control or otherwise associate any device with a user account. Br. 21. These arguments are not persuasive insofar as they assert unclaimed limitations.

8

Appeal 2013-004561
Reexamination Control 95/001,144
Patent 7,020,704 B1

    The claims do not recite "user account authorization of a media device" or "user account registration of a media device." Instead, claims 18 and 23 recite "media player devices. . .owned by the user and registered within the portal as being authorized to use the plurality of media devices" while claims 35 and 39 recite "registered within the website as being authorized to use the plurality of media assets."

    The claims do not recite "track, register, [or] control a device with a user account." Specifically, the claims do not recite "track" at all; claims 18 and 23 recite "media player devices. . .are registered within the portal" and claims 35 and 39 recite "media player devices . . .are registered within the website," rather than the asserted registering a device with a user account; and claim 3 recites "a network interface for controlling communication between the at least two media players and the virtual media asset library," rather than the asserted controlling a device with a user account.[6]

    Appellant also contends that Ginter does not provide "a limitation on the number of associated devices that are specified in a user account." Br. 23. This contention is not persuasive because the claims recite no such "limitation." To the contrary, claim 7 recites "a plurality of media player devices associated with the user account," without reciting any "limitation" on the number of associated devices.

    As for the contentions regarding association of media player devices with a user account, user account association of a media device, and associate any device with a user account, the Examiner finds that the above-

---

[6] The claims also do not recite that the user account keeps a record of the user's media assets and the user's media player devices. Br. 12.

9

Appeal 2013-004561
Reexamination Control 95/001,144
Patent 7,020,704 B1

quoted Ginter page 393 discloses associating media devices with a user account via the registration/initialization processes. RAN 11. As Requester explains Ginter page 393, "[t]he process of storing a user account-specific permissions record (PERC) on a media player device[7] can constitute an *association* between a media player device and a user account for which the permissions record was created." Resp. Br. 15.

The Examiner also finds that Ginter meets the requirement for a second media device in two ways: First, by repeating the registration/initialization process with a second device. RAN 11-12; and second, by moving (Ginter's "move" concept) a user account-specific permissions record to a second player device. RAN 12, citing Ginter 771, ll. 13-22 discussing a VDE move concept.

Appellant's first attempt to find error with the Examiner's findings and Requester's contentions regarding Ginter pages 393 and 771 is not persuasive. Appellant incorrectly contends that the Examiner has improperly used hindsight by relying upon two different concepts in Ginter that are presented in "disjointed sections" of Ginter that are separated by 400 pages. Br. 21. This argument is not persuasive because Appellant does not identify the purported two different concepts and because hindsight only relates to obviousness, not anticipation. Because the claims stand rejected based on anticipation (RAN 48, 65), Appellant's argument based on impermissible hindsight is inappropriate and unpersuasive.

---

[7] Ginter explains that the electronic appliances 600 discussed on page 393 can be any electronic device such as televisions, video and audio/video projection systems, compact disc players, and other similar devices. Ginter 185.

Appeal 2013-004561
Reexamination Control 95/001,144
Patent 7,020,704 B1

Second, Appellant contends that Ginter's "move" operation described at Ginter 771 "shows that the rights of the user follow the content, and are device-agnostic."[8] As Appellant recognizes, however, Ginter's "move" operation allows a user to move rights from one machine to another machine. Br. 22, citing Ginter 771. Based on the same Ginter 771, the Examiner finds that "an association between a user account and a second device is met by moving (Ginter's "move concept) a user account-specific permissions record to a second player device." RAN 12.

Appellant does not persuasively explain why the Examiner's finding fails to show that Ginter anticipates claim 7's "a plurality of media player devices *associated* with the user account" (emphasis added) or why Requester incorrectly contends that Ginter discloses a single media player association. Even assuming Ginter shows that the rights of the user follow the content and that Ginter embeds usage restrictions in an asset (Br. 22),[9] this showing does not demonstrate that the Examiner has erroneously found that Ginter discloses the broadly claimed "association" between media player devices and the user account. Even if, as Appellant contends, Ginter's object or media asset is the focal point of the permission being granted (Br. 22), that purported focal point does not detract from the Examiner's finding of an *association* in Ginter between media player devices and the user account.

---

[8] According to the online Encarta Dictionary: English (North America), "agnostic" means "somebody who doubts that a question has one correct answer or that something can be completely understood."

[9] Appellant contends that Ginter's "move" operation is "consistent with the approach of embedding usage restrictions in the asset," but cites no evidence to support that Ginter uses such an approach. Br. 22.

11

Appeal 2013-004561
Reexamination Control 95/001,144
Patent 7,020,704 B1

Appellant further contends, without citation to specific parts of Ginter, that Ginter limits usage rights only to "VDE nodes," that a person of ordinary skill in the art would not read a VDE node as a media player device, and that Ginter does not teach a user having multiple VDE nodes. As shown by Requester, Ginter discloses that VDE nodes are interchangeably referred to with the same reference numeral (e.g., 600) through Ginter's disclosure as electronic appliances, which include media player devices. Resp. Br. 17, citing Ginter 25, 185, 189, 511, 512. We therefore disagree with Appellant's contentions.

Appellant next contends that Ginter does not describe a system "capable of recognizing" whether there is a plurality of media player devices associated with a given user account. Br. 23. Again, this argument is not persuasive because the claims have no such limitations.

Appellant next contends that Ginter does not teach that any information provided is stored, or is stored with any other particular information as a coherent record, or storing media assets to which a user has purchased or obtained digital rights (licensed), or storing the user devices which may access referenced media assets. Br. 24. These arguments are not persuasive because none of these specifically contended features are claimed.

For all of the above reasons, we are not persuaded that the Examiner erred in rejecting claims 1-42 as anticipated by Ginter.

### The Rejection Of Claims 1-42 As Obvious Over Stefik And The Stefik Article

Because we are sustaining the rejection of claims 1-42 over Ginter alone, we find it unnecessary to reach the rejection of the same claims over

12

Appeal 2013-004561
Reexamination Control 95/001,144
Patent 7,020,704 B1

Stefik and the Stefik article, including Appellant's contention that the Examiner improperly ignored Appellant's evidence of secondary considerations regarding non-obviousness. Br. 6. *See In re Gleave*, 560 F.3d 1331, 1338 (Fed. Cir. 2009).

## CONCLUSIONS

Under § 102, the Examiner did not err in rejecting claims 1-42.

## DECISION

The Examiner's decision rejecting claims 1-42 is affirmed.

## AFFIRMED

ak

PATENT OWNER:

BRAD D. PEDERSEN
PATTERSON THUENTE CHRISTENSEN PEDERSEN, P.A.
4800 IDS CENTER
80 SOUTH 8TH STREET
MINNEAPOLIS, MN 55402

Appeal 2013-004561
Reexamination Control 95/001,144
Patent 7,020,704 B1

THIRD PARTY REQUESTER:

TRACY W. DRUCE
NOVAK DRUCE + QUIGG LLP
1000 LOUISIANA ST.
53RD FLOOR
HOUSTON, TX 77002

14