# Exhibit D

Trial@uspto.gov                                                                                    Paper No. 15
571-272-7822                                                                          Date Entered: April 24, 2013

UNITED STATES PATENT AND TRADEMARK OFFICE
_____

BEFORE THE PATENT TRIAL AND APPEAL BOARD
_____

KYOCERA CORPORATION
Petitioner

v.

SOFTVIEW LLC
Patent Owner,
_____

Case IPR2013-00004
Patent 7,831,926
_____

Before SCOTT R. BOALICK, THOMAS L. GIANNETTI, and,
BRIAN J. McNAMARA, *Administrative Patent Judges*.

McNAMARA, *Administrative Patent Judge*.

**ORDER AUTHORIZING THIRD PARTY APPLE, INC. TO FILE MOTION FOR JOINDER under 37 C.F.R § 42.122(b)**

*Conduct of the Proceedings*
*37 C.F.R. 42.5*

Case IPR2013-00004
Patent 7,831,926

A decision to institute an *inter partes* review in this case and on related matter IPR2013-00007 was entered on March 29, 2013. On April 19, 2013, third party, Apple, Inc. (Apple), e-mailed a request for a conference call on Tuesday, April 23, 2013 to discuss prior authorization to file a motion for joinder in this IPR and in IPR2013-00007 (Motions For Joinder). Apple's e-mail indicated that it planned to file its Motions For Joinder and concurrent petitions for *inter partes* review in IPR2013-00004 and IPR2013-00007 by Monday, April 29, 2013.

As requested, the conference call was held on April 23, 2013. Henri Petri Jr., represented Apple, Inc.; Richard Bauer and Michael Tomsa represented Kyocera (Petitioner); and Ben Yorks and Babak Redjaian represented Softview LLC (Patent Owner) during the call. Administrative Patent Judges Brian J. McNamara, Thomas L. Giannetti and Scott R. Boalick also participated in the call.

Apple argued that, because the Board previously stayed Apple-initiated reexamination proceedings concerning the patent involved in each of IPR2013-00004 and IPR2013-00007, its only option to participate in the review of the respective patents is by joinder to these *inter partes* reviews. Apple also noted that a declaration relied upon by Petitioner and cited in the respective decisions to institute was that of Apple's expert and that Apple would need to participate in any cross-examination of that expert. Apple also stated that it would agree to shortened schedules, although Apple has not yet discussed the schedule with the

2

Case IPR2013-00004
Patent 7,831,926

Patent Owner. Finally, Apple noted that the number of new issues it might raise in its concurrent petitions for *inter partes* review would be limited.

Petitioner noted that it would not oppose Apple's request to file the Motions For Joinder, but reserved the right to oppose the motions themselves, particularly if granting the Motions For Joinder would have a significant impact on the schedule of IPPR2013-00004 and IPR2013-00007.

Patent Owner opposes Apple's request to file the Motions For Joinder, arguing that, because a patent infringement suit has been underway for some time, joinder would circumvent the rule barring Apple from filing a petition for *inter partes* review more than one year after being served with a complaint alleging infringement. 37 C.F.R. § 42.101(b).

Joinder may be authorized when warranted, but the decision to grant joinder is discretionary. 35 U.S.C. § 315(c), 37 C.F.R. § 42.122(b). The rules governing trial practice and procedure before the Patent Trial and Appeal Board are construed to secure the just, speedy and inexpensive resolution of every proceeding. 37 C.F.R. 42.1(b). Joining a third party could result in delaying the schedule already in place for the ongoing *inter partes* review, particularly if Apple's petitions raise grounds of unpatentability not already authorized in our Decisions To Institute entered on March 29, 2013. For example, Apple's petitions would trigger a time for filing a Patent Owner's Preliminary Response and additional time for this

3

Case IPR2013-00004
Patent 7,831,926

Board to issue a decision concerning the grounds of unpatentability raised in Apple's petitions. 35 U.S.C. § 315(c). Joinder would also increase costs of the proceeding, since time and effort would be required to review additional briefs and pleadings.

It is **ORDERED** that Apple is authorized to timely file its Motions For Joinder in IPR2013-00004 and IPR2013-0007 concurrently with its petitions for *inter partes* review. In view of the time and cost considerations, Apple's Motions For Joinder must explain the reasons why joinder is appropriate, identify any new ground of unpatentability being raised in Apple's concurrently-filed corresponding petition for *inter partes* review, and explain how the impact on the schedule and costs of the current proceedings will be minimized. Apple's Motions For Joinder should specifically address how briefing and/or discovery may be simplified to minimize schedule impact.

It is further **ORDERED** that Petitioner and Patent Owner have one week from the filing of the Motions For Joinder to file any opposition. We do not authorize Apple to file a reply to any opposition at this time.

We note that this order authorizes only the filing of Motions For Joinder and corresponding oppositions. This order is not a decision on the merits of any such Motions For Joinder.

4

Case IPR2013-00004
Patent 7,831,926

PETITIONER: (via electronic transmission)
Richard Bauer
Michael Tomsa
Katten Muchin Rosenman, LLP
Email: Richard.bauer@kattenlaw.com
Email: Michael.tomsa@kattenlaw.com

PATENT OWNER: (via electronic transmission)
Ben Yorks
Babak Redjaian
Irell & Manella, LLP
Email: byorks@irell.com
Email: bredjaian@irell.com

APPLE, INC.
Henry A. Petri, Jr.
Novak Druce Connolly Bove & Quigg
Email: henry.petri@novakdruce.com

5