# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# TYLER DIVISION

| | |
|---|---|
| **SMARTFLASH LLC,** *et al.*, | |
| Plaintiffs, | Case No. 6:13-CV-00447-MHS-KNM |
| v. | |
| **APPLE INC.,** *et al.*, | |
| Defendants. | |

### PLAINTIFFS SMARTFLASH LLC AND SMARTFLASH TECHNOLOGIES LIMITED'S RESPONSE TO DEFENDANTS' MOTION TO STAY

## I. INTRODUCTION

Three months after Apple filed its motion to transfer, the '447 Defendants seek to halt proceedings pending a venue ruling. Based on spurious concerns of prejudice and a tenuous, speculative plea to judicial efficiency, the '447 Defendants seek to destroy the enormous benefit created by the consolidated schedule in these two related cases. Considering this benefit, the balance of interests—*all* parties' interests—weighs heavily against any stay. For this reason, the Court should deny Defendants' motion.

## II. ARGUMENT

### A. The '447 Defendants Suffer No Prejudice.

The '447 Defendants claim prejudice based on two perceived dangers: (1) "duplicative" or "inconsistent" discovery rulings; and (2) the potential of waiving prior art references. These perceived dangers do not exist.

There is no danger of duplicative discovery disputes. Defendants guess that certain disputes "may be mooted by transfer." Defs.' Mot. Stay 4. This is incorrect. Apple's motion to transfer is not a motion to dismiss. If Apple wins its motion, this litigation will continue, and the '447 Defendants' discovery burden will remain. FED. R. CIV. P. 26(b)(1). To the extent the '447 Defendants fail to meet this burden, any dispute will exist after transfer. And no dispute actually decided will be "revisited in the new venue." Defs.' Mot. Stay 5. An Order of this Court would bind the transferee court as law of the case. *See, e.g.*, *In re Cragar Indus., Inc.*, 706 F.2d 503, 505 (5th Cir. 1983) ("Certainly, the decision of a transferor court should not be reviewed again by the transferee court." (citing *Starnes v. McGuire*, 512 F.2d 918, 924 (D.C. Cir. 1974) (en banc))); *United States v. O'Keefe*, 128 F.3d 885, 891 (5th Cir. 1997) (noting that the law of the case doctrine "encompasses situations in which one judge has rendered an order or judgment and the case is then transferred to another judge."); *see also Pulver v. Battelle Mem. Inst.*, No. CV-

05-5028-RHW, 2009 WL 224490, at *9 (E.D. Wash. Jan. 29, 2009) ("Plaintiff's first argument . . . is foreclosed by the Court's prior orders regarding discovery, which are now law of the case.").[1]

Nor did this Court—by "impos[ing]" an Order to which they agreed—cause Defendants prejudice. As an initial matter, Defendants do not explain how waiver might occur absent a stay, nor do they allege any specific foregone prior art or explain its import. Defendants have thus established nothing. Defendants also entirely ignore the likelihood that similar claim and art limitations would occur in any transferred case. Implementing limitations was actually Apple's idea, so the '447 Defendants would "risk waiving" prior art references in California as well. Ex. A (Apple proposing implementation of Federal Circuit Advisory Committee's Model Order prior to this District's Model Order pertaining to claim and prior art limitations). Indeed, Defendants' own actions reveal their true belief that extra references are not actually that important. Smartflash offered Defendants an opportunity to assert substantially more references than the number to which they agreed. *See* Ex. B (Smartflash proposing a limit of up to 60 references across cases). Defendants refused.

### B. Tenuous, Speculative "Efficiencies" Do Not Outweigh Actual, Immediate Harms.

This Court has correctly determined that an identical schedule is the most efficient way to manage the related '447 and '448 cases. A stay, however brief, destroys this.

---

[1] The situation in this case is unlike Defendants' two cited Fifth Circuit cases. *See Nguyen v. BP Exploration & Prod., Inc.*, No. H-10-2484, 2010 WL 3169316, at *1-2 (S.D. Tex. Aug. 9, 2010); *Esquivel v. BP Co. N. Am., Inc.*, Nos. B-10-227, *et al.*, 2010 WL 4255911, at *3 (S.D. Tex. Oct. 14, 2010). Those cases arose in an MDL context, in which there is an actual risk of inconsistent rulings. This risk, however, arises from circumstances irrelevant to this case. Specifically, those cases involved *multiple plaintiffs* against the *same defendant* in *multiple courts*. *Nguyen*, 2010 WL 3169316, at *1; *Esquivel*, 2010 WL 4255911, at *4. In that situation, there is a very real possibility that two judges will impose inconsistent discovery orders on the same defendant. In this case, that situation does not exist.

