# Exhibit B

| | |
|---|---|
| From: | Brad Caldwell |
| To: | Post, Kevin; smartflash@caldwellcc.com |
| Cc: | Apple/SmartFlash_Service; ema@emafirm.com; apple@emafirm.com; F&RCounsel-KingsIsle@fr.com; F&RCounsel-GameCircus@fr.com; bkohm@fenwick.com; tcorbin@fenwick.com; SmartFlash QE Team (SmartFlashQETeam@quinnemanuel.com); mikejones@potterminton.com; allengardner@potterminton.com; HTC-Smartflash-Service@perkinscoie.com |
| Subject: | Re: Smartflash: Request for Extension and Claim Limitation Proposal |
| Date: | Wednesday, November 06, 2013 12:11:37 PM |

Kevin:

We reviewed what you circulated.  Are you suggesting that the limits apply separately to each case, such that, for example, Apple could assert 20 prior art references on a given patent and, say, Samsung could assert 20 different references in its case for that same patent?

Regardless of the answer to that, what is the reasoning behind the much larger number of prior art references-per-patent than what we discussed last week?  The proposal you have circulated is drastically out of line with the limits that are contemplated by the model order.  Last week, the defendants said they were envisioning claim and prior art limits in line with the model order, which approximates parity between the parties. But now defendants have proposed something drastically one-sided that (a) spreads the plaintiffs' claims thin to the benefit of defendants, but nevertheless (b) multiplies the number of prior art references that can be asserted, also to the benefit of the defendants.  This fails to accomplish the very purpose of the model order, which is to make litigation more efficient for all parties and the court.

As I mentioned last week, we wouldn't agree now to any proposal that put us down to a total of 5 claims-per-patent across multiple defendants at some later point in the case.  As we discussed, we typically drop claims organically as we are able to see what issues and parties remain for trial.  If there is going to be an agreement in place for a final reduction, we think that it makes more sense to discuss that when we all have a better sense how things are going to unfold in the case.  Also, as folks know if they happened to attend the pertinent session of the EDTX Bench-Bar conference last week, the limits in the model order were not intended to govern multi-defendant cases and multi-defendant cases will require customization if the Model Order is in play at all.  If agreement on a later reduction to 5 is a make-or-break point for you for reaching agreement on other issues in the near term, please let us know now because we will not be able to reach an agreement at this stage of the case.

We would be willing to reach an agreement now that limits (a) us to 10 claims per patent, up to a total of 50, and (b) defendants (collectively across the actions) to 12 references per patent, up to a total of 60.  Please let me know defendants' position on this proposal today.

At the end of our call last week, we asked for a 2 week extension on infringement contentions (offering a matching extension on defendants' contentions) because, in part, it seemed on the call that we were going to be able to reach an agreement in line with the model order's limitations and still have time to think through our selections.  If we are not going to be able to reach an agreement, we would like to know now so we can file a motion with the court before Monday securing just a 2-week extension.  On the other hand, if defendants still want to pursue an agreement we would like to to hammer it out right away.  If there is a protracted negotiation, we will likely seek additional time before going final on our claim selections and charts.  This rolling delay is what I was hoping to avoid when I wrote you two-and-a-half weeks ago trying to see what defendants' claim and art proposed limitations would be.

\*\*In any event, Smartflash will be moving for a 2-week extension to serve its 3-1 and 3-2 materials.  Please let me know today whether or not you oppose (note: our request would move your 3-3 and 3-4 exchanges by 2 weeks as well).  This is the same request I made on Friday, when I requested a response on Monday.  If we do not hear back from you today on this request I made 5 days ago, we will proceed as though you are opposed.\*\*  Note that we remain happy to engage on the discussion of claim and art limitations, including whether we would give you guys a preliminary identification of claims next Monday.  But I am not willing to further roll towards the deadline without putting a motion on file.

Thank you.

-Brad

---

**From:** <Post>, Kevin <Kevin.Post@ropesgray.com>
**Date:** Wednesday, November 6, 2013 8:22 AM
**To:** Brad Caldwell <bcaldwell@caldwellcc.com>, "smartflash@caldwellcc.com" <smartflash@caldwellcc.com>
**Cc:** Apple/SmartFlash Service <AppleSmartFlashService@ropesgray.com>, Eric Albritton <ema@emafirm.com>, "apple@emafirm.com" <apple@emafirm.com>, "F&RCounsel-KingsIsle@fr.com" <F&RCounsel-KingsIsle@fr.com>, "F&RCounsel-GameCircus@fr.com" <F&RCounsel-GameCircus@fr.com>, "bkohm@fenwick.com" <bkohm@fenwick.com>, "tcorbin@fenwick.com" <tcorbin@fenwick.com>, "SmartFlash QE Team (SmartFlashQETeam@quinnemanuel.com)" <SmartFlashQETeam@quinnemanuel.com>, "mikejones@potterminton.com" <mikejones@potterminton.com>, "allengardner@potterminton.com" <allengardner@potterminton.com>, "HTC-Smartflash-Service@perkinscoie.com" <HTC-Smartflash-Service@perkinscoie.com>
**Subject:** Smartflash: Request for Extension and Claim Limitation Proposal

Brad,

Following up on our discussion earlier this week, I can confirm that Apple is willing to agree to the following disclosure deadlines for the parties' contentions:

| Date | Event |
| --- | --- |
| November 11, 2013 | Smartflash identifies claims asserted against each defendant by patent and claim number. |
| November 25, 2013 | Smartflash complies with P.R. 3-1 and P.R. 3-2 |
| January 13, 2013 | Defendants provide Smartflash with a list of primary prior art references that they intend to rely on in their invalidity contentions for the asserted claims |
| January 27, 2013 | Defendants comply with P.R. 3-3 and P.R. 3-4 |

As we discussed, while Apple understands that Smartflash may need to make minor adjustments to the set of claims asserted in its Nov. 25 contentions as it finalizes its claim charts, Apple reserves its right to request additional time for its invalidity contentions if Smartflash makes a significant shift in

the claims ultimately asserted on Nov. 25.  I understand that the other defendants are considering this proposal and I will let them respond with their agreement/comments separately.

With respect to defendants' proposal regarding claim limitations, attached please find a draft Order Focusing Patent Claims and Prior Art.  This proposal (1) includes an "Initial Elections" phase that applies at the time the parties submit their contentions; (2) applies the claim and prior art limits to all parties collectively in a given case; and (3) increases the per-patent limit for prior art references, given the close familial relationship between all asserted patents and the expectation that the set of prior art asserted against each patent will be similar.  At this point, this draft reflects the input of Apple, Game Circus and KingsIsle, and I expect the other defendants will weigh in shortly with their own views, if any.

Once they have done so, please let us know your comments and propose times for a call if you would like to discuss.

Thanks,
Kevin

**Kevin J. Post**
**ROPES & GRAY LLP**
T +1 212 596 9181 | F +1 646 728 1709
1211 Avenue of the Americas
New York, NY 10036-8704
kevin.post@ropesgray.com
www.ropesgray.com

Circular 230 Disclosure (R&G): To ensure compliance with Treasury Department regulations, we inform you that any U.S. tax advice contained in this communication (including any attachments) was not intended or written to be used, and cannot be used, for the purpose of avoiding U.S. tax-related penalties or promoting, marketing or recommending to another party any tax-related matters addressed herein.

This message (including attachments) is privileged and confidential. If you are not the intended recipient, please delete it without further distribution and reply to the sender that you have received the message in error.

**2014 *U.S. News & World Report - Best Lawyers***
Law Firm of the Year - Patent Litigation