**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION**

| | |
|---|---|
| **SMARTFLASH LLC,** *et al.*, | |
| Plaintiffs, | Case No. 6:13-CV-00447-MHS-KNM |
| v. | |
| **APPLE INC.,** *et al.*, | |
| Defendants. | |

**PLAINTIFFS SMARTFLASH LLC AND SMARTFLASH TECHNOLOGIES
LIMITED'S SUR-REPLY TO DEFENDANTS' MOTION TO STAY**

I.  INTRODUCTION

Defendants cannot dispute that a granted stay and denied transfer destroys the substantial efficiencies of the consolidated schedule that this Court has rightfully endeavored to create. In contrast, a denied stay and granted transfer causes no risk of legitimate harm. The Court should deny Defendants' motion.

II.  ARGUMENT

### A. Destroying the Benefits of the Consolidated Schedule Is Harm.

If the Court grants a stay and Defendants' motion to transfer is denied, Defendants will have dramatically increased this Court's workload, destroyed substantial decision-making efficiencies, hindered the '447 and '448 Defendants' ability to coordinate defenses, and placed the '448 Defendants and Smartflash at a tactical disadvantage.[1] Defendants do not dispute any of these points. Defendants' only response argues that Smartflash cannot rely on such harm because it is a "product of Smartflash's own decisions to misjoin the 447 Defendants and to file a California-based case in this District." Defs.' Reply Supp. Mot. Stay 2. This "argument" only begs the question. Unless it is mooted by a ruling on Apple's Motion to Transfer, Defendants' motion to stay will be adjudicated in the face of uncertainty regarding venue. Defendants' "argument"—which relies on a premise that assumes venue victory—amounts to no argument at all.

### B. Defendants' "Critical" Legal Authority Does Not Compel a Stay.

Defendants' "critical" legal authority does not stand for Defendants' allegedly supported propositions. Citing *In re Fusion-IO, Inc.*, Defendants first argue that a court should <u>always</u> stay

---

[1] Defendants misunderstand Smartflash's position on an extra *Markman* hearing. Smartflash's point in response was not that Apple's *transfer* motion would cause an extra *Markman*. Rather, Smartflash pointed out that a grant of Apple's *motion to stay* and a denied transfer would likely necessitate a second *Markman* hearing, by virtue of the two related cases proceeding in the same venue under different schedules. Smartflash's Resp. Mot. Stay 4.

1

proceedings when venue is disputed. *See* 489 Fed. App'x 465, 466 (Fed. Cir. 2012). But such a broad reading is inappropriate given that the issue of whether the petitioner was entitled to a stay was not even before the Court. S*ee* Ex. A. In other words, the Federal Circuit did not analyze whether a stay should be granted in the face of serious inefficiencies resulting from a granted stay but denied transfer. The case thus provides no guidance on the present issue. *See Pragmatus AV, LLC v. Yahoo! Inc.*, Civil Action No. 11-902-LPS-CJB, 2013 WL 2372206, at *5 (D. Del. May 30, 2013) (rejecting argument that *Fusion-IO* "require[s] a court to stay a case pending resolution of any motion to transfer filed in any situation.").

Defendants next urge that the court which ultimately decides the merits must decide all pre-trial disputes, whatever the circumstances, to ensure the Court "is well-informed for trial." *See* Defs.' Reply Supp. Mot. Stay 3 (citing *McDonnell Douglas Corp. v. Polin*, 429 F.2d 30, 30 (3d Cir. 1970)). Yet this argument directly contradicts Defendants' admission that this Court should rule on claim construction even if this case is transferred. *Id.* at 2 ("Smartflash's argument ignores that the transfer motion urges a consolidated *Markman*."). This internal inconsistency simply underscores what this Court already knows. Courts regularly decide pre-trial matters without deciding the merits. As just one example, this Court will oversee all pre-trial matters, but because Defendants have refused consent, it will not preside over trial.

