# Exhibit C

| | |
|---|---|
| **Subject:** | Re: Smartflash: Request for Extension and Claim Limitation Proposal |
| **Date:** | Thursday, November 7, 2013 6:20:26 PM Central Standard Time |
| **From:** | Post, Kevin |
| **To:** | Brad Caldwell |
| **CC:** | Tom Gorham, Austin Curry, smartflash@caldwellcc.com, Apple/SmartFlash Service, ema@emafirm.com, apple@emafirm.com, F&R Counsel – KingsIsle, F&R Counsel – Game Circus, bkohm@fenwick.com, tcorbin@fenwick.com, SmartFlash QE Team (SmartFlashQETeam@quinnemanuel.com), mikejones@potterminton.com, allengardner@potterminton.com, HTC-Smartflash-Service@perkinscoie.com |

Brad,

As we mentioned on the call, we do not expect that Apple will agree to a proposal that includes the potential for 38 claims being asserted against it, while also being limited to only 12 references per patent (with 9 being mandatory overlap references) for a total of 40 references, as you've outlined below. But we will discuss this with our client. As I mentioned, if there is agreement that the cases will be treated together, we believe Apple would agree to the prior proposal of 32 total claims (10 per patent) and 40 total references (12 per patent), shared across the cases. Regardless, we will raise your current proposal in light of the concerns raised by Samsung.

As for our proposed second cut-down, we propose the following:


1.         No later than 28 days before the service of expert reports by the party with the burden of proof on an issue, the patent claimant shall serve a Final Election of Asserted Claims, which shall identify no more than 8 asserted claims per patent from among the 10 previously identified claims and no more than a total of 16 claims.

2.         By the date set for the service of expert reports by the party with the burden of proof on an issue, Defendants shall serve a Final Election of Asserted Prior Art, which shall identify no more than 9 asserted prior art references per patent from among the 12 prior art references previously identified for that particular patent and no more than a total of 20 references.  For purposes of this Final Election of Asserted Prior Art, each obviousness combination counts as a separate prior art reference.


Please let us know your views.

Thanks,
Kevin


On Nov 7, 2013, at 6:29 PM, "Brad Caldwell"
<bcaldwell@caldwellcc.com<mailto:bcaldwell@caldwellcc.com>> wrote:

Kevin:

The proposal that we all discussed on the phone, following Melissa's request for more independence between the defendants, was as follows:

- Smartflash could assert up to 10 claims per patent, up to an overall total of 38 claims.  Whatever Smartflash asserts against any defendant in either case must come from within those 10 claims per

patent and 38 overall claims.

- The defendants in the Apple case, collectively, could assert up to 12 prior art references per patent, up to a total of 40 overall references. The defendants in the Samsung case, collectively, could assert up to 12 prior art references per patent, up to a total of 40 overall references. On each patent, the references asserted in the Apple case must overlap the references asserted in the Samsung case by 9. Said differently, for a given patent, (a) nor more than 3 of the 12 references asserted by Defendants in the Apple case may be different than references asserted in the Samsung case, and (b) no more than 3 of the 12 references asserted by Defendants in the Samsung case may be different than references asserted in the Apple case.

