IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| SMARTFLASH LLC, *et al.*, § § | | |
| Plaintiffs, § | CIVIL ACTION NO. 6:13cv447 | |
| § § | | |
| v. § | **JURY TRIAL DEMANDED** | |
| § § | | |
| APPLE INC., *et al.*, § § | | |
| Defendants. § | | |

| | | |
|---|---|---|
| § | | |
| SMARTFLASH LLC, *et al.*, § § | | |
| Plaintiffs, § | CIVIL ACTION NO. 6:13cv448 | |
| v. § § | | |
| § | **JURY TRIAL DEMANDED** | |
| SAMSUNG ELECTRONICS CO., LTD. § *et al.*, § § | | |
| Defendants. § | | |

**ORDER**

Before the Court is the parties' Joint Notice of Dispute Regarding Agreed Protective Order (Doc. No. 85). Having considered the parties' arguments, the parties' proposals are **GRANTED IN PART** and **DENIED IN PART**.

**BACKGROUND**

This litigation involves alleged claims for infringement of six patents: (1) Patent No. 7,334,720; (2) Patent No. 7,942,317; (3) Patent No. 8,033,458; (4) Patent No. 8,061,598; (5) Patent No. 8,118,221; and (6) Patent No. 8,336,772. The patents are titled "Data Storage and Access Systems." The patents generally cover a computer network that serves and manages data

1

such as payment information. The parties in this litigation acknowledge that discovery will involve highly confidential information. Accordingly, the parties have asked the Court to enter a protective order to govern discovery.

## LEGAL STANDARD

Federal Rule of Civil Procedure 26 provides that "for good cause shown" the Court may enter any order which justice so requires "to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense" of proposed discovery or disclosure. The party seeking a protective order has the burden of proving good cause exists. *In re Deutsche Bank Trust Co.*, 605 F.3d 1373, 1378 (Fed. Cir. 2010). When the parties agree to the implementation of a protective order but disagree on specific terms, the party seeking to limit discovery shoulders the burden of establishing that good cause exists for the protection of that information. *See Document Generation Corp. v. Allscripts, LLC*, No. 6:08-CV-479, 2009 WL 1766096, at *2 (E.D. Tex. June 23, 2009).

## DISCUSSION

The parties have three remaining disputes about their agreed protective order. The disputes are: (1) whether the prosecution bar should apply to Defendants' counsel; (2) whether the prosecution bar should apply to reexamination and similar proceedings; and (3) whether there should be limits for printing source code.

### I. Prosecution Bar

Section 6(b) of the parties' proposed protective order covers the prosecution bar. The parties have two disputes about the prosecution bar's scope. The first dispute is whether the prosecution bar should unilaterally apply to Smartflash. The parties agree that a prosecution bar

should apply to Smartflash due to the risk of inadvertent disclosure. Defendants argue that no similar rationale exists for imposing the prosecution bar on their counsel. Doc. No. 87 at 2.

A unilateral prosecution bar is appropriate in this case. Smartflash argues that a bilateral prosecution bar is needed because Smartflash's confidential information could contain plans for future products. Doc. No. 91 at 1. The possibility of future product plans potentially being contained in the confidential information is not sufficient to impose a prosecution bar on Defendants' counsel. Smartflash also argues that a unilateral prosecution bar is nonsensical because its attorneys do not prosecute patents. The fact that the prosecution bar on Smartflash's counsel may end up being moot does not mean a similar bar should be placed on Defendants' attorneys. The parties in this case are not similarly situated. Since Smartflash does not currently sell any products, there is no corresponding risk of inadvertent disclosure and misuse. Therefore, the prosecution bar should be limited to Smartflash's attorneys who review Defendants' highly sensitive information.

The parties also disagree about whether the prosecution bar should prevent Smartflash from participating in reexamination and similar proceedings. Defendants are concerned that Smartflash could use one of these activities to modify claim scope using information learned from confidential material. Doc. No. 87 at 3. Smartflash argues that the prosecution bar should not prevent its counsel from participating since claims can only be narrowed during reexamination. Doc. No. 91 at 2.

