IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| SMARTFLASH LLC, et al., | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 6:13-cv-447 |
| | § | |
| APPLE, INC., et al., | § | |
| | § | |
| Defendants. | § | |
| | § | |

## MEMORANDUM AND OPINION ORDER

Before the Court is Defendant Apple, Inc.'s Motion to Stay Pending Covered Business Method Review (Doc. No. 121). For the reasons set forth below, the motion is **DENIED WITHOUT PREJUDICE**.

### BACKGROUND

Plaintiffs Smartflash LLC and Smartflash Technologies Limited filed this action against Apple, Inc., Robot Entertainment, Inc., KingIsle Entertainment, Inc., and Game Circus LLC alleging infringement of the following patents: U.S. Patent No. 7,334,720; U.S. Patent No. 7,942,317; U.S. Patent No. 8,033,458; U.S. Patent No. 8,061,598; U.S. Patent No. 8,118,221; and U.S. Patent No. 8,336,772. Doc. No. 1 at ¶¶ 50–100. Robot Entertainment, Inc., KingIsle Entertainment, Inc., and Game Circus LLC are developers who created apps using Apple's allegedly infringing Store Kit Framework.

Between March 28 and April 3, 2014, Apple filed twelve separate petitions for Covered Business Method review, two for each of the six patents-in-suit. Apple challenged the patents on the grounds that they are invalid under 35 U.S.C. § 102 or 103. On the same day it filed its last

1

petition, Apple filed a motion requesting a stay of all proceedings pending the PTO's completion of CBM review.

## APPLICABLE LAW

Section 18 of the Leahy-Smith America Invents Act (AIA) establishes the transitional program for covered business method (CBM) patents. 157 Cong. Rec. S1360-02 (2011); AIA § 18. The program is a form of post-grant review, where a person sued for infringement of a CBM patent may petition the PTAB to review the validity of that patent. AIA § 18(a). For purposes of the statue, a "covered business method" patent is defined as "a patent that claims a method or corresponding apparatus for performing data processing operations utilized in the practice, administration, or management of a financial product or service." AIA § 18(d).

The transitional program provides a statutory stay provision under which a party may seek stay of a civil action alleging infringement of the CBM patent. AIA § 18(b)(1). Courts are directed to base their decision as to whether or not to grant such a stay on four factors: "(A) whether a stay, or the denial thereof, will simplify the issues in question and streamline the trial; (B) whether discovery is complete and whether a trial date has been set; (C) whether a stay, or the denial thereof, would unduly prejudice the nonmoving party or present a clear tactical advantage for the moving party; and (D) whether a stay, or the denial thereof, will reduce the burden of litigation on the parties and on the court." *Id.*

As multiple courts have noted, the first three prongs of the statutory test are identical to the three factors many courts used to determine whether to stay a civil action pending a review or reexamination by the PTO. *Virtual Agility, Inc. v. Salesforce.com Inc.*, 2:13-cv-00011, 2014 WL 94371 at *2 (E.D. Tex. Jan. 9, 2014); *Market-Alerts Pty. Ltd. v. Bloomberg Fin. L.P.*, 922 F.

Supp. 2d 486, 489 (D. Del. Feb. 5, 2013). Accordingly, the Court will consider both pre-AIA and post-AIA cases when analyzing the first three factors of this test.

## DISCUSSION

The CBM transitional program is designed to "provide a cheaper, faster alternative to district court litigation over the validity of business-method patents." 157 Cong. Rec. S1360-02. The four-factor test closely resembles the stay analysis courts used to assess a motion to stay pending *inter partes* or *ex parte* reexamination. 157 Cong. Rec. S1360-02; *Market-Alerts Pty. Ltd.*, 922 F. Supp. 2d at 489. The only difference is the addition of the fourth factor. *See Soverain Software LLC v. Amazon, Inc.*, 356 F. Supp. 2d 660, 662 (E.D. Tex. 2005) (applying a three-factor test analyzing whether: (1) a stay will unduly prejudice or present a clear tactical disadvantage to the nonmoving party; (2) whether a stay will simplify the issues in question and trial of the case; and (3) whether discovery is complete and whether a trial date has been set).

Courts agree that Congress did not intend to alter the way in which district courts assess the first three factors. *See VirtualAgility, Inc.*, 2014 WL 94371 at *2; *Market-Alerts*, 922 F. Supp. at 490 n. 6; *Zillow v. Trulia*, No. C-12-1549-JLR, 2013 WL 5530573 at *3 (W.D. Wash. Oct. 7, 2013). Several courts have found the purpose of the fourth factor was to "ease the movant's task of demonstrating the need for a stay." *Market-Alerts*, 922 F. Supp. 2d at 489–490; *Versata Software, Inc. v. Volusion, Inc.*, No. A-12-CA-893-SS, 2013 WL 6912688 at *2 (W.D. Tex. June 20, 2013) (slip opinion); *Progressive Casualty Ins. Co. v. Safeco Ins. Co., et al.*, Nos. 1:10-cv-01370, 1:11-cv-00082, 1:12-cv-01068, 1:12-cv-01070, 2013 WL 1662952 at *3 (N.D. Ohio April 17, 2013); *Zillow v. Trulia*, 2013 WL 5530573 at *3.

