## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## TYLER DIVISION

| | | |
|---|---|---|
| SMARTFLASH LLC, et al., | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 6:13-cv-447 |
| | § | |
| APPLE, INC., et al., | § | |
| | § | |
| Defendants. | § | |
| | § | |

## MEMORANDUM AND OPINION ORDER

Before the Court is Defendant Apple, Inc.'s Motion for Reconsideration of Denial of Apple, Inc.'s Motion to Sever and Motion to Transfer Venue Pursuant to 28 U.S.C. § 1404(a) (Doc. No. 127). For the reasons set forth below, the motion is **DENIED**.

## BACKGROUND

Plaintiffs Smartflash LLC and Smartflash Technologies Limited filed this action against Apple, Inc., Robot Entertainment, Inc., KingIsle Entertainment, Inc., and Game Circus LLC alleging infringement of the following patents: U.S. Patent No. 7,334,720; U.S. Patent No. 7,942,317; U.S. Patent No. 8,033,458; U.S. Patent No. 8,061,598; U.S. Patent No. 8,118,221; and U.S. Patent No. 8,336,772 (Doc. No. 1 at 8–15). Robot Entertainment, Inc., KingIsle Entertainment, Inc., and Game Circus LLC are developers who created apps using Apple's Store Kit Framework which is alleged to infringe the patents-in-suit.

On October 18, 2013, Apple filed a Motion to Sever (Doc. No. 45) and a Motion to Transfer Venue Pursuant to 28 U.S.C. § 1404(a) (Doc. No. 46). Apple sought severance from the three developer defendants and transfer to the Northern District of California. The Court found that joinder was not improper and that the Northern District of California was not clearly more

1

convenient. On April 18, 2014, Apple moved to reconsider the denial of its motions to sever and stay.

## LEGAL STANDARD

"Motions to reconsider serve a very limited purpose: "to permit a party to correct manifest errors of law or fact, or to present newly discovered evidence." *Krim v. pcOrder.com, Inc.*, 212 F.R.D. 329, 331 (W.D. Tex. 2002); *Tex. Instruments, Inc. v. Hyundai Elecs Indus., Co.*, 50 F. Supp. 2d 619, 621 (E.D. Tex. 1999). Only three grounds permit granting a motion to reconsider: (1) an intervening change in controlling law; (2) the availability of new evidence not previously available; or (3) the need to correct a clear error of law or to prevent manifest injustice. *In re Benjamin Moore & Co.*, 318 F.3d 626, 629 (5th Cir. 2002).

Mere disagreement with a district court's order does not warrant reconsideration of that order. *Krim*, 212 F.R.D. at 332. A party should not restate, recycle, or rehash arguments that were previously made. *Id.* at 331. Rather, "litigants are expected to present their strongest case when the matter is first considered." *Louisiana v. Sprint Comms. Co.*, 899 F. Supp. 282, 284 (M.D. La. 1995).

## APPLICABLE LAW

### 1. Joinder

Joinder is normally governed by Federal Rule of Civil Procedure 20. However, in actions involving patents, joinder is governed by the Leahy–Smith America Invents Act (AIA). 35 U.S.C. § 299. Under the AIA, patent defendants may be joined only if:

(1) Any right to relief is asserted against the parties jointly, severally, or in the alterative with respect to or arising out of the same transaction, occurrence, or series of transactions or

occurrences relating to the making, using, importing into the United States, offering for

sale, or selling of the same accused product or process; and

(2) Questions of fact common to all defendants or counterclaim defendants will arise in the

action.

35 U.S.C. § 299(a).

Even if these requirements are met, "district courts have the discretion to refuse joinder in

the interest of avoiding prejudice and delay, ensuring judicial economy, or safeguarding

principles of fundamental fairness." *In re EMC,* 677 F.3d at 1360 (citing *Acevedo,* 600 F.3d 516,

521 (5th Cir. 2010)). In reaching a conclusion, a court should "examine whether permissive

joinder would 'comport with principles of fundamental fairness' or would result in prejudice to

either side." *In re Nintendo Co., Ltd.*, 2013 WL 5345899 at *5 (Fed. Cir. Sept. 25, 2013) (citing

*Coleman v. Quaker Oats Co.*, 232 F.3d 1271, 1296 (9th Cir. 2000)).

