# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
### TYLER DIVISION

| | | |
|---|---|---|
| **SMARTFLASH LLC,** *et al.,* | § | |
| | § | |
| **Plaintiffs,** | § | CIVIL ACTION NO. 6:13-CV-447 |
| | § | |
| **v.** | § | |
| | § | **JURY TRIAL DEMANDED** |
| **APPLE INC.,** *et al.,* | § | |
| | § | |
| **Defendants.** | § | |
| | | |
| | § | |
| **SMARTFLASH LLC,** *et al.,* | § | |
| | § | |
| **Plaintiffs,** | § | CIVIL ACTION NO. 6:13-CV-448 |
| | § | |
| **v.** | § | |
| | § | **JURY TRIAL DEMANDED** |
| **SAMSUNG  ELECTRONICS  CO.,  LTD.** | § | |
| *et al.,* | § | |
| | § | |
| **Defendants.** | § | |
| | § | |

## ORDER

On October 3, 2014, despite an already abbreviated briefing schedule, the Parties[1] filed twenty-five letter briefs.[2] The letter briefs address almost every potential trial issue, many substantially overlap with others filed by co-parties, and a few are almost completely duplicative. For example, Game Circus, Apple, HTC, and Samsung all filed separate letter briefs requesting permission to file *Daubert* Motions to exclude testimony by Plaintiffs' damages expert, Robert Mills.

---

[1]  The Parties are Smartflash LLC and Smartflash Technologies Limited (collectively "Smartflash"), Apple Inc. ("Apple"), Game Circus LLC ("Game Circus"), Samsung Electronics Co., Ltd., Samsung Electronics America, Inc., and Samsung Telecommunications America, LLC (collectively "Samsung"), HTC Corporation, HTC America, Inc., and Exedea Inc. (collectively "HTC").

[2]  Case No. 6:13-cv-447, Doc. Nos. 239, 240, 241, 242, 243, 244, 245, 246, 247, 248, 249; Case No. 6:13-cv-448, Doc. Nos. 287, 288, 289, 290, 291, 292, 293, 294, 295, 296, 297, 298, 299, 300.

This Court implemented the Standing Order Regarding Letter Briefs, Summary Judgment Motions, Motions to Strike Expert Testimony/*Daubert* Motions, Motions In Limine, Exhibits, Deposition Designations And Witness Lists" (the "Standing Order") to accomplish three purposes: (1) to increase the efficiency of cases proceeding to trial; (2) to decrease costs and to save time for parties and the Court; and (3) to sharpen the Court's focus on the most important truly dispositive issues.  Especially in light of the already tight briefing timeline[3], the Parties defeated all three purposes of the Standing Order here.  Insufficient time remains to order Defendants to meet and confer to consolidate letter briefs on common issues to accommodate re-filing letter briefs.

Accordingly, the Court **ORDERS** the following:

1. All pending letter briefs and additional attachments filed in relation to pending letter briefs in 6:13-cv-447[4] and 6:13-cv-448[5] are hereby **DENIED WITHOUT PREJUDICE**.

2.  Plaintiffs collectively are limited to no more than sixty total pages for all Summary Judgment Motions in accordance with Local Rule CV-7(a)(3).  The other limitations of CV-7(a)(3) apply for responses, replies, and sur-replies.

3. Defendants collectively are limited to no more than sixty total pages for all Summary Judgment Motions in accordance with Local Rule CV-7(a)(3).  The other limitations of CV-7(a)(3) apply for responses, replies, and sur-replies.

---

[3]  The Court previously adjusted the briefing schedule to provide a more reasonable timeline than the one agreed upon by the Parties themselves.  The Parties had provided less than one week between the deadlines for letter briefs and motions for summary judgment and *Daubert* motions.  *See e.g.,* Joint Motion to Amend Docket Control Order, No. 6:13-cv-448, Doc. No. 231.

[4]  6:13-cv-447, Doc. Nos. 239, 240, 241, 242, 243, 244, 245, 246, 247, 248, 249.

[5]  6:13-cv-448, Doc. Nos. 287, 288, 289, 290, 291, 292, 293, 294, 295, 296, 297, 298, 299, 300.

4.  To deal with issues related to the Protective Order and other individual issues, Apple, Game Circus, HTC, and Samsung may individually file an additional ten pages each of Summary Judgment Motions on unique grounds.

5.  Regarding motions to exclude experts, Defendants collectively filed seven letter briefs covering all three of Plaintiffs' experts.  Many of these are wholly or completely duplicative.  Therefore, Defendants are ORDERED to meet and confer and consolidate motions to exclude.  Defendants may file no more than one motion to exclude each expert absent a showing of good cause.

6.  Plaintiffs may file motions to exclude experts in accordance with Local Rule CV-7(a)(2). The other limitations of CV-7(a)(2) apply for responses, replies, and sur-replies.


So ORDERED and SIGNED this 20th day of October, 2014.


_____
K. NICOLE MITCHELL
UNITED STATES MAGISTRATE JUDGE