IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| **SMARTFLASH LLC and** | § | |
| **SMARTFLASH TECHNOLOGIES** | § | |
| **LIMITED,** | § | |
| **PLAINTIFFS,** | § | |
| | § | **Case No. 6:13-cv-00447- KNM** |
| **v.** | § | |
| | § | |
| **APPLE INC. , ROBOT** | § | **JURY TRIAL DEMANDED** |
| **ENTERTAINMENT, INC.,** | § | |
| **KINGSISLE ENTERTAINMENT,** | § | |
| **INC., and GAME CIRCUS, LLC,** | § | |
| | § | |
| | § | |
| **DEFENDANTS.** | § | |
| | § | |

## PROPOSED JOINT FINAL PRETRIAL ORDER

The Pretrial Conference is scheduled on January 6, 2015, at 9:00 a.m. in Tyler, Texas, pursuant to the Court's Docket Control Order (Dkt. No. 70), Amended Docket Control Order (Dkt. 207) and Second Amended Docket Control Order (Dkt. No. 235), Local Rule CV-16(b), and Rule 16 of the Federal Rules of Civil Procedure.  The following parties submit this Joint Pretrial Order: Plaintiffs Smartflash LLC and Smartflash Technologies Limited ("Smartflash" or "Plaintiffs"), and Defendants Apple Inc. ("Apple"), and Game Circus LLC ("Game Circus") (Apple and Game Circus collectively, "Defendants").  Subject to the other rulings made at the Pretrial Conference, the Court enters this Order.

## I.    COUNSEL FOR THE PARTIES

**Attorneys for Plaintiffs Smartflash LLC and Smartflash Technologies, Ltd..:**

Bradley W. Caldwell
Texas State Bar No. 24040630
Email:  bcaldwell@caldwellcc.com
Jason D. Cassady
Texas State Bar No. 24045625
Email:  jcassady@caldwellcc.com
John Austin Curry
Texas State Bar No. 24059636
Email:  acurry@caldwellcc.com
Daniel R. Pearson
Texas State Bar No. 24070398
Email:  dpearson@caldwellcc.com
Hamad M. Hamad
Texas State Bar No. 24061268
Email:  hhamad@caldwellcc.com
Justin T. Nemunaitis
Texas State Bar No. 24065815
Email: jnemunaitis@caldwellcc.com
Christopher S. Stewart
Texas State Bar No. 24079399
Email:  cstewart@caldwellcc.com
John F. Summers
Texas State Bar No. 24079417
Email: jsummers@caldwellcc.com
Jason S. McManis
Texas State Bar No. 24088032
Email: jmcmanis@caldwellcc.com
Warren J. McCarty, III
Illinois State Bar No. 6313452
Email: wmccarty@caldwellcc.com
**CALDWELL CASSADY CURRY P.C.**
2101 Cedar Springs Road, Suite 1000
Dallas, Texas 75201
Telephone: (214) 888-4848
Facsimile: (214) 888-4849

T. John Ward
Texas State Bar No. 20848000
Email: tjw@wsfirm.com
T. John Ward, Jr.
Texas State Bar No. 00794818
Email: jw@wsfirm.com
**Ward & Smith Law Firm**
P.O. Box 1231
1127 Judson Road, Suite 220

Longview, Texas 75606
Telephone: (903) 757-6400
Facsimile: (903) 757-2323

**Attorneys for Defendant Apple Inc.**:

James R. Batchelder
Email: James.Batchelder@ropesgray.com
Lauren N. Robinson
Email: lauren.robinson@ropesgray.com
Daniel W. Richards
Email: daniel.richards@ropesgray.com
**ROPES & GRAY LLP**
1900 University Ave, 6th Floor
East Palo Alto, CA 94303
Telephone: (650) 617-4000
Facsimile: (650) 617-4090

Ching-Lee Fukuda
Email: ching-lee.fukuda@ropesgray.com
Kevin J Post
Email: kevin.post@ropesgray.com
Josef B Schenker
Email: josef.schenker@ropesgray.com
**ROPES & GRAY LLP**
1211 Avenue of the Americas
New York, New York 10036
Telephone: (212) 596-9000
Facsimile: (212) 596-9090

Megan F. Raymond
Email: megan.raymond@ropesgray.com
Sharon Lee
Email: sharon.lee@ropesgray.com
**ROPES & GRAY LLP**
700 12th Street, NW, Suite 900
Washington, DC 20005
Telephone: (202) 508-4600
Facsimile: (202) 508-4650

Eric M. Albritton
Email: ema@emafirm.com
**ALBRITTON LAW FIRM**
PO Box 2649
Longview, TX 75606
Telephone: (903) 757-8449

Facsimile: (903) 758-7397

**Attorneys for Defendant Game Circus LLC:**

Michael C. Wilson
Texas Bar No. 21704590
mwilson@munckwilson.com
Jamil N. Alibhai
Texas Bar No. 00793248
jalibhai@munckwilson.com
S. Wallace Dunwoody
Texas Bar No. 24040838
wdunwoody@munckwilson.com
Jordan C. Strauss
Texas Bar No. 24088480
jstrauss@munckwilson.com
**MUNCK WILSON MANDALA, LLP**
12770 Coit Road, Suite 600
Dallas, Texas 75251
Phone: (972) 628-3600
Fax: (972) 628-3616

## II.      STATEMENT OF JURISDICTION

This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331, and 1338(a) because this action arises under the patent laws of the United States, including 35 U.S.C. § 1 *et seq.*[1]

Venue and personal jurisdiction are not disputed in this case.

## III.     NATURE OF ACTION

- **Smartflash's Statement Regarding the Description of the Case**

This is a patent infringement lawsuit.  Smartflash alleges that Defendant Apple directly and indirectly infringes U.S. Patent No. 7,334,720 ("the '720 patent"), U.S. Patent No. 7,942,317 ("the '317 patent"), U.S. Patent No. 8,033,458 ("the '458 patent"), U.S. Patent No. 8,061,598

---

[1] Defendants dispute that Smartflash has standing to assert claims from U.S. Patent Nos. 7,334,720; 7,942,317; 8,033,458; 8,061,598; 8,118,221; and 8,336,772 in this case.

4

("the '598 patent"), U.S. Patent No. 8,118,221 ("the '221 patent"), and U.S. Patent No. 8,336,772 ("the '772 patent").   Smartflash alleges that Defendant Game Circus indirectly infringes the '221 patent and the '772 patent.   Smartflash further alleges that Apple's infringement is and has been willful.   Smartflash seeks both pre-verdict and post-verdict damages up to the time of judgment to compensate Smartflash for Defendants' infringement, but in no event less than a reasonable royalty, as well as injunctive relief against future acts of infringement by Defendants under 35 U.S.C. § 283.   In the alternative, Smartflash contends that any denial of a permanent injunction should be conditioned on payment of reasonable royalties for future infringement.   Smartflash also seeks pre-judgment and post-judgment interest and costs, pursuant to 35 U.S.C. § 284, and attorneys' fees pursuant to 35 U.S.C. § 285, as well as treble damages against Apple.

- **Apple's Statement Regarding the Description of the Case**

This is a patent infringement lawsuit.   Plaintiff Smartflash alleges that Defendant Apple infringes claims 1, 3, and 15 of U.S. Patent No. 7,334,720 (the "'720 patent"), claims 8, 10, and 11 of U.S. Patent No. 8,033,458 (the "'458 patent"), claims 2, 15, and 31 of U.S. Patent No. 8,061,598 (the "'598 patent"), claim 18 of U.S. Patent No. 7,942,317 (the "'317 patent"), claims 2, 11, and 32 of U.S. Patent No. 8,118,221 (the "'221 patent"), and claims 5, 10, 14, 22, 26, and 32 of U.S. Patent No. 8,336,772 (the "'772 patent") (collectively, the "Asserted Claims"), directly, by inducing infringement, and/or contributing to infringement by a third party. Smartflash seeks damages in the form of a reasonably royalty and does not include any claim that it is entitled to lost profits.   Smartflash alleges that Apple is a willful infringer and seeks enhanced damages under 35 U.S.C. § 284.   Smartflash further alleges that Apple is liable for prejudgment and post-judgment interest on any damages awarded, pursuant to 35 U.S.C. § 284,

and attorneys' fees pursuant to 35 U.S.C. § 285.  Smartflash seeks injunctive relief if Apple is found to have infringed a claim that is found to be not invalid and enforceable.

Apple denies that it or its customers have infringed or infringe the patents-in-suit.  Apple further contends that it does not induce or contribute to and has not induced or contributed to direct infringement of the Asserted Claims.  Apple alleges that the Asserted Claims are invalid in light of prior art, both based on obviousness and anticipation.  Apple further contends that the Asserted Claims are invalid because they are unpatentable under 35 U.S.C. § 101.  Apple further contends that certain claims of the '772 patent are invalid for failing to meet the written description requirement of 35 U.S.C. § 112.  Apple contends that certain claims of the '720 patent, the '221 patent, the '458 patent, the '598 patent, and the '772 patent are invalid because certain claim terms that appear in those claims are indefinite.

