IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | |
|---|---|
| SMARTFLASH LLC and SMARTFLASH TECHNOLOGIES LIMITED, <br>   PLAINTIFFS, <br><br> v. <br><br> APPLE INC. , ROBOT ENTERTAINMENT, INC., KINGSISLE ENTERTAINMENT, INC., and GAME CIRCUS, LLC, <br><br>   DEFENDANTS. | Case No. 6:13-cv-00447-KNM <br><br> JURY TRIAL DEMANDED |

## JOINT CASE MANAGEMENT PLAN

Pursuant to the Court's Fourth Amended Docket Control Order (Dkt. No. 303), the following parties submit this Joint Case Management Plan: Plaintiffs Smartflash LLC and Smartflash Technologies Limited ("Smartflash" or "Plaintiffs"), and Defendants Apple Inc. ("Apple"), and Game Circus LLC ("Game Circus") (Apple and Game Circus collectively, "Defendants").

**1. List the correct names of the parties to the action.**

*Plaintiffs and Counter-Defendants:*

 1) Smartflash LLC

 2) Smartflash Technologies Limited

*Defendants and Counter-Claimants:*

 3) Apple Inc.

 4) Game Circus LLC

1

**2.     List any related cases pending in any state or federal court. Include the case numbers, the courts, and how they are related, including the patents involved.**

1) *Smartflash LLC et al v. Samsung Electronics Co., Ltd. et al*, Case No. 6:13-cv-00448-KNM, Eastern District of Texas. Plaintiffs are also the plaintiffs in this related case. The patents asserted in this related case are also asserted here.

2) *Smartflash LLC et al v. Google, Inc. et al*, Case No. 6:14-cv-00435-KNM, Eastern District of Texas. Plaintiffs are also the plaintiffs in this related case. The patents asserted here are also asserted in this related case. U.S. Patent No. 8,794,516, which is an additional patent related to the patents asserted here, but which has not been asserted in this case, is also asserted in this related case.

**3.     Briefly summarize in three (3) pages or less: (a) What this case is about, and (b) Each claim or defense.**

- **Smartflash's Description of the Case**

This is a patent infringement lawsuit. Smartflash alleges that Defendant Apple directly and indirectly infringes U.S. Patent No. 7,334,720 ("the '720 patent"), U.S. Patent No. 7,942,317 ("the '317 patent"), U.S. Patent No. 8,033,458 ("the '458 patent"), U.S. Patent No. 8,061,598 ("the '598 patent"), U.S. Patent No. 8,118,221 ("the '221 patent"), and U.S. Patent No. 8,336,772 ("the '772 patent"). Smartflash alleges that Defendant Game Circus indirectly infringes the '221 patent and the '772 patent. Smartflash further alleges that Apple's infringement is and has been willful. Defendants allege that Smartflash's patents are invalid and that they do not infringe Smartflash's patents. Smartflash seeks both pre-verdict and post-verdict damages up to the time of judgment to compensate Smartflash for Defendants' infringement, but in no event less than a reasonable royalty, as well as injunctive relief against future acts of infringement by Defendants under 35 U.S.C. § 283. In the alternative, Smartflash contends that

any denial of a permanent injunction should be conditioned on payment of reasonable royalties for future infringement. Smartflash also seeks pre-judgment and post-judgment interest and costs, pursuant to 35 U.S.C. § 284, and attorneys' fees pursuant to 35 U.S.C. § 285, as well as treble damages against Apple. Further summarization of information about the issues of the case and the parties' contentions regarding the same can be found in the Proposed Joint Pretrial Order, Dkt. No. 302.

- **Defendants' Description of the Case**

Smartflash is currently asserting 19 claims against Apple, which include five independent claims and 14 dependent claims (independent claims in boldface):

- U.S. Patent No. 7,334,720 ("the '720 patent"), claims **1**, 13, 15;
- U.S. Patent No. 7,942,317 ("the '317 patent"), claim **18**;
- U.S. Patent No. 8,033,458 ("the '458 patent"), claims 8, 10, 11;
- U.S. Patent No. 8,061,598 ("the '598 patent"), claims 2, 15, **31**;
- U.S. Patent No. 8,118,221 ("the '221 patent"), claims 2, 11, **32**; and
- U.S. Patent No. 8,336,772 ("the '772 patent"), claims 5, 10, **14**, 22, 26, 32.

Smartflash contends that Apple is directly and indirectly infringing these claims by making, using, selling, offering to sell and/or importing into the United States the patented devices in their products and/or by the use of the patented methods in their products. Smartflash alleges that app maker Game Circus induces infringement of claims 2 and 11 of the '221 patent and claims 5, 10, 14, and 22 of the '772 patent, when Game Circus' end-users download and install Game Circus apps or make in-app purchases using those apps. These patents generally relate to a portable data carrier or a computer network for storing and managing access to data by, for example, validating payment information. Smartflash also contends that Apple's infringement is

willful. Smartflash contends that it is entitled to damages as a result of Apple's and Game Circus's infringement.

