**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION**

| | | |
|---|---|---|
| **SMARTFLASH LLC, et al.,** | § | |
| | § | |
| **Plaintiffs,** | § | |
| | § | |
| **v.** | § | **CIVIL ACTION NO. 6:13-CV-447** |
| | § | |
| **APPLE, INC., et al.,** | § | |
| | § | |
| **Defendants.** | § | |

| | | |
|---|---|---|
| | § | |
| **SMARTFLASH LLC, et al.,** | § | |
| | § | |
| **Plaintiffs,** | § | |
| | § | |
| **v.** | § | **CIVIL ACTION NO. 6:13-CV-448** |
| | § | |
| **SAMSUNG ELECTRONICS CO. LTD,** | § | |
| **et al.,** | § | |
| | § | |
| **Defendants.** | § | |

## REPORT AND RECOMMENDATION

Defendants Samsung and HTC filed a Motion for Summary Judgment of No Willful and Indirect Infringement (6:13CV448, Doc. No. 318).   Defendant Apple filed a Motion for Summary Judgment of No Willful Infringement and No Indirect Infringement (6:13CV447, Doc. No. 267).   For the reasons set forth below, the Court recommends the Motions be **DENIED**.

## BACKGROUND

Plaintiffs Smartflash LLC and Smartflash Technologies Limited (collectively "Smartflash") filed these actions against Apple, Inc. ("Apple"), Game Circus LLC (Game Circus"), Samsung Electronics Co., Ltd., Samsung Electronics America, Inc., Samsung Telecommunications America, LLC (collectively "Samsung"), HTC Corporation, HTC America,

Inc., and Exedea, Inc. (collectively "HTC") (collectively "Defendants") alleging infringement of the following patents: U.S. Patent No. 7,334,720; U.S. Patent No. 7,942,317; U.S. Patent No. 8,033,458; U.S. Patent No. 8,061,598; U.S. Patent No. 8,118,221; and U.S. Patent No. 8,336,772.  Game Circus develops applications that run on devices made by Apple, Samsung and HTC.

Samsung and HTC served invalidity contentions on January 27, 2014, May 9, 2014, and September 30, 2014 supported by the expert opinions of Dr. Andrew Wolfe, which stated reasons why the asserted claims are allegedly invalid.  Defendants have also served responses to interrogatories and submitted expert opinions of Dr. Benjamin Goldberg that outlined why the asserted claims are allegedly not infringed.

Mr. Leon Unterhalter served as Smartflash's Rule 30(b)(6) designee on the topics of efforts by Smartflash to provide notice to Defendants of the patents and all communications with each Defendant.  Mr. Unterhalter testified that there was no communication concerning the patents between Smartflash and any of Defendants prior to litigation.

Inventor Patrick Racz also served as Smartflash's Rule30(b)(6) designee for the same topics as Mr. Unterhalter.  Mr. Racz additionally testified regarding: alleged copying by Defendants; communications between Smartflash, Gemplus, Augustin Farrugia, and Defendants; and the factual bases for Smartflash's allegations.  Mr. Racz testified that there was no pre-litigation communication between Smartflash and Defendants.  He also testified that Smartflash has no direct evidence that anyone at Apple "looked at what he did and tried to copy it." 6:13CV447, Doc. No. 296 at 1.

Mr. Racz's company worked with Gemplus during the time his patent applications were pending.  During at least a portion of that time, Mr. Farrugia—currently Apple's Senior Director

of DRM Technologies—worked at Gemplus as Head of Research and Development.  After that, Apple hired him to develop digital content security.

Information about Smartflash's patents and patent applications has been available on the U.S. Patent and Trademark Office's ("USPTO") website since 2004.  Smartflash started maintaining a website providing information to the public about its patents on May 1, 2013.

## APPLICABLE LAW

Federal Rule of Civil Procedure 56(a) provides for summary judgment when "there is no genuine dispute as to any material fact." A dispute about a material fact is genuine if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). When the summary judgment movants demonstrate the absence of a genuine dispute over any material fact, the burden shifts to the non-movant to show there is a genuine factual issue for trial.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 323–24 (1986).  Mere conclusory allegations are not competent summary judgment evidence, and thus are insufficient to defeat a motion for summary judgment.  *Eason v. Thaler*, 73 F.3d 1322, 1325 (5th Cir. 1996).  A court must draw all reasonable inferences in favor of the non-moving party.  *BMC Res., Inc. v. Paymentech, L.P.*, 498 F.3d 1373, 1378 (Fed. Cir. 2007).

