IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| SMARTFLASH LLC, *et al.*, | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | CASE NO. 6:13-CV-447-JRG-KNM |
| | § | |
| APPLE INC, *et al.*, | § | |
| | § | |
| Defendants. | § | |

**ORDER REGARDING MOTIONS *IN LIMINE***

Before the Court are Plaintiffs' Motions *in Limine* (Doc. No. 377), Apple Inc.'s ("Apple") Motions *in Limine* (Doc. No. 375), and Apple's Supplemental Motion *in Limine* (Doc. No 395). The Court held a first pretrial conference in this case January 6, 2015. On January 26, 2015, the Court held a second pretrial conference. The Court rules as follows.

**Plaintiffs' Motions *in Limine* (Doc. No. 377)**

A. Any argument, testimony, evidence, reference, or suggestion that relates to or invokes claim construction issues or otherwise undermines or collaterally attacks the Court's claim constructions, including, for example, presenting arguments or opinions inconsistent with the Court's claim constructions, presenting arguments or opinions that the claims or inventions are limited to a smart flash card, smartcard, or IC card (for example, based on preferred embodiments, company names, past company names, and commercial embodiments), presenting indefiniteness arguments or opinions based on the Court's claim construction, presenting arguments or opinions that compare or contrast the accused products to smart cards or commercial embodiments.
**GRANTED**. It is further **ORDERED** that Plaintiffs notify Apple whether copying will be in the case at least forty-eight hours before trial.

B. Any argument, testimony, evidence, reference, or suggestion that Smartflash does not own the patents in suit or that Smartflash does not have the right to sue Apple for patent infringement.

**CARRIED** pending resolution of the issue of standing by the Court.

C. Any use, for any purpose, of any prior art references not among Defendants' final elected references.

**GRANTED**. This Motion *in Limine* does **not** preclude experts from opining generally about the state of the art. During argument on this Motion, the parties raised a dispute over Stephen Ansel testifying as to prior art. After hearing further argument on the issue, the Court **ORDERS** that Mr. Ansel's testimony is limited to the four corners of his prior art patent, and he shall **not** testify as to particular embodiments.

D. Any argument, testimony, evidence, or reference concerning Apple's licenses to the prior art or concerning Apple's own patents.

**GRANTED**. This Motion *in Limine* does **not** preclude Apple from testifying generally regarding Apple's ownership of patents and licenses.

E. Any argument, evidence, testimony, or reference that Smartflash or any of its investors is a "shell company," "shell corporation," or "trust," or any insinuation that any trusts or other aspects of Smartflash's corporate structure are suspicious or improper," or any argument, evidence, testimony, or reference to Apple's job creation in the United States.

**GRANTED** subject to the parties' agreement that Apple will not refer to Smartflash as a shell company or similar and Plaintiffs will not discuss Apple's own corporate structure or patent assertion practices. Apple also agreed to limit its discussion of job creation to the number of its employees in the U.S., abroad, and in Texas. This Motion *in Limine* does **not** preclude Apple from discussing these facts about Smartflash: (1) when Smartflash opened its Tyler office; (2) when Smartflash filed suit; and (3) whether Smartflash makes a product. Apple shall **not** argue that Smartflash has zero employees in Tyler.

F.  Any evidence, testimony, opinion, or reference regarding any request for PTAB review that is pending at the time of trial as to any claim of the patents in suit, including any review that has been instituted. This motion does not preclude discussion of PTAB review that was denied or not instituted as to any claim.

**GRANTED-IN-PART**. Pursuant to the Court's ruling on Apple's related Motion *in Limine* 4, the last sentence is stricken from this Motion *in Limine*.

G.  Any argument, evidence, testimony, or reference to issues to be decided by the Court, such as laches, equitable estoppel, indefiniteness, injunction/post-trial damages, exceptional case/enhanced damages, attorneys' fees, ownership, 35 U.S.C. § 101, or post and pre-trial interest.

**GRANTED**.

H.  Any argument, evidence, testimony, or reference regarding unaccepted offers to purchase any interest in the Smartflash patents.

**DENIED**.

I.  Any argument, evidence, testimony, or reference involving live, physical demonstrations of alleged prior art.

**STIPULATED**:

> With respect to Smartflash's Motion *in Limine* I, Defendants may present DXAPL 240, a Sony Memory Stick Walkman and CD, to the jury. The parties agree that this presentation will not include a live physical demonstration of the Sony Memory Stick Walkman system that purports to invalidate the asserted claims. This agreement does not preclude Defendants from otherwise presenting evidence and opinion that such a device invalidates the asserted claims. Except as agreed above regarding DX-APL 240 and related evidence and opinion, Defendants will not present additional live physical demonstrations of alleged prior art.

