# EXHIBIT 1

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**TYLER DIVISION**

| | |
|---|---|
| SMARTFLASH LLC and SMARTFLASH TECHNOLOGIES LIMITED, <br><br> Plaintiffs, <br><br> v. <br><br> APPLE INC., ROBOT ENTERTAINMENT, INC., KINGSISLE ENTERTAINMENT, INC., and GAME CIRCUS LLC, <br><br> Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) )    Case No. 6:13-cv-00447-JRG-KNM <br><br> **JURY TRIAL DEMANDED** |

**SUPPLEMENTAL EXPERT REPORT OF ANTHONY WECHSELBERGER**
**REGARDING INVALIDITY**

**TABLE OF EXHIBITS**

| EXHIBIT | DESCRIPTION |
|---------|-------------|
| Exhibit C | Materials Reviewed and Relied Upon (updated) |

## I.     INTRODUCTION

1.      My name is Anthony Wechselberger.  I am the President of Entropy Management Solutions (EMS), a consulting company I founded in 1999.  I have personal knowledge of the facts and opinions set forth in this declaration, and, if called upon to do so, I would testify competently thereto.

2.      I have been retained by Apple Inc. to provide assistance in the *Smartflash v. Apple* matter.  I previously provided an expert report (my "Opening Report") in this matter regarding the validity of claims 1, 11, 13, 14, and 15 of U.S. Patent No. 7,334,720 ("the '720 patent"); claims 6, 7, 8, 13, 14, 16, and 18 of U.S. Patent No. 7,942,317 ("the '317 patent"); claims 7, 8, 10, and 11 of U.S. Patent No. 8,033,458  ("the '458 patent"); claims 2, 7, 13, 15, 26, and 31 of U.S. Patent No. 8,061,598 ("the '598 patent"); claims 2, 11, 14, and 32 of U.S. Patent No. 8,118,221 ("the '221 patent"); and claims 5, 10, 14, 22, 26, and 32 of U.S. Patent No. 8,336,772 ("the '772 patent") (collectively, the "asserted patents"), which I understand was served on August 25, 2014.  I also understand that since the service of my Opening Report, certain of those claims are no longer an issue in this matter.

## II.    OPINIONS REGARDING COURT'S 1/26/2015 ORDER

3.      I understand that on January 26, 2015, the Court issued an order regarding an additional claim construction for the terms "content data memory," "data memory," "parameter memory," "use rule memory,"  "use status data," and "use rules" ("1/26/2015 Order") as follows:

> Thus, for claims reciting both "data memory" and "parameter memory" or "use rule memory,"[3] the "content data memory" or "data memory" must be logically separate from the "parameter memory" or "use rule memory."  Likewise, the claims require "use status data" and "use rules" to be stored separately from content only where the claims explicitly recite such a requirement, such as by distinctly reciting different memories.

1

³ Of the claims that the parties have addressed, the claims that fall into this category are Claim 1 of the '720 Patent and Claims 2, 7, and 15 of the '598 Patent. *See* 6:14CV447, Doc. 360 at 2; id., Doc. No. 365 at 6. Claim 31 of the '598 Patent requires similar treatment.

*See* 1/26/2015 Memorandum Opinion And Order (Dkt. 432) at 11.  I also understand, as referenced in the Court's footnote 3, above, that based on the Court's 1/26/2015 Order, "logically separate storage is also required for 'parameter memory' and content for Claim 31 of the '598 patent." *See id.* at 10, 11 n.3.

4.    I have reviewed and analyzed the Court's 1/26/2015 Order and provide this Supplemental Report in response.  I have also attached here an updated version of Exhibit C to my Opening Report to reflect the materials I reviewed and relied upon for my Opening Report and this Supplemental Report.

5.    In my Opening Report, I provided opinions, analysis, and evidence regarding invalidity under 35 U.S.C. §§ 102 and 103.  *See, e.g.*, Opening Report at § IX and Exs. D-L. Support for my anticipation and obviousness opinions regarding "content data memory," "data memory," "parameter memory," "use rule memory,"  "use status data," and "use rules" based on the 1/26/2015 Order can be found in my Opening Report.  This includes, for example, evidence and analysis related to my discussion of the prior art disclosure under Apple's proposed constructions of those terms.  I have reviewed such evidence and analysis in my Opening Report, in view of the Court's latest construction, and have concluded that "logically separate" storage is also disclosed, and that support for that conclusion can be found in the prior art disclosures included in my Opening Report, including those in § IX and Exs. D-L of my Opening Report.  In addition, further support under the Court's 1/26/2015 Order can be found as discussed below.

