**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**TYLER DIVISION**

| | |
|---|---|
| SMARTFLASH LLC and<br>SMARTFLASH TECHNOLOGIES LIMITED,<br><br>   *Plaintiffs*,<br><br>  v.<br><br>APPLE INC., ROBOT ENTERTAINMENT, INC.,<br>KINGSISLE ENTERTAINMENT, INC., and<br>GAME CIRCUS LLC,<br><br>   *Defendants*. | Case No. 6:13-cv-447-JRG-KNM<br><br>**JURY TRIAL DEMANDED** |
| SMARTFLASH LLC and<br>SMARTFLASH TECHNOLOGIES LIMITED,<br><br>   *Plaintiffs*,<br><br>  v.<br><br>SAMSUNG ELECTRONICS CO., LTD., ET AL.,<br><br>   *Defendants*. | Case No. 6:13-cv-448-JRG-KNM<br><br>**JURY TRIAL DEMANDED** |

**DEFENDANTS' OBJECTIONS TO THE**
**MAGISTRATE'S JANUARY 26, 2015 MEMORANDUM OPINION AND**
<u>**ORDER ON CLAIM CONSTRUCTION**</u>

Pursuant to Fed. R. Civ. P. 72 and L.R. CV-72(c), Defendants[1] respectfully object[2] to, and request *de novo* review of, the Magistrate's January 26, 2015 Memorandum Opinion and Order ('447, Dkt. 432, '448 Dkt. 467) (the "Order").[3]  For the reasons providing in their briefing ('447, Dkt. 360, '448, Dkt. 404) and for the following reasons, certain of the Magistrate's constructions are erroneous and Defendants request that their constructions be adopted.[4]

Defendants object to the finding that "the claims require 'use status data' and 'use rules' to be stored separately from content only where the claims explicitly recite such a requirement, such as by distinctly reciting different memories."  (Order at 11.)

The Order properly recognized that the patentee "may be held to statements explaining how content data and use status data are separately stored when distinguishing over the prior art even if there were additional grounds for distinguishing the prior art." (Order at 9.)  The Order erred by ignoring its own analysis and concluding that—for claims not explicitly reciting any distinct type of memory—no degree of separation is required between use status data and stored content. (Order at 10.)  However, the Order's own analysis confirms that the prosecution history and Federal Circuit law does not support such a conclusion.  Further, the Order is inconsistent with the Report and Recommendation Regarding Defendants' Motion for Summary Judgment of

---

[1] Samsung Electronics Company, Ltd., Samsung Electronics America, Inc., HTC Corporation, HTC America, Inc., Exedea Inc., and Apple Inc. ("Defendants")

[2] Pursuant to local rules, Defendants have briefly set forth their objections, but will provide additional briefing should the Court so desire.

[3] Innova Patent Lic'g v. Alcatel-Lucent Hdgs., 2012 WL 2958231, at *1 (E.D. Tex. July 19, 2012) ("Because claim construction is a matter of law, this Court can review a magistrate judge's claim construction de novo.").

[4] The present filing is intended to address only the Court's most recent Order.  For the avoidance of doubt, Defendants continue to maintain their prior objections to the Court's September 24, 2014 Claim Construction Order ('447, Dkts. 251, 298; '448, Dkts. 303, 345).

1

Invalidity Pursuant to 35 U.S.C. § 101 which found that the "asserted claims here recite specific ways of using distinct memories." ('447, Dkt. 423 at 19, '448, Dkt. 454 at 19.)

The prior art *Hiroya* reference teaches storing content and parameters in different, logically partitioned areas of the <u>same</u> memory:



U.S. Patent No. 5,754,654, Hiroya, *et al.* (Fig. 4, showing a single "storage unit" (31) with five different, logically partitioned "storage areas" (32, 33, 34, 35, 36)).  There is no dispute that the patentees, in distinguishing *Hiroya*, made two separate statements regarding separate storage of content.  First, the patentee stated that "Hiroya does not disclose status data and use rules stored in a ***parameter memory***, wherein the use rules stored on the non-volatile memory are used to analyze the use status data stored on the non-volatile memory to determine whether access to ***separately-stored requested content*** is permitted as required in Applicants' claim 22 as amended." ('447, Dkt. 229 at 18; '448, Dkt. 274 at 18.)  Notably, this statement, which applies both to ***use status data and use rules***, limits itself to instances where the claim recites "parameter memory."  In that respect, the Order was correct in determining that claims reciting "parameter memory"—such as claim 31 of the '598 patent—appropriately fall within this construction.  (Order at 9-10.)

