**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION**

| | |
|---|---|
| **SMARTFLASH LLC**, *et al.*,<br><br>    **Plaintiffs**,<br>v.<br><br>**APPLE INC.**, *et al.*,<br><br>    **Defendants.** | Case No. 6:13-CV-00447-KNM<br><br>**JURY TRIAL DEMANDED** |
| **SMARTFLASH LLC**, *et al.*,<br><br>    **Plaintiffs**,<br>v.<br><br>**SAMSUNG ELECTRONICS CO., LTD.**, *et al.*,<br><br>    **Defendants.** | Case No. 6:13-CV-00448-KNM<br><br>**JURY TRIAL DEMANDED** |

**PLAINTIFFS' OBJECTIONS TO OPINION AND ORDER
REGARDING SUPPLEMENTAL CONSTRUCTION
[6:13-cv-447, Dkt. 432; 6:13-cv-448, Dkt. 467]**

For purposes of preservation, and pursuant to Fed. R. Civ. P. 72 and L.R. CV-72, Plaintiffs Smartflash LLC and Smartflash Technologies Limited ("Smartflash") respectfully object-in-part[1] to the January 26, 2015 Memorandum Opinion and Order. Dkt. No. 432, 6:13-cv-00447 ("'447 Case"), Dkt. No. 467, 6:13-cv-00448 ("Order").

Absent express redefinition or clear and unmistakable disavowal of claim scope, a patentee is entitled to the full scope of a claim. *See Thorner v. Sony Computer Entertainment*

---

[1] Smartflash only objects to the portion of the Order finding that the applicants' disclaimed claim scope in prosecution beyond their contemporaneous amendment and that the disclaimer applied to claim 31 of the '598 patent. Smartflash does not object to the portions of the Order finding that no disclaimer applied to other types of claims.

1

*America LLC*, 669 F.3d 1362, 1367 (Fed. Cir. 2012).[2] Prosecution history disclaimer applies only when a purported disavowal of claim scope is "clear and unmistakable." *See Omega Engineering, Inc. v. Raytek*, 334 F.3d 1314, 1325-26 (Fed. Cir. 2003). If prosecution statements are susceptible to "more than one reasonable interpretation," then no "clear and unmistakable" disclaimer exists. *See SanDisk Corp. v. Memorex Products, Inc.*, 415 F.3d 1278, 1286-87 (Fed. Cir. 2005).[3] The Court's finding of prosecution history disclaimer is a finding that the applicants' disclaimed claim scope beyond that made in an amendment submitted at the same time. As detailed in Smartflash's claim construction and supplemental claim construction briefing, the applicants argued that the cited *Hiroya* reference did not have content, use rules, or use status data. The applicants' statements were explaining that *Hiroya*'s electronic ticket was designed to be presented to man-machine interfaces (e.g., kiosks) and was valid or not valid in and of itself, thereby removing any suggestion or motivation by *Hiroya* to include use data. Since this is at least one reasonable interpretation of the applicants' statements, a finding of prosecution history disclaimer is not warranted. *See Thorner,* 669 F.3d at 1367; *Omega*, 334 F.3d at 1325-26; *SanDisk Corp.*, 415 F.3d at 1286-87. Moreover, the *Shire* case did not change the standards for a finding of prosecution disclaimer. *Shire Dev., LLC v. Watson Pharms., Inc.*, 746 F.3d 1326 (Fed. Cir. 2014). In that case the Federal Circuit found that the prosecution

---

[2] *See also Grober v. Mako Prods. Inc.*, 686 F.3d 1335, 1341 (Fed. Cir. 2012) ("However, while the prosecution history can inform whether the inventor limited the claim scope in the course of prosecution, it often produces ambiguities created by ongoing negotiations between the inventor and the PTO. Therefore, the doctrine of prosecution disclaimer only applies to unambiguous disavowals").

[3] *See also Golight, Inc. v. Wal–Mart Stores, Inc.,* 355 F.3d 1327, 1332 (Fed. Cir. 2004) ("Because the statements in the prosecution history are subject to multiple reasonable interpretations, they do not constitute a clear and unmistakable departure from the ordinary meaning of the term [in dispute]."); *Cordis Corp. v. Medtronic AVE, Inc.,* 339 F.3d 1352, 1359 (Fed. Cir. 2003) ("The statement is amenable to multiple reasonable interpretations and it therefore does not constitute a clear and unmistakable surrender…").

