# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# TYLER DIVISION

| | |
|---|---|
| SMARTFLASH LLC and<br>SMARTFLASH TECHNOLOGIES<br>LIMITED,<br><br>　　　　　Plaintiffs,<br><br>　　v.<br><br>APPLE INC., ROBOT ENTERTAINMENT,<br>INC., KINGSISLE ENTERTAINMENT, INC.,<br>and GAME CIRCUS LLC,<br><br>　　　　　Defendants. | Civil Action No. 6:13-cv-447-JRG-KNM<br><br>**JURY TRIAL DEMANDED** |

**DEFENDANT APPLE INC.'S UNOPPOSED MOTION TO SEAL TRIAL EXHIBITS**

**TABLE OF CONTENTS**

**PAGE**

I. INTRODUCTION ............................................................................................................. 1

II. LEGAL STANDARD ....................................................................................................... 1

III. THE COURT SHOULD SEAL TRIAL EXHIBITS CONTAINING HIGHLY
CONFIDENTIAL INFORMATION ................................................................................. 2

    A. Apple Highly Confidential Source Code and Technical Documents ..................... 2

    B. Apple Highly Confidential Financial Information .................................................. 3

    C. Apple Confidential Market Research and Survey Information .............................. 3

IV. CONCLUSION .................................................................................................................. 4

I.     **INTRODUCTION**

Apple files this unopposed motion to seal confidential trial exhibits in whole or in part. Mindful of the Court's desire to maintain the public availability of trial proceedings, Apple seeks sealing here only a select group of documents that contain the most sensitive Apple-confidential information. All of the trial exhibits subject to this Motion contain confidential trade secret information, disclosure of which would severely harm Apple's competitive position, and in some cases damage third parties.

The exhibits described herein contain financial data concerning Apple's product-specific revenues, unit sales, profits, and profit margins, and confidential source code and technical information. Additionally, Apple seeks to seal in part exhibits containing proprietary market research, including customer surveys conducted by Apple. As it has done in prior cases, Apple has agreed to make available redacted versions of these marketing exhibits whereby any information that was publicly cited by the parties during trial would remain unredacted.

II.    **LEGAL STANDARD**

While courts have recognized the public's common law right to inspect judicial records, this right is not absolute. *SEC v. Van Waeyenberghe*, 990 F.2d 845, 848 (5th Cir. Tex. 1993) (citing *Nixon v. Warner Communications, Inc.*, 435 U.S. 589, 597-98 (1978)). For example, it may be appropriate to seal documents when the release of those documents will cause competitive harm to a business. *Apple Inc. v. Samsung Electronics Co., Ltd.*, 727 F.3d 1214, 1221 (Fed. Cir. 2013) (noting that "the common-law right of inspection has bowed before the power of a court to insure that its records" do not "serve as … sources of business information that might harm a litigant's competitive standing") (citing *Nixon*, 435 U.S. at 598)). Business records for which sealing may be appropriate include confidential financial information including costs, sales, profits and profit margins. *Id*. at 1225-26. Market research documents

also should be treated with heightened protection. *Id*. at 1228-29 (finding the district court abused its discretion by not granting Apple's request to seal marketing research documents where Apple "agreed to make public all of the information contained in these documents that was actually cited by the parties or the district court."). Moreover, the Federal Circuit found compelling interests supported sealing these documents because "materials that were neither cited nor discussed before the district court" would not "assist the public in understanding the proceedings in this case." *Id*.

### III. THE COURT SHOULD SEAL TRIAL EXHIBITS CONTAINING HIGHLY CONFIDENTIAL INFORMATION

#### A. Apple Highly Confidential Source Code and Technical Documents

Apple requests sealing of DX-APL 010, DX-APL 302, DX-APL 303, DX-APL 304, PX 18.001-PX 18.0032,[1] PX 28.006, PX 28.023, PX 28.034, and PX 37.009. These documents include Apple's highly confidential source code and technical documentation concerning the operation of Apple's accused products and systems. Wheeler Decl., ¶¶ 3-4.[2] Disclosure of this information would competitively harm Apple by providing information to competitors on the design and development of Apple's products. Further, disclosure of this sensitive information could result in third-party attempts to hack Apple's products and systems. During trial, with minor exceptions, the courtroom was sealed when these exhibits were discussed.[3] Accordingly,

---

[1] Plaintiff's exhibits PX 18.xxx, in particular, contain thousands of pages worth of Apple's highly confidential source code that was made available to Plaintiffs subject to enhanced protection under the Revised Protective Order (Dkt. 167). Wheeler Decl., ¶ 3.

[2] "Wheeler Decl." refers to the Declaration of Cyndi Wheeler in Support of Apple Inc.'s Motion to Seal Trial Exhibits, filed concurrently herewith.

[3] DX-APL 302 was shown briefly to Dr. Jones during his cross-examination with all but two lines redacted in order to avoid sealing the courtroom. 2/17/15 AM Tr. (Jones) at 79:25-80:9. A few lines of the source code also were displayed briefly on the courtroom monitors during Dr. Jones's rebuttal testimony, but were pulled down after a few moments. 2/23/2015 PM Tr. (Jones) at 55:11-17.

sealing these exhibits in their entirety is appropriate.

