IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | |
|---|---|
| SMARTFLASH LLC, et al., § <br> § <br> *Plaintiff*, § <br> § <br> v. § <br> § <br> APPLE INC., et al., § <br> § <br> *Defendants*. § § § | Case No. 6:13-cv-447-JRG |

## ORDER

Before the Court is Defendant Apple Inc.'s Motion to Seal Confidential Trial Exhibits (Dkt. No. 528, "Motion"). The Plaintiff, Smartflash LLC, does not oppose the Motion. For the reasons set forth below, Apple's Motion is GRANTED-IN-PART.

"The district court's discretion to seal records is to be exercised charily given the public's common law right of access." *N. Cypress Med. Ctr. Operating Co. v. Cigna Healthcare*, --F.3d-- 2015 WL 1069411, at *13 (5th Cir. Mar. 10, 2015) (internal quotation marks omitted). "Its decision [to seal] must be made in light of the strong presumption that all trial proceedings should be subject to scrutiny by the public." *United States v. Holy Land Found. For Relief & Dev.*, 624 F.3d 685, 690 (5th Cir. 2010) (internal quotation marks omitted). In order to properly scrutinize the proceedings, the public must have enough information to "assist the public in understanding the proceedings." *Apple Inc. v. Samsung Electronics Co., Ltd.*, 727 F.3d 1214, 1228–29 (Fed. Cir. 2013).

Apple's Motion asks the Court to seal three types of trial exhibits, which generally fall into the following categories: financial data, confidential source code, and market research and survey information. Concerning the first two types of exhibits, Apple requested that the Court

seal the courtroom before these exhibits were displayed at trial. Due to the confidential nature of these exhibits, the Court granted Apple's request and sealed the courtroom. Accordingly, due to the confidential nature of these exhibits, Apple's request to seal its financial data and source code is GRANTED. The Court ORDERS that DX-APL 010, DX-APL 302, DX-APL 303, DX-APL 304, PX 18.001–18.0032, PX 28.006, PX 28.023, PX 28.034, PX 37.009, PX 51.002, PX 51.003, PX 51.004, PX 57.005, PX 57.009, PX 203.001, PX 203.002, PX 203.004, and PX 224 be SEALED.

Concerning the third type of exhibit containing market research and survey information, Apple requests that the Court seal thirteen exhibits due to their confidential nature. Nine of these exhibits were displayed when the courtroom was sealed or were only listed as exhibit numbers on a demonstrative. These exhibits will not aid the public in understanding the Court's proceedings, and therefore the Court GRANTS Apple's request for nine of these exhibits. Accordingly, the Court ORDERS that PX 103.002, PX 103.003, PX 103.026, PX 103.027, PX 103.040, PX 103.041, PX 103.044, PX 211, and PX 212 be SEALED.

With respect to the other four exhibits containing market research and survey information, the Court notes that they were discussed, to some extent, in open court. Apple has agreed to submit "public versions" of two of these exhibits, and the Court believes that public versions of the other two exhibits also should be submitted so that the public can understand the Court's proceedings. To be clear about what constitutes a public version, the Court requires that Apple submit all portions of these exhibits that were used or published in open court. Accordingly, Apple is ORDERED to submit public versions showing the portions that were used or published in open court for PX 94, PX 103.028, PX 103.039, and PX 756.

3

**So ORDERED and SIGNED this 29th day of March, 2015.**

_____
RODNEY GILSTRAP
UNITED STATES DISTRICT JUDGE