**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION**

|  |  |
|---|---|
| SMARTFLASH LLC and<br>SMARTFLASH TECHNOLOGIES<br>LIMITED,<br><br>   Plaintiffs,<br><br>  v.<br><br>APPLE INC., ROBOT ENTERTAINMENT,<br>INC., KINGSISLE ENTERTAINMENT, INC.,<br>and GAME CIRCUS LLC,<br><br>   Defendants. | Civil Action No. 6:13-cv-447-JRG-KNM<br><br>**JURY TRIAL DEMANDED** |

**DEFENDANT APPLE INC.'S MOTION AND MEMORANDUM IN SUPPORT
OF ITS RULE 50(B) RENEWED MOTION FOR JUDGMENT OF
<u>NO WILLFUL INFRINGEMENT AS A MATTER OF LAW</u>**

**TABLE OF CONTENTS**

                **PAGE NO.**

I. LEGAL STANDARDS ............................................................................................... 1

II. ARGUMENT ............................................................................................................. 1

    A. **Judgment of No Willfulness Is Warranted Because Apple's Invalidity and Non-Infringement Defenses Were Objectively Reasonable** ............................. 1

    B. **Smartflash Did Not Prove That Apple Knowingly Infringed** .......................... 4

V. CONCLUSION .......................................................................................................... 5

# **TABLE OF AUTHORITIES**

**PAGE NO.**

**Cases**

*Alice Corp. Pty. Ltd. v. CLS Bank Int'l*,
  134 S. Ct. 2347 (2014) .................................................................................................. 2, 3

*Aqua Shield v. Inter Pool Cover Team*,
  774 F.3d 766 (Fed. Cir. 2014) ............................................................................................ 3

*Bard Peripheral Vascular, Inc. v. W.L. Gore & Assocs., Inc.*,
  682 F.3d 1003 (Fed. Cir. 2012) .......................................................................................... 1

*Bilski v. Kappos*,
  561 U.S. 593 (2010) ............................................................................................................ 3

*buySAFE, Inc. v. Google, Inc.*,
  765 F.3d 1350 (Fed. Cir. 2014) .......................................................................................... 2

*Cohesive Techs., Inc. v. Waters Corp.*,
  543 F.3d 1351 (Fed. Cir. 2008) .......................................................................................... 4

*Content Extr. & Transm. LLC v. Wells Fargo Bank, N.A.*,
  776 F.3d 1343 (Fed. Cir. 2014) .......................................................................................... 2

*Halo Elecs., Inc. v. Pulse Elecs., Inc.*,
  769 F.3d 1371 (Fed. Cir. 2014) .......................................................................................... 4

*Harper v. Va. Dep't of Taxation*,
  509 U.S. 86 (1993) .............................................................................................................. 3

*In re Seagate Tech., LLC*,
  497 F.3d 1360 (Fed. Cir. 2007) .................................................................................. 1, 3, 5

*Innovention Toys, LLC v. MGA Entm't, Inc.*,
  No. 2014-1731 (Fed. Cir. Apr. 29, 2015) .......................................................................... 3

*Internet Machines LLC v. Alienware Corp.*,
  2013 WL 4056282 (E.D. Tex. June 19, 2013) .................................................................. 4

*Mayo Collaborative Services v. Prometheus Laboratories, Inc.*,
  132 S. Ct. 1289 (2012) ........................................................................................................ 3

*NFC Tech. LLC v. HTC Amer., Inc.*,
  2015 WL 1069111 (E.D. Tex. Mar. 11, 2015) .................................................................. 2

*Planet Bingo, LLC v. VKGS LLC*,
  576 Fed. App'x 1005 (Fed. Cir. 2014) .............................................................................. 2

*Spine Solutions, Inc. v. Medtronic Sofamor Danek USA, Inc.*,
  620 F.3d 1305 (Fed. Cir. 2010) .................................................................................. 1, 3, 4

*State Inds., Inc. v. A.O. Smith Corp.*,
  751 F.2d 1226 (Fed. Cir. 1985) .......................................................................................... 5

*Stryker Corp. v. Zimmer, Inc.*,
   2015 WL 1285782 (Fed. Cir. Mar. 23, 2015) .......................................................................... 4

*Ultramercial, Inc. v. Hulu, LLC*,
   772 F.3d 709 (Fed. Cir. 2014) ................................................................................................. 2

*VirtualAgility Inc. v. Salesforce.com, Inc.*,
   759 F.3d 1307 (Fed. Cir. 2014) ............................................................................................... 2

**Statutes**

35 U.S.C. § 101 ............................................................................................................................... 2
35 U.S.C. § 324 ............................................................................................................................... 2

Apple respectfully seeks judgment as a matter of law that it did not willfully infringe claim 13 of U.S. Patent No. 7,334,720; claim 32 of U.S. Patent No. 8,118,221; or claims 26 and 32 of U.S. Patent No. 8,336,772.