The resulting harms are serious. The '447 and '448 Defendants would find it harder to coordinate defenses. Facing entirely different sets of deadlines, each side may not be prepared to talk about the same issues at the same time. Smartflash and the '448 Defendants would find themselves at a disadvantage. An uncoordinated schedule will incentivize the '447 Defendants to delay, choosing to monitor the '448 proceedings for a tactical benefit. The Court would find itself resolving similar disputes at separate times, eliminating substantial efficiencies in the decision-making process. Most importantly, the '447 Defendants would likely request a later *Markman* date, foisting upon the Court an additional hearing for no reason at all.

In the face of these actual, immediate dangers, the '447 Defendants argue only that a stay allows the Court to "avoid spending its limited time and resources resolving discovery disputes and substantive issues in a case that is ultimately transferred." Defs.' Mot. Stay 5. This concern is speculative at best.

Contrary to the tone of Defendants' motion, there are not dozens of discovery disputes ripe for adjudication, demanding this Court's immediate attention. Indeed, Defendants cannot point to any specific dispute because none exists. Nor is any dispute immediately likely. The Patent Rule 3-1, 3-2, 3-3, and 3-4 deadlines have all passed, and without any real disagreement. And although Defendants' motion appears to take issue with Smartflash's infringement contentions and deposition notices, Defendants make no claim that Smartflash has asked for anything to which it is not entitled.

Even were Defendants' concerns based on more than imagination, their claim of efficiency is overblown. Defendants fail to recognize that not all potentially-avoided disputes preserve resources. Given the substantial overlap between cases, it is likely that any '447 dispute will arise in the '448 case as well. In these situations, a stay is less efficient, not more.

Moreover, even were this case transferred, and even were this Court faced with a dispute pending that transfer, this Court's time spent resolving such disputes is not wasted. As noted, the Court's decisions become law of the case.

Finally, Defendants' requested relief confirms that this Court is not at the heart of their concerns. Defendants do not merely ask the Court for a venue ruling. They seek a comprehensive stay. *See* Proposed Order [Dk. 98-1]. This requested relief is inappropriate. Regardless of whether efficiency guides a Court to rule on venue matters promptly, it does not follow that proceedings should cease pending the ruling. Indeed, it is this Court's general rule that a venue challenge has no effect on discovery proceedings. *See* Model Discovery Order ¶ 12. ("[A] party is not excused from disclosure because there are pending motions to dismiss, to remand or to change venue."). This provision was explicitly adopted by the parties' in this case. *See* Discovery Order ¶ 12 [Dk. 67]. The '447 Defendants have established no circumstance justifying departure from this general rule.

A false positive in this case (i.e., a granted stay and denied transfer) yields a far worse result than a false negative (i.e., a denied stay and granted transfer). The balance of interests thus weighs against a stay.

### III. CONCLUSION

For the foregoing reasons, the Court should deny Defendants' motion.

Dated: February 3, 2014                             Respectfully submitted,

**CALDWELL CASSADY & CURRY**

_____
Bradley W. Caldwell
Texas State Bar No. 24040630
Email:  bcaldwell@caldwellcc.com
Jason D. Cassady
Texas State Bar No. 24045625
Email:  jcassady@caldwellcc.com
John Austin Curry
Texas State Bar No. 24059636
Email:  acurry@caldwellcc.com
Daniel R. Pearson
Texas State Bar No. 24070398
Email:  dpearson@caldwellcc.com
Hamad M. Hamad
Texas State Bar No. 24061268
Email:  hhamad@caldwellcc.com
Christopher S. Stewart
Texas State Bar No. 24079399
Email:  cstewart@caldwellcc.com
John F. Summers
Texas State Bar No. 24079417
Email: jsummers@caldwellcc.com
Jason S. McManis
Texas State Bar No. 24088032
Email: jmcmanis@caldwellcc.com
**CALDWELL CASSADY CURRY P.C.**
2101 Cedar Springs Road, Suite 1000
Dallas, Texas 75201
Telephone: (214) 888-4848
Facsimile: (214) 888-4849

T. John Ward
Texas State Bar No. 20848000
Email: tjw@wsfirm.com
T. John Ward, Jr.
Texas State Bar No. 00794818
Email: jw@wsfirm.com
**Ward & Smith Law Firm**
P.O. Box 1231
1127 Judson Road, Suite 220

6

                                            Longview, Texas 75606
                                            Telephone: (903) 757-6400
                                            Facsimile: (903) 757-2323

**ATTORNEYS FOR PLAINTIFFS SMARTFLASH, LLC AND SMARTFLASH TECHNOLOGIES LIMITED**

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was filed electronically in compliance with Local Rule CV-5(a) on February 3, 2014. As such, this document was served on all counsel who are deemed to have consented to electronic service. Local Rule CV-5(a)(3)(A).

                                            */s/ Bradley W. Caldwell*
                                            Bradley W. Caldwell