C. **Defendants' Claims of Prejudice Are Minimal, Illegitimate, or Irrelevant.**

Defendants initially claimed widespread prejudice based on the incorrect notion that every dispute in this venue could be revisited in the new venue. *See* Defs.' Mot. Stay 4. In full retreat, Defendants now fear potentially wasted resources only in "re-briefing" then-pending motions in order to "cite [the transferee district's] precedent." Defs.' Reply Supp. Mot. Stay. 4. This pin-prick prejudice does not outweigh the risk of destroying the consolidated schedule. Defendants repeatedly claim that a stay would be brief, so the risk of voluminous motion practice

2

during that time is, by Defendants' own suggestion, miniscule.  Moreover, Defendants feign obliviousness to the fact that, for the only dispute actually pending, a stay makes it *more* likely that updating would be necessary.  And for all of Defendants' bluster about "detailed" interrogatories and Rule 30(b)(6) topics, there is still no pending or even imminent motion.  Defendants conspicuously ignore that the parties have engaged in extensive, productive discovery discussions.  Tellingly, after a conference call regarding all then-outstanding discovery requests—spanning multiple days and several hours—Defendants can point to only one potential topic of dispute, on which discussions remain ongoing.  To the extent they are threatening to do so, Defendants cannot unilaterally manufacture a discovery dispute solely to support their motion to stay.

   Defendants also claim prejudice based on "uncertainty regarding the timing and order of case events."  Defs.' Reply Supp. Mot. Stay 5.  Yet the only possible "prejudice" resulting from this uncertainty arises from meeting obligations quicker than might otherwise be required (i.e., complying with this Court's Orders).  In other words, Defendants' claim of prejudice stems solely from Defendants' inability to ensure maximum benefit from delay in California.  But the goal is to avoid delay, not to cause it.  *See, e.g.*, *Logan v. Smithfield Foods, Inc.*, No. 4:05-CV-766, 2008 WL 8776116, at * (S.D. Tex. Aug. 25, 2008) ("Rescheduling . . . will not cure the potential prejudice but, rather, will enhance it by creating an unnecessary delay in the resolution of the case.").  This claim is thus illegitimate.

   Finally, Defendants argue that the <u>mere existence</u> of the Order Focusing Patent Claims and Prior Art—an Order to which they agreed— is prejudicial.  *See* Defs.' Reply Supp. Mot. Stay 5 (stating that Defendants are "restricted or prejudiced by the prior art choices of the other defendants").  This claim is ridiculous.  Defendants' argument entirely ignores that the Order

3

gives them a substantial corresponding benefit—restricting Smartflash's number of asserted claims—a benefit that Defendants deemed a worthy compromise.  Defendants further ignore that this substantial benefit caused them to refuse a proposal addressing this very concern.  The '448 Defendants, <u>not</u> the '447 Defendants, first raised the issue of defendant autonomy.  Ex. B  Seeking to address this concern, Smartflash made a proposal which allowed related-case defendants to assert some case-specific prior art. *Id.*  But because Smartflash's proposal allowed a corresponding increase in Smartflash's asserted claims, the '447 Defendants refused.  Ex. C.  In short, Defendants' claim of prejudice results entirely from their own actions.  In any event, this argument is totally irrelevant to their motion.  Regardless of Defendants' apparent remorse regarding the Order, a stay will not prevent such "prejudice."  If the case is not transferred, the Order will govern this case.  If this case is transferred, the Order will not apply.[2]

### D.  A Stay Does Not Preserve Judicial Resources.

In their opening motion, Defendants claimed mass inefficiencies arising from judicial resources wasted by this Court resolving any dispute.  Now, Defendants raise a strictly-academic hypothetical that "scheduling orders, protective orders, and orders applying local rules" may not apply in the transferee venue. Defs.' Reply Supp. Mot. Stay 4.  Of course, Defendants do not explain how this narrow list of potential orders has any relevance to the present state of the litigation or to their motion to stay.  Moreover, the scheduling order in this case has already been entered, so even if such an order were revisited, a stay does not preserve resources already spent.  Relatedly, the protective order is substantially agreed, and a stay preserves none of the extensive

---

[2] Defendants also misunderstand (or intentionally misrepresent) Smartflash's argument on this point.  Smartflash never stated that the Order Focusing Claims and Prior Art would apply in any transferred case.  Rather, Smartflash only pointed out that Defendants' argument regarding waiver of prior art references was disingenuous.  Entering into such an agreement was Defendants' idea and Defendants rejected a proposal allowing the assertion of substantially more prior art. Smartflash's Resp. Defs.' Mot. Stay 3.