Best regards,
Brad




From: <Post>, Kevin <Kevin.Post@ropesgray.com<mailto:Kevin.Post@ropesgray.com>>
Date: Thursday, November 7, 2013 3:58 PM
To: Tom Gorham <gorham@fr.com<mailto:gorham@fr.com>>, Austin Curry <acurry@caldwellcc.com<mailto:acurry@caldwellcc.com>>, Brad Caldwell <bcaldwell@caldwellcc.com<mailto:bcaldwell@caldwellcc.com>>, "smartflash@caldwellcc.com<mailto:smartflash@caldwellcc.com>" <smartflash@caldwellcc.com<mailto:smartflash@caldwellcc.com>>
Cc: Apple/SmartFlash Service <AppleSmartFlashService@ropesgray.com<mailto:AppleSmartFlashService@ropesgray.com>>, Eric Albritton <ema@emafirm.com<mailto:ema@emafirm.com>>, "apple@emafirm.com<mailto:apple@emafirm.com>" <apple@emafirm.com<mailto:apple@emafirm.com>>, F&R Counsel – KingsIsle <F&RCounsel-KingsIsle@fr.com<mailto:RCounsel-KingsIsle@fr.com>>, F&R Counsel – Game Circus <F&RCounsel-GameCircus@fr.com<mailto:RCounsel-GameCircus@fr.com>>, "bkohm@fenwick.com<mailto:bkohm@fenwick.com>" <bkohm@fenwick.com<mailto:bkohm@fenwick.com>>, "tcorbin@fenwick.com<mailto:tcorbin@fenwick.com>" <tcorbin@fenwick.com<mailto:tcorbin@fenwick.com>>, "SmartFlash QE Team (SmartFlashQETeam@quinnemanuel.com<mailto:SmartFlashQETeam@quinnemanuel.com>)" <SmartFlashQETeam@quinnemanuel.com<mailto:SmartFlashQETeam@quinnemanuel.com>>, "mikejones@potterminton.com<mailto:mikejones@potterminton.com>" <mikejones@potterminton.com<mailto:mikejones@potterminton.com>>, "allengardner@potterminton.com<mailto:allengardner@potterminton.com>" <allengardner@potterminton.com<mailto:allengardner@potterminton.com>>, "HTC-Smartflash-Service@perkinscoie.com<mailto:HTC-Smartflash-Service@perkinscoie.com>" <HTC-Smartflash-Service@perkinscoie.com<mailto:HTC-Smartflash-Service@perkinscoie.com>>
Subject: RE: Smartflash: Request for Extension and Claim Limitation Proposal

Brad and Austin,

Are you available for a follow-up call to discuss the claim/prior art issues we discussed yesterday? At least some of the defendants are available at 5:15 EST / 4:15 CST today and we can use the dial-in information below.

Kevin

Kevin J. Post
ROPES & GRAY LLP
T +1 212 596 9181 | F +1 646 728 1709
1211 Avenue of the Americas
New York, NY 10036-8704
kevin.post@ropesgray.com<mailto:kevin.post@ropesgray.com>
www.ropesgray.com<http://www.ropesgray.com>


Kevin J. Post
ROPES & GRAY LLP
T +1 212 596 9181 | F +1 646 728 1709
1211 Avenue of the Americas
New York, NY 10036-8704
kevin.post@ropesgray.com<mailto:kevin.post@ropesgray.com>
www.ropesgray.com<http://www.ropesgray.com>


_____

2014 U.S. News & World Report - Best Lawyers

Law Firm of the Year - Patent Litigation<http://www.ropesgray.com/news-and-insights/rankings-awards/2013/11/Ropes-Gray-Named-Law-Firm-of-the-Year-for-Patent-Litigation.aspx>



_____

2014 U.S. News & World Report - Best Lawyers

Law Firm of the Year - Patent Litigation<http://www.ropesgray.com/news-and-insights/rankings-awards/2013/11/Ropes-Gray-Named-Law-Firm-of-the-Year-for-Patent-Litigation.aspx>

From: Tom Gorham [mailto:gorham@fr.com]
Sent: Wednesday, November 06, 2013 5:01 PM
To: Austin Curry; Post, Kevin; bcaldwell@caldwellcc.com<mailto:bcaldwell@caldwellcc.com>; smartflash@caldwellcc.com<mailto:smartflash@caldwellcc.com>
Cc: Apple/SmartFlash Service; ema@emafirm.com<mailto:ema@emafirm.com>; apple@emafirm.com<mailto:apple@emafirm.com>; F&R Counsel – KingsIsle; F&R Counsel – Game Circus; bkohm@fenwick.com<mailto:bkohm@fenwick.com>; tcorbin@fenwick.com<mailto:tcorbin@fenwick.com>; SmartFlash QE Team (SmartFlashQETeam@quinnemanuel.com<mailto:SmartFlashQETeam@quinnemanuel.com>); mikejones@potterminton.com<mailto:mikejones@potterminton.com>; allengardner@potterminton.com<mailto:allengardner@potterminton.com>; HTC-Smartflash-Service@perkinscoie.com<mailto:HTC-Smartflash-Service@perkinscoie.com>
Subject: RE: Smartflash: Request for Extension and Claim Limitation Proposal


Also works for KingsIsle and Game Circus.