Smartflash relies primarily on the reasoning in *Mirror Worlds* and *GeoTag*. In these cases the Court found that the risk of harm to Defendants was greatly reduced since claims can only be narrowed during reexamination. *Mirror Worlds, LLC v. Apple, Inc.*, No. 08-cv-88, 2009 WL 2461808, at *2 (E.D. Tex. Aug. 11, 2009) (Davis, J.); *GeoTag v. Frontier Commn's Corp., et al.*,

No. 10-cv-00570, Slip-Op at 11 (E.D. Tex. Jan. 8, 2013) (Schneider, J.). Moreover, it is unlikely that plaintiffs would narrow claims to capture a single defendant's products and risk losing protection against other possible infringers. *GeoTag*, Slip-Op at 11. In both of these cases though, the Court allowed plaintiff's counsel to participate in reexamination because of additional protections that prevented misuse of confidential information. *See Mirror Worlds*, 2009 WL 2461808, at *1; *GeoTag*, Slip-Op at 11. These safeguards were that plaintiff's outside counsel: (1) would not prosecute the reexamination; (2) would not reveal defendants' confidential information to any reexamination counsel or agent; and (3) may not use defendants' confidential information for any purpose other than the litigation. *Mirror Worlds,* 2009 WL 2461808, at *1; *GeoTag*, Slip-Op. at 11. Since the reasoning in *Mirror Worlds* and *GeoTag* relied on this foundation, these provisions should be included in the parties' protective order.

With these safeguards included, the prosecution bar should not apply to reexamination and similar proceedings since the risk to Defendants does not outweigh the prejudice to Smartflash. *Mirror Worlds*, 2009 WL 2461808 at *2. (Holding that "the risk of inadvertent misuse of Apple's confidential information does not outweigh the prejudice to Mirror Worlds if the prosecution bar is applied to reexamination proceedings.")

For the foregoing reasons, Defendants' proposal for a unilateral prosecution bar is **GRANTED**. Additionally, Smartflash's proposal that the prosecution bar be inapplicable to reexamination proceedings is **GRANTED**.

## II. Source Code Printing Limits

Defendants' proposal would allow them to object to the printing of source code if it is in excess of 40 pages or is not reasonably related to the issues in the case. Defendants argue that allowing a party to print source code without restrictions would create a high risk of inadvertent

disclosure. Doc. No. 87 at 4. Smartflash believes that the agreed language of the protective order already has sufficient protections for Defendants' source code. Doc. No. 91 at 3.

Smartflash has offered no competing page limit proposal for printing source code. Given the highly sensitive nature of source code, there is good cause for some restrictions on printing. Defendants' proposal for a limit of 40 continuous pages is adopted. But, the protective order does not need language about objecting to source code that is not reasonably related to the issues in the case. This provision is vague and unnecessary. If this situation does occur, the Court will resolve it through the normal means for dealing with discovery disputes.

The parties also disagree about who should bear the burden when a party requests additional pages. Defendants contend that the receiving party should bear the burden and Smartflash disagrees.

The producing party should bear the burden of showing why it should not comply with a request for additional pages. Generally, the party seeking to limit discovery bears the burden of showing good cause. *GeoTag*, Slip-Op at 9 (citing *Document Generation Corp. v. Allscripts, LLC*, 2009 WL 1766096 at *2 (E.D. Tex. June 23, 2009)). Defendants have offered no reason why the burden should be shifted to the receiving party. Thus, the producing party will bear the burden on any dispute over additional pages. However, any requests for additional pages by the receiving party should still be made in good faith.

For the foregoing reasons, Defendants' proposal on source code printing limits is **GRANTED.** Defendants' proposal that the receiving party show good cause for a request of additional pages is **DENIED**.

**CONCLUSION**

For the reasons discussed above, the parties' proposals are **GRANTED IN PART**. Furthermore, the parties are **ORDERED** to submit to the Court a revised proposed protective order incorporating the rulings discussed above within **10 days** of the date of this order.

So ORDERED and SIGNED this 12th day of May, 2014.

_____
K. NICOLE MITCHELL
UNITED STATES MAGISTRATE JUDGE