Apple argues that strong language in the legislative history indicates Congress's intent to "place[] a very heavy thumb on the scale in favor of a stay being granted" to the point that "it is

nearly impossible to imagine a scenario in which a district court would not issue a stay." Doc. No. 121 at 3 (citing 157 Cong. Rec. S1363-64 (daily ed. Mar. 8, 2011) (statement of Sen. Charles Schumer)). However, Congress did not provide an automatic stay provision. Thus, under the statutory stay provision of the transitional program, staying patent cases pending CBM review remains squarely within the court's discretion, and "such determinations must rest on the facts of each particular case." See *Sightsound Techs., LLC v. Apple*, No. 11-1292, 2013 WL 2457284 at *1 (W.D. Penn. June 6, 2013). Whether to ultimately grant or deny such a stay flows from the court's inherent authority to manage its own docket. *See Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936) ("[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants.").

The Court declines to rely on statements in the legislative history cited by Defendants that imply a stay should almost always be granted. The statutory text is unambiguous about what factors to apply and does not reflect the idea that a stay should almost always be granted. Moreover, some of the legislative history weighs against Defendant's position because it states the review program is "designed to provide a cheaper, faster alternative to district court litigation over the validity of business-method patents." *See* 157 Cong. Rec. S1360-02 (2011).[1] Instead, the Court will apply each of the four factors set out by the AIA. *Segin Sys, Inc. v. Stewart Title Guar. Co.*, No. 2:13-cv-190, 2014 WL 1315968 at *3 (E.D. Va. Mar. 31, 2014); *VirtualAgility*, 2014 WL 94371 at *2.

---

[1] The trial in this case is scheduled to take place eight months before the PTAB concludes its review, not counting a possible extension or appeal.

4

*1. Simplification of Issues*

Apple argues that a stay will simplify the issues and streamline the case. Doc. No. 121 at 7. Apple relies on statistics showing that the PTO has cancelled or amended at least one claim 92% of the time in *inter partes* proceedings. *Id.* Apple contends that even if the patents-in-suit emerge unchanged, the Court and jury will have the benefit of the PTAB's expert analysis when considering claim construction, invalidity, and infringement issues.

Smartflash argues that a stay would not simplify the issues but instead complicate the litigation. According to Smartflash, a stay will only result in simplification of issues if the PTAB cancels every claim of the patents-in-suit. Doc. No. 128 at 11. Smartflash contends that as long as one claim survives, the issues presented for trial will remain largely unchanged. *Id.* Additionally, Smartflash argues that the benefit of the PTO's expert analysis is absent because there is little overlap in the invalidity theories presented in both. *Id.* at 12.

At this stage it is difficult to predict the effect of a stay because it is unknown whether the PTAB will choose to undertake CBM review. *See Benefit Funding Sys. LLC v. Advance Am., Cash Advance Ctrs., Inc.*, Civ. No. 12-801, 2013 WL 3296230 (D. Del. June 28, 2013) (denying a motion to stay without prejudice to renewal in the event the PTAB grants review three months later). According to Defendants it is highly probable that the PTAB will conclude "it is more likely than not that at least one of the claims challenged in the petition is unpatentable." Doc. No. 121 at 1–2; 37 C.F.R. § 42.208(c). Conversely, Plaintiff argues that even using Apple's statistics, it is highly likely at least some claims are denied CBM review and extremely unlikely that all claims are struck. Doc. No. 128 at 11–12.

A stay is not warranted simply because a petition for review was filed with the Patent and Trademark Office. *See Automatic Mfg. Sys., Inc. v. Pimera Tech., Inc.*, No. 6:12-cv-1727, 2013 WL 1969247, at *3 (M.D. Fla. May 13, 2013) ("[I]t seems clear that a stay of a patent infringement action is not warranted when based on nothing more than the fact that a petition for inter partes review was filed in the USPTO."); *Dane Tech., Inc. v. Gatekeeper Sys., Inc.*, No. 12-2730, 2013 WL 4483355, at *2 (D. Minn. Aug. 20, 2013) (dismissing argument that review is likely because 89% of IPR petitions are granted); *Ultratec, Inc. v. Sorenson Comm., Inc.*, No. 13-cv-346, 2013 WL 6044407, at *3 (W.D. Wis. Nov. 14, 2013) ("[T]he fact that the Patent Office has not yet granted the petitions to review the . . . patents adds an additional layer of doubt whether the inter partes review will even occur, let alone whether it will simplify the issues or reduce the burden of litigation for the parties or the court"). This is because the ultimate outcome is unpredictable. While "some of the claims may change in this case, the interest of justice will be better served by dealing with that contingency when and if it occurs, rather than putting this case indefinitely on hold." *EMG Tech., LLC v. Apple, Inc.*, 2010 U.S. Dist. LEXIS 144656, at *8–9 (E.D. Tex. Nov. 15, 2010).