**2. Transfer**

Section 1404(a) provides that "[f]or the convenience of parties and witnesses, in the

interest of justice, a district court may transfer any civil action to any other district or division

where it might have been brought." 28 U.S.C. § 1404(a). The goals of § 1404(a) are to prevent

waste of time, energy, and money, and also to protect litigants, witnesses, and the public against

unnecessary inconvenience and expense. *Van Dusen v. Barrack*, 376 U.S. 612, 616 (1964).

Ultimately it is within a district court's sound discretion to transfer venue under 28 U.S.C.

§ 1404(a), but the court must exercise its discretion in light of the particular circumstances of the

case. *Hanby v. Shell Oil Co.*, 144 F. Supp. 2d 673, 676 (E.D. Tex. 2001); *Mohamed v. Mazda

Corp.*, 90 F. Supp. 2d 757, 768 (E.D. Tex. 2000). The party seeking transfer of venue must show

good cause for the transfer. *In re Volkswagen of America, Inc.*, 545 F.3d 304, 315 (5th Cir. 2008) ("*Volkswagen II*"); *In re TS Tech USA Corp.*, 551 F.3d 1320.

When deciding whether to transfer venue, a district court balances two categories of interests: the private interests, *i.e.*, the convenience of the litigants, and the public interests in the fair and efficient administration of justice. *Id.* at 1319. The private interest factors weighed by the court include: "(1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure attendance of witnesses; (3) the cost of attendance for willing witnesses; and (4) all other practical problems that make trial of a case easy, expeditious, and inexpensive." *Id.* The public interest factors include: "(1) the administrative difficulties flowing from court congestion; (2) the local interest in having localized interests decided at home; (3) the familiarity of the forum with the law that will govern the case; and (4) the avoidance of unnecessary problems of conflicts of laws or in the application of foreign law." *Id.* None of the factors are dispositive on their own. *Id.*

## DISCUSSION

### 1. Joinder

Apple contends that Judge Mitchell erred in finding that the allegedly infringing apps were the same relevant to the patent (Doc. No. 127 at 4). Judge Mitchell found that despite the alleged differences in each app, there was no dispute that all developers relied on the same Store Kit framework for at least one app. Thus, she concluded that the Store Kit framework was an identical component of the in-app payment process under 35 U.S.C. § 271(c).

In its motion to reconsider, Apple rehashes the same factual and legal arguments Judge Mitchell previously rejected. A review of its arguments reveals no grounds to find Judge

Mitchell committed a clear error of law or that the Court needs to prevent a manifest injustice. *See Krim*, 212 F.R.D. at 332.

First, Judge Mitchell rejected Apple's contention that an accused processes must be identical in order for joinder to be proper. Apple argued that even though the accused apps relied on the Store Kit framework, the differences in server locations meant each process was not identical (Doc. No. 45 at 3). But Plaintiff identified at least one claim that does not have limitations on server location (Doc. No. 74 at 1–2; Doc. No. 134 at 2 n.2). Judge Mitchell found that Plaintiff's infringement contentions are directed to the implementation of Store Kit's payment functionality (Doc. No. 122 at 6). Based on that finding, Judge Mitchell concluded that Defendants' use of Store Kit constitutes the same process. That conclusion is not a clear error of law and does not work a manifest injustice. *See Krim*, 212 F.R.D. at 332; *see also Omega Patents, LLC v. Skypatrol, LLC*, 2012 WL 2339320, at *2 (S.D. Fla. June 19, 2012).

Judge Mitchell also rejected Apple's second argument that joinder is improper because each developer's alleged infringement does not "arise out of the same transaction, occurrence, or series of transactions or occurrences . . . ." 35 U.S.C. § 299(a)(1). As Judge Mitchell concluded, Apple's interpretation of "series of transaction or occurrences" is unfeasibly narrow and contrary to the plain language of § 299(a)(1). Apple contended that joinder would not be proper even in circumstances involving separate sales of the exact same products (Doc No. 45 at 8). Judge Mitchell concluded that Apple sought to effectively limit joinder to individual transactions—an interpretation that goes against the very idea of a "*series* of transactions of occurrences." 35 U.S.C. § 299(a)(1) (emphasis added). Judge Mitchell noted that the practical result of Apple's interpretation would be joinder only being proper with an allegation of joint liability (Doc. No. 122 at 6–7). As Judge Mitchell concluded, Apple's interpretation of joinder would be contrary to

the clear language of Rule 20 and § 299. 35 U.S.C. § 299(a)(1) ("any right to relief is asserted jointly, severally, or *in the alternative . . .*") (emphasis added); Fed. R. Civ. P. 20(a)(2); *In re EMC Corp.*, 677 F.3d 1351, 1356 (Fed. Cir. 2012).