Apple further contends that Smartflash lacks standing to assert claims of the '720, '317, '458, '598, '221, and '772 patent because all necessary rights to the Asserted Patents were not properly assigned to Smartflash.

Apple further contends that Smartflash is barred in whole or in part from recovering damages under the principles of laches and/or equitable estoppel.  If one or more of the Asserted Claims are found to be not invalid, and if Apple is found to have infringed such claims, in addition to denying that Smartflash is entitled to any damages, Apple denies that its alleged infringement was willful and further denies that enhanced damages is appropriate.  Apple also alleges that Smartflash and its predecessors in interest failed to provide sufficient notice regarding the asserted patents and that Apple did not have actual knowledge of the asserted patents before May 29, 2013, the filing date of the Original Complaint in this case.  Apple further denies that injunctive relief is appropriate or that any denial of a permanent injunction should be

6

conditioned on payment of reasonable royalties for future infringement. Apple seeks its attorneys' fees pursuant to 35 U.S.C. § 285, as well as costs.

- **Game Circus's Statement Regarding the Description of the Case**

This is a patent infringement lawsuit. Smartflash alleges that app maker Game Circus induces infringement of claims 2 and 11 of U.S. Patent 8,118,221 ("the '221 Patent") and claims 5, 10, 14, and 22 of U.S. Patent 8,336,772 ("the '772 patent"), collectively the "Asserted Claims," when Game Circus' end-users download and install Game Circus apps or make in-app purchases using those apps. For Game Circus' alleged infringement, Smartflash seeks damages in the form of an ongoing reasonable royalty rate of 5.25% beginning February 1, 2012. In seeking pre-suit damages dating back to February 1, 2012, Smartflash asserts that Game Circus was "willfully blind" to the Asserted Patents.

Game Circus adopts co-defendant Apple's contentions that the Asserted Claims are invalid and not infringed. Game Circus denies that it or its end-users have directly infringed or directly infringe the Asserted Claims, and further denies that it has induced or induces infringement of the Asserted Claims. Game Circus further denies that Smartflash is entitled to any damages, injunction, or other remedy. Game Circus seeks its attorneys' fees pursuant to 35 U.S.C. § 285 as well as costs.

## IV.    CONTENTIONS OF THE PARTIES

- **Smartflash's Statement of Its Contentions**

By providing these contentions, Smartflash does not concede that all of these issues are appropriate for trial. Smartflash also does not waive any of its motions *in limine* or pending motions.

1.      Smartflash contends that Apple directly and indirectly infringes claims 1, 13, and 15 of the '720 patent; claim 18 of the '317 patent; claims 8, 10, and 11 of the '458 patent; claims 2, 15, and 31 of the '598 patent; claims 2, 11, and 32 of the '221 patent; and claims 5, 10, 14, 22, 26, and 32 of the '772 patent, under 35 U.S.C. §§ 271 and 281-285 by making, using, offering for sale, selling, and/or importing into the United States certain iOS and MacOS device products and/or methods that practice the inventions of the '720, '317, '458, '598, '221, and '772 patents, without authority or license from Smartflash.

2.      Smartflash contends that Game Circus indirectly infringes claims 2 and 11 of the '221 patent and claims 5, 10, 14, and 22 of the '772 patent, under 35 U.S.C. §§ 271 and 281-285, by making, using, offering for sale, selling, and/or importing into the United States certain iOS applications and in-application products and/or methods that practice the inventions of the '221 and '772 patents, without authority or license from Smartflash.

3.      Smartflash contends that the '720 patent has an effective filing date of October 25, 2000 and a priority date of October 25, 1999.

4.      Smartflash is the owner of all rights, title, and interest in and to the '720 patent by assignment as of June 17, 2010.  Smartflash possesses all rights of recovery under the '720 patent.

5.      Smartflash contends that the '317 patent has an effective filing date of October 25, 2000 and a priority date of October 25, 1999.

6.      Smartflash is the owner of all rights, title, and interest in and to the '317 patent by assignment as of June 17, 2010.  Smartflash possesses all rights of recovery under the '317 patent.

7.      Smartflash contends that the '458 patent has an effective filing date of October 25, 2000 and a priority date of October 25, 1999.

8.      Smartflash is the owner of all rights, title, and interest in and to the '458 patent by assignment as of June 17, 2010.   Smartflash possesses all rights of recovery under the '458 patent.

9.      Smartflash contends that the '598 patent has an effective filing date of October 25, 2000, a priority date of October 25, 1999.

10.     Smartflash is the owner of all rights, title, and interest in and to the '598 patent by assignment as of June 17, 2010.   Smartflash possesses all rights of recovery under the '598 patent.

11.     Smartflash contends that the '221 patent has an effective filing date of October 25, 2000 and a priority date of October 25, 1999.

12.     Smartflash is the owner of all rights, title, and interest in and to the '221 patent by assignment as of June 17, 2010.   Smartflash possesses all rights of recovery under the '221 patent.

13.     Smartflash contends that the '772 patent has an effective filing date of October 25, 2000 and a priority date of October 25, 1999.

14.     Smartflash is the owner of all rights, title, and interest in and to the '772 patent by assignment as of June 17, 2010.   Smartflash possesses all rights of recovery under the '772 patent.

15.     Smartflash contends that it has been damaged by Defendants' conduct and seeks pre-verdict and post-verdict damages up to the time of judgment adequate to compensate for the

infringement by Defendants, but in no event less than a reasonable royalty, as well as prejudgment and post-judgment interest and costs as fixed by the Court.

16.     Smartflash contends that Smartflash and its predecessors-in-interest have complied with 35 U.S.C. § 287.

17.     Smartflash contends that this case is exceptional and that Smartflash is entitled to reasonable attorneys' fees and costs (including consultants' fees and costs) pursuant to 35 U.S.C. § 285.

18.     Smartflash contends that Apple's infringement is and has been willful and thus requests that the Court award to Smartflash enhanced damages pursuant to 35 U.S.C. § 284, as well as supplemental damages for any continuing post-verdict infringement up until entry of final judgment and an accounting for damages if necessary.

19.     Smartflash contends that it is entitled to an injunction against Defendants. In the alternative, Smartflash contends that any denial of an injunction should be conditioned on payment of reasonable royalties for future infringement, including during any stay of an injunction pending appeal.

20.     Smartflash denies Defendants' defenses and declaratory judgment claims that the patents-in-suit are invalid, unenforceable, and not infringed by Defendants.

21.     Smartflash denies that Defendants are entitled to their costs, a declaration that this case is exceptional, and their attorneys' fees.

22.     Smartflash contends that jurisdiction is proper in this Court.

23.     Smartflash contends that venue is proper in the United States District Court for the Eastern District of Texas.

24. Smartflash contends that Apple has made, sold, offered for sale, used, and/or imported into the United States infringing products and methods of use, including, but not limited to: Apple iOS hardware or software products, including, Apple iPhone products (e.g., iPhone, iPhone 3G, iPhone 3GS, iPhone 4, iPhone 4S, iPhone 5, iPhone 5C, iPhone 5S, iPhone 6, iPhone 6 Plus, and later), Apple iPad products (e.g., iPad, iPad 2, iPad 3rd Generation, iPad 4th Generation, iPad Mini, iPad Mini 2nd Generation, iPad Mini 3, iPad Air, iPad Air 2, and later), Apple iPod Touch products (iPod Touch, iPod Touch 2nd Generation, iPod Touch 3rd Generation, iPod Touch 4th Generation, iPod Touch 5th Generation, and later), and Apple software products (e.g., iTunes Store app, App Store app, Music app, Video app, iBooks app, Podcasts app, Newsstand app, player and viewer applications, supporting system software); and Mac OS hardware or software products, including, Apple computer products (e.g., MacBook Air, MacBook Pro, Mac mini, Mac Pro, iMac, Apple TV 1st Generation) and Apple software products (e.g., iTunes Store app, Mac App Store app, iBooks app, player or viewer applications, supporting system applications and services).

25. Smartflash contends that Game Circus has made, sold, offered for sale, used, and/or imported into the United States infringing products and methods of use, including, but not limited to: Game Circus's products (i) with its various Coin Dozer apps for iOS, including Coin Dozer, Coin Dozer: World Tour, Coin Dozer: Seasons, Coin Dozer Halloween, etc.; (ii) with its various Prize Claw apps for iOS, including Prize Claw, Prize Claw Seasons, etc.; (iii) with its various Cookie Dozer apps for iOS, including Cookie Dozer, Cookie Dozer Thanksgiving, etc.; (iv) with any other apps that feature in-app payment, content access control, and/or content retrieval control, including Paplinko, Slots Circus, Frog Toss, Horse Frenzy, 4 Pics 1 Song, 4

Pics 1 Movie, etc.; and (v) with its internal servers, including those involved in operating any of its various apps.