Apple and Game Circus deny that they are infringing for several reasons including, for example, because of Smartflash's inconsistent application of "payment data," because the accused products and processes do not use "use rules," because the accused products and processes do not use "use status data," and because of the doctrine of divided infringement. Game Circus further denies that it infringes because (1) the accused games are given away as free downloads without any payment validation, (2) all content is available for free, (3) the accused games do not contain code to "retrieve" content from a data supplier in response to payment validation as required by the Asserted Claims, and (4) the accused games do not operate in a way to "control access" to content stored in non-volatile memory in response to payment validation as required by the Asserted Claims.[1]

Apple and Game Circus further contend that the claims of the patents are invalid under §§ 101, 102, 103, and 112.

Apple and Game Circus also contend that Smartflash's damages calculations are flawed for several reasons, including because they (1) rely on deficient surveys; (2) use an improper methodology when relying on those deficient surveys; and (3) fail to appropriately apportion damages, including by improperly relying on the entire market value rule. Apple also contends that Smartflash's damages claims are improper because of laches and equitable estoppel. Further summarization of information about the issues of the case and the parties' contentions regarding the same can be found in the Proposed Joint Pretrial Order, Dkt. No. 302.

---

[1] S*ee* Game Circus' MSJ [Doc. 265].

**4.     State the progress made toward settlement, and the present status of settlement negotiations by providing the information set out below:**

    **A.  Describe the possibilities for a prompt settlement or resolution of the case that were discussed in the Rule 26(f) meeting.**

There is a low likelihood of a settlement between Smartflash and Apple. Settlement between Smartflash and Game Circus is possible.

- **Defendants' Further Statement**

Smartflash did not attempt to discuss its infringement claims prior to bringing suit. At the time of the Rule 26(f) conference, the parties had insufficient information regarding one another's claims to have meaningful settlement discussions.

    **B.  Describe what each party has done or agreed to do to bring about a prompt resolution of the case.**

Smartflash has mediated multiple times with each party. Smartflash and Apple Inc. have participated in two mediations (in March and November 2014) with Hon. Robert Faulkner (Ret.) in an attempt to settle the case. Discussions remain ongoing with Game Circus.

- **Smartflash's Further Statement**

Smartflash's effort to bring about a prompt resolution of the case is further evidenced by the fact that it reached a settlement with former defendants KingsIsle Entertainment Incorporated, Robot Entertainment, Inc., and Bonus XP, Inc. *See* Dkt. Nos. 191, 192, 209, 210; *see also* Case No. 6:14-cv-00435-KNM Dkt. Nos. 96, 97.

    **C.  State whether a demand and an offer have been made.**

At least one demand and offer has been made by each party.

**5.     State whether a jury demand has been made and if it was made on time.**

A jury demand was timely made on May 29, 2013. *See* Dkt. No. 2.

**6.     List all pending motions.**

| Docket Number | Motion |
|---|---|
| 200 | Defendants' Motion to Amend/Correct Patent Rule 3-3 Invalidity Contentions |
| 265 | Game Circus's Motion for Summary Judgment |
| 266 | Defendants' Motion for Summary Judgment of Invalidity Pursuant to 35 U.S.C. § 101 |
| 267 | Apple's Motions for Summary Judgment of No Willful Infringement and No Indirect Infringement |
| 269 | Defendants' Motion for Summary Judgment Regarding Indefiniteness |
| 270 | Defendants' Motion for Summary Judgment of Invalidity Under Sections 102, 103 |
| 271 | Apple's Motion for Partial Summary Judgment of Non-Infringement |
| 272 | Defendants' Motion for Partial Summary Judgment of Non-Infringement |
| 276 | Smartflash's Motion to Strike the Expert Report of Dr. Stephen Becker |
| 277 | Smartflash's Motion to Strike Portions of the Expert Report of Anthony Wechselberger |
| 278 | Defendants' Motion to Exclude Expert Opinion Testimony from Plaintiffs' Technical Expert Dr. Mark Jones |
| 279 | Defendants' Motion to Exclude Robert Mills Expert Opinion Testimony Pursuant to Federal Rules of Evidence 403 and 702 |
| 280 | Defendants' Motion to Exclude Expert Opinion Testimony Related to Surveys Pursuant to Federal Rules of Evidence 403 and 702 |
| 317 | Plaintiffs' Motion to Enforce Compliance with *O2 Micro*, or in the Alternative, to Resolve Manufactured Claim Construction Disputes that Defendants Intend to Argue to the Jury |
| 325 | Agreed Joint Motion for Leave to Increase the Limit for Exhibit Designations |

**7.    Certify that all parties have filed Disclosure of Interested Persons as directed in paragraph 2 of the Scheduling Order, listing the date of the original and any amendments.**

All parties filed Certificates of Interested Persons on November 4, 2013, as directed by the Court's Scheduling Order.  *See* Dkt. Nos. 49, 51, 53.  There have been no amendments.