### *Willful Infringement*

To prevail on a willfulness claim, a plaintiff must demonstrate that: (1) the defendant acted despite an objectively high likelihood that its actions constituted infringement (the objective prong); and (2) the risk of infringement was known or so obvious that it should have been known (the subjective prong).  *In re Seagate Tech. LLC*, 497 F.3d 1360, 1371 (Fed. Cir. 2007).  The objective prong is a threshold question that must be shown by clear and convincing evidence.  *Id.* Further, the objective prong is a question for the Court.  *Bard Peripheral Vascular,*

*Inc.* v. *W.L. Gore & Assocs. Inc.*, 682 F.3d 1003 (Fed. Cir. 2012) (en banc).   The subjective prong is a question of fact for the jury.  *Id.* at 1006.

***Indirect Infringement***

Under 35 U.S.C. § 271(b), induced infringement requires a showing of: (1) direct infringement by another; and (2) that the defendant specifically intended to induce another's infringement with the knowledge that the other's conduct constituted infringement.  *See Global-Tech Appliances, Inc. v. SEB S.A.*, 131 S.Ct. 2060, 2062 (2011); *cf. MEMC Elec. Materials, Inc. v. Mitsubishi Materials Silicon Corp.*, 420 F.3d 1369, 1378 (Fed. Cir. 2005) (holding induced infringement requires a showing of: (1) direct infringement by another; and (2) that the defendant knowingly induced the infringement with the specific intent to encourage the other's infringement).   A party is liable for induced infringement if it knew that the induced acts constituted patent infringement.  *See Global-Tech*, 131 S.Ct. at 2068.   Under Section 271(c), contributory infringement requires proof of the same level of knowledge.  *Id.*

### DISCUSSION

***Samsung and HTC's MSJ***

#### A.  Willfulness

Samsung[1] asserts that non-infringement defenses based on reasonable claim construction preclude a finding of willful infringement.   6:13CV448, Doc. No. 318 at 3 (citing *Uniloc v. Microsoft,* 632 F.3d 1292, 1310 (Fed. Cir. 2011)).   Samsung further asserts that the Court acknowledged the reasonableness of Samsung's claim construction positions when it construed the disputed terms even though it did not ultimately adopt Samsung's positions.   *Id.* at 4.  Samsung argues that its concurrently filed summary judgment motions for invalidity under 35 U.S.C §§ 101, 102, and 103 also preclude a finding of willfulness.  *Id.*

---

[1] HTC did not move for summary judgment of no willfulness.

4

Samsung also notes that Smartflash never sought a preliminary injunction.  *Id.* at 6.  Samsung argues this shows Smartflash had questions about its patents' validity and therefore, further precludes a finding of willfulness.  *Id.*  Moreover, Samsung argues that Smartflash never sought leave for summary judgment, indicating that it knew there were factual issues that would require trial on validity and infringement. *Id.*  Even if Smartflash's allegations are true, Samsung maintains Smartflash cannot establish the subjective intent to find willfulness because its allegations relate to at least two years before the patents in suit issued.  *Id.* at 7–8.  Finally, Samsung asserts that Smartflash has offered no evidence to support its willfulness allegations.

Smartflash responds that willfulness should be determined after a fully developed record on infringement and that Samsung's motion is premature.  6:13CV448, Doc. No. 343 at 2.  Smartflash maintains that Samsung has not shown its claim construction positions were reasonable nor can reasonable claim construction positions alone preclude a finding of willfulness.  *Id.* at 4.  Additionally, Smartflash contends that Samsung has not shown its invalidity positions are reasonable by citing only to its pending summary judgment motions.  *Id.* at 5.