J.  Any argument, testimony, evidence, or reference regarding Smartflash's other litigation, or regarding unrelated patent infringement litigation initiated against Apple.

**GRANTED**.

**Apple's Motions *in Limine* (Doc. No. 375)**

1. To exclude any testimony, evidence, or argument during trial referencing any royalty sought by Apple in any other litigation.

    **STIPULATED**:

    > Apple will agree that Smartflash (or its witnesses) can say that in a previous litigation where Apple was a plaintiff against a competitor, Apple sought a running royalty and that Apple's damages expert relied, in part, on a survey to support his opinions. No party or witness will refer to royalty rates or damages sought by Apple against others in litigation or otherwise on Apple patents.

2. To exclude any testimony, evidence, or argument during trial referencing the compensation or stock holdings of any current or former Apple employee, including Tim Cook.

    **AGREED**.  Apple stipulated that it would **not** reference any ownership or compensation of any person associated with Smartflash, but Plaintiffs' counsel may elicit from Mr. Racz (the inventor of the patents-in-suit) that he has an interest in the outcome of the case.  Additionally, Plaintiffs will **not** make reference to the equity ownership or compensation of an Apple employee.

3. To exclude any testimony, evidence, or argument during trial referencing whether payment in any amount would create disruption or burden to Apple's operations or business.

    **GRANTED**.  Apple represented it would not say, imply, or suggest that a judgment in this case or award of damages would cause a disruption in Apple's business or cause a burden to its operations.

4. To exclude evidence, testimony, or argument during trial referencing any CBM petition or CBM proceeding that involves the patents-in-suit.

    **GRANTED**.

5. To exclude evidence, testimony, or argument during trial referencing Apple's assertion of its patent rights, including but not limited to any Apple involvement with Rockstar Consortium.

    **GRANTED**.

6. To exclude any testimony, evidence, or argument during trial referencing any royalty or royalty rate associated with Smartflash's settlements with Robot Entertainment,

Inc., KingsIsle Entertainment, Inc., or Game Circus LLC. This motion does not exclude any testimony, evidence, or argument during trial referencing the fact that license agreements exist between Smartflash and Robot Entertainment, Inc., KingsIsle Entertainment, Inc., and Game Circus LLC.

**GRANTED** as modified pursuant to the parties' agreement that licenses referenced in the second sentence above are also excluded.

7. To exclude any argument, testimony, evidence, or reference during trial to the parties' privilege logs or assertions of privilege.

   **STIPULATED**:

   > Smartflash will not refer to total Apple revenue/profits or revenue/profits for the accused products. Smartflash will only refer to the apportioned base as it calculates it. Apple agrees to Smartflash using profit margin on the accused products.

8. To exclude any argument, testimony, evidence, or reference during trial to the parties' privilege logs or assertions of privilege.

   **GRANTED**. The parties shall approach the bench before asking questions that may elicit privileged information. This Motion *in Limine* does **not** preclude Plaintiffs from asking a witness if he or she reviewed patents. Additionally, Apple represented that its engineer-witnesses would not testify that they analyzed the patents-in-suit and determined Apple's products do not infringe.

9. To exclude any testimony, evidence or argument during trial referencing Defendants' entry into a joint defense agreement or the existence of a joint defense privilege.

   **AGREED**. The parties stipulated that there is no need to mention a joint defense agreement if there is no discussion of other non-party defendants in other litigation related to the Court's ruling on Plaintiffs' Motion *in Limine* J.

10. To exclude any testimony, evidence, or argument during trial referencing race or ethnicity.

    **GRANTED**.

**Apple's Supplemental Motion *in Limine* (Doc. No. 395)**

11.  To exclude any testimony, evidence, or argument during trial referencing the testimony of Jeffrey B. Lotspiech regarding Apple purportedly trying to obtain a benefit by feigning interest in (a) purchasing technology from third parties, or (b) partnering with third parties.
    **GRANTED**.

So ORDERED and SIGNED this 29th day of January, 2015.

_____
K. NICOLE MITCHELL
UNITED STATES MAGISTRATE JUDGE