6.    For example, U.S. Patent No. 6,389,538 ("the Gruse patent" or "Gruse") and the IBM System disclose storing usage conditions logically separate from content.  Usage conditions defining limitations on how content can be utilized are defined, including types of use, purchase

2

or rental limitations, location restrictions, and parameters relating to these usage conditions.  The usage conditions are generated for the retail or sales phase, and become attached to the product at the consumption phase.  *See, e.g.*, the Gruse patent at 23:19-38, 61:62-62:61; *see also, e.g.*, Opening Report at ¶¶ 148-152, Exs. D, L.  These usage conditions can be associated with or attached to the product in two different ways: (1) via storing the usage conditions with the content (an embodiment the Gruse patent refers to as "watermarking"), or (2) by securely storing the usage conditions separate from the content.  The Gruse patent at 23:60-24:8; *see also* APP-SF_00277164 (DX_APL 030).  When usage conditions are securely stored, they are "encoded" into a group of "Store Usage Conditions" stored on the device.  The Gruse patent at 28:32-42.  These securely stored usage conditions are stored logically separate from the content.

7.      U.S. Patent No. 8,367,019 ("the Ansell patent" or "Ansell") also discloses use rules or access rules that are stored in a memory that is logically separate from memory that stores content.  For example, Figure 3 shows an exemplary "secure portable track" (SPT) memory container 116 that includes a header 302 and several "image 304" content elements.  Ansell discloses that "all images of SPT 116 collectively represent the substantive content of SPT 116, e.g., digitally represented music."  Ansell at 5:62-64.  The content contained in an SPT has associated restrictions that are stored in header 302 of the SPT.  *See, e.g.*, *id*. at Fig. 9 and 11:11-18.  Ansell discloses that "storage media 202 (FIG. 5) is installed in portable player 150 such that SPTs 116 are accessible to portable player 150," that "[p]ortable player 150 includes player logic 502A which includes circuitry and/or computer software to implement the functions performed by portable player 150," and that during playback, "player logic 502A reads SPT 116 and parses header 302 therefrom…."  *See, e.g.*, *id*. at 8:6-17.

8.      U.S. Patent No. 5,915,019 ("the Ginter patent" or "Ginter") also discloses storing use rules or access rules in a memory that is logically separate from memory storing content.  For

3

example, Figure 5A of Ginter depicts a "container 302" that stores both content ("Information Content 304") and use rules ("Permissions Record 808" and "Budgets 309").  Ginter explicitly discloses that the rules and content in that container may be stored in memories that are logically separate.  As Ginter describes, "the container 302 may 'contain' items without those items actually being stored within the container." *See* the Ginter patent at 58:47-49.  The container "may reference items that are available elsewhere, such as in other containers or at remote sites." *Id*. at 58:49-51.  Particularly when items are too large to be stored within the container, they may be stored elsewhere (*e.g.*, in a logically separate memory).  *See id.* at 58:52-56.

Dated:  February 4, 2015

Respectfully Submitted,

Anthony Wechselberger

Anthony Wechselberger

# EXHIBIT C

EXHIBIT C
MATERIALS REVIEWED AND RELIED UPON

| DESCRIPTION | BATES RANGE |
| --- | --- |
| U.S. Patent No. 7,334,720 (Hulst et al.) | |
| U.S. Patent No. 7,942,317 (Racz et al.) | |
| U.S. Patent No. 8,033,458 (Hulst et al.) | |
| U.S. Patent No. 8,061,598 (Racz et al.) | |
| U.S. Patent No. 8,118,221 (Racz et al.) | |
| U.S. Patent No. 8,336,772 (Racz et al.) | |
| File History for USPN 7,334,720 | SF00006199 - SF00006510 |
| File History for USPN 7,942,317 | SF00005612 - SF00006198 |
| File History for USPN 8,033,458 | SF00006511 - SF00006711 |
| File History for USPN 8,061,598 | SF00006712 - SF00006947 |
| File History for USPN 8,118,221 | SF00006948 - SF00007190 |
| File History for USPN 8,336,772 | SF00007191 - SF00007381 |
| Certified WO 01/31599 A1 - Data Storage and Access Systems. Hermen-Ard Hulst. | SF00009230 - SF00009313 |
| U.S. Patent No.  5,629,980 (Stefik et al.) | APP-SF_00277480 – APP-SF_00277524 |
| U.S. Patent No. 6,385,596 (Wiser et al.) | APP-SF_00276622 - APP-SF_00276661 |
| U.S. Patent No. 4,878,245 (Bradley et al) | APP-SF_06522025 - APP-SF_06522051 |
| U.S. Patent No. 4,999,806 (Chernow et al.) | APP-SF_06522011 - APP-SF_06522024 |
| U.S. Patent No. 5,103,392 (Mori) | APP-SF_00277441 - APP-SF_00277460 |
| U.S. Patent No. 5,530,235 (Stefik et al.) | APP-SF_00277461 - APP-SF_00277479 |
| U.S. Patent No. 5,675,734 (Hair et al.) | APP-SF_06522137 - APP-SF_06522163 |
| U.S. Patent No. 5,915,019 (Ginter et al.) | APP-SF_00277692 - APP-SF_00278008 |