In contrast, the patentees' second statement—arguing that "Hiroya does not disclose *use status data stored separately from associated content data*"—does not limit itself to claims reciting "parameter memory."  ('447, Dkt. 229 at 18, '448, Dkt. 274 at 18.)  This statement by patentees was offered without reservation or limitation and should be understood as broader than the "parameter memory" statement.  Nothing in the prosecution history or the Order suggests that this statement was offered with any caveat or reservation.

The Magistrate properly recognized in both of its claim construction orders that "the applicant relied on evaluating 'separate use data' according to use rules." (Order at 9 (citing '447, Dkt. 229 at 18, '448, Dkt. 274 at 18.)  The Order also properly recognized that "'a[n] applicant's invocation of multiple grounds for distinguishing a prior art reference does not immunize each of them from being used to construe the claim language.  Rather, as [the Federal Circuit has] made clear, an applicant's argument that a prior art reference is distinguishable on a particular ground can serve as a disclaimer of claim scope *even if the applicant distinguishes the reference on other grounds as well*.'" (Order at 9 (citing *Andersen Corp. v. Fiber Composites, LLC*, 474 F.3d 1361, 1374 (Fed. Cir. 2007) (emphasis added).)  Finally, the Order properly recognized that "clear disavowal is not required to simply inform claim construction."  (*Id.* (citing *Shire Dev., LLC v. Watson Pharms., Inc.*, 746 F.3d 1326, 1332 (Fed. Cir. 2014).)

Given these undisputed facts and legal precedent, it was error to have concluded that the patentees' statement that "Hiroya does not disclose *use status data stored separately from associated content data*" does not compel Defendants' proposed claim construction.  There is no ambiguity in this statement.  Patentees must be held accountable to their arguments before the patent office.  *Andersen Corp.*, 474 F.3d at 1374; *Computer Docking Station Corp. v. Dell, Inc.*, 519 F.3d 1366, 1377 (Fed. Cir. 2008).   Accordingly, each instance of "use status data"

3

throughout the asserted claims—including claims 8, 10, and 11 of the '458 Patent and claim 32 of the '772 Patent[5]—should be construed as requiring separate storage of that use status data from associated content data.

For the foregoing reasons, Defendants object to the Order's erroneous claim construction regarding "use status data" in claims 8, 10 and 11 of the '458 Patent and claim 32 of the '772 Patent and respectfully request that this error be corrected and that each instance of "use status data" throughout the asserted claims—including claims 8, 10, and 11 of the '458 Patent and claim 32 of the '772 Patent—be construed as requiring separate storage of that "use status data" from associated content data.

---

[5] Claims 8 and 10 of the '458 patent are not asserted against Defendants in the 13-448 litigation.

Dated:  February 9, 2015                    By:   */s/ Ching-Lee Fukuda*

Ching-Lee Fukuda
NY Bar No. 2884088
(Eastern District of Texas Member)
Ching-Lee.Fukuda@ropesgray.com
Kevin J. Post (*pro hac vice*)
Kevin.Post@ropesgray.com
**ROPES & GRAY LLP**
1211 Avenue of the Americas
New York, NY 10036-8704
Telephone:  (212) 596-9000
Facsimile:  (212) 596-9050

James R. Batchelder
CA Bar No. 136347
(Eastern District of Texas Member)
James.Batchelder@ropesgray.com
Lauren N. Robinson
CA Bar No. 255028
(Eastern District of Texas Member)
Lauren.Robinson@ropesgray.com
**ROPES & GRAY LLP**
1900 University Ave., 6th Floor
East Palo Alto, CA 94303-2284
Telephone:  (650) 617-4000
Facsimile:  (650) 617-4090