"informed" the claim language because of explicit admissions on behalf of the patentee as well as the fact that the plain language and structure of the claims required mutual exclusivity as a result of spatial and chemical impossibilities. *See id.* at 1332.

If it applies at all, prosecution history disclaimer applies to a specific claim term, and the disclaimer does not apply to different claim terms or different claim language, including different terms or language appearing in later continuation applications. *See Ventana Med. Sys. v. Biogenex Labs.*, 473 F.3d 1173, 1182 (Fed. Cir. 2006) ("[T]he doctrine of prosecution disclaimer generally does not apply when the claim term in the descendant patent uses different language.").[4] The applicants' prosecution statements were made with respect to (now-issued) claim 1 of the '720 patent, where the plain language of the claim recites two memories and specifies what is stored in each memory. Other claims at issue where the claim language and structure tracked that of claim 1 of the '720 patent were only claims 2, 7, and 15 of the '598 patent. Any purported disclaimer should have started and stopped with that set of claims. The Court also extended the finding of the purported disclaimer to claim 31 of the '598 patent, which only has one memory and specifies what is stored in that memory. The extension of the purported disclaimer was not warranted in light of the different claim structure dictated by the plain language of the claims.

---

[4] *See also Invitrogen Corp. v. Clontech Labs., Inc.*, 429 F.3d 1052, 1078 (Fed. Cir. 2005) ("[T]he prosecution of one claim term in a parent application will generally not limit different claim language in a continuation application."); *Saunders Group, Inc. v. Comfortrac, Inc.*, 492 F.3d 1326, 1333-34 (Fed. Cir. 2007) ("When the purported disclaimers are directed to specific claim terms that have been omitted or materially altered in subsequent applications (rather than to the invention itself), those disclaimers do not apply."); *ResQNet.com, Inc. v. Lansa, Inc.*, 346 F.3d 1374, 1383 (Fed. Cir. 2003) ("Although a parent patent's prosecution history may inform the claim construction of its descendant, the [parent] patent's prosecution history is irrelevant to the meaning of this limitation because the two patents do not share the same claim language.").

3

DATED: February 9, 2015                    Respectfully submitted,

**CALDWELL CASSADY & CURRY**

_____
Bradley W. Caldwell
Texas State Bar No. 24040630
Email: bcaldwell@caldwellcc.com
Jason D. Cassady
Texas State Bar No. 24045625
Email: jcassady@caldwellcc.com
John Austin Curry
Texas State Bar No. 24059636
Email: acurry@caldwellcc.com
Daniel R. Pearson
Texas State Bar No. 24070398
Email: dpearson@caldwellcc.com
Hamad M. Hamad
Texas State Bar No. 24061268
Email: hhamad@caldwellcc.com
Justin T. Nemunaitis
Texas State Bar No. 24065815
Email: jnemunaitis@caldwellcc.com
Christopher S. Stewart
Texas State Bar No. 24079399
Email: cstewart@caldwellcc.com
John F. Summers
Texas State Bar No. 24079417
Email: jsummers@caldwellcc.com
Jason S. McManis
Texas State Bar No. 24088032
Email: jmcmanis@caldwellcc.com
Warren J. McCarty, III
Illinois State Bar No. 6313452
Email: wmccarty@caldwellcc.com
**CALDWELL CASSADY CURRY P.C.**
2101 Cedar Springs Road, Suite 1000
Dallas, Texas 75201
Telephone: (214) 888-4848
Facsimile: (214) 888-4849

T. John Ward
Texas State Bar No. 20848000
Email: tjw@wsfirm.com
T. John Ward, Jr.
Texas State Bar No. 00794818

4

Email: jw@wsfirm.com
Claire Abernathy Henry
Texas State Bar No. 24053063
claire@wsfirm.com
**Ward & Smith Law Firm**
P.O. Box 1231
1127 Judson Road, Suite 220
Longview, Texas 75606
Telephone: (903) 757-6400
Facsimile: (903) 757-2323

**ATTORNEYS FOR PLAINTIFFS SMARTFLASH, LLC AND SMARTFLASH TECHNOLOGIES LIMITED**

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was filed electronically in compliance with Local Rule CV-5(a) on February 9, 2015. As such, this document was served on all counsel who are deemed to have consented to electronic service. Local Rule CV-5(a)(3)(A).

*/s/ Bradley W. Caldwell*
Bradley W. Caldwell