### B.     Apple Highly Confidential Financial Information

Apple further requests sealing of exhibits PX 51.002, PX 51.003, PX 51.004, PX 57.005, PX 57.009, PX-203.001, PX-203.002, PX-203.004, and PX-224.  These trial exhibits contain highly confidential financial information concerning Apple's product-specific sales and revenue. Wheeler Decl., ¶ 5.  Disclosure of this information would competitively harm Apple by providing sensitive financial information to its competitors.  *See Apple*, 727 F.3d at 1227 (finding that parties have an interest in keeping product-specific financial information secret). During trial, with minor exceptions, the courtroom was sealed when these exhibits were discussed.[4]  Accordingly, sealing these exhibits also is appropriate.

### C.     Apple Confidential Market Research and Survey Information

Finally, Apple requests sealing of exhibits PX-94, PX-103.002, PX-103.003, PX-103.023, PX-103.026, PX-103.027, PX-103.028, PX-103.039-.041, PX-103.044, PX-211, PX-212, and PX-756.  These exhibits include detailed marketing research and survey information (Wheeler Decl., ¶¶ 6-7) and sealing is appropriate (*see Apple*, 727 F.3d at 1228).  To mitigate the public's interest in these proceedings, however, Apple has agreed to submit public versions of PX-103.028 and PX-756, that make available any information that was publicly discussed by the parties during trial.  Wheeler Decl., Exs. A-B.  The non-redacted portions include the cover pages for each survey and the following pages discussed during the examinations of various witnesses: PX-103.028 at 10, 230, 1166, 1242, 1345, 1346, 1348, 1350, 1430 and 1432; and PX-756 at 16.  This procedure protects Apple's right to maintain the confidentiality of its proprietary information while also protecting the public's right to understand the proceedings in this case.

---

[4]     Excerpts from PX-203.002 were discussed briefly during the unsealed portions of Mr. Mills's direct testimony.  2/17 PM Tr. (Mills) at 150:24-151:24.

*Apple*, 727 F.3d at 1228 (finding the district court abused its discretion by not granting Apple's request to seal marketing research documents where Apple "agreed to make public all of the information contained in these documents that was actually cited by the parties or the district court.").

### D. Confidential Market Research and Survey Information From Third Parties

Apple requests sealing of exhibits PX-96 and PX-105.013. These trial exhibits contain confidential marketing and survey information produced by Samsung Electronics Co., Ltd ("Samsung") in a separate lawsuit by Smartflash (case no. 6:13-cv-448-JRG-KNM) and are subject to the Revised Protective Order (Dkt. 167) common to both cases. 2/17/2015 Sealed Portion No. 3 Tr. (Mills) at 9:2-20. During trial, the courtroom was sealed when these exhibits were discussed and Apple's own representatives left for this portion of the testimony out of respect for third-party confidentiality. *Id*. at 7:20-8:4. Accordingly, sealing these exhibits also is appropriate.

### IV. CONCLUSION

For the reasons stated herein, Apple respectfully request that the Court grant Apple's Unopposed Motion to Seal Trial Exhibits.

Dated: March 2, 2015                              Respectfully Submitted,

By: */s/ Ching-Lee Fukuda*
Ching-Lee Fukuda
NY Bar No. 2884088
(Eastern District of Texas Member)
Ching-Lee.Fukuda@ropesgray.com
Kevin J. Post (*pro hac vice*)
Kevin.Post@ropesgray.com
Josef B. Schenker (*pro hac vice*)
Josef.Schenker@ropesgray.com
**ROPES & GRAY LLP**
1211 Avenue of the Americas
New York, NY 10036-8704
T: (212) 596-9000
F: (212) 596-9050

James R. Batchelder
CA Bar No. 136347
(Eastern District of Texas Member)
James.Batchelder@ropesgray.com
**ROPES & GRAY LLP**
1900 University Ave 6th Floor
East Palo Alto, CA 94303-2284
T: (650) 617-4000
F: (650) 617-4090

Eric M. Albritton
TX Bar No. 00790215
ema@emafirm.com
**ALBRITTON LAW FIRM**
P.O. Box 2649
Longview, Texas 75601
Tel: (903) 757-8449
Fax: (903) 758-7397

Attorneys for Defendant
**APPLE INC.**

5

**CERTIFICATE OF SERVICE**

I hereby certify that on March 2, 2015, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send a notice of electronic filing to CM/ECF participants in this case.

*/s/ Ching-Lee Fukuda*
Ching-Lee Fukuda

**CERTIFICATE OF CONFERENCE**

I hereby certify that between February 27, 2015, and March 2, 2015, counsel for Apple corresponded via email and met and conferred with counsel for Smartflash.  On March 2, 2015, counsel for Smartflash stated that Smartflash does not oppose the relief requested in the instant motion.  Accordingly, counsel has complied with the meet and confer requirement pursuant to Local Rule CV-7(h) and the Motion is unopposed by Smartflash.

*/s/ Ching-Lee Fukuda*
Ching-Lee Fukuda