## I. LEGAL STANDARDS

"[T]o establish willful infringement, a patentee must show by clear and convincing evidence that the infringer acted despite an objectively high likelihood that its actions constituted infringement of a valid patent." *In re Seagate Tech., LLC*, 497 F.3d 1360, 1371 (Fed. Cir. 2007) (en banc). This standard contains both an objective and subjective requirement. *Bard Peripheral Vascular, Inc. v. W.L. Gore & Assocs., Inc.*, 682 F.3d 1003, 1005-06 (Fed. Cir. 2012).

The objective requirement is a question of law for the Court. *Id.* at 1008. This requirement "tends not to be met where an accused infringer relies on a reasonable defense to a charge of infringement." *Spine Solutions, Inc. v. Medtronic Sofamor Danek USA, Inc.*, 620 F.3d 1305, 1319 (Fed. Cir. 2010). "[T]he court should determine, based on the record ultimately made in the infringement proceedings, whether a reasonable litigant could realistically expect [its] defenses to succeed." *Bard*, 682 F.3d at 1008 (quotations omitted).

"If, in view of the facts, the asserted defenses were not reasonable, only then can the jury's subjective willfulness finding be reviewed for substantial evidence." *Id.* Under this subjective prong, the risk of infringement must have been "either known or so obvious that it should have been known to the accused infringer." *Seagate*, 497 F.3d at 1371. The evidence on this score must be "clear and convincing" to sustain a willfulness finding. *Id.*

## II. ARGUMENT

Smartflash's allegation of willful infringement fails under both *Seagate* prongs.

### A. Judgment of No Willfulness Is Warranted Because Apple's Invalidity and Non-Infringement Defenses Were Objectively Reasonable

1

1. Apple has consistently maintained that the alleged "invention" is not patent-eligible under 35 U.S.C. § 101. Dkt. 266; *see also Alice Corp. Pty. Ltd. v. CLS Bank Int'l*, 134 S. Ct. 2347 (2014). Although this Court disagreed (Dkts. 423, 484), the Patent Trial and Appeal Board's (PTAB) decision to institute covered business method (CBM) review of two asserted claims on Section 101 grounds confirms that Apple's contention is, at the very least, reasonable. CBM 2014-00194; CBM 2014-00190. The PTAB institutes CBM review only if it finds the claims "more likely than not" invalid. 35 U.S.C. § 324(a); *VirtualAgility Inc. v. Salesforce.com, Inc.*, 759 F.3d 1307, 1313 (Fed. Cir. 2014). As discussed in Apple's Section 101 JMOL motion, the PTAB likely will also institute CBM review of the two remaining claims, as those claims are materially indistinguishable from the others with respect to eligibility. *See NFC Tech. LLC v. HTC Amer., Inc.*, 2015 WL 1069111, at *7 (E.D. Tex. Mar. 11, 2015) (Bryson, J.).

Apple's belief that the asserted claims are ineligible is objectively reasonable. *Alice*'s two-part test asks whether the claims recite an abstract idea and, if so, whether they add "significantly more" to that idea. 134 S. Ct. at 2355. The Court agreed that the asserted claims recite an abstract idea (Dkt. 423, at 17), and Apple sensibly urged that the claims' "wholly generic computer implementation" does not transform that idea. *See Alice*, 134 S.Ct. at 2358. Applying *Alice*, the Federal Circuit has ruled that a number of computer-implemented "inventions" analogous to the asserted claims are patent-ineligible. *See*, *e.g.*, *Ultramercial, Inc. v. Hulu, LLC*, 772 F.3d 709 (Fed. Cir. 2014); *buySAFE, Inc. v. Google, Inc.*, 765 F.3d 1350 (Fed. Cir. 2014); *Planet Bingo, LLC v. VKGS LLC*, 576 Fed. App'x 1005 (Fed. Cir. 2014); *Content Extr. & Transm. LLC v. Wells Fargo Bank, N.A.*, 776 F.3d 1343 (Fed. Cir. 2014).