4

resources already spent on agreeing to those terms. As for the disputed portions, the law of the case doctrine would apply.[3] Finally, although Defendants theorize an abstract potential for an order applying local rules, Defendants provide absolutely no reason to even speculate about such a dispute.

What's more, Defendants' threat to re-visit this Court's Orders in the proposed transferee venue seriously undermines the pleas to judicial efficiency made throughout Defendants' severance, transfer, and stay briefing. As this Court knows, efficiency concerns are particularly important in venue analysis. *See, e.g.*, *U.S. Ethernet Innovations, LLC v. Samsung Electr. Co., Ltd.*, No. 6:12-CV-398 MHS-JDL, 2013 WL 1363613, at *5 (E.D. Tex. Apr. 2, 2013). If Defendants are seriously suggesting that they do not intend to be bound by this Court's Orders upon transfer, Defendants admit that transfer would be a cumbersome process indeed. Re-negotiating the agreed protective order terms, re-briefing the disputed ones, and apparently re-visiting this Court's Discovery Order, ESI Order, and any other Order that this Court may enter in the future (with the apparent exception of this Court's future *Markman*) will result in nothing more than a massive waste of time.

### III.    CONCLUSION

For the foregoing reasons, the Court should deny Defendants' motion.

---

[3] Defendants' badly misread their own authority regarding the applicability of a protective order in the transferee venue. The Court in *Mobilemedia Ideas* vacated only a scheduling order and the discovery order—which is not the same as a protective order. *See* Ex. D. A protective order was in force in *Mobilemedia*. *See* Ex. E. Upon transfer, the court did not vacate it.

5

Dated: February 24, 2014				Respectfully submitted,

**CALDWELL CASSADY & CURRY**

Bradley W. Caldwell
Texas State Bar No. 24040630
Email: bcaldwell@caldwellcc.com
Jason D. Cassady
Texas State Bar No. 24045625
Email: jcassady@caldwellcc.com
John Austin Curry
Texas State Bar No. 24059636
Email: acurry@caldwellcc.com
Daniel R. Pearson
Texas State Bar No. 24070398
Email: dpearson@caldwellcc.com
Hamad M. Hamad
Texas State Bar No. 24061268
Email: hhamad@caldwellcc.com
Christopher S. Stewart
Texas State Bar No. 24079399
Email: cstewart@caldwellcc.com
John F. Summers
Texas State Bar No. 24079417
Email: jsummers@caldwellcc.com
Jason S. McManis
Texas State Bar No. 24088032
Email: jmcmanis@caldwellcc.com
**CALDWELL CASSADY CURRY P.C.**
2101 Cedar Springs Rd.
Dallas, Texas 75201
Telephone: (214) 888-4848

T. John Ward
Texas State Bar No. 20848000
Email: tjw@wsfirm.com
T. John Ward, Jr.
Texas State Bar No. 00794818
Email: jw@wsfirm.com
**Ward & Smith Law Firm**
P.O. Box 1231
1127 Judson Road, Suite 220
Longview, Texas 75606

6

              Telephone: (903) 757-6400
              Facsimile: (903) 757-2323

              **ATTORNEYS FOR PLAINTIFFS SMARTFLASH, LLC AND SMARTFLASH TECHNOLOGIES LIMITED**

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was filed electronically in compliance with Local Rule CV-5(a) on February 24, 2014.  As such, this document was served on all counsel who are deemed to have consented to electronic service.  Local Rule CV-5(a)(3)(A).

              */s/ Bradley W. Caldwell*
              Bradley W. Caldwell