From: Austin Curry [mailto:acurry@caldwellcc.com]
Sent: Wednesday, November 06, 2013 3:57 PM
To: kevin.post@ropesgray.com<mailto:kevin.post@ropesgray.com>; bcaldwell@caldwellcc.com<mailto:bcaldwell@caldwellcc.com>;

smartflash@caldwellcc.com<mailto:smartflash@caldwellcc.com>
Cc: Apple/SmartFlash Service; ema@emafirm.com<mailto:ema@emafirm.com>;
apple@emafirm.com<mailto:apple@emafirm.com>; F&R Counsel – KingsIsle; F&R Counsel – Game
Circus; bkohm@fenwick.com<mailto:bkohm@fenwick.com>;
tcorbin@fenwick.com<mailto:tcorbin@fenwick.com>; SmartFlash QE Team
(SmartFlashQETeam@quinnemanuel.com<mailto:SmartFlashQETeam@quinnemanuel.com>);
mikejones@potterminton.com<mailto:mikejones@potterminton.com>;
allengardner@potterminton.com<mailto:allengardner@potterminton.com>; HTC-Smartflash-Service@perkinscoie.com<mailto:HTC-Smartflash-Service@perkinscoie.com>
Subject: RE: Smartflash: Request for Extension and Claim Limitation Proposal

That time works for Smartflash.

From: Post, Kevin [mailto:Kevin.Post@ropesgray.com]
Sent: Wednesday, November 06, 2013 3:47 PM
To: Brad Caldwell; smartflash@caldwellcc.com<mailto:smartflash@caldwellcc.com>
Cc: Apple/SmartFlash Service; ema@emafirm.com<mailto:ema@emafirm.com>;
apple@emafirm.com<mailto:apple@emafirm.com>; F&RCounsel-KingsIsle@fr.com<mailto:F&RCounsel-KingsIsle@fr.com>; F&RCounsel-GameCircus@fr.com<mailto:F&RCounsel-GameCircus@fr.com>;
bkohm@fenwick.com<mailto:bkohm@fenwick.com>;
tcorbin@fenwick.com<mailto:tcorbin@fenwick.com>; SmartFlash QE Team
(SmartFlashQETeam@quinnemanuel.com<mailto:SmartFlashQETeam@quinnemanuel.com>);
mikejones@potterminton.com<mailto:mikejones@potterminton.com>;
allengardner@potterminton.com<mailto:allengardner@potterminton.com>; HTC-Smartflash-Service@perkinscoie.com<mailto:HTC-Smartflash-Service@perkinscoie.com>
Subject: RE: Smartflash: Request for Extension and Claim Limitation Proposal

Brad,

We did not receive your initial email, so thank you for re-sending.  We share your interest in resolving these issues, and do not believe that we are as far apart as your email suggests.  We believe short call may help to navigate these issues.  Are you (and the other defendants) available at 5:15 PM EST / 4:15 PM CST?  We can use my dial-in: 888-352-5988, code: 2125969181.

Thanks,
Kevin



Kevin J. Post
ROPES & GRAY LLP
T +1 212 596 9181 | F +1 646 728 1709
1211 Avenue of the Americas
New York, NY 10036-8704
kevin.post@ropesgray.com<mailto:kevin.post@ropesgray.com>
www.ropesgray.com<http://www.ropesgray.com>

_____

2014 U.S. News & World Report - Best Lawyers

Law Firm of the Year - Patent Litigation<http://www.ropesgray.com/news-and-insights/rankings-awards/2013/11/Ropes-Gray-Named-Law-Firm-of-the-Year-for-Patent-Litigation.aspx>