In addition to this uncertainty, the resulting simplification of issues would be only moderate. Defendant has raised invalidity arguments in the present litigation that were not raised in the CBM petition. Defendant identified 12 prior art references as part of its preliminary election of prior art. Doc. No. 121 at 9. The CBM petition relies on three of these references in addition to three references not identified in the litigation. While there will be estoppel effect for these six references, there would be no estoppel effect for the nine other references identified in the present case. Thus, unless the PTAB finds every claim of every patent invalid, some invalidity issues will remain. This would remove one of the oft-cited benefits of PTO review.

*VirtualAgility*, 2014 WL 94371 at *3 (finding that the benefit from the PTAB's consideration would be marginal when references will still need to be considered by the Court); *Broad. Innovation, L.L.C. v. Charter Commc'n, Inc.*, No. 03-cv-2223-ABJ-BNB, 2006 WL 1897165 at *3 (D. Colo. July 11, 2006) (highlighting the advantage of PTO reexamination when "[a]ll prior art presented to the Court will have been first considered by the PTO, with its particular expertise."). District courts have recognized the benefit of a stay is reduced when issues are likely to remain after PTO review. *E.g., ePlus, Inc. v. Lawson Software, Inc.*, No. 3:09-cv-620, 2010 WL 1279092 at *3 (E.D. Va. Mar. 31, 2010); *Tokuyama Corp. v. Vision Dynamics, LLC*, No. C 08-2781, 2008 WL 4452118 at *3–4 (N.D. Cal. Oct. 3, 2008); *I-Flow v. Apex Med. Techs., Inc.*, No. 07-cv-1200, 2008 WL 2078623 at *2 (S.D. Cal. Apr. 15, 2008).

It is also unlikely that the claim construction aspect of the CBM review would significantly simplify the issues before the Court because The PTAB and district courts construe claims under different standards. *Compare* 37 C.F.R. § 41.100(b) (stating that "[a] claim in an unexpired patent shall be given its broadest reasonable construction in light of the specification of the patent in which it appears") *with C.R. Bard, Inc. v. U.S. Surgical Corp.*, 388 F.3d 858, 861 (Fed. Cir. 2004) (courts conduct claim construction by examining the intrinsic record to define the patented invention's scope). Indeed, for this very reason, Defendant's CBM claim construction positions differ from those in this litigation. CBM petition at 22–23 (Doc. No. 128-6).

Since the full scope of the PTAB proceedings is uncertain, and there are likely to be invalidity issues remaining unless all claims are invalid, this factor weighs against staying the action.

### 2. *Status of the Case*

The second factor considers whether discovery is complete and whether a trial date has been set. Apple argues that this case is not at an advanced stage. Apple contends that the parties and Court will waste significant resources on depositions, claim construction briefing, expert reports and discovery, and summary judgment briefing if a stay is not granted. Doc. No. 121 at 10. Smartflash contends that the parties have already engaged in extensive document and written discovery. Doc. No. 128 at 13. According to Smartflash, the only reason depositions have not been conducted is because Apple has not provided witnesses for a four month old deposition notice. *Id.* at 14.

This case is at an intermediate stage. It was filed ten months before Apple filed its Motion to Stay. The trial date will be sometime between January 7, and February 4, 2014,[2] and fact discovery is set to end on August 11, 2014. Doc. No. 70 at 3, 6. However, at the time Apple filed its motion to stay, claim construction briefing, expert discovery, and dispositive motion briefing had not begun. Therefore, this factor weighs slightly in favor of granting a stay.

### 3. *Prejudice or Tactical Advantage*

Smartflash has a recognized interest in timely enforcement of its patent rights. *Ambato Media, LLC v. Clarion Co. Ltd.*, 2:09-cv-242, 2012 WL 194172 at *1 (E.D. Tex. Jan. 23, 2012). Furthermore, the Court has an obligation "to secure the just, speedy, and inexpensive determination of every action." FED. R. CIV. P. 1. But the potential for delay alone does not establish undue prejudice. *See Market-Alerts*, 922 F. Supp. 2d at 494. Instead, courts typically look to other factors like the timing of the stay request, the timing of the administrative review request, the status of the review proceedings, and the relationship between the parties. *Id.*

---

[2] The Pretrial Conference is currently set for January 6, 2015 with the trial date being chosen sometime within four weeks.