After rejecting Apple's statutory interpretation, Judge Mitchell concluded that same the "series of transactions or occurrences" test is satisfied by Apple offering its Store Kit framework to app developers to help them implement in-app payment functionality. Apple puts forward no controlling or persuasive authority that demonstrates how Judge Mitchell's conclusion is clearly erroneous or results in a manifest injustice. Accordingly, the Court finds no basis to reconsider Judge Mitchell's conclusions. *See Krim*, 212 F.R.D. at 332.

In sum, Apple sought to have a District Judge reconsider Judge Mitchell's decision. To be successful, Apple needed to show a change in controlling precedent, new evidence, or that Judge Mitchell's decision was clearly erroneous or manifestly unjust. Faced with that heavy burden, Apple rehashed the same arguments and facts Judge Mitchell considered and resolved against Apple. Judge Mitchell issued a well-reasoned order supported by case law, statutory interpretation, and the record. Thus, even if Apple persuaded the undersigned to disagree with Judge Mitchell's decision—which it has not—Apple has not carried its heavy burden of demonstrating that Judge Mitchell's decision should be reconsidered.

## 2. Venue

Apple argues that Judge Mitchell's order denying transfer was clearly erroneous for three reasons: (1) Northern California has more sources of proof; (2) Northern California has a greater local interest; and (3) no practical problems weigh against transfer.

### a. Sources of Proof

Judge Mitchell found this factor was neutral because significant sources of proof were located in both districts (Doc. No. 122 at 12). Apple is headquartered in the Northern District of California while two of the developer defendants are headquartered in the Eastern District of Texas. Apple's main contention is that the amount of evidence in the Eastern District of Texas is less than the amount of Apple's evidence in California (Doc. No. 127 at 9). But Apple's Motion to Transfer did not make this argument. Apple only argued that all of its relevant documents were located in California (Doc. No. 46 at 2). This is consistent with Judge Mitchell's order, which found that significant sources of proof also exist in this district since two of the developer defendants are headquartered here.[1] Thus, it was not clearly erroneous for Judge Mitchell to conclude this factor was neutral.

### a. Local Interest

Apple's second argument is that it was clearly erroneous to find that the local interest factor was neutral. Apple contends that the Northern District of California has a greater local interest because this suit calls into question Apple's work and reputation (Doc. No. 127 at 11). But as Judge Mitchell found, this case also involves two defendants located in this district. Therefore this case calls into question these defendants' work and reputation as well. Accordingly, it was not clearly erroneous to find the localized interest factor was neutral.

### b. Practical Problems

Apple's final argument is that Judge Mitchell erred in concluding that practical problems weighed against transferring the case. Judge Mitchell concluded that judicial efficiency would best be served by keeping this case in the Eastern District of Texas (Doc. No. 122 at 17). She

---

[1] The discovery material related to a party is presumed to be located at the company headquarters. *See In re Acer Am. Corp.*, 626 F.3d 1252, 1256 (Fed. Cir. 2010).

relied on the fact that even if Apple were severed and transferred, the developer defendants would remain here. *Id.* Apple argues that this consideration should be mitigated by the fact that the developer defendants consented to transfer. But defendant consent is not relevant the 1404(a) transfer analysis. *Empire Indem. Ins. Co. v. N/S Corp.*, 2011 WL 3648510, at *3 (E.D. Tex. July 20, 2011). The proper inquiry is whether the transferee venue is "clearly more convenient," not whether defendants are willing to be transferred. 28 U.S.C. § 1404(a).

In addition to the three developer defendants who would remain in this district, there is a related case against Samsung and HTC. Apple argues that it was error to consider this related lawsuit in the transfer analysis (Doc. No. 127 at 11–12). Apple's argument is misplaced. A district court can consider the benefits of judicial economy arising from one judge handling related cases. *In re EMC Corp.*, 501 F. App'x 973, 976 (Fed. Cir. Jan. 29, 2013). Thus, Judge Mitchell's findings were not clearly erroneous or contrary to law.

## CONCLUSION

For the reasons stated more thoroughly above, Apple's motion for reoconsideration (Doc. No. 127) is **DENIED**.

**It is SO ORDERED.**

**SIGNED this 8th day of September, 2014.**

MICHAEL H. SCHNEIDER
UNITED STATES DISTRICT JUDGE