- **Apple's Statement of Contentions**

Apple's contentions in this case are detailed in part in its answer, discovery responses, motions, invalidity contentions, and expert reports, which are all incorporated herein by reference.  In sum, Apple contends the following:

<u>LACK OF STANDING</u>

1.      Apple contends that Smartflash lacks standing to bring the instant patent infringement action.

<u>NON-INFRINGEMENT</u>

2.      Apple contends that it does not infringe and has not infringed, directly or indirectly, any of the asserted claims of the '720, '598, '458, '317, '221, and '772 patents, which are: claims 1, 3, and 15 of the '720 patent, claims 8, 10, and 11 of the '458 patent, claims 2, 15, and 31 of the '598 patent, claim 18 of the '317 patent, claims 2, 11, and 32 of the '221 patent, and claims 5, 10, 14, 22, 26, and 32 of the '772 patent.

3.      Apple contends that Smartflash cannot meet its burden of proving by a preponderance of the evidence direct infringement by Apple of any Asserted Claim of the '720 patent, '598 patent, '458 patent, '317 patent, '221 patent, or '772 patent.

4.      Apple contends that Smartflash cannot meet its burden of proving by a preponderance of the evidence that Apple induces or induced infringement of any Asserted Claim of the '720 patent, '598 patent, '458 patent, '317 patent, '221 patent, or '772 patent.

5.      Apple contends that Smartflash cannot meet its burden of proving by a preponderance of the evidence that Apple contributes or contributed to infringement of any

12

Asserted Claim of the '720 patent, '598 patent, '458 patent, '317 patent, '221 patent, or '772 patent.

6.      Apple contends that Smartflash has failed to assert, and therefore waived, any claim that Apple infringes the '720 patent, '598 patent, '458 patent, '317 patent, '221 patent, or '772 patent under the doctrine of equivalents.

7.      Apple contends that Smartflash cannot meet its burden of proving by a preponderance of the evidence direct infringement by third parties of any Asserted Claim of the '720 patent, '598 patent, '458 patent, '317 patent, '221 patent, or '772 patent.

8.      Apple contends that Smartflash cannot meet its burden of proving by a preponderance of the evidence that Apple had knowledge of infringement and the specific intent to cause direct infringement required for indirect infringement.

9.      Apple contends that Smartflash cannot meet its burden of proving by a preponderance of the evidence that the accused functionalities in Apple's accused products and features lack substantial non-infringing uses.

10.     To the extent Smartflash attempts to assert at trial that Apple infringes any of the Asserted Claims of the '720 patent, '598 patent, '458 patent, '317 patent, '221 patent, or '772 patent under the doctrine of equivalents, Apple contends that Smartflash is precluded from doing so.

## **INVALIDITY – ANTICIPATION / OBVIOUSNESS**

11.     Apple contends that the priority date for the '720, '221, '458, '317, '598, and '772 patents is no earlier than October 25, 2000.

12.     Apple contends that the Asserted Claims of the '720 patent, '598 patent, '458 patent, '317 patent, and '221 patent are invalid because they are anticipated by prior art under 35

U.S.C. § 102.  This contention is based on numerous prior art references as disclosed in Apple's invalidity contentions, expert reports, and Apple's statement under 35 U.S.C. § 282, all of which are incorporated herein by reference.

13.    Apple contends that the Asserted Claims of the '720 patent, '598 patent, '458 patent, '317 patent, '221 patent, and '772 patent are invalid because they are rendered obvious in light of the prior art under 35 U.S.C. § 103.  This contention is based on numerous prior art references as disclosed in Apple's invalidity contentions, expert reports, and Apple's statement under 35 U.S.C. § 282, all of which are incorporated herein by reference.

### INVALIDITY – LACK OF WRITTEN DESCRIPTION

14.    Apple contends that claims 14 and 26 of the '772 patent are invalid under § 112 for failure to comply with the written description requirement because the '772 patent's written description does not disclose the claimed "handheld media terminal" that "allow[s] a user to select and play . . . multimedia content" (claim 14) and "enable[s] a user to access . . . one or more items of retrieved multimedia content (claim 26).

15.    Apple contends that claims 10 and 32 of the '772 patent are invalid under § 112 for failure to comply with the written description requirement because the '772 patent's written description does not disclose the claimed "data access terminal" that comprises "code to control access to . . . selected content data item" (claim 10) and "code . . . to determine whether access is permitted" (claim 32).

### INVALIDITY - INDEFINITENESS

16.    Apple contends that claim 13 of the '720 patent, claims 2, 11, and 32 of the '221 patent, and claims 5, 10, 14, 26, and 32 of the '772 patent are invalid because the claim term "payment data," which appears in each of those claims, is indefinite.

17.     Apple contends that claims 1, 13, and 15 of the '720 patent, claims 8, 10, and 11 of the '458 patent, claims 2, 11 and 32 of the '221 patent, and claims 10, 22, and 32 of the '772 patent are invalid because the claim term "data carrier," which appears in each of those claims, is indefinite.

18.     Apple contends that claims 2 and 15 of the '598 patent are invalid because the claim term "portable data carrier," which appears in each of those claims, is indefinite.

## INVALIDITY - PATENTABILITY

19.     Apple contends that all of the Asserted Claims of the '720 patent, '598 patent, '458 patent, '317 patent, '221 patent, and '772 patent are invalid under 35 U.S.C. § 101 for claiming merely an abstract idea combined with conventional, well-known elements or steps.

## WILLFULNESS

20.     Apple contends that Smartflash cannot meet its burden of proving that Apple willfully infringed any Asserted Claim of the '720 patent, '598 patent, '458 patent, '317 patent, '221 patent, or '772 patent, and thus Smartflash is not entitled to enhanced damages under 35 U.S.C. § 284.

## EQUITABLE DEFENSES – LACHES / EQUITABLE ESTOPPEL

21.     Apple contends that Smartflash's claims of patent infringement are barred by the equitable doctrines of estoppel and/or laches.

22.     Apple contends that Smartflash unreasonably and inexcusably delayed bringing suit against Apple for over five years and such delay caused Apple to suffer material economic and evidentiary prejudice.

## DAMAGES AND OTHER RELIEF

23.     Apple contends that Smartflash has not been damaged by Apple's alleged conduct and is not entitled to any pre-verdict or post-verdict damages, including prejudgment and post-judgment interest or costs.

24.     Apple contends that Smartflash is not entitled to any supplemental damages, any account for damages or attorneys' fees, expenses, or costs.

25.     Apple contends that, even if infringement of the Asserted Claims of the '720 patent, '598 patent, '458 patent, '317 patent, '221 patent, and '772 patent is found, Smartflash's proposed damages award is excessive and unsupportable.  For example, Smartflash's calculation of a reasonable royalty relies on improper methodology (*e.g.*, the entire market value rule and failure to properly apportion the royalty base), flawed surveys, and improper evidence.  Apple contends that even if infringement of the Asserted Claims of the '720 patent, '598 patent, '458 patent, '317 patent, '221 patent, and '772 patent is found, Smartflash is entitled to no more than the amount set forth in the Expert Report of Stephen L. Becker, PhD, including all supplements and exhibits thereto.

26.     Apple contends that, even if infringement of the Asserted Claims of the '720 patent, '598 patent, '458 patent, '317 patent, '221 patent, and '772 patent is found, Smartflash is not entitled to injunctive relief.

27.     Apple contends that if Smartflash is denied injunctive relief, such denial should not be conditioned on payment of reasonable royalties for future infringement.

28.     Apple contends that Smartflash cannot show that it would be irreparably harmed by Apple's continued sale of its accused products.

29.     Apple contends that Smartflash cannot show that there is no remedy at law that would be adequate to compensate it for Apple's continued sale of its accused products.

30.     Apple contends that Smartflash cannot show that the balance of equities indicates that an equitable remedy is warranted.

31.     Apple contends that Smartflash cannot show that the public interest would be served by a permanent injunction.

32.     Apple contends that in the event a jury awards a lump-sum royalty to Smartflash covering the life of the '720 patent, '598 patent, '458 patent, '317 patent, '221 patent, and '772 patent, Smartflash would be precluded from obtaining a permanent injunction.

33.     Apple contends that this is an exceptional case entitling Apple to an award of its attorneys' fees incurred in connection with this action pursuant to 35 U.S.C. § 285.

34.     Apple reserves the right to include additional contentions and disputed issues of fact and law based on (1) any expert reports, supplemental or otherwise; and (2) any motions on procedural or substantive issues—including summary judgment motions, *Daubert* motions, motions to strike, and *in limine* motions—that may arise between the date of this document and (a) the pre-trial conference, and/or (b) trial.

- **Game Circus's Statement of Contentions**

By providing these contentions, Game Circus does not concede that all of these issues are appropriate for trial. In addition, Game Circus does not waive any of its pending motions, or any future motions it intends to file *in limine*, which, if granted, would render some or all of these issues moot. *See* Section X, *infra.* Game Circus' contentions in this case are detailed in part in its answer, discovery responses, motions, defendants' invalidity contentions, which are all incorporated by reference herein. In sum, Game Circus contends the following:

1.     Game Circus joins in and adopts the contentions of co-defendant Apple, including the contentions that the Asserted Claims are invalid and not infringed.