DATED:  December 5, 2014.                    Respectfully submitted,

                                    **CALDWELL CASSADY & CURRY**

/s/ *Bradley W. Caldwell*
Bradley W. Caldwell
Texas State Bar No. 24040630
Email:  bcaldwell@caldwellcc.com
Jason D. Cassady
Texas State Bar No. 24045625
Email:  jcassady@caldwellcc.com
John Austin Curry
Texas State Bar No. 24059636
Email:  acurry@caldwellcc.com
Daniel R. Pearson
Texas State Bar No. 24070398
Email:  dpearson@caldwellcc.com
Hamad M. Hamad
Texas State Bar No. 24061268
Email:  hhamad@caldwellcc.com
Justin T. Nemunaitis
Texas State Bar No. 24065815
Email: jnemunaitis@caldwellcc.com
Christopher S. Stewart
Texas State Bar No. 24079399
Email:  cstewart@caldwellcc.com
John F. Summers
Texas State Bar No. 24079417
Email: jsummers@caldwellcc.com
Jason S. McManis
Texas State Bar No. 24088032
Email: jmcmanis@caldwellcc.com
Warren J. McCarty, III
Illinois State Bar No. 6313452
Email: wmccarty@caldwellcc.com
**CALDWELL CASSADY CURRY P.C.**
2101 Cedar Springs Road, Suite 1000
Dallas, Texas 75201
Telephone: (214) 888-4848
Facsimile: (214) 888-4849

T. John Ward
Texas State Bar No. 20848000
Email: tjw@wsfirm.com
T. John Ward, Jr.
Texas State Bar No. 00794818

Email: jw@wsfirm.com
**Ward & Smith Law Firm**
P.O. Box 1231
1127 Judson Road, Suite 220
Longview, Texas 75606
Telephone: (903) 757-6400
Facsimile: (903) 757-2323

**ATTORNEYS FOR PLAINTIFFS SMARTFLASH, LLC AND SMARTFLASH TECHNOLOGIES LIMITED**

By: */s/ Ching-Lee Fukuda*
Ching-Lee Fukuda
NY Bar No. 2884088
(Eastern District of Texas Member)
Ching-Lee.Fukuda@ropesgray.com
Kevin J. Post (*pro hac vice*)
Kevin.Post@ropesgray.com
Josef B. Schenker (*pro hac vice*)
Josef.Schenker@ropesgray.com
**ROPES & GRAY LLP**
1211 Avenue of the Americas
New York, NY 10036-8704
Telephone: (212) 596-9000
Facsimile: (212) 596-9050

James R. Batchelder
CA Bar No. 136347
(Eastern District of Texas Member)
James.Batchelder@ropesgray.com
Lauren N. Robinson
CA Bar No. 255028
(Eastern District of Texas Member)
Lauren.Robinson@ropesgray.com
Daniel W. Richards (*pro hac vice*)
Daniel.Richards@ropesgray.com
**ROPES & GRAY LLP**
1900 University Ave., 6th Floor
East Palo Alto, CA 94303-2284
Telephone: (650) 617-4000
Facsimile: (650) 617-4090

Megan F. Raymond (*pro hac vice*)
Megan.Raymond@ropesgray.com
Sharon Lee (*pro hac vice*)
Sharon.Lee@ropesgray.com
**ROPES & GRAY LLP**
700 12th St. NW Suite 900
Washington, DC 20005
Telephone: (202) 508-4600
Facsimile: (202) 508-4650

Eric M. Albritton
Texas State Bar No. 00790215
ema@emafirm.com
**ALBRITTON LAW FIRM**
P.O. Box 2649
Longview, Texas 75606
Telephone: (903) 757-8449
Facsimile: (903) 758-7397

**ATTORNEY FOR DEFENDANT, APPLE INC.**

By: */s/ Michael C. Wilson*
Michael C. Wilson
Texas Bar No. 21704590
mwilson@munckwilson.com
Jamil N. Alibhai
Texas Bar No. 00793248
jalibhai@munckwilson.com
S. Wallace Dunwoody
Texas Bar No. 24040838
wdunwoody@munckwilson.com
Jordan C. Strauss
Texas Bar No. 24088480
jstrauss@munckwilson.com
**MUNCK WILSON MANDALA, LLP**
12770 Coit Road, Suite 600
Dallas, Texas 75251
Phone: (972) 628-3600
Fax: (972) 628-3616
**COUNSEL FOR DEFENDANT GAME CIRCUS, LLC**

## **CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was filed electronically in compliance with Local Rule CV-5(a). As such, this document was served on all counsel who have consented to electronic service on this 5th day of December, 2014. Local Rule CV-5(a)(3)(A).

                                                          */s/ Bradley W. Caldwell*
                                                          Bradley W. Caldwell