Further, Smartflash argues there is no *per se* rule regarding a plaintiff's decision not to seek a preliminary injunction.  *Id.* at 6 (citing *Affinity Labs of Texas, LLC v. Alpine Elecs. of Am., Inc.*, 9:08-CV-171, No. 2009 WL 9091275 (E.D. Tex. Sept. 2, 2009) (finding that Federal Circuit comments in *Seagate*[2] to the contrary were dicta)).  Additionally, Smartflash asserts that it has

---

[2]  *Seagate* stated:

> It is certainly true that patent infringement is an ongoing offense that can continue after litigation has commenced.  However, when a complaint is filed, a patentee must have a good faith basis for alleging willful infringement. FED. R. CIV. P. 8, 11(b).  So a willfulness claim asserted in the original complaint must necessarily be grounded exclusively in the accused infringer's pre-filing conduct.  By contrast, when an accused infringer's post-filing conduct is reckless, a patentee can move for a preliminary injunction, which generally provides an adequate remedy for combating post-filing willful infringement . . . A patentee who does not attempt to stop an accused infringer's

produced enough evidence such that a reasonable juror could find that Samsung had pre-suit notice of the patents-in-suit even though the patents had not issued, including: publication on the USPTO website; information on the website maintained by Smartflash; citations as prior art in Samsung's own patents; and discussions between Mr. Racz's company and Samsung on commercializing the patented technology. *Id.* at 8–9. Smartflash also asserts that Samsung (and HTC) engineers remain willfully blind by not searching for, or taking patents into account, when developing products. *Id.*

Drawing all reasonable inferences in favor of Smartflash as the non-moving party, Samsung fails to show that summary judgment is appropriate at this stage. To the extent that Samsung argues its claims construction positions were reasonable, that fact alone would not show as a matter of law that Samsung had an objectively reasonable belief of non-infringement at the time of alleged infringement. Contrary to Samsung's assertion, Samsung has not shown that it is undisputed that it would not infringe under its proposed constructions. *C.f. Uniloc USA, Inc. v. Microsoft Corp.*, 632 F.3d 1292, 1310 (Fed. Cir. 2011) (affirming the district court's grant of JMOL of no willfulness where plaintiff did not present any evidence at trial or on appeal of objectively reckless unreasonable conduct); *Tarkus Imaging, Inc. v. Adobe Sys., Inc.*, 867 F. Supp. 2d 534, 537 (D. Del. 2012) (granting summary judgment of no willfulness under which the accused products did not infringe under reasonable constructions for claim terms).

Neither do the concurrently-filed motions for summary judgment—based on the current state of the law—preclude a finding of willfulness at this stage. Samsung may only rely on defenses that were available and reasonable at the time of infringement. *i4i Ltd. P'ship v.*

---

activities in this manner should not be allowed to accrue enhanced damages based solely on the infringer's post-filing conduct. Similarly, if a patentee attempts to secure injunctive relief but fails, it is likely the infringement did not rise to the level of recklessness.

*Seagate*, 497 F.3d at 1374.

*Microsoft Corp.*, 670 F. Supp. 2d 568, 581–82 (E.D. Tex. 2009).   Samsung bases two of its motions for summary judgment of invalidity largely upon areas of patent law that have significantly changed since litigation began—subject matter eligibility and indefiniteness.[3]  As to other invalidity defenses, merely citing the other filed motions for summary judgment does not show that those asserted defenses are reasonable.[4]

Further, that Smartflash did not file for a preliminary injunction does not require granting a motion for summary judgment of no willfulness.  This case is different from *Anascape* where the plaintiff had its pre-filing willful infringement claim denied at summary judgment, which also justified denying its post-filing claim.  *Anascape, Ltd. v. Microsoft Corp.*, 9:06-CV-458, 2008 WL 7182476, at *3 (E.D. Tex. Apr. 25, 2008).  Here, Smartflash raises issues of fact to support pre-filing willfulness, particularly that Samsung cited the patents-in-suit as prior art in its own patents, and Mr. Racz discussed commercialization with Samsung.  Other cases have found that summary judgment is justified where the plaintiff has only alleged post-filling willfulness. *See e.g., Webmap Technologies, LLC v. Google, Inc.,* No. 2:09-CV-343, 2010 WL 3768097, at *3 (E.D. Tex. Sept. 10, 2010).  Those cases are inapplicable here where Smartflash also alleges pre-filing willfulness.  Granting Samsung's Motion for Summary Judgment of No Willfulness is inappropriate because issues of material fact remain regarding the issue of willful infringement.