1

| DESCRIPTION | BATES RANGE |
|---|---|
| U.S. Patent No. 6,055,314 (Spies et al.) | APP-SF_00278347 - APP-SF_00278374 |
| U.S. Patent No. 6,142,369 (Jonstromer) | APP-SF_00278375 - APP-SF_00278382 |
| U.S. Patent No. 6,170,060 (Mott et al.) | APP-SF_00278383- APP-SF_00278406 |
| U.S. Patent No. 6,223,291 (Puhl et al.) | APP-SF _00278407- APP-SF_00278423 |
| U.S. Patent No. 6,226,618 (Downs et al.) | APP-SF_00277154- APP-SF_00277155 |
| U.S. Patent No. 6,282,653 (Berstis) | APP-SF_00276582 - APP-SF_00276596 |
| U.S. Patent No. 6,367,019 (Ansell et al.) | APP-SF_00276597 - APP-SF_00276621 |
| U.S. Patent No. 6,389,538 (Gruse et al.) | APP-SF _00276662- APP-SF_00276733 |
| U.S. Patent No. 6,697,948 (Rabin et al.) | APP-SF _00276758- APP-SF_00276808 |
| U.S. Patent No. 6,829,711 (Kwok et al.) | APP-SF_00276809 - APP-SF_00276819 |
| U.S. Patent No. 7,191,153 (Braitberg et al.) | APP-SF_00276820 - APP-SF_00276832 |
| U.S. Patent No. 6,314,409 (Schneck et al.) | APP-SF_06522052 - APP-SF_06522101 |
| U.S. Patent No. 5,036,537 (Jeffers et al.) | APP-SF_06525023 - APP-SF_06525036 |
| U.S. Patent No. 4,685,131 (Horne) | APP-SF_06525012 - APP-SF_06525022 |
| U.S. Patent No. 4,536,791 (Campbell et al.) | APP-SF_06524980 - APP-SF_06525011 |
| EP 0328289 A2 (Shinagawa) | APP-SF_00277188 - APP-SF_00277207 |
| Publication No. EP0809221A. (Poggio et al.) | APP-SF_00277208 - APP-SF_00277227 |
| JP Patent Application Publication No. H10-269289. (Maari) | APP-SF_00277234 - APP-SF_00277375 |
| JP Patent Application Publication No. H11-164058. (Sato et al.) June 18, 1999 | APP-SF_06521961 - APP-SF_06521973 |
| PCT Application Publication No. WO 99/43136. (Rydbeck et al.) August 26, 1999 | APP-SF_06521974 - APP-SF_06522000 |
| Von Faber, Eberhard et al., "The Secure | APP-SF_06522004 - APP-SF_06522010 |