Megan F. Raymond (*pro hac vice*)
Megan.Raymond@ropesgray.com
**ROPES & GRAY LLP**
700 12th St. NW Suite 900
Washington, DC 20005
Telephone:  (202) 508-4600
Facsimile:  (202) 508-4650

Eric M. Albritton
Texas State Bar No. 00790215
ema@emafirm.com
**ALBRITTON LAW FIRM**
P.O. Box 2649
Longview, Texas 75606
Telephone:  (903) 757-8449
Facsimile:  (903) 758-7397

**ATTORNEYS FOR DEFENDANT
APPLE INC.**

By:   */s/ Melissa J. Baily (w/ permission)*

        Melissa J. Baily
        CA Bar. No. 237649
        (Eastern District of Texas Member)
        melissabaily@quinnemanuel.com
        Andrew M. Holmes
        CA Bar. No. 260475
        (Eastern District of Texas Member)
        drewholmes@quinnemanuel.com
        **QUINN EMANUEL URQUHART &**
        **SULLIVAN LLP**
        50 California Street, 22nd Floor
        San Francisco, CA 94111
        Tel: 415-875-6600
        Fax: 415-875-6700

        Michael E. Jones
        State Bar No. 10929400
        mikejones@potterminton.com
        Allen F. Gardner
        State Bar No. 24043679
        allengardner@potterminton.com
        **POTTER MINTON**
        A Professional Corporation
        110 N. College, Suite 500
        Tyler, Texas 75702
        Tel: (903) 597-8311
        Fax: (903) 593-0846

        **ATTORNEY FOR DEFENDANT,**
        **SAMSUNG ELECTRONICS CO.,**
        **LTD.; SAMSUNG ELECTRONICS**
        **AMERICA, INC.; AND SAMSUNG**
        **TELECOMMUNICATIONS**
        **AMERICA, LLC**

By:   */s/ Philip A. Morin (w/ permission)*

        John P. Schnurer, Lead Attorney
        Texas State Bar No. 24072628
        jschnurer@perkinscoie.com
        Philip A. Morin
        California State Bar No. 256864
        pmorin@perkinscoie.com
        Yun Louise Lu
        California State Bar No. 253114
        llu@perkinscoie.com

**PERKINS COIE LLP**
11988 El Camino Real, Suite 350
San Diego, CA  92130-2594
Tel: 858-720-5700
Fax: 858-720-5799

Jennifer Parker Ainsworth
Texas State Bar No. 00784720
jainsworth@wilsonlawfirm.com
**WILSON, ROBERTSON &
CORNELIUS, P.C.**
909 ESE Loop 323, Suite 400
P.O. Box 7339 [75711]
Tyler, Texas 75701
Telephone: (903) 509-5000
Facsimile: (903) 509-5092

**ATTORNEY FOR DEFENDANTS
HTC CORPORATION, HTC
AMERICA, INC. AND EXEDEA, INC.**

By:    _/s/ Melissa J. Baily (w/ permission)_

Melissa J. Baily
CA Bar. No. 237649
(Eastern District of Texas Member)
melissabaily@quinnemanuel.com
Andrew M. Holmes
CA Bar. No. 260475
(Eastern District of Texas Member)
drewholmes@quinnemanuel.com
**QUINN EMANUEL URQUHART &
SULLIVAN LLP**
50 California Street, 22nd Floor
San Francisco, CA 94111
Tel: 415-875-6600
Fax: 415-875-6700

**ATTORNEY FOR DEFENDANTS
HTC CORPORATION AND HTC
AMERICA, INC.**

7

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was filed electronically in compliance with Local Rule CV-5(a) on February 9, 2015.  As such, this document was served on all counsel who are deemed to have consented to electronic service.  Local Rule CV-5(a)(3)(A).

*/s/ Ching-Lee Fukuda*
Ching-Lee Fukuda