The Magistrate objected that defendants "may only rely on defenses that were available and reasonable at the time of infringement." Dkt. 389 at 6–7, n. 3. But the Section 101 defense

was both available and reasonable at the time. *Alice* simply reaffirmed and applied the same standards as older Section 101 cases, including *Bilski v. Kappos*, 561 U.S. 593 (2010) and *Mayo Collaborative Services v. Prometheus Laboratories, Inc.*, 132 S. Ct. 1289 (2012). Indeed, the Supreme Court detailed in *Alice* what has always been the law. *See Harper v. Va. Dep't of Taxation*, 509 U.S. 86, 97 (1993). Moreover, *Seagate*'s objective prong focuses on defenses presented to the court, not the defendant's state of mind at the time of infringement. *Seagate*, 497 F.3d at 1371; *Aqua Shield v. Inter Pool Cover Team*, 774 F.3d 766, 774 (Fed. Cir. 2014).

      2.   Apple also reasonably argued that the asserted claims are invalid as obvious, as explained by its expert Anthony Wechselberger. Dkt. 518, at 19–81. Mr. Wechselberger testified that the combined prior-art references disclosed each and every element of the asserted claims. *See* Dkt. 517, at 97–98, 113; Dkt. 518, at 8–10, 36–37, 50–51, 62, 68, 75, 80–81. He also identified motivations to combine these references in that they all addressed the general problem of data piracy and utilized common methodologies and principles. Dkt. 518 at 20, 25.

      Regardless of the jury's conclusion on the underlying issue, Apple raised a substantial question as to the obviousness of the asserted claims. *See Spine Solutions*, 620 F.3d at 1319; *see also Innovention Toys, LLC v. MGA Entm't, Inc.*, No. 2014-1731, Slip Op. at *12 (Fed. Cir. Apr. 29, 2015) ("willfulness is not established where the defendant has a substantial, objectively reasonable, though ultimately rejected, defense, including an obviousness defense") (citations omitted). Apple presented several prior art references from the same sphere as the patents-in-suit that disclosed all of the claimed limitations, including (for example) the combination of the Gruse and Puhl references. Dkt. 518, at 20. These arguments were at least as strong as those made in cases where the Federal Circuit deemed judgment of no willfulness as a matter of law appropriate despite adverse jury verdicts on validity and infringement. *See*, *e.g.*, *Spine Solutions*,

620 F.3d at 1319–20; *Stryker Corp. v. Zimmer, Inc.*, 2015 WL 1285782, at *9 (Fed. Cir. Mar. 23, 2015); *Halo Elecs., Inc. v. Pulse Elecs., Inc.*, 769 F.3d 1371, 1382 (Fed. Cir. 2014).  Because Apple set forth a reasonable obviousness defense, it did not willfully infringe.

3. Finally, Apple disputed infringement on several appropriate grounds, most notably, that the accused products do not utilize "payment data" or "payment validation data."  There cannot be an "objectively high likelihood" of infringement where the defendant proffers a reasonable construction under which it does not infringe.  *Cohesive Techs., Inc. v. Waters Corp.*, 543 F.3d 1351, 1374 (Fed. Cir. 2008).  Although the Court ultimately did not accept Apple's proposed construction for the term "payment data" (Dkt. 229 at 8–11), there was intrinsic evidence to support that construction, and the construction would have avoided infringement. *See* Dkt. 163, at 2–5.  Even under the Court's adopted construction, Apple put forth "good faith credible and objectively reasonable" non-infringement arguments.  *Internet Machines LLC v. Alienware Corp.*, 2013 WL 4056282, at *6 (E.D. Tex. June 19, 2013).  For instance, Mr. Wechselberger testified that data used to make payment in Apple's systems is stored on remote servers, not transmitted from the device as the claims require.  Dkt. 517 at 69–70.  And with respect to "payment validation data," Apple witnesses testified that Apple's accused "download response" message does not validate payment because the content download and payment processing steps are separate in Apple's "session" model.  Dkt. 516, at 130–32; Dkt. 517, at 78.