From: Brad Caldwell [mailto:bcaldwell@caldwellcc.com]
Sent: Wednesday, November 06, 2013 3:23 PM
To: Post, Kevin; smartflash@caldwellcc.com<mailto:smartflash@caldwellcc.com>
Cc: Apple/SmartFlash Service; ema@emafirm.com<mailto:ema@emafirm.com>; apple@emafirm.com<mailto:apple@emafirm.com>; F&RCounsel-KingsIsle@fr.com<mailto:F&RCounsel-KingsIsle@fr.com>; F&RCounsel-GameCircus@fr.com<mailto:F&RCounsel-GameCircus@fr.com>; bkohm@fenwick.com<mailto:bkohm@fenwick.com>; tcorbin@fenwick.com<mailto:tcorbin@fenwick.com>; SmartFlash QE Team (SmartFlashQETeam@quinnemanuel.com<mailto:SmartFlashQETeam@quinnemanuel.com>); mikejones@potterminton.com<mailto:mikejones@potterminton.com>; allengardner@potterminton.com<mailto:allengardner@potterminton.com>; HTC-Smartflash-Service@perkinscoie.com<mailto:HTC-Smartflash-Service@perkinscoie.com>
Subject: Re: Smartflash: Request for Extension and Claim Limitation Proposal

Everyone: We got an indication that this email got hung up somewhere on the 'net. So, I'm re-sending just in case it didn't go through.
-Brad

From: Brad Caldwell <bcaldwell@caldwellcc.com<mailto:bcaldwell@caldwellcc.com>>
Date: Wednesday, November 6, 2013 12:11 PM
To: "Post, Kevin" <Kevin.Post@ropesgray.com<mailto:Kevin.Post@ropesgray.com>>, "smartflash@caldwellcc.com<mailto:smartflash@caldwellcc.com>" <smartflash@caldwellcc.com<mailto:smartflash@caldwellcc.com>>
Cc: Apple/SmartFlash Service <AppleSmartFlashService@ropesgray.com<mailto:AppleSmartFlashService@ropesgray.com>>, Eric Albritton <ema@emafirm.com<mailto:ema@emafirm.com>>, "apple@emafirm.com<mailto:apple@emafirm.com>" <apple@emafirm.com<mailto:apple@emafirm.com>>, "F&RCounsel-KingsIsle@fr.com<mailto:RCounsel-KingsIsle@fr.com>" <F&RCounsel-KingsIsle@fr.com<mailto:RCounsel-KingsIsle@fr.com>>, "F&RCounsel-GameCircus@fr.com<mailto:RCounsel-GameCircus@fr.com>" <F&RCounsel-GameCircus@fr.com<mailto:RCounsel-GameCircus@fr.com>>, "bkohm@fenwick.com<mailto:bkohm@fenwick.com>" <bkohm@fenwick.com<mailto:bkohm@fenwick.com>>, "tcorbin@fenwick.com<mailto:tcorbin@fenwick.com>" <tcorbin@fenwick.com<mailto:tcorbin@fenwick.com>>, "SmartFlash QE Team (SmartFlashQETeam@quinnemanuel.com<mailto:SmartFlashQETeam@quinnemanuel.com>)" <SmartFlashQETeam@quinnemanuel.com<mailto:SmartFlashQETeam@quinnemanuel.com>>, "mikejones@potterminton.com<mailto:mikejones@potterminton.com>" <mikejones@potterminton.com<mailto:mikejones@potterminton.com>>, "allengardner@potterminton.com<mailto:allengardner@potterminton.com>" <allengardner@potterminton.com<mailto:allengardner@potterminton.com>>, "HTC-Smartflash-Service@perkinscoie.com<mailto:HTC-Smartflash-Service@perkinscoie.com>" <HTC-Smartflash-Service@perkinscoie.com<mailto:HTC-Smartflash-Service@perkinscoie.com>>
Subject: Re: Smartflash: Request for Extension and Claim Limitation Proposal

Kevin:

We reviewed what you circulated. Are you suggesting that the limits apply separately to each case, such that, for example, Apple could assert 20 prior art references on a given patent and, say, Samsung could assert 20 different references in its case for that same patent?