8

Apple filed its request for a stay on the same day as its last CBM petition. Doc. No. 121 at 1. Therefore there can be no dilatory motive in the timing of the actual request. Smartflash notes that there was a delay between the filing of this case and Apple's petitions. Apple's petition was filed roughly ten months after the complaint. Doc. No. 128 at 5–6. Smartflash argues that this delay allowed Apple to gain a tactical advantage by previewing Smartflash's claim construction positions and benefiting from Smartflash's limit on asserted claims. Doc. No. 128 at 6.

As previously noted, Apple's CBM petition only shares three of the twelve prior art references identified in this litigation. This splitting of invalidity theories allows Apple to have the tactical advantage of two chances at a potentially dispositive defense. *Segin Systems, Inc.*, 2014 WL 1315968 at 6–7 (two separate forums to challenge validity would amount to two bites at the apple and provide Defendants with a tactical advantage).

Another consideration is the status of the administrative review. Apple argues that the delay would be minimal since CBM reviews before the PTAB are designed to last a maximum of 18 months from the date of institution. Doc. No. 121 at 3. Assuming there is no extension, the CBM review is scheduled to finish in October 2015, roughly 9 months after the current trial date. Moreover, it is likely that both parties will appeal unfavorable decisions to the Federal Circuit. Staying the case for this amount of time increases the chances that "witnesses may become unavailable, their memories may fade, and evidence may be lost while the PTO proceedings take place." *Ambato Media, LLC*, 2012 WL 194172, at *5.

Finally, courts often consider the relationship of the parties. Courts are generally reluctant to stay proceedings when the parties are direct competitors. *VirtualAgility*, 2014 WL 94371 at *5; *Market-Alerts*, 922 F. Supp. 2d at 494–95; *Tesco Corp. v. Weatherford Int'l, Inc.*, 599 F.

Supp. 2d 848, 851 (S.D. Tex. 2009). Apple argues that Smartflash does not practice its patents and therefore will not be unduly prejudiced by a stay. Doc. No. 121 at 12. Smartflash responds that a stay would be unduly prejudicial because it would hurt its licensing business and require Smartflash to collect evidence and prove infringement for all new Apple products released while the stay is in effect. Doc. No. 128 at 9.

Since Smartflash is not a direct competitor, it would not suffer the same prejudice from a stay as a party would if it risked losing market share and goodwill. There may be some prejudice from loss of licensing or collecting new evidence but it could potentially be compensated for through monetary damages.[3]

While Apple sought a stay as soon as it filed its petitions, the review proceedings are still in the earliest possible stage and there is uncertainty about which claims will be granted review. Considering all the factors, the possible prejudice and tactical advantage weighs slightly against staying the action.

### 4. Burden on the Court and Parties

The fourth factor requires the Court to consider "whether a stay, or denial thereof, will reduce the burden of litigation on the parties and on the court." AIA § 18(b)(1)(D). The analysis of this factor is similar to the analysis for the first factor because simplifying the issues will usually reduce the burden of litigation on the parties and the Court. As previously discussed, Apple's Motion to Stay was filed before the PTAB issued its decision on whether it would review Smartflash's patents. The PTAB is currently scheduled to issue its decision in October 2014. Doc. No. 121 at 1. If the PTAB declines to institute review, the burden on the Court would be increased. *Segin Sys. Inc.*, 2014 WL 1315968 at *7. The Court would have to hold another

---

[3] It is worth nothing at least one district court has recently found that the delay in licensing opportunities is unduly prejudicial. *Walker Digital LLC v. Google, Inc.*, 1-11-cv-00318 (D. Del. June 24, 2014).

scheduling conference and enter a new docket control order to account for the missed *Markman* hearing and likely delay the remaining deadlines including the trial date. Conversely, entering a stay now would reduce the burden if the PTAB decides to review the patent. Considering there is still uncertainty about what claims will be granted review, and the possible simplification is only moderate, this factor is neutral.

## CONCLUSION

The current status of this case weighs slightly in favor of staying the action. In contrast, the possible issue simplification and prejudice factors weigh against staying the action and the burden factor is neutral. Balancing the factors in whole, they favor denying the motion to stay at this time. Once the PTO decides whether it will grant review, the Court will better be able to analyze the full repercussions of granting or denying a stay. Accordingly, Defendant's Motion to Stay Litigation Pending Covered Business Method Review (Doc. No. 121) is **DENIED WITHOUT PREJUDICE**.

So ORDERED and SIGNED this 8th day of July, 2014.

_____
K. NICOLE MITCHELL
UNITED STATES MAGISTRATE JUDGE