2.      Game Circus contends that it does not and has not directly infringed, or induced infringement of claims 2 and 11 of the '221 Patent or claims 5, 10, 14, and 22 of the '772 Patent (collectively the "Asserted Claims"). Smartflash cannot meet is burden of proving by a preponderance of the evidence that Game Circus induces or has induced the Asserted Claims. Smartflash cannot prove that Game Circus, its end-user, or any third party directly infringes or has directly infringed the Asserted Claims. Further, Smartflash cannot prove that Game Circus has or had the requisite knowledge (or willful blindness) of the alleged infringement and the specific intent to induce the alleged infringement of any of the Asserted Claims.

3.      Game Circus contends that it is not and was not aware of (or willfully blind to) the Asserted Patents or that its acts would constitute the alleged infringement before or after being served with the complaint on June 3, 2013, and thus Game Circus cannot be liable for induced infringement before or after that date.

4.      Game Circus contends that it is not and was not aware of how the accused Apple systems operate and does not have and has not had access to or knowledge of the inner workings of the devices, code, and back end servers used by Apple.

5.      Game Circus contends that it has a good faith belief that the Asserted Claims are invalid and not infringed.

6.      Game Circus contends that Smartflash is not entitled to recover any damages from Game Circus. If, however, Game Circus is found to infringe and the claims are found to be valid and enforceable, Smartflash is entitled to no more than the amount set forth in the Expert Report of Keith Ugone including all supplements and exhibits thereto.

7.      Smartflash is not entitled to a finding that would warrant Smartflash being awarded pre-judgment interest or costs.

8.      Smartflash is not entitled to a finding that would warrant Smartflash being awarded its attorneys' fees.

9.      Smartflash is not entitled to any injunctive relief.

10.     Game Circus reserves the right to include additional contentions and disputed issues of fact and law based on (i) any expert reports, supplemental or otherwise; and (ii) any motions on procedural or substantive issues – including summary judgment motions, *Daubert* motions, motions to strike, and *in limine* motions – that may arise between the date of this document and: (a) the pre-trial conference, and/or (b) trial.

## V.     STIPULATIONS AND UNCONTESTED FACTS

The parties agree to the following stipulations and uncontested facts.

- **Smartflash's and Defendants' Statement of Uncontested Facts**

1.      Plaintiff Smartflash LLC is a Texas limited liability corporation.

2.      Plaintiff Smartflash Technologies Limited is a British Virgin Islands limited company.

3.      Defendant Apple Inc. is a California corporation.

4.      Defendant Game Circus LLC is a Texas limited liability company.

5.      The '720 patent was issued on February 26, 2008.

6.      The '720 patent is titled "Data Storage and Access Systems."

7.      The named inventors of the '720 patent are Patrick Racz and Hermen-ard Hulst.

8.      Claims 1, 13, and 15 of the '720 patent are at issue and asserted against Apple.

9.      The '317 patent was issued on May 17, 2011.

10.     The '317 patent is titled "Data Storage and Access Systems."

11.     The named inventors of the '317 patent are Patrick Racz and Hermen-ard Hulst.

19

12.     Claim 18 of the '317 patent is at issue and asserted against Apple.

13.     The '458 patent was issued on October 11, 2011.

14.     The '458 patent is titled "Data Storage and Access Systems."

15.     The named inventors of the '458 patent are Patrick Racz and Hermen-ard Hulst.

16.     Claims 8, 10, and 11 of the '458 patent are at issue and asserted against Apple.

17.     The '598 patent was issued on November 22, 2011.

18.     The '598 patent is titled "Data Storage and Access Systems."

19.     The named inventors of the '598 patent are Patrick Racz and Hermen-ard Hulst.

20.     Claims 2, 15, and 31 of the '598 patent are at issue and asserted against Apple.

21.     The '221 patent was issued on February 21, 2012.

22.     The '221 patent is titled "Data Storage and Access Systems."

23.     The named inventors of the '221 patent are Patrick Racz and Hermen-ard Hulst.

24.     Claims 2, 11, and 32 of the '221 patent are at issue and asserted against Apple.

25.     Claims 2 and 11 of the '221 patent are at issue and asserted against Game Circus.

26.     The '772 patent was issued on December 25, 2012.

27.     The '772 patent is titled "Data Storage and Access Systems."

28.     The named inventors of the '772 patent are Patrick Racz and Hermen-ard Hulst.

29.     Claims 5, 10, 14, 22, 26, and 32 of the '772 patent are at issue and asserted against Apple.

30.     Claims 5, 10, 14, and 22 of the '772 patent are at issue and asserted against Game Circus.

31.     Venue is proper in the United States District Court for the Eastern District of Texas, Tyler Division.

- **Smartflash's Objections to Defendants' Statement of Their Contentions**

Smartflash objects to Defendants' contentions that were not properly disclosed as Defendants' contentions pursuant to the Court's Patent Rules, Discovery Rules, and other orders of the Court in this case.   Smartflash further objects to Defendants' contentions regarding issues excluded by agreement and/or by rulings of the Court.   Smartflash further objects to any contention that is subject to a currently pending motion and/or future filed motion (such as motions *in limine*) in this matter.

- **Apple's Objections to Smartflash's Statement of Its Contentions**

Apple objects to Smartflash's Contention 16, which states that Smartflash and its predecessors-in-interest have complied with 35 U.S.C. § 287.   Apple disputes that Smartflash or any predecessor-in-interest have made or sold any device that practices any claim of the Asserted Patents, and further disputes that proper notice has been provided, including through any patent marking, pursuant to § 287.

Apple objects to Smartflash's Contention 24, which states or implies that Apple's "iPhone 6, iPhone 6 Plus, and later," "iPad Mini 3…, iPad Air 2, and later," "later" versions of the "Apple iPod Touch products," and "supporting system applications and services" infringe the Asserted Claims because Smartflash's infringement contentions are limited to those products specifically disclosed in its contentions and its expert reports, and it is unclear what the term "supporting system applications and services" refers to.   Apple further objects to Contentions 1 and 24 to the extent they identify asserted claims and/or accused products not previously disclosed in Smartflash's infringement contentions and expert reports.   Apple further objects to Smartflash's contentions to the extent they rely on theories not properly disclosed in this case, including to the extent they rely on theories of

infringement under the doctrine of equivalents, which Smartflash has waived. Apple incorporates herein its contentions in Section IV, *supra*.

Apple further objects to Smartflash's contentions to the extent they concern issues excluded by agreement and/or by rulings of the Court. Apple further objects to any contention that is subject to a currently pending motion and/or future filed motion (such as motions *in limine*) in this matter.

- **Game Circus's Objections to Smartflash's Statement of Its Contentions**

1. Game Circus joins in and adopts co-defendant's Objections to Smartflash's Statement of Its Contentions.

2. Game Circus objects to Smartflash's contentions to the extent that they were not properly disclosed pursuant to this District's Patent Local Rules, this Court's discovery rules, and/or other orders of the Court in this case. Game Circus further objects to Smartflash's contentions to the extent they concern issues excluded by agreement and/or by rulings of the Court. In particular, Game Circus does not waive any of its *Daubert* motions, motions for summary judgment, or forthcoming motions *in limine*, which, if granted, would render some or all of the issues raised in Smartflash's contentions moot. *See* Section X, *infra.*

3. Game Circus objects to Smartflash's Contentions 2 and 25 to the extent they identify accused products not previously disclosed in Smartflash's infringement contentions and expert reports or that Smartflash has dropped from the case.

4. Game Circus objects to Contentions 12 and 14 which state that "Smartflash is the owner of all rights, title, and interest in and to" the patents-in-suit and that Smartflash "possesses all rights of recovery" under the patents-in-suit suit because Smartflash does not have standing to assert claims from the patents-in-suit in this case.

5.     Game Circus objects to Contentions 11 and 13 which state that the patents-in-suit "are entitled to a priority date of October 25, 1999" because Smartflash has not established that the patents-in-suit are entitled to a priority date earlier than October 25, 2000.

6.     Game Circus objects to Contention 16, which states that "Smartflash and its predecessors-in-interest have complied with 35 U.S.C. § 287."

7.     Game Circus denies that it directly or indirectly infringes claims 2 and 11 of the '221 patent and claims 5, 10, 14, and 22 of the '772 patent (collectively the "Asserted Claims") under any theory.

8.     Game Circus joins in and adopts the contentions of co-defendant Apple that the Asserted Claims are invalid, unenforceable, and not infringed.

9.     Game Circus denies that Smartflash is entitled to any pre or post-verdict damages or other compensation, including costs, attorneys' fees, and pre or post-judgment interest.

10.     Game Circus further denies that Smartflash is entitled to injunctive relief or a compulsory ongoing licensing fee.

11.     Game Circus contends that Smartflash is entitled to take nothing by its Complaint.

12.     Game Circus incorporates herein its contentions in Section IV, *supra*.

- **Stipulation for Trial Management Procedures**

The Parties will continue to meet and confer to reach agreement on trial management procedures.  Because an agreement has not yet been reached, the parties' current proposals are listed herein.