## B.  Indirect Infringement

Samsung and HTC assert that the more culpable specific intent requirements for finding indirect infringement are also not met where Samsung held reasonable non-infringement and

---

[3]  Samsung bases it Motion for Summary Judgment for Invalidity Pursuant to 35 U.S.C. § 101 on *Alice Corp. v. CLS Bank Int'l.*, 134 S.Ct. 2347 (2014), and its Motion for Summary Judgment for Invalidity Regarding Indefiniteness on *Nautilus, Inc. v. Biosig Instruments, Inc*., 134 S. Ct. 2120 (2014).

[4]  Any reasonableness that might otherwise be inferred by the Court's grant of leave to file summary judgment motions is negated here, where Defendants defeated the purposes of the Court's letter brief procedures.  *See e.g.* 6:13CV447, Doc. No. 260.

invalidity positions.  6:13CV448, Doc. No. 318 at 10 (citing *Global-Tech Appliances, Inc. v. SEB SA*, 131 S. Ct. 2060, 2067–68 (2011) (stating inducement or contributory infringement can be established by demonstrating willful blindness)).  HTC asserts the same claim construction, non-infringement and invalidity positions, which Samsung and HTC argue are reasonable.  *Id.* Based on those positions, Samsung and HTC argue that because Smartflash cannot show willful infringement for Samsung, it cannot show indirect infringement for either Samsung or HTC as a matter of law.  *Id.*

Smartflash responds that Samsung and HTC's allegedly good faith beliefs do not preclude finding indirect infringement.  6:13CV448, Doc. No. 343 at 10.  Smartflash cites *Commil USA, LLC v. Cisco Sys., Inc.,* 720 F.3d 1361, 1368–69 (Fed. Cir. 2013), for the proposition that allegedly good-faith defenses "should be considered by the fact-finder" when deciding indirect infringement.  *Id.*  Moreover, Smartflash asserts that Defendants cannot rely on litigation defenses that would not have been available and reasonable at the time of infringement. Doc. No. 380 at 2 (citing *i4i Ltd.*, 670 F. Supp. 2d at 581–82).

Samsung and HTC's argument for summary judgment of no indirect infringement rests on Samsung's successful argument that Smartflash cannot show willful infringement for Samsung.  As noted above, disputed issues of fact remain about the intent involved in the alleged infringement.  The parities dispute the extent that Samsung knew or should have known about the patented technology from commercialization discussions with Mr. Racz or citing the patents-in-suit as prior art.  Similarly, issues of material fact remain regarding willful blindness where numerous Samsung and HTC—sophisticated technology companies—employees testified that they do not review patents when developing products.  Accordingly, granting Samsung and HTC's Motion for Summary Judgment of No Indirect Infringement is inappropriate at this stage.

*Apple's MSJ*

### A.  Willfulness

Apple asserts the Court should grant summary judgment of no pre-suit willfulness by comparing this case to *Anascape*.  6:13CV447, Doc. No. 267 at 2–4.  According to Apple, it is entitled to summary judgment because Smartflash admits it did not notify Apple of alleged infringement and did not move for a preliminary injunction.  *Id*. at 3.  Apple asserts that Mr. Unterhalter did not notify it of its patents or alleged infringement prior to suit.  *Id.* It further asserts that Mr. Racz admitted Smartflash does not have evidence of copying.  *Id.*  Apple argues that Mr. Furrugia could not have been aware of Mr. Racz's patents because Mr. Racz does not remember meeting Mr. Furrugia.  *Id.*  Apple further cites *Anascape* as standing for the proposition that because Smartflash did not move for a preliminary injunction, it cannot accrue enhanced damages for post-filling willful infringement.  *Id.* at 4–5.  Like Samsung, Apple also asserts that its reasonable claim construction positions and invalidity arguments preclude willful infringement.  *Id.* at 5.

Smartflash argues that Apple's pre-suit arguments improperly focus on only the subjective prong of willfulness, and it fails to meet its summary judgment burden on the objective prong.  6:13CV447, Doc. No. 296 at 2.  With respect to the subjective prong, Smartflash asserts that it presents evidence that Mr. Farrugia worked at Gemplus during the time Mr. Racz attempted to commercialize the patented technology with it, that Mr. Farrugia may have met Mr. Racz and learned about the patents, that Mr. Farrugia likely received company literature about the patents, and that Apple hired Mr. Farrugia to develop systems that contribute to the alleged infringement of the patented technology.  *Id.* at 4.