2

| DESCRIPTION | BATES RANGE |
|---|---|
| Distribution of Digital Contents." debis IT Security Services. 1997, IEEE. | |
| William Auckerman, "NTT DoCoMo To Offer Mobile Music Downloads," October 8, 1999; | APP-SF_00277167 - APP-SF_00277168 |
| Big Blue, Big Five to unveil Net music system, The Register (Aug. 2, 1999) | APP-SF_00277154 - APP-SF_00277155 |
| Email from G. Kvamme to Jingle Server Group et al. Re: Steve's Manifesto on DRM. | APP-SF_01660188 - APP-SF_01660195 |
| Five Major Music Companies and IBM Successfully Complete Electronic Music Distribution Trial - United States (Feb. 2. 2000) | APP-SF_00277171 - APP-SF_00277173 |
| "IBM and Sony to Collaborate on Copyright Management Technologies for Digital Music Content." IBM News Room (April 15, 1999) | APP-SF_00277160 - APP-SF_00277161 |
| "IBM's Project Madison_ the music industry's Manhattan Project' The Register (Feb. 9, 1999) | APP-SF_00277156 - APP-SF_00277157 |
| Heer, Daniel N. et al. (AT&T Bell Labs) "The Heart of the New Information Appliance." IEEE. Vol. 41 No. 2. August 1995. | APP-SF_00277228 - APP-SF_00277233 |
| "RealNetworks and IBM To Collaborate On Secure Digital Music Distribution Applications" (April 12, 1999) | APP-SF_00277158 - APP-SF_00277159 |
| Shaw, Ian. "Cash on delivery – mobile consumer management goes back to basics." IEEE, 1994. | APP-SF_00277182 - APP-SF_00277187 |
| Sony Press Release – "IBM and Sony Show First Results of Collaboration with Electronic Music Distribution" (Nov. 15, 1999) | APP-SF_00277169 - APP-SF_00277170 |
| "Sony puts Memory Stick into latest Walkman." EE Times (Sept. 23, 1999) | APP-SF_00277162 - APP-SF_00277166 |
| The Sony Memory Stick Walkman (NW-MS7) | APP-SF_00278492 - APP-SF_00278495 |

3

| DESCRIPTION | BATES RANGE |
|---|---|
| and CD | |
| SDMI Portable Device Specification Part 1.Version 1.0. July 08, 1999. | APP-SF_06522102 - APP-SF_06522136 |
| "Compact Download," Sun-Sentinel, February 23, 1999 | APP-SF_06522001 - APP-SF_06522003 |
| 2001.10.25 Email from P. Racz to S. Landau re Internet PLC/GemPlus Contract | SF00001918 - SF00001923 |
| 2008.11.20 Email from Mills to Racz re Intertrust | SF-APL00000121 - SF-APL00000123 |
| 2009.12.11 Email Racz to Gregg re Arranging a call | SF-APL00001625 - SF-APL00001629 |
| 2001.06.07 GemPlus letter from Landau to Racz | SF00001892 |
| 2001.05.10 Smartflash Inc. Sales Target List | SF00000287 - SF00000289 |
| Appendix 1 - Comparison Between Key Features of SmartFlash and Other Storage Formats | SF00001970 - SF00001971 |
| Card Technology. March, 2003. Vol. 8, Number 3. | SF00004002 - SF00004061 |
| eConsumer Market: Expanding Gemplus' Lines of Business. Steve Landau. | SF00003065 - SF00003071 |
| Financial Advisory Report. | SF00041841 - SF00041856 |
| Internet PLC Business Plan | SF00000293 - SF00000402 |
| Presentation Slides - Tality (Internet PLC Player) | SF00001308 - SF00001317 |
| The Madison Project: Music Initiative for Media & Entertainment.  March 18, 1998 | IBM 0001 - IBM 0003 |
| AlbumDirect Trial Fact Sheet | IBM 0008 - IBM 0009 |

4

| DESCRIPTION | BATES RANGE |
|---|---|
| AlbumDirect Trial Technical Fact Sheet | IBM 0007 |
| 2014.08.11 Smartflash's Supplemental Response to Apple's Second Individual Interrogatory (No. 7) | |
| 2013.11.25 Smartflash's P.R. 3-1 & 3-2 Disclosure of Asserted Claims & Infringement Contentions | |
| 2014.07.31 Smartflash's Second Supplemental Responses to Defendants' First Set of Common Interrogatories (Nos. 1 - 12) | |
| 2014.07.11 Joint Patent Rule 4-5(d) Chart | |
| 2014.08.07 Deposition Transcript of Patrick Racz Vol. 1 | |
| 2014.08.08 Deposition Transcript of Patrick Racz Vol. 2 | |
| 2014.08.19 Nigel Mifsud (Kestrel) Deposition Transcript | |
| 2014.08.08 Deposition Transcript of Max Muller | |
| 2014.07.02 Deposition Transcript of Augustin Farrugia | |
| 2014.07.31 Deposition Transcript of Chris Bell | |
| 2014.07.01 Deposition Transcript of Alan Ward | |
| 2014.09.24 Report and Recommendation | |
| 2014.12.04 Order Adopting Report and Recommendation of United State Magistrate Judge | |
| 2015.01.26 Memorandum Opinion and Order | |

Exhibit C To The Opening and Supplemental Expert Reports Of Anthony Wechselberger (Updated)

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document was served upon the parties via email on February 4, 2015.

*/s/ Lauren N. Robinson*
Lauren N. Robinson