### B. Smartflash Did Not Prove That Apple Knowingly Infringed

Even if the Court were to conclude that Apple lacked a reasonable basis for the defenses asserted at trial, judgment of no willfulness would still be warranted because Smartflash failed to prove by clear and convincing evidence that before the suit Apple knew or should have known that the patents even existed, much less that Apple might be infringing them.  *See State Inds.,*

*Inc. v. A.O. Smith Corp.*, 751 F.2d 1226, 1236 (Fed. Cir. 1985) ("To willfully infringe *a patent*, the patent must exist and one must have knowledge of it") (emphasis in original).

Smartflash's claim of willful infringement was based on the allegation that an Apple employee, Augustin Farrugia, learned about the alleged invention during his prior employment at Gemplus. Dkt. 296, at 3; Dkt. 521, at 69–70. But although Patrick Racz testified at length about his pre-2002 work with Gemplus, he never mentioned Farrugia. Dkt. 511 at 87–95. And Mr. Farrugia testified that during that time, he was not working on anything related to the Smartflash project. Dkt. 516, at 73–75. Smartflash drew only a tenuous connection regarding Farrugia's general qualifications in the broad field of digital rights management, which is not nearly enough to support a finding of willful infringement. Dkt. 521, at 69–70.

Smartflash's other basis for willfulness was that Apple's engineers did not investigate the asserted claims. Dkt. 296, at 4; Dkt. 521, at 68–70. But the engineers had no duty to investigate the existence of patents, because the willfulness standard does not impose an "affirmative duty of due care." *Seagate*, 497 F.3d at 1371. Smartflash's argument supposes "a lower threshold for willful infringement that is more akin to negligence," which the Federal Circuit has rejected. *Id*.

Importantly, as the Court told the jury (Dkt. 521, at 53), Smartflash made no allegation of copying. Moreover, Smartflash's Rule 30(b)(6) designee testified that "there was no communication concerning the patents between Smartflash and any of the Defendants prior to litigation." Dkt. 389, at 2. Because Smartflash failed to present any evidence—much less "clear and convincing evidence" (*Seagate*, 497 F.3d at 1371)—that Apple knew or should have known about a risk of infringement, its contention fails under *Seagate*'s subjective prong.

## V. CONCLUSION

The Court should grant judgment of no willfulness as a matter of law.

Dated: May 1, 2015

By: */s/ Ching-Lee Fukuda*

Ching-Lee Fukuda
NY Bar No. 2884088
(Eastern District of Texas Member)
Ching-Lee.Fukuda@ropesgray.com
Kevin J. Post (*pro hac vice*)
Kevin.Post@ropesgray.com
**ROPES & GRAY LLP**
1211 Avenue of the Americas
New York, NY 10036-8704
Telephone: (212) 596-9000
Facsimile: (212) 596-9050

James R. Batchelder
CA Bar No. 136347
(Eastern District of Texas Member)
James.Batchelder@ropesgray.com
Lauren N. Robinson
CA Bar No. 255028
(Eastern District of Texas Member)
Lauren.Robinson@ropesgray.com
**ROPES & GRAY LLP**
1900 University Ave 6th Floor
East Palo Alto, CA 94303-2284
Telephone:  (650) 617-4000
Facsimile:  (650) 617-4090

Douglas H. Hallward-Driemeier
(*pro hac vice*)
Douglas.Hallward-Driemeier@ropesgray.com
Megan F. Raymond (*pro hac vice*)
Megan.Raymond@ropesgray.com
**ROPES & GRAY LLP**
700 12th St. NW Suite 900
Washington, DC 20005
Telephone: (202) 508-4600
Facsimile: (202) 508-4650

Mark A. Perry
(*pro hac vice*)
mperry@gibsondunn.com
**GIBSON, DUNN & CRUTCHER LLP**
1050 Connecticut Avenue, N.W.
Washington, DC 20036
Telephone: (202) 955-8500

6

        Facsimile: (202) 467-0539

        Melissa Smith
        TX Bar No. 24001351
        **GILLIAM & SMITH LLP**
        303 South Washington Avenue
        Marshall, TX 75670
        Telephone: (903) 934-8450
        Facsimile: (903) 934-9257
        Melissa@gilliamsmithlaw.com

        *Attorneys for Defendant Apple Inc.*

## **CERTIFICATE OF SERVICE**

I hereby certify that on May 1, 2015, the foregoing was electronically filed with the Clerk of the Court using the CM/ECF system, which will send a notice of electronic filing to CM/ECF participants in this case.

*/s/ Ching-Lee Fukuda*
Ching-Lee Fukuda