Regardless of the answer to that, what is the reasoning behind the much larger number of prior art references-per-patent than what we discussed last week?  The proposal you have circulated is drastically out of line with the limits that are contemplated by the model order.  Last week, the defendants said they were envisioning claim and prior art limits in line with the model order, which approximates parity between the parties. But now defendants have proposed something drastically one-sided that (a) spreads the plaintiffs' claims thin to the benefit of defendants, but nevertheless (b) multiplies the number of prior art references that can be asserted, also to the benefit of the defendants.  This fails to accomplish the very purpose of the model order, which is to make litigation more efficient for all parties and the court.

As I mentioned last week, we wouldn't agree now to any proposal that put us down to a total of 5 claims-per-patent across multiple defendants at some later point in the case.  As we discussed, we typically drop claims organically as we are able to see what issues and parties remain for trial.  If there is going to be an agreement in place for a final reduction, we think that it makes more sense to discuss that when we all have a better sense how things are going to unfold in the case.  Also, as folks know if they happened to attend the pertinent session of the EDTX Bench-Bar conference last week, the limits in the model order were not intended to govern multi-defendant cases and multi-defendant cases will require customization if the Model Order is in play at all.  If agreement on a later reduction to 5 is a make-or-break point for you for reaching agreement on other issues in the near term, please let us know now because we will not be able to reach an agreement at this stage of the case.

We would be willing to reach an agreement now that limits (a) us to 10 claims per patent, up to a total of 50, and (b) defendants (collectively across the actions) to 12 references per patent, up to a total of 60.  Please let me know defendants' position on this proposal today.

At the end of our call last week, we asked for a 2 week extension on infringement contentions (offering a matching extension on defendants' contentions) because, in part, it seemed on the call that we were going to be able to reach an agreement in line with the model order's limitations and still have time to think through our selections.  If we are not going to be able to reach an agreement, we would like to know now so we can file a motion with the court before Monday securing just a 2-week extension.  On the other hand, if defendants still want to pursue an agreement we would like to to hammer it out right away.  If there is a protracted negotiation, we will likely seek additional time before going final on our claim selections and charts.  This rolling delay is what I was hoping to avoid when I wrote you two-and-a-half weeks ago trying to see what defendants' claim and art proposed limitations would be.

**In any event, Smartflash will be moving for a 2-week extension to serve its 3-1 and 3-2 materials.  Please let me know today whether or not you oppose (note: our request would move your 3-3 and 3-4 exchanges by 2 weeks as well).  This is the same request I made on Friday, when I requested a response on Monday.  If we do not hear back from you today on this request I made 5 days ago, we will proceed as though you are opposed.**  Note that we remain happy to engage on the discussion of claim and art limitations, including whether we would give you guys a preliminary identification of claims next Monday.  But I am not willing to further roll towards the deadline without putting a motion on file.

Thank you.

-Brad


From: <Post>, Kevin <Kevin.Post@ropesgray.com<mailto:Kevin.Post@ropesgray.com>>
Date: Wednesday, November 6, 2013 8:22 AM
To: Brad Caldwell <bcaldwell@caldwellcc.com<mailto:bcaldwell@caldwellcc.com>>,

"smartflash@caldwellcc.com<mailto:smartflash@caldwellcc.com>"
<smartflash@caldwellcc.com<mailto:smartflash@caldwellcc.com>>
Cc: Apple/SmartFlash Service
<AppleSmartFlashService@ropesgray.com<mailto:AppleSmartFlashService@ropesgray.com>>, Eric Albritton <ema@emafirm.com<mailto:ema@emafirm.com>>,
"apple@emafirm.com<mailto:apple@emafirm.com>"
<apple@emafirm.com<mailto:apple@emafirm.com>>, "F&RCounsel-KingsIsle@fr.com<mailto:RCounsel-KingsIsle@fr.com>" <F&RCounsel-KingsIsle@fr.com<mailto:RCounsel-KingsIsle@fr.com>>, "F&RCounsel-GameCircus@fr.com<mailto:RCounsel-GameCircus@fr.com>" <F&RCounsel-GameCircus@fr.com<mailto:RCounsel-GameCircus@fr.com>>,
"bkohm@fenwick.com<mailto:bkohm@fenwick.com>"
<bkohm@fenwick.com<mailto:bkohm@fenwick.com>>,
"tcorbin@fenwick.com<mailto:tcorbin@fenwick.com>"
<tcorbin@fenwick.com<mailto:tcorbin@fenwick.com>>, "SmartFlash QE Team (SmartFlashQETeam@quinnemanuel.com<mailto:SmartFlashQETeam@quinnemanuel.com>)"
<SmartFlashQETeam@quinnemanuel.com<mailto:SmartFlashQETeam@quinnemanuel.com>>,
"mikejones@potterminton.com<mailto:mikejones@potterminton.com>"
<mikejones@potterminton.com<mailto:mikejones@potterminton.com>>,
"allengardner@potterminton.com<mailto:allengardner@potterminton.com>"
<allengardner@potterminton.com<mailto:allengardner@potterminton.com>>, "HTC-Smartflash-Service@perkinscoie.com<mailto:HTC-Smartflash-Service@perkinscoie.com>" <HTC-Smartflash-Service@perkinscoie.com<mailto:HTC-Smartflash-Service@perkinscoie.com>>
Subject: Smartflash: Request for Extension and Claim Limitation Proposal