Smartflash proposes the following procedures for trial management:

1.     The parties will exchange copies of all documentary, graphic, slide,  animation, and any other form of Demonstratives they plan to use at trial for use during direct examination

or opening—but not for cross-examination—by 7:00 p.m. the night before their intended use. In other words, if a demonstrative will be used on a Wednesday, it must be exchanged or made available by 7:00 p.m. on the previous Tuesday. The parties shall exchange objections to these demonstratives by  9:00 p.m. on the day the exhibits are received.  Demonstratives exchanged will not be used by the opposing party prior to being used by the disclosing party.

     a.  "Demonstratives" are exhibits specifically created for the purpose of the trial and do not include (1) exhibits created in the courtroom during testimony or opening at trial, (2) the enlargement, highlighting, ballooning, etc. of trial exhibits or transcripts of testimony, or to composites of admitted exhibits and/or testimony, so long as the demonstrative only includes factual descriptions of the underlying exhibit or testimony, or (3) demonstratives previously displayed in the course of the trial.  Reasonable nonsubstantive edits or corrections of typographical and similar errors to demonstrative exhibits may be made to such exhibits prior to use.

     b.  However, Demonstratives for direct examination and opening and trial exhibits must be cleared of outstanding objections before being shown to the jury.  Additionally, any transcripts of testimony (excluding testimony given during this trial) must have been previously designated by the parties and cleared of outstanding objections before being shown to the jury during opening or on direct examination.  On cross-examination, transcripts of testimony may be used so long as it is not in violation of a

24

motion in limine or other exclusionary order, regardless of whether it was previously designated by the parties.

2.      The parties will make available for inspection all non-documentary demonstratives or live product demonstrations, such as physical exhibits, physical prior art or physical products, they plan to use at trial for use during direct examination or opening—but not for cross-examination— by 7:00 p.m. two nights before their intended use.  In other words, if a demonstrative will be used on a Wednesday, it must be exchanged or made available by 7:00 p.m. on the previous Monday.  The parties shall exchange objections to these non-documentary demonstratives or live product demonstrations by 7:00 p.m. the night before their intended use. Demonstratives exchanged will not be used by the opposing party prior to being used by the disclosing party.

3.      The parties will exchange lists of exhibits they intend to use during direct examination by 7:00 p.m. the night before their intended use.

4.      The parties agree to continue to meet and confer to resolve their objections to the other party's deposition designations and exhibits. The parties agree to endeavor to enter into stipulations as to the authenticity and use of produced documents following the exchange of exhibit lists and objections.

5.      The parties will identify witnesses to be called live (in the order of call) and by deposition at 7:00 p.m., two days in advance of the day of trial during which the witnesses will testify. In other words, if a witness will testify on a Wednesday, the witness must be identified by 7:00 p.m. on the previous Monday.

6.      For video witnesses, the parties will provide a list of any deposition designations to be played by 7:00 pm two days before the designation is to be played. Counters and objections

25

to the 7:00 pm designations are due by 9:00 pm the same evening, and any unresolved objections will be raised with the Court the next morning.

7.      The parties agree that any exhibit listed on a party's own exhibit list as to which no objection remains pending at the time of opening statements may be shown to the jury by that party during opening statements if the exhibit will be the subject of testimony and explained to the jury by a witness at trial.

8.      The parties agree to exchange lists of "Admitted Exhibits" by 10:00 p.m. the night before the lists are to be submitted to the Court.

9.      The parties will meet and confer regarding demonstratives, exhibits, and deposition objections at 9:15pm the night before the objected materials are to be used in Court.

Apple proposes the following procedures for trial management:

(a) The parties may use each other's exhibits listed on the parties' respective exhibit lists, which the parties will exchange on November 20, 2014 (Exhibits S, T, U), as described in Section IX, *infra*.  This agreement does not waive any party's objection to the admissibility of that exhibit.

(b) Each exhibit list contains all of the exhibits[2] that a party intends to present at trial other than solely for impeachment.  With the exception of those exhibits used solely for impeachment, exhibits not listed on a party's exhibit list or on the opposing party's exhibit list will not be admitted unless good cause is shown.

(c) The parties agree that any description of a document on an exhibit list is provided for convenience only and shall not be used as an admission or otherwise as evidence regarding the listed document or any other listed document.

---

[2]   Demonstrative exhibits shall not be listed, and their exchange is addressed separately.

(d) Any trial exhibit that was produced in discovery by a party that on its face appears to have been authored by an employee, officer, or agent of the party producing such document, shall be deemed to be a true and correct copy of a document maintained in that party's files as of the date of the party's document collection under Federal Rule of Evidence 910.   Such authentication does not preclude a party from raising any other objection to the admissibility of such documents.  The parties reserve the right to add additional deposition designations solely to establish the foundation and authenticity of an exhibit to the extent the admissibility of a particular document is challenged.

(e) Any trial exhibit that was produced in discovery by a party and that is a publication or article that on its face appears to have not come from that party's files, shall be deemed to be a true and correct copy of that publication or article from the source it originates under Federal Rule of Evidence 901.  To the extent the publication or article (or corresponding bibliographic data) specifies a date of that document (e.g., timing of publication, print, authorship, disclosure, etc.) and/or the source (e.g., name of journal or proceedings), that publication or article shall be attributed with such date and/or source specified.

(f)  Legible photocopies of United States and foreign patents, published applications, and the contents of their associated file histories may be offered and received into evidence in lieu of certified copies thereof, subject to all other objections that may be made to the admissibility.   In addition, copies of such documents are deemed to be authentic under the Federal Rules of Evidence, including Rule 901.

(g) The parties are not required to exchange deposition designations for witnesses that are on any party's "will call" witness list and are expected to be called live consistent with Rule 32 of the Federal Rules of Civil Procedure.  If a party determines that it will instead call a

witness by deposition rather than live, it will inform all parties and provide designated portions of the deposition no later than 10 days before trial, and the other party will provide objections and counter-designations within 2 days of receiving those designated portions.  The offering party will then provide objections to counter-designations within 2 days of receiving the other party's objections and counter-designations.

(h) The parties shall notify the other side in good faith of their intention to move a witness from the "may call" list to the "will call" list no later than 10 days before calling that witness.  The parties also reserve the right to move any witness from the "may call" list to the "will call" list to testify in rebuttal to testimony presented by the other side so long as the party seeking to call the witness notifies the other party no later than 2 days before calling that witness.

(i)  No later than 7:00 p.m. the day before their introduction (*i.e.,* Monday evening for a witness to be called on Tuesday), counsel shall provide to opposing counsel: (1) the names and order of witnesses to be called (both live and by deposition); (2) an identification of trial exhibits to be used on direct examination of each witness (both live and by deposition); and (3) an electronic copy of any Demonstrative Exhibit, as defined below, to be used on direct examination of each witness (both live and by deposition).  No later than 7:00 p.m. the day before their introduction, counsel shall also make available for inspection any non-documentary trial exhibits or Demonstrative Exhibits, such as physical exhibits, which they plan to use at the trial during direct examination of each witness (both live and by deposition).  The parties shall make their best efforts to follow the specified order of presentation; however, they recognize that the order of presentation may change based on timing or other circumstances.  If a party intends to change the order of witnesses or no longer intends to call a witness that it previously disclosed, they shall notify the other side immediately.  Parties will not identify trial exhibits or

provide a copy of Demonstrative Exhibits to be used during cross-examination.  If the parties have objections to any Demonstrative Exhibit or to any trial exhibit exchanged under this paragraph that has not been admitted, the objecting party will call or email the other side by 9:00 p.m. and attempt to resolve any objections before taking them up with the Court.

(j) "Demonstrative Exhibits" are boards, slides, tangible objects, and videos/animations specifically created for the purpose of the trial (and/or this litigation); however, "Demonstrative Exhibits" do not include: things created in the courtroom during testimony at trial; or slides with the enlargement, highlighting, ballooning, composites, etc. of trial exhibits or transcripts of testimony.  Titles to boards, slides, and videos/animations are permissible and do not make a slide a Demonstrative Exhibit.  For example, a slide with a copy of an exhibit and a title is not a Demonstrative Exhibit.

(k) Counsel shall provide an electronic copy of any Demonstrative Exhibit to be used during opening statements by 9:00 p.m. the day before opening statements, and counsel shall provide an electronic copy of any Demonstrative Exhibit to be used during closing argument (not including any that have previously been used at trial) two hours prior to closing arguments.  If the parties have objections to any Demonstrative Exhibit to be used during opening statements, the objecting party will call or email the other side by 10:00 p.m. and attempt to resolve any objections before taking them up with the Court.

(l) Reasonable non-substantive edits or corrections of typographical and similar errors to Demonstrative Exhibits exchanged may be made to such exhibits prior to use.

(m)Demonstrative Exhibits exchanged may not be used by the opposing party before being used by the disclosing party.

(n) Any objections to a trial exhibit, Demonstrative Exhibit, or impeachment material that cannot be resolved shall be raised with the Court before the exhibit or material is used.