Smartflash asserts this case is distinguishable from *Anascape* by pointing to its allegations of copying and the online and publically available information about the patents. *Id.* Moreover, Smartflash notes that the *Anascape* court discounted certain evidence that did not weigh into the objective prong and argues that Apple focuses solely on the subjective prong. *Id.* Regarding post-suit infringement, Smartflash again asserts that there is no *per se* rule against finding post-filing willfulness where plaintiffs have not moved for a preliminary injunction. *Id.* at 5. Smartflash argues that Apple fails to meet its burden for summary judgment by simply asserting its defenses and claim construction positions were in good faith and reasonable. *Id.* at 6–7. Further, Smartflash contends that determining the reasonableness of Apples position is better suited after a fully developed trial record. *Id.* at 7.

As with the Samsung and HTC motion, when all reasonable inferences are drawn in Smartflash's favor, Smartflash raises a genuine issue of material fact for its pre-suit willfulness claim against Apple. Questions remain about whether Mr. Farrugia knew or should have known about the patents-in-suit as Head of Research and Development. Apple fails to establish that there are no genuine issues of fact to support pre-filing willfulness. Thus, *Anascape* does not bear any more on the outcome of Apple's Motion for Summary Judgment of No Willfulness than on Samsung's. Similarly, granting summary judgment at this stage is inappropriate.

### B.  Indirect Infringement

Apple argues that indirect infringement cannot be found because no evidence supports Smartflash's claim that Apple subjectively believed it was infringing or was willfully blind. 6:13CV447, Doc. No. 267 at 6. Apple cites *Global-Tech* in contrast to this case, maintaining it did not copy the patented device and asserting Smartflash presents is no evidence to support copying. *Id.* at 7. In further support of its argument, Apple reasserts its factual bases for finding

10

no willfulness—lack of pre-suit notice of the patents and post-suit good faith belief in its defenses. *Id.*

Smartflash responds that it has offered enough evidence to create a genuine issue of material fact that Apple had knowledge of infringement, that evidence of copying exists, and that Apple took deliberate actions to avoid knowledge of infringement. 6:13CV447, Doc. No. 296 at 8. Additionally, Smartflash asserts that Apple fails to provide any support for the reasonableness of its defenses other than pointing to its other summary judgment motions and that Patent Trial and Appeal Board ("PTAB") instituted review on some of the patents-in-suit. 6:13CV447, Doc. No. 332 at 3.

As with Samsung and HTC, Smartflash and Apple dispute the factual bases that may support finding indirect infringement. Although Apple maintains that there is no direct evidence of copying, reasonable inferences must be drawn about the sharing of information within Gemplus. Thus, questions remain about whether Mr. Farrugia, as Head of Research and Development, had knowledge of the patented technology or took deliberate actions to avoid such knowledge while at Gemplus when Mr. Racz worked with the company to commercialize his inventions. Moreover, Apple's bare assertions that its summary judgment motions[5] and that the PTAB instituted review of some of the patents show that its defenses are reasonable are unavailing. Smartflash presents enough evidence to raise a genuine issue of material fact about whether Apple had the specific intent required for indirect infringement to preclude granting summary judgment at this stage.

## CONCLUSION

Defendants failed to meet their burdens to show that there is no genuine dispute of any material fact that could support finding willful or indirect infringement. Accordingly, the Court

---

[5] *See supra* note 4.

recommends Samsung and HTC's Motion for Summary Judgment of No Willful and Indirect Infringement (6:13CV448, Doc. No. 318) and Apple's Motion for Summary Judgment of No Willful Infringement and No Indirect Infringement (6:13CV447, Doc. No. 267) be **DENIED**.

Within fourteen days after receipt of the Magistrate Judge's report, any party may serve and file written objections to the findings and recommendations of the Magistrate Judge.  28 U.S.C. § 636(b).

A party's failure to file written objections to the findings, conclusions, and recommendations contained in this Report within fourteen days after service shall bar that party from de novo review by the District Judge of those findings, conclusions, and recommendations, and except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted and adopted by the district court.  Douglass v. United Services Auto. Assn., 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc), superseded by statute on other grounds; 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

So ORDERED and SIGNED this 5th day of January, 2015.


K. NICOLE MITCHELL
UNITED STATES MAGISTRATE JUDGE