Brad,

Following up on our discussion earlier this week, I can confirm that Apple is willing to agree to the following disclosure deadlines for the parties' contentions:
Date

Event

November 11, 2013

Smartflash identifies claims asserted against each defendant by patent and claim number.

November 25, 2013

Smartflash complies with P.R. 3-1 and P.R. 3-2

January 13, 2013

Defendants provide Smartflash with a list of primary prior art references that they intend to rely on in their invalidity contentions for the asserted claims

January 27, 2013

Defendants comply with P.R. 3-3 and P.R. 3-4


As we discussed, while Apple understands that Smartflash may need to make minor adjustments to the set of claims asserted in its Nov. 25 contentions as it finalizes its claim charts, Apple reserves its right to request additional time for its invalidity contentions if Smartflash makes a significant shift in

the claims ultimately asserted on Nov. 25.  I understand that the other defendants are considering this proposal and I will let them respond with their agreement/comments separately.

With respect to defendants' proposal regarding claim limitations, attached please find a draft Order Focusing Patent Claims and Prior Art.  This proposal (1) includes an "Initial Elections" phase that applies at the time the parties submit their contentions; (2) applies the claim and prior art limits to all parties collectively in a given case; and (3) increases the per-patent limit for prior art references, given the close familial relationship between all asserted patents and the expectation that the set of prior art asserted against each patent will be similar.  At this point, this draft reflects the input of Apple, Game Circus and KingsIsle, and I expect the other defendants will weigh in shortly with their own views, if any.

Once they have done so, please let us know your comments and propose times for a call if you would like to discuss.

Thanks,
Kevin


Kevin J. Post
ROPES & GRAY LLP
T +1 212 596 9181 | F +1 646 728 1709
1211 Avenue of the Americas
New York, NY 10036-8704
kevin.post@ropesgray.com<mailto:kevin.post@ropesgray.com>
www.ropesgray.com<http://www.ropesgray.com>

Circular 230 Disclosure (R&G): To ensure compliance with Treasury Department regulations, we inform you that any U.S. tax advice contained in this communication (including any attachments) was not intended or written to be used, and cannot be used, for the purpose of avoiding U.S. tax-related penalties or promoting, marketing or recommending to another party any tax-related matters addressed herein.



This message (including attachments) is privileged and confidential. If you are not the intended recipient, please delete it without further distribution and reply to the sender that you have received the message in error.



_____

2014 U.S. News & World Report - Best Lawyers

Law Firm of the Year - Patent Litigation<http://www.ropesgray.com/news-and-insights/rankings-awards/2013/11/Ropes-Gray-Named-Law-Firm-of-the-Year-for-Patent-Litigation.aspx>




************************************************************************************************************
This email message is for the sole use of the intended recipient(s) and may contain confidential and

privileged information. Any unauthorized use or disclosure is prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message.

IRS CIRCULAR 230 DISCLOSURE: Any U.S. tax advice contained in this communication (including any attachments) is not intended or written to be used, and cannot be used, for the purpose of (i)