(o) As a witness is called, the side calling the witness shall provide at least the witness and opposing counsel with a tabbed binder containing all exhibits, deposition testimony, and other materials (including Demonstrative Exhibits) that the side plans in good faith to use during its examination of that witness.  Similarly, upon beginning its cross-examination of a witness, the side conducting the cross-examination shall provide at least the witness and opposing counsel with a tabbed binder containing all exhibits, deposition testimony, and other materials (including Demonstrative Exhibits) that the side plans in good faith to use during its cross-examination of that witness.  The binders may be supplemented during the examination or cross-examination.

(p) For each witness that a party seeks to call by deposition, that party will provide the other side with a list of final affirmative designations that will be presented by 5:00 p.m. two days prior to the date the party intends to call such witness by deposition.  Opposing counsel shall provide its final counter-designations that will be presented for that witness, and any unresolved objections to the affirmative designations, by 9:00 p.m. two days before the designations will be presented.  The parties shall meet and confer to attempt to resolve any previously stated but unresolved objections, with any objections that cannot be resolved to be raised with the Court on the day that the deposition testimony is to be presented.

(q) Any deposition testimony not specifically identified on a party's deposition designation list may still be used at trial for the purpose of impeachment, if otherwise competent for such purpose.

(r) Designated and counter-designated deposition testimony will be consolidated such that it is presented in page and line order. A party's allocated time will be charged the elapsed time associated with the testimony that party designated or counter-designated for that witness. If Apple has affirmatively designated deposition testimony from a witness also designated by Smartflash, then both sides' affirmative designations, along with the appropriate counter-designations, shall be played during Smartflash's case-in-chief; however, Apple reserves the right to play additional affirmative designations (along with Smartflash's corresponding counter-designations) should the need arise, and Smartflash reserves the right to object to Apple seeking to play those additional affirmative designations.

(s) The parties reserve the right to delete exhibits from their respective lists. Notwithstanding the foregoing, each party reserves the right to seek to offer an exhibit designated by the other side in the other side's original exhibit list.  All objections are preserved as to such documents.  Each party may object to the admission of any exhibit even if that exhibit appears on the party's own exhibit list.

(t) The parties reserve the right to seek to supplement their exhibit lists to add documents newly produced by the opposing party, or in further rebuttal to information newly disclosed by the opposing party, without conceding that any such newly produced or disclosed documents or information is appropriate.

(u) Any document not offered into evidence may still be used at trial for the purpose of cross-examination, impeachment, refreshing recollection, rehabilitation, or other proper purpose, if otherwise competent for such purposes.

Game Circus proposes the following procedures for trial management:

Game Circus joins in and adopts co-defendant's proposals for trial management procedures.

The parties will confer concerning additional limitations and propose them in advance of the pre-trial conference.

## VI.     CONTESTED ISSUES OF FACT AND LAW

The Parties identify the following issues of fact that remain to be litigated.  To the extent any issue of law discussed below is deemed to be an issue of fact, it is incorporated into this section.  The Parties reserve the right to identify additional factual or legal issues that may arise, including issues raised in any motions *in limine*.

- **Smartflash's Statement of Contested Issues of Fact and Law**

By providing this statement, Smartflash does not concede that all of these issues are appropriate for trial.  Smartflash also does not waive any of its pending motions.

1.     Whether Apple directly and/or indirectly infringes claims 1, 13, and 15 of the '720 patent.

2.     Whether Apple directly and/or indirectly infringes claim 18 of the '317 patent.

3.     Whether Apple directly and/or indirectly infringes claims 8, 10, and 11 of the '458 patent.

4.     Whether Apple directly and/or indirectly infringes claims 2, 15, and 31 of the '598 patent.

5.     Whether Apple directly and/or indirectly infringes claims 2, 11, and 32 of the '221 patent.

6.     Whether Apple directly and/or indirectly infringes claims 5, 10, 14, 22, 26, and 32 of the '772 patent.

32

7.      Whether Apple's infringement is willful.

8.      Whether Game Circus indirectly infringes claims 2 and 11 of the '221 patent.

9.      Whether Game Circus indirectly infringes claims 5, 10, 14, and 22 of the '772 patent.

10.     The level of skill in the art for the patents-in-suit.

11.     Whether Smartflash is entitled to enhanced damages pursuant to 35 U.S.C. § 284, and if so, the dollar amount of the enhancement.

12.     Whether this case is an exceptional case pursuant to 35 U.S.C. § 285 and whether Smartflash is entitled to an award of attorneys' fees.

13.     Whether Smartflash is entitled to damages to compensate for Defendants' infringement, and, if so, the dollar amount of pre-verdict and post-verdict damages to the time of judgment adequate to compensate for the infringement of the patent-in-suit, but in no event less than a reasonable royalty.

14.     Whether Smartflash is entitled to costs, and, if so, the dollar amount of their costs.

15.     Whether Smartflash is entitled to prejudgment and post-judgment interest, and, if so, the dollar amount of prejudgment and post-judgment interest.

16.     Whether Smartflash is entitled to an injunction against Defendants pursuant to 35 U.S.C. § 283, requiring Defendants to refrain from directly infringing, contributing to, or inducing the infringement of the patents-in-suit in the United States.

17.     Whether any denial of an injunction should be conditioned on payment of reasonable royalties for future infringement, and if so, the royalty amount set for future infringement and a means or mechanism to account for future royalty payments, including during any stay of an injunction pending appeal.

18.     Whether Defendants have proven by clear and convincing evidence that the claims of the patents-in-suit are invalid because they are anticipated by Defendants' prior art references under 35 U.S.C. § 102.

19.     Whether Defendants have proven by clear and convincing evidence that the claims of the patents-in-suit are obvious under 35 U.S.C. § 103 in view of Defendants' prior art references.

20.     Whether Defendants have proven by clear and convincing evidence that the claims of the patents-in-suit are invalid under 35 U.S.C. § 112.

21.     Any issues of fact that are determined to constitute issues of law are hereby designated as such, and vice versa.   Smartflash also incorporates by reference the contested issues raised in its pending motions. *See* Section X, *infra*.

- **Apple's Statement of Contested Issues of Fact and Law**

By providing this statement, Apple does not concede that all of these issues are appropriate for trial.   In particular, Apple does not waive any of its pending or future filed motions, which, if granted, would render some or all of these issues moot.

1.     Whether Smartflash lacks standing to bring the instant lawsuit alleging infringement of the '720 patent, '598 patent, '458 patent, '317 patent, '221 patent, and/or '772 patent.

2.     Whether Apple directly infringes or has directly infringed the Asserted Claims of the '720 patent, '598 patent, '458 patent, '317 patent, '221 patent, and '772 patent.

3.     Whether Apple induces or has induced infringement of the Asserted Claims of the '720 patent, '598 patent, '458 patent, '317 patent, '221 patent, and '772 patent.

4.      Whether Apple contributes or has contributed to infringement of the Asserted Claims of the '720 patent, '598 patent, '458 patent, '317 patent, '221 patent, and '772 patent.

5.      To the extent Smartflash attempts to assert at trial that Apple infringes any of the Asserted Claims of the '720 patent, '598 patent, '458 patent, '317 patent, '221 patent, or '772 patent under the doctrine of equivalents, whether Smartflash is precluded from doing so.

6.      Whether the Asserted Claims of the '720 patent, '598 patent, '458 patent, '317 patent, and '221 patent are invalid because they are anticipated by prior art under 35 U.S.C. § 102.

7.      Whether the Asserted Claims of the '720 patent, '598 patent, '458 patent, '317 patent, '221 patent, and '772 patent are invalid because they are obvious in light of prior art under 35 U.S.C. § 103.

8.      Whether claims 7, 10, 14, 26, and 32 of the '772 patent are invalid for failing to contain a written description of the invention, in violation of 35 U.S.C. § 112.

9.      Whether the Asserted Claims of the '720 patent, '598 patent, '458 patent, '317 patent, '221 patent, and '772 patent are invalid under 35 U.S.C. § 101 for claiming merely an abstract idea combined with conventional, well-known elements or steps.

10.     Whether claims 1, 13 and 15 of the '720 patent, claims 8, 10, and 11 of the '458 patent, claims 2, 11, and 32 of the '221 patent, claims 2 and 15 of the '598 patent, and claims 5, 10, 14, 22, 26, and 32 of the '772 patent are invalid because the claim terms "payment data," "data carrier," and/or "portable data carrier" are indefinite.

11.     The level of skill in the art for the patents-in-suit.

12.     Whether Smartflash's claims of patent infringement are barred by the equitable doctrines of estoppel and/or laches.

13.     Whether, and to what extent, Smartflash is entitled to reasonable royalty damages, prejudgment and post-judgment interests, and costs if Apple is found to have infringed a not invalid and enforceable claim of the '720 patent, '598 patent, '458 patent, '317 patent, '221 patent, and/or '772 patent.

14.     Whether, if Apple is found to have infringed a not invalid and enforceable claim of the '720 patent, '598 patent, '458 patent, '317 patent, '221 patent, and/or '772 patent, Smartflash is entitled to no more than the damages amount set forth in the Expert Report of Stephen L. Becker, PhD.

15.     If Apple is found to have infringed a not invalid and enforceable claim of the '720 patent, '598 patent, '458 patent, '317 patent, '221 patent, and/or '772 patent, whether such infringement by Apple was willful.

16.     Whether Smartflash is entitled to an injunction if Apple is found to have infringed a not invalid and enforceable claim of the '720 patent, '598 patent, '458 patent, '317 patent, '221 patent, and/or '772 patent.

17.     Whether this case is "exceptional" under 35 U.S.C. § 285.

18.     Whether Apple is entitled to interest, attorneys' fees, expenses or costs.

19.     Any issues of fact that are determined to constitute issues of law are hereby designated as such, and vice versa.  Apple also incorporates by reference the contested issues raised in its pending motions.

- **Game Circus's Statement of Contested Issues of Fact and Law**

By providing this statement, Game Circus does not concede that all of these issues are appropriate for trial. In addition, Game Circus does not waive any of its pending motions or

future motions it intends to file *in limine,* which, if granted, would render some or all of these issues moot. *See* Section X, *infra.*

1.      Game Circus joins in and adopts co-defendant's Statement of Contested Issues of Fact and Law.

2.      Whether the Asserted Claims are invalid.[3]

3.      Whether Game Circus induces or has induced infringement of claims 2 and 11 of the '221 Patent or claims 5, 10, 14, and 22 of the '772 Patent ("the Asserted Claims").

4.      Whether Game Circus' end-users directly infringe or have directly infringed the Asserted Claims.

5.      Whether Game Circus is or was aware of (or willfully blind to) the Asserted Patents or that its acts would constitute the alleged infringement before being served with actual notice of the complaint on June 3, 2013 and/or after that date.

6.      Whether Game Circus intends or has specifically intended to induce the alleged infringement.

7.      Whether Game Circus has a good faith belief that the Asserted Claims are invalid and/or not infringed.

8.      Whether Game Circus is or was aware of how the accused Apple systems operate and has or has had access to or knowledge of the inner workings of the devices, code, and back end servers used by Apple.

9.      Whether Smartflash is entitled to recover damages for the alleged induced infringement occurring before the date that Game Circus first received actual notice of the filing of this lawsuit (June 3, 2013).

---

[3] Game Circus joins in and adopts co-defendant Apple's invalidity challenges.

10.     The amount of reasonable royalty damages, pre-judgment interest, and/or costs to which Smartflash is entitled, if any, if Game Circus is found to have infringed a valid and enforceable Asserted Claim.

11.     Whether this is an exceptional case under 35 U.S.C. § 285.

12.     Any issues of fact that are determined to constitute issues of law are hereby designated as such, and vice versa. Game Circus also incorporates by reference the contested issues raised in its pending motions. *See* Section X, *infra.*

- **Smartflash's Statement Regarding Issues to be Decided by the Court**

1.     Smartflash reserves the right to object to the language and substance of any proposed instructions and questions on the issues of obviousness.

2.     Smartflash contends that all issues related to Smartflash's claims for post-trial issues such as injunctive relief, exceptional case, enhanced damages, attorney's fees, post and pre-trial interest, and post-trial damages as well as Defendants' equitable defenses require determination by the Court, should not be submitted to the jury, and  the jury should not be advised of the request for injunction or the defenses.

3.     Whether Defendants have proven by clear and convincing evidence that the claims of the patents-in-suit are invalid under 35 U.S.C. § 101.

4.     Smartflash contends that the Court must determine whether Apple has been objectively reckless in its infringement of the patents-in-suit.

- **Apple's Statement Regarding Issues to be Decided by the Court**

1.     Apple contends that the asserted claims are invalid because they are directed to patent ineligible subject matter under 35 U.S.C. § 101.

2.      Apple contends that the objective determination of recklessness that is a prerequisite to a showing of willful infringement requires determination by the Court, should not be submitted to the jury, and evidence relating solely thereto should not be presented to the jury. Apple objects to any offer of evidence concerning the subjective prong of willfulness, and to any reference to the concept of willful infringement, prior to a determination by the Court that the objective prong has been proven by clear and convincing evidence.

3.      Apple contends that Smartflash is not entitled to damages based on the entire market value of Apple's accused products, that this issue requires determination by the Court, should not be submitted to the jury, and evidence relating solely thereto should not be presented to the jury.

4.      Apple contends that all issues related to Smartflash's claim for enhanced damages, if appropriate, require determination by the Court, should not be submitted to the jury, and evidence relating solely thereto should not be presented to the jury.

5.      Apple contends that all issues related to Smartflash's and Apple's claims for attorneys' fees, if appropriate, require determination by the Court, should not be submitted to the jury, and evidence relating solely thereto should not be presented to the jury.

6.      Apple contends that all issues related to Smartflash's claim for prejudgment interests if appropriate, require determination by the Court, should not be submitted to the jury, and evidence relating solely thereto should not be presented to the jury.

7.      Apple contends that injunctive relief is an equitable issue reserved for the Court's discretion, and should be determined solely by the Court.

8.      Apple contends that the issue of whether Smartflash is barred from recovering damages due to laches and/or equitable estoppel is an equitable issue reserved for the Court, and should be determined solely by the Court.

9.      Whether the asserted claims are invalid because they are indefinite under 35 U.S.C. § 112 and *Nautilus, Inc. v. Biosig Instruments, Inc.*, 134 S. Ct. 2120 (2014).

- **Game Circus's Statement Regarding Issues to be Decided by the Court**

Game Circus does not waive any of its pending motions, or any future motions it intends to file *in limine*. *See* Section X, *infra*.

1.      Game Circus joins in and adopts co-defendant's Statement Regarding Issues to be Decided by the Court.

2.      Whether Smartflash is entitled to damages based on non-patented advertising revenue. Game Circus contends that Smartflash is not so entitled.[4]

3.      Whether the asserted claims are invalid because they are directed to patent ineligible subject matter under 35 U.S.C. § 101.

4.      Whether Smartflash should receive any portion of its attorneys' fees.  Game Circus contends that all issues related to Smartflash's claim for attorneys' fees, if appropriate, require determination by the Court, should not be submitted to the jury, and should not be presented to the jury as to evidence relating solely thereto.

5.      Whether Smartflash should receive any prejudgment interest.  Game Circus contends that all issues related to Smartflash's claims for prejudgment interest, if appropriate,

---

[4] *See* Defendants' Motion to Exclude Robert Mills Expert Opinion Testimony Pursuant to Federal Rules of Evidence 403 and 702 [Dkt #279].

require determination by the Court, should not be submitted to the jury, and should not be presented to the jury as to evidence relating solely thereto.

6.      Whether Game Circus should be enjoined.  Game Circus contends that injunctive relief is an equitable issue reserved for the Court's discretion, and should be determined solely by the Court.

7.      Whether the asserted claims are invalid because they are indefinite under 35 U.S.C. § 112 and *Nautilus, Inc. v. Biosig Instruments, Inc.*, 134 S. Ct. 2120 (2014).


## VII.   LIST OF WITNESSES

- Smartflash's Witness and Rebuttal Lists are attached as Exhibit A.

- Apple's Witness and Rebuttal Lists are attached as Exhibit B.

- Game Circus's Witness and Rebuttal Lists are attached as Exhibit C.

## VIII.   DEPOSITION DESIGNATIONS

Pursuant to the Court's Docket Control Order (Dkt. No. 70), Amended Docket Control Order (Dkt. 207) and Second Amended Docket Control Order (Dkt. No. 235), the parties will exchange deposition designations on November 20, 2014.  Rebuttal designations and objections to deposition designations will be exchanged on December 5, 2014.   Objections to rebuttal deposition designations will be exchanged on December 11, 2014.  The parties will supplement this pre-trial order to include additional designations as described in Exhibits D through R, below:

- Smartflash's Deposition Designations will be supplemented as Exhibit D.

- Apple's Deposition Designations will be supplemented as Exhibit E.

- Game Circus's Deposition Designations will be supplemented as Exhibit F.

41

- Smartflash's objections and rebuttal deposition designations to Apple's deposition designations will be supplemented as Exhibits G and H, respectively.

- Smartflash's objections and rebuttal deposition designations to Game Circus's deposition designations will be supplemented at Exhibits I and J, respectively.

- Apple's objections and rebuttal deposition designations will be supplemented as Exhibits K and L, respectively.

- Game Circus's objections and rebuttal deposition designations will be supplemented as Exhibits M and N, respectively.

- Smartflash's objections to any of Apple's rebuttal deposition designations will be supplemented as Exhibit O.

- Smartflash's objections to any of Game Circus's rebuttal deposition designations will be supplemented as Exhibit P.

- Apple's objections to any rebuttal deposition designations will be supplemented as Exhibit Q.

- Game Circus's objections to any rebuttal deposition designations will be supplemented as Exhibit R.

The Parties will meet and confer regarding their respective objections in order to strive to resolve all objections and issues prior to presenting them to the Court.

## IX.    LIST OF EXHIBITS

The parties will exchange exhibit lists at Exhibit S, T and U as described below on November 20, 2014.  The parties will exchange objections and rebuttal exhibit lists at Exhibit V, W, X, and Y as described below on December 18, 2014.

- Smartflash's Trial Exhibit List will be supplemented as Exhibit S.

- Apple's Trial Exhibit List will be supplemented as Exhibit T.

- Game Circus's Trial Exhibit List will be supplemented as Exhibit U.

- Smartflash's objections to Apple's Exhibit List will be supplemented as Exhibit V.

- Smartflash's objections to Game Circus's Exhibit List will be supplemented as Exhibit W.

- Apple's objections to Smartflash's Exhibit List will be supplemented as Exhibit X.

- Game Circus's objections to Smartflash's Exhibit List will be supplemented as Exhibit Y.

## X.    LIST OF PENDING MOTIONS

| Docket Number | Motion |
|---|---|
| 200 | Defendants' Motion to Amend/Correct Patent Rule 3-3 Invalidity Contentions |
| 251 | Defendants' Objections to the Magistrate's Report and Recommendation Regarding Claim Construction and Indefiniteness |
| 265 | Game Circus's Motion for Summary Judgment |
| 266 | Defendants' Motion for Summary Judgment of Invalidity Pursuant to 35 U.S.C. § 101 |
| 267 | Apple's Motions for Summary Judgment of No Willful Infringement and No Indirect Infringement |
| 269 | Defendants' Motion for Summary Judgment Regarding Indefiniteness |
| 270 | Defendants' Motion for Summary Judgment of Invalidity Under Sections 102, 103 |
| 271 | Apple's Motion for Partial Summary Judgment of Non-Infringement |
| 272 | Defendants' Motion for Partial Summary Judgment of Non-Infringement |
| 276 | Smartflash's Motion to Strike the Expert Report of Dr. Stephen Becker |
| 277 | Smartflash's Motion to Strike Portions of the Expert Report of Anthony Wechselberger |
| 278 | Defendants' Motion to Exclude Expert Opinion Testimony from Plaintiffs' Technical Expert Dr. Mark Jones |
| 279 | Defendants' Motion to Exclude Robert Mills Expert Opinion Testimony Pursuant to Federal Rules of Evidence 403 and 702 |
| 280 | Defendants' Motion to Exclude Expert Opinion Testimony Related to Surveys Pursuant to Federal Rules of Evidence 403 and 702 |

## XI.    PROBABLE LENGTH OF TRIAL

Smartflash estimates the probable length of trial will be 6 days.  Smartflash requests 15 hours per side for direct, cross, and rebuttal examination.  Smartflash further requests 30

minutes per side for voir dire, and 45 minutes per side for an opening statement, and 45 minutes per side for closing arguments.

Defendants estimate that, unless one or more motions for summary judgment are granted, the probable length of trial will be nine trial days. [5]


## XII.   CERTIFICATIONS

The undersigned counsel for each of the parties to this action does hereby certify and acknowledge the following:

1.    Full and complete disclosure has been made in accordance with the Federal Rules of Civil Procedure, the Local Rules, and the Court's orders;

2.    The parties have complied with discovery limitations set forth in the Federal Rules of Civil Procedure, the Local Rules, and the Court's orders.

3.    Except as otherwise agreed or ordered, counsel for each party will provide the following certification when their respective exhibit lists are filed.   Each exhibit in the List of Exhibits (excluding demonstratives):

(a)    is in existence;

(b)    will be numbered; and

(c)    will be disclosed and shown to opposing counsel on December 4, 2014.

---

[5] Defendants reserve their rights to propose estimates of the amount of time they request at jury selection and trial for (1) voir dire, (2) opening statements, (3) direct and cross examinations, and (4) closing arguments, according to the timeline set forth in the Court's schedule (*i.e.*, January 2, 2015) (Dkt. 235).

DATED:  November 12, 2014.                    Respectfully submitted,

                                              **CALDWELL CASSADY & CURRY**


                                              /s/ *Bradley W. Caldwell*
                                              Bradley W. Caldwell
                                              Texas State Bar No. 24040630
                                              Email:  bcaldwell@caldwellcc.com
                                              Jason D. Cassady
                                              Texas State Bar No. 24045625
                                              Email:  jcassady@caldwellcc.com
                                              John Austin Curry
                                              Texas State Bar No. 24059636
                                              Email:  acurry@caldwellcc.com
                                              Daniel R. Pearson
                                              Texas State Bar No. 24070398
                                              Email:  dpearson@caldwellcc.com
                                              Hamad M. Hamad
                                              Texas State Bar No. 24061268
                                              Email:  hhamad@caldwellcc.com
                                              Justin T. Nemunaitis
                                              Texas State Bar No. 24065815
                                              Email:  jnemunaitis@caldwellcc.com
                                              Christopher S. Stewart
                                              Texas State Bar No. 24079399
                                              Email:  cstewart@caldwellcc.com
                                              John F. Summers
                                              Texas State Bar No. 24079417
                                              Email: jsummers@caldwellcc.com
                                              Jason S. McManis
                                              Texas State Bar No. 24088032
                                              Email: jmcmanis@caldwellcc.com
                                              Warren J. McCarty, III
                                              Illinois State Bar No. 6313452
                                              Email: wmccarty@caldwellcc.com
                                              **CALDWELL CASSADY CURRY P.C.**
                                              2101 Cedar Springs Road, Suite 1000
                                              Dallas, Texas 75201
                                              Telephone: (214) 888-4848
                                              Facsimile: (214) 888-4849

                                              T. John Ward
                                              Texas State Bar No. 20848000
                                              Email: tjw@wsfirm.com
                                              T. John Ward, Jr.
                                              Texas State Bar No. 00794818

Email: jw@wsfirm.com
**Ward & Smith Law**
**Firm**
P.O. Box 1231
1127 Judson Road, Suite 220
Longview, Texas 75606
Telephone: (903) 757-6400
Facsimile: (903) 757-2323

**ATTORNEYS FOR PLAINTIFFS**
**SMARTFLASH, LLC AND**
**SMARTFLASH**
**TECHNOLOGIES LIMITED**

By: */s/ Ching-Lee Fukuda*
Ching-Lee Fukuda
NY Bar No. 2884088
(Eastern District of Texas Member)
Ching-Lee.Fukuda@ropesgray.com
Kevin J. Post (*pro hac vice*)
Kevin.Post@ropesgray.com
Josef B. Schenker (*pro hac vice*)
Josef.Schenker@ropesgray.com
**ROPES & GRAY LLP**
1211 Avenue of the Americas
New York, NY 10036-8704
Telephone: (212) 596-9000
Facsimile: (212) 596-9050

James R. Batchelder
CA Bar No. 136347
(Eastern District of Texas Member)
James.Batchelder@ropesgray.com
Lauren N. Robinson
CA Bar No. 255028
(Eastern District of Texas Member)
Lauren.Robinson@ropesgray.com
Daniel W. Richards (*pro hac vice*)
Daniel.Richards@ropesgray.com
**ROPES & GRAY LLP**
1900 University Ave., 6th Floor
East Palo Alto, CA 94303-2284
Telephone: (650) 617-4000
Facsimile: (650) 617-4090

Megan F. Raymond (*pro hac vice*)
Megan.Raymond@ropesgray.com
Sharon Lee (*pro hac vice*)
Sharon.Lee@ropesgray.com
**ROPES & GRAY LLP**
700 12th St. NW Suite 900
Washington, DC 20005
Telephone: (202) 508-4600
Facsimile: (202) 508-4650

Eric M. Albritton
Texas State Bar No. 00790215
ema@emafirm.com
**ALBRITTON LAW FIRM**
P.O. Box 2649
Longview, Texas 75606
Telephone: (903) 757-8449
Facsimile: (903) 758-7397

**ATTORNEY FOR DEFENDANT,
APPLE INC.**

By: */s/ Michael C. Wilson*
Michael C. Wilson
Texas Bar No. 21704590
mwilson@munckwilson.com
Jamil N. Alibhai
Texas Bar No. 00793248
jalibhai@munckwilson.com
S. Wallace Dunwoody
Texas Bar No. 24040838
wdunwoody@munckwilson.com
Jordan C. Strauss
Texas Bar No. 24088480
jstrauss@munckwilson.com
**MUNCK WILSON MANDALA, LLP**
12770 Coit Road, Suite 600
Dallas, Texas 75251
Phone: (972) 628-3600
Fax: (972) 628-3616
**COUNSEL FOR DEFENDANT
GAME CIRCUS, LLC**

## <u>CERTIFICATE OF SERVICE</u>

The undersigned certifies that the foregoing document was filed electronically in compliance with Local Rule CV-5(a). As such, this document was served on all counsel who have consented to electronic service on this 12th day of November, 2014. Local Rule CV-5(a)(3)(A).

  /s/ Bradley W. Caldwell

Bradley W. Caldwell
