IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | |
|---|---|
| SMARTFLASH LLC, *et al.*, <br><br> Plaintiffs, <br> v. <br><br> APPLE INC., <br><br> Defendant. | Case No. 6:13-CV-00447-JRG-KNM <br><br> **JURY TRIAL DEMANDED** |

**SMARTFLASH'S RESPONSE TO APPLE INC.'S MOTION TO STAY LITIGATION
<u>PENDING COVERED BUSINESS METHOD REVIEW [DKT. 546]</u>**

# **TABLE OF CONTENTS**

I.    INTRODUCTION ........................................................................................................ 1

II.    BACKGROUND .......................................................................................................... 1

III.    THE COURT SHOULD DENY APPLE'S REQUESTED STAY .................................... 2

    A.    A Stay Will Not Streamline Any "Issue in Question" and Cannot Streamline a Trial That Already Occurred. ..................................................... 2

    B.    Discovery Is Complete and the Jury Rendered Its Verdict Months Ago. ................... 6

    C.    A Stay Prejudices Smartflash and Provides Defendants a Clear Tactical Advantage. .............................................................................................. 7

    D.    The Burden of Litigation on the Parties and the Court. ............................................ 10

IV.    THE COURT SHOULD DENY APPLE'S REQUEST TO DELAY ENTRY OF JUDGMENT ............................................................................................. 11

V.    SHOULD THE COURT STAY ANY OF THE RELATED CASES, A FINAL JUDGMENT AND SUBSEQUENT APPEAL IN THIS CASE WILL DECIDE MORE OVERLAPPING ISSUES, MORE QUICKLY, THAN THE PTAB PROCEEDING WOULD ............................................ 12

VI.    CONCLUSION ......................................................................................................... 13

# TABLE OF AUTHORITIES

**Cases**

*Ambato Media, LLC v. Clarion Co. Ltd.*
  2:09-cv-242, 2012 WL 194172 (E.D. Tex. Jan. 23, 2012) ........................................................ 8

*BarTex Research, LLC v. FedEx Corp.*
  611 F. Supp. 2d 647 (E.D. Tex. 2009) ..................................................................................... 8

*DDR Holdings v. Hotels.com*
  773 F.3d 1245 (Fed. Cir. 2014) ................................................................................................ 4

*Fexiteek Ams., Inc. v. PlaTEAK, Inc.*
  No. 08-60996, 2010 WL 2976859 (S.D. Fla. July 20, 2010) ................................................... 5

*Firestone Tire & Rubber Co. v. Risjord*
  449 U.S. 368 (1981) ................................................................................................................. 3

*Markets-Alerts Pty, Ltd. v. Bloomberg Fin. LP*
  922 F. Supp. 2d 486 (D. Del. 2013) ......................................................................................... 6

*Nystrom v. TREX Co., Inc.*
  339 F.3d 1347 (Fed. Cir. 2003) ................................................................................................ 3

*Rembrandt Social Media, LP v. Facebook, Inc.*
  561 F. App'x 909 (Fed. Cir. 2014) ........................................................................................... 3

*Standard Havens Prods v. Gencor Indus., Inc.*
  810 F. Supp. 1072 (W.D. Mo. 1993) .................................................................................... 4, 5

*Standard Havens Prods., Inc v. Gencor Indus., Inc.*
  953 F.2d 1360 (Fed. Cir. 1991) ................................................................................................ 4

*Standard Havens Prods., Inc. v. Gencor Indus., Inc.*
  996 F.2d 1236 (Fed. Cir. 1993) ................................................................................................ 4

*U.S. Bancorp Mortg. v. Bonner Mall P'Ship*
  513 U.S. 18 (1994) ................................................................................................................... 4

*U.S. v. Nixon*
  418 U.S. 683 (1974) ............................................................................................................ 9, 11

*Versata Software, Inc. v. Callidus Software, Inc.*
   771 F.3d 1368 (Fed. Cir. 2014) .................................................................................................. 7

*Walker Digital LLC v. Google, Inc.*
   11-cv-318, 2014 WL 2880474 (D. Del. June 24, 2014) ............................................................. 8

**Statutes**

28 U.S.C. § 1292(b) ........................................................................................................................ 3

AIA § 18(b) ............................................................................................................................... 2, 10

AIA § 18(b)(1)(A) .......................................................................................................................... 2

I.      **INTRODUCTION**

After a full jury trial on the merits, Apple asks the Court to delay final judgment to await a final decision by a different tribunal concerning an issue of law that the Court has already determined—a legal determination which will be reviewed more quickly before the Federal Circuit if this case proceeds on schedule.  There is no reason to delay the case at least a year simply to await appeal of only one issue when this Court and the Federal Circuit can reach the ultimate resolution of the entire dispute now.  Apple's request for a post-trial stay should be denied.

II.     **BACKGROUND**

Over a year ago—between March 28 and April 3, 2014—Apple filed twelve separate petitions for Covered Business Method review.  In these petitions, Apple did not challenge any claim as invalid under § 101.  Apple moved to stay proceedings pending PTAB review, which the Court denied on July 8, 2014.  [Dkt. 175].

Months later, on September 26, 2014, Samsung filed its own CBM petitions—16 months after Smartflash filed its original complaints, six weeks after the close of fact discovery, two weeks before the close of expert discovery, and just days before institution decisions regarding Apple's April petitions were due.  In these petitions, Samsung first claimed at the PTO that the Asserted Claim were subject matter ineligible.  On November 30, 2015, only days before oral argument on the identical issue in this Court, Apple filed additional petitions, adding § 101 grounds of its own.  The Court subsequently resolved the § 101 issue on January 21, 2015, finding that each Asserted Claim recited patent eligible subject matter.  *See* [-448 case, Dkt. 454].

Trial commenced in the Apple case on February 16, 2015.  On February 24, 2015, the

1

jury returned its verdict, finding that Apple infringed Smartflash's patents, that the asserted claims were not invalid, and that Apple's infringement was willful. It awarded $532.9 million in compensatory damages. Over a month after the verdict was returned, the PTAB instituted review proceedings. Of the claims supporting the verdict, the PTAB instituted review on only two claims and only based on § 101. Decisions regarding the two claims of the '772 Patent are not expected until the PTAB reaches its institution decisions regarding Apple's November petitions on or before June 6, 2015.

### III. THE COURT SHOULD DENY APPLE'S REQUESTED STAY.

As this Court recognized in its July 2014 Order, the present stay analysis is governed by the statutory provisions of AIA § 18(b). That statute directs courts to consider four statutory factors:

(A) whether a stay, or the denial thereof, will simplify the issues in question and streamline the trial;

(B) whether discovery is complete and whether a trial date has been set;

(C) whether a stay, or denial thereof, would unduly prejudice the nonmoving party or present a clear tactical advantage for the moving party; and

(D) whether a stay, or the denial thereof, will reduce the burden of litigation on the parties and on the court.

None of these factors weigh in favor of Apple's requested stay.

### A. A Stay Will Not Streamline Any "Issue in Question" and Cannot Streamline a Trial That Already Occurred.

The plain language of the statute requires an analysis regarding whether a stay *will* simplify the issues in question *and* streamline the trial. Apple's requested stay will do neither.

First, a stay cannot streamline a trial that has already occurred. Because trial has already happened, this factor necessarily weighs against a stay.

jury returned its verdict, finding that Apple infringed Smartflash's patents, that the asserted claims were not invalid, and that Apple's infringement was willful. It awarded $532.9 million in compensatory damages. Over a month after the verdict was returned, the PTAB instituted review proceedings. Of the claims supporting the verdict, the PTAB instituted review on only two claims and only based on § 101. Decisions regarding the two claims of the '772 Patent are not expected until the PTAB reaches its institution decisions regarding Apple's November petitions on or before June 6, 2015.

### III. THE COURT SHOULD DENY APPLE'S REQUESTED STAY.

As this Court recognized in its July 2014 Order, the present stay analysis is governed by the statutory provisions of AIA § 18(b). That statute directs courts to consider four statutory factors:

(A) whether a stay, or the denial thereof, will simplify the issues in question and streamline the trial;

(B) whether discovery is complete and whether a trial date has been set;

(C) whether a stay, or denial thereof, would unduly prejudice the nonmoving party or present a clear tactical advantage for the moving party; and

(D) whether a stay, or the denial thereof, will reduce the burden of litigation on the parties and on the court.

None of these factors weigh in favor of Apple's requested stay.

### A. A Stay Will Not Streamline Any "Issue in Question" and Cannot Streamline a Trial That Already Occurred.

The plain language of the statute requires an analysis regarding whether a stay *will* simplify the issues in question *and* streamline the trial. Apple's requested stay will do neither.

First, a stay cannot streamline a trial that has already occurred. Because trial has already happened, this factor necessarily weighs against a stay.

Second, a stay also will not simplify an "issue in question." As to any claim relevant to this case, the PTAB instituted review on only one ground: § 101. Yet over three months ago, after substantial efforts, the Court already determined this sole issue. As such, as far as Apple is concerned, that issue has been put to rest. A stay will only allow for two separate tribunals to reach two separate conclusions regarding a single issue of law.

In essence, Apple asks this Court to grant them a back-door interlocutory appeal of the Court's § 101 Order, notwithstanding the extreme rarity of such appeals. *Firestone Tire & Rubber Co. v. Risjord,* 449 U.S. 368, 374 (1981) ("Permitting piecemeal appeals would undermine the independence of the district judge as well as the special role that individual plays in our judicial system."); *Nystrom v. TREX Co., Inc.*, 339 F.3d 1347, 1351 (Fed. Cir. 2003) (noting that Federal Circuit "rarely grants" interlocutory appeals certified under § 1292(b)). But instead of seeking to convince the Court that the Court's § 101 Order met the requirements of § 1292(b),[1] Apple instead asks for truly illogical relief: staying the case for a year—pending another party's CBM petitions—while the PTAB's decision on an already-decided issue becomes appealable, simply so that Apple can appeal this Court's legal conclusion from that forum instead of this one. Even if, as Senator Schumer believed, stays pending CBM review are to be denied only in "extraordinary and extremely rare" circumstances, seeking to stay *post-trial*

---

[1] 28 U.S.C. § 1292(b) permits the Court in its discretion to certify interlocutory orders for immediate appeal. To do so, the Court must make the determination that the Order "involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation." *Id.* Even if the district court certifies a question for interlocutory appellate review, the Federal Circuit makes the ultimate determination whether to permit the appeal. *See, e.g., Rembrandt Social Media, LP v. Facebook, Inc.*, 561 F. App'x 909 (Fed. Cir. 2014).

proceedings for the PTAB to make its own decision regarding an already-determined issue of law is precisely such a scenario.[2]

Apple cites two cases to support its argument that seeking a post-trial stay is not extraordinary, both of which are readily distinguishable. First, Apple cites *Standard Havens Prods., Inc. v. Gencor Indus., Inc.*, 996 F.2d 1236 (Fed. Cir. 1993) ("*Standard Havens II*"). In that case, the Federal Circuit reversed a district court's denial of a stay pending reexamination review, but the posture of both the district court proceeding and the PTO review were very different than the circumstances in this case. In *Standard Havens*, there was already a final decision of invalidity from the PTO. *See Standard Havens Prods v. Gencor Indus., Inc.*, 810 F. Supp. 1072, 1073 (W.D. Mo. 1993). Here, any such decision is a year away. Meanwhile, in the district court in *Standard Havens*, a trial was still necessary because of a Federal Circuit remand on the issue of damages. *Id.* at 1075-76. Unlike in *Standard Havens*, where the damages issue had been reversed, this Court's rulings are presumptively correct and no further trial proceedings are necessary. *U.S. Bancorp Mortg. v. Bonner Mall P'Ship*, 513 U.S. 18, 29 (1994) ("Judicial precedents are presumptively correct."). Finally, the nature of the interaction between the PTO review and the district court's review was markedly different than the interaction between the two proceedings here. Specifically, it involved factual invalidity issues under §§ 102 or 103. *See Standard Havens Prods., Inc v. Gencor Indus., Inc.*, 953 F.2d 1360, 1366 (Fed. Cir. 1991) ("*Standard Havens I*"). The *Standard Havens* district proceeding thus determined only that, as a

---

[2] Apple also makes more of the PTAB's "more likely than not" institution decision than is warranted under the circumstances. While the PTAB did determine that it was "more likely than not" that claim 13 of the '720 patent and claim 32 of the '221 patent were subject matter ineligible, it did so only on the record before it. That record did not include the Federal Circuit's opinion in *DDR Holdings v. Hotels.com*, 773 F.3d 1245 (Fed. Cir. 2014), or the opinion of the Court. *See, e.g.*, Ex. A.

4

factual matter, the presumption of validity was not defeated at trial.  Here, however, the Court affirmatively determined an issue of law.  And according to a substantial body of case law—and Apple itself—there is no differing standard of review between the PTAB's review of § 101 and this Court's.  *See* [Dk. 550 at 2-3].  Thus, while in *Standard Havens* the district court and the PTO were addressing somewhat differing issues (e.g., whether the claims were proven invalid by clear and convincing evidence or whether they were more likely than not invalid), that is perhaps not the case here.  In any event, even to the extent the clear and convincing evidence standard does apply to § 101 determinations, it would apply to only underlying factual disputes.  The ultimate legal conclusion would be subject to *de novo* review and would serve as binding *stare decisis* to both future district courts and the PTAB.  Accordingly, unlike in *Standard Havens*, Federal Circuit review from this Court will likely resolve any relevant issue at the PTAB.

Apple's other case, *Fexiteek Ams., Inc. v. PlaTEAK, Inc.*, No. 08-60996, 2010 WL 2976859 (S.D. Fla. July 20, 2010), is distinguishable on similar grounds.  In that case, the district court terminated its permanent injunction due to a PTO finding of invalidity and stayed post-judgment discovery related to execution of the money judgment.  But the district court did nothing with respect to its infringement and validity judgments, which were both already on appeal.  *Id.* at *6.  Additionally, the district court proceedings themselves were subject to an unusual procedural circumstance: the district judge had precluded the infringer's invalidity defense as a procedural sanction for non-disclosure.  *Id.* at *5.  As such, the PTO was the only tribunal actually resolving any facts related to the invalidity defense.  The Federal Circuit appeal from the district court could merely determine whether the district court abused its discretion in issuing the sanction, rather than resolve any legal or factual determinations that the PTO was also considering.  Again, here, the Federal Circuit's decisions regarding § 101 will bind the PTO at

5

least from *stare decisis* of the Federal Circuit's legal conclusions and perhaps collateral estoppel as well. Accordingly, by any definition, this is an "extraordinary and extremely rare" circumstance. In any event, no trial will be streamlined and no issue in question will be resolved. Accordingly, this factor weighs heavily against any stay.

### B. Discovery Is Complete and the Jury Rendered Its Verdict Months Ago.

The second factor in the stay analysis reflects judicial recognition that "[w]hen confronted with a motion to stay in the later stages of a case, the court and the parties have already expended significant resources on the litigation, and the principle of maximizing the use of judicial and litigant resources is best served by seeing the case through to its conclusion." *See Markets-Alerts Pty, Ltd. v. Bloomberg Fin. LP*, 922 F. Supp. 2d 486, 493 (D. Del. 2013) (internal quotations and alterations omitted). This factor weighs heavily against any stay.

The only step standing between this case and final judgment is a ruling on post-trial issues. To get to this point, the parties and the Court have all expended substantial resources throughout discovery, claim construction, dispositive and *Daubert* motions briefing, and trial. When compared to the work done to get here, the remaining steps to final resolution are exceedingly small.

Apple argues that this factor weighs in favor of a stay because, according to Apple, "if during the pendency of the post-trial and appellate proceedings, the PTAB finds all of the asserted claims unpatentable" the parties and the Court would have needlessly decided the post-trial issues. Apple's Mot. Stay at 10. This is wrong. The assumed timing behind the argument—that the PTAB's decision will be final prior to the -447 appeal—is, as a practical matter, simply false. Barring substantial unforeseen delay, the PTAB will likely not issue a final written decision regarding *any* of the Tried Claims during the pendency of post-trial

6

proceedings because the PTAB's decisions on the '720 and '221 Patents are not due until April 2016. There has not even been an institution decision regarding the two '772 Patent claims.

Even ignoring the flawed factual assumption, Apple's analysis is wrong as a legal matter as well. This factor requires the Court to compare what has been done with what is left to do. The question is thus not a matter of whether post-trial motions require any substantial efforts, but rather how those efforts compare to the work done to date. *See, e.g.*, *Versata Software, Inc. v. Callidus Software, Inc.*, 771 F.3d 1368, 1373-74 (Fed. Cir. 2014) *vacated as moot*, 780 F.3d 1134 (2015) (undertaking similar analysis). Here, where an entire trial concluded months ago, after herculean efforts to get there, this factor weighs overwhelmingly against any stay.

### C. A Stay Prejudices Smartflash and Provides Defendants a Clear Tactical Advantage.

The Court already found that Apple's splitting of its invalidity defense cuts against any issue simplification and provides a tactical advantage. [Dk. 175] at 8-9. In *VirtualAgility*, the Federal Circuit confirmed the Court's approach, reasoning that splitting one's invalidity case is a clear tactical advantage under § 18. *VirtualAgility*, 759 F.3d at 1315. The present scenario here is even more pronounced than a split invalidity defense; Apple asks this Court to stay the case in hopes that the PTAB will reverse a decision that the Court has already made. Staying a case only to grant the opportunity to re-litigate an identical issue before a different tribunal is a quintessential tactical advantage. Nor would any estoppel minimize this advantage. Obviously, an estoppel is irrelevant to any already-decided issues.[3]

---

[3] Apple's split invalidity defense provides an especially pronounced tactical advantage as it appears that estoppel attaches only to instituted grounds rather than all asserted grounds. In other words, estoppel may only attach against a petitioner if the PTAB determines that it is more likely than not that certain grounds render a claim invalid but then subsequently changes its mind at trial. *See* Smartflash's Resp. to Samsung's Mot. to Stay at 9-10 [-448 Dkt. 498].

7

Beyond this obvious tactical advantage, Smartflash will indeed suffer undue prejudice from delay. Although the potential for delay is not *always* sufficient to show "undue prejudice," courts universally agree that the delay from a stay is indeed inherently prejudicial. *See, e.g.*, *Ambato Media, LLC v. Clarion Co. Ltd.*, 2:09-cv-242, 2012 WL 194172, at *1 (E.D. Tex. Jan. 23, 2012); *BarTex Research, LLC v. FedEx Corp.*, 611 F. Supp. 2d 647, 652 (E.D. Tex. 2009) (denying a stay and noting that "[t]he right to exclude, even for a nonpracticing entity, may be the only way to fully vindicate the patentee's ownership in the patent."). For example, delay hinders a patent holder's licensing efforts. *Walker Digital LLC v. Google, Inc.*, 11-cv-318, 2014 WL 2880474, at *1 (D. Del. June 24, 2014). This hindrance is especially pronounced in cases where, like here, a lengthy stay may delay ultimate resolution of Smartflash's claims against Apple until the time the patents-in-suit expire in 2020. Such a delay could also effectively deny Smartflash's request for permanent injunctive relief, notwithstanding the irreparable harm detailed in Smartflash's Motion for Entry of Judgment.[4] *See* [Dkt. 551 at 25-27]. Accordingly, the harm from Defendants' proposed stay is substantial.[5]

---

[4] Although a decision is required within a year of institution, this does not include the time for a Federal Circuit appeal on the PTAB's decision, subsequent remand, and a subsequent appeal.

[5] In its current motion, Apple re-urges its argument that Smartflash's prejudice is minimized based on Smartflash's alleged delay in originally filing suit. Smartflash fully addressed this argument in response to Apple's original motion. But this argument is even less compelling based on the claims actually tried to verdict. Only one of the three tried patents was issued before 2012. The '772 Patent, which contains half of the Tried Claims and the only claims covering Apple's App Store infringement, did not issue until December 25, 2012. Smartflash filed this lawsuit only months later. In any event, to the extent there is any delay, it is excusable for Smartflash to wait for a complete patent portfolio before filing its complaint. On the other hand, Apple had literally no justification for failing to assert § 101 in its April 2014 petitions or at any point prior to November 2014.

To be sure, in a typical case where a motion to stay is filed early in the litigation, that inherent prejudice from such delay may not itself constitute legal "undue prejudice." But as this Court noted in its July 2014 Order, that inherent delay can be unduly prejudicial if circumstances surrounding the "timing of the administrative review request" and "the status of the reviewing request" indicate that the length of delay outweighs the potential simplifications and efficiencies from that stay. *See* [Dkt. 175] at 8.

Here, Apple is asking to stay post-trial proceedings based on the results of *Samsung's* § 101 CBM petitions, not its own. Apple failed to raise § 101 as an invalidity ground at the PTAB until November 30, 2014—just over a month before the initial pre-trial conference, less than three months before trial actually began, and only days before oral argument on the same issue in this Court. Moreover, Samsung's petitions were not even filed until September 2014—16 months after Smartflash filed its complaint, six months after Apple filed its first petitions, and only days before the results of Apple's petitions were due.

As this Court already noted, any adverse decision at the PTAB will be appealed. *Id.* at 9. Yet if this case proceeds on its current schedule, the only issue possibly determined by *any* of those proceedings will be on appeal to the Federal Circuit before the PTAB issues any written decision. The parties can then appeal the *entire* litigation instead of waiting a year to appeal the one issue Apple wishes to re-visit first. At this stage of the litigation—after an entire trial—resolving the entire dispute at once is a far better use of judicial and party resources. *See U.S. v. Nixon*, 418 U.S. 683, 691 (1974) ("The finality requirement . . . embodies a strong congressional policy against piecemeal reviews, and against obstructing or impeding an ongoing judicial proceeding by interlocutory appeals. This requirement ordinarily *promotes judicial efficiency and hastens the ultimate termination of litigation*." (internal citations omitted and emphasis

9

added)). Considering that the PTAB can decide nothing that has not already been determined by the Court, a years-long delay is indeed "unduly" prejudicial.

Further, Apple is wrong to argue that its alleged prejudice from facing damages as a result of its willful infringement is relevant to the stay inquiry. The statutorily-enacted factor is explicit that the Court need consider only prejudice to the *non-moving* party arising from a stay; prejudice to Apple absent a stay is not relevant. *See* AIA § 18(b). But more importantly, there is no fairness concern at all. Apple had the opportunity to argue the § 101 issue in this Court. Its arguments failed to persuade. It will have the opportunity to argue the same issue at the Federal Circuit. It even could have pursued the issue in a timely manner at the PTAB, but neglected to do so. Apple will pay on the judgment only if the Federal Circuit affirms this Court's legal determination regarding subject matter eligibility. There is thus no risk that Apple will be put at a competitive disadvantage vis-à-vis its competitors. Accordingly, this factor, too, weighs heavily against any stay.

### D. The Burden of Litigation on the Parties and the Court.

As noted, the Court has already expended substantial resources in resolving the only relevant issue currently instituted at the PTO. As such, it is Apple and Samsung—the parties asking the Court to stay the case to save party resources—who are intentionally driving up litigation costs by re-litigating an already-determined issued in a different forum.

The remaining burden on the parties is minimal. Opening post-trial briefs have already been filed. By the time briefing on Apple's current motion is fully complete, responses and replies will likely be filed as well. And although resolving post-trial motions requires not insubstantial efforts, these efforts are minimized because, at least as to Apple's Rule 50(b) motions, those arguments substantially overlap with its motions for summary judgment that the

Court has already fully addressed.

Now that the parties are in advanced post-trial stages, Apple is simply wrong that it "make[s] sense to stay this broader-scoped proceeding to allow the PTAB to issue its determination first." Apple's Mot. Stay at 13. Longstanding congressional and judicial policy underpinning the finality-of-judgments rule counsels toward the exact opposite conclusion. As already noted, there is "a strong congressional policy against piecemeal reviews, and against obstructing or impeding an ongoing judicial proceeding by interlocutory appeals. [The finality-of-judgment] requirement ordinarily *promotes judicial efficiency and hastens the ultimate termination of litigation*." See *U.S. v. Nixon*, 418 U.S. 683, 691 (1974) (emphasis added). Waiting a year simply to appeal the PTAB's decision on a legal issue already decided here just makes no sense. This factor, too, weighs against any stay.

## IV. THE COURT SHOULD DENY APPLE'S REQUEST TO DELAY ENTRY OF JUDGMENT.

Apple alternatively requests that, although the Court could resolve the pending post-trial motions, it should nevertheless stay entry of judgment pending PTAB review. Apple's bases this request on only two grounds, both of which overlap with it arguments regarding its proposed stay. First, Apple claims that a stay of entry of judgment would protect against "the risk of competing, conflicting decisions on unpatentability going before the Federal Circuit." Apple's Mot. Stay at 15. But the only reason there *is* a potential for competing decisions is Apple and Samsung's choice to seek re-litigation of an issue on which the two have already lost in a different forum. And in any event, because § 101 eligibility is a question of law, the Federal Circuit would resolve any conflict regardless of whether that resolution was an appeal from this case or an appeal from the PTAB. Second, Apple reiterates its concern that it may be forced to

pay a money judgment while its competitors may not. But, again, if the claims tried to verdict are subject matter ineligible (and they are not), the Federal Circuit will decide that issue on appeal from this case. There is simply no concern that Apple will pay on invalid patents and thus no reason at all to delay entry of judgment. Apple surely knows this, but makes the argument in a last desperate attempt to delay the inevitable. The Court should enter judgment as scheduled.

V.  **SHOULD THE COURT STAY ANY OF THE RELATED CASES, A FINAL JUDGMENT AND SUBSEQUENT APPEAL IN THIS CASE WILL DECIDE MORE OVERLAPPING ISSUES, MORE QUICKLY, THAN THE PTAB PROCEEDING WOULD.**

If the Court is inclined to delay any proceedings to confirm that its legal reasoning is indeed correct, the Court should not stay this one. Again, the vast majority of the PTAB proceedings have been instituted on only one issue of law: § 101. And on appeal from this Court, the Federal Circuit will go a long way to resolving that issue regarding all of the related Smartflash cases. Further, a full appeal from this case will resolve not only the § 101 issues, but also many overlapping issues related to standing, claim construction (including indefiniteness), and damages. Thus, when the Federal Circuit ultimately confirms that Smartflash's patents claim eligible subject matter, it should be postured from this case, where a multitude of overlapping issues will be decided, rather than waiting almost a year for the Federal Circuit to review only one discrete patentability issue.

Meanwhile, a stay will only encourage Defendants' abusive practices at the PTO. Smartflash has faced 45 *different* CBM petitions, the most petitions filed against any patent owner in the history of CBM review. Ex. B. Defendants have intentionally staggered these petitions, filing new sets just as decisions regarding pending sets are due in order to gain a

tactical advantage and increase the burden on Smartflash's limited resources. Many of these petitions were just recently filed in response to the Court's invitation to brief a potential stay, further highlighting that the actions of all parties at the PTAB are directed toward little more than seeking delay. *Id.* (showing 9 petitions filed since May 6, 2015). While a swift Federal Circuit appeal could deal with most of these petitions via one consolidated appeal from this case, a *post-trial* stay will only promote the iterative PTO gamesmanship in which the Defendants are currently engaged.

Apple has no compelling reason for the delay it seeks. As discussed, it is absolutely fair to force Apple to appeal its entire case rather than waiting on Samsung to appeal the § 101 issue from the PTAB. Apple has only itself to blame. It neglected to pursue a § 101 defense in its original April 2014 petitions. It failed to persuade regarding the same issue in this Court. And a jury found not only that Apple infringed Smartflash's valid patents, but it also did so willfully. Although Apple, and the other related defendants, all strenuously dispute the validity of the Tried Claims under § 101, that dispute is for the Federal Circuit to ultimately decide. A quick entry of judgment in this case will allow the Federal Circuit to do so more quickly than any stay would.

In sum, whatever the Court decides regarding any other related case, allowing Smartflash to proceed to finality now is simply the most efficient, most equitable, and most just solution.

## VI. CONCLUSION

For the reasons stated above, Apple's Motion to Stay should be denied.

Dated: May 11, 2015                                  Respectfully submitted,

**CALDWELL CASSADY & CURRY**

*/s/ Bradley W. Caldwell*
Bradley W. Caldwell
Texas State Bar No. 24040630
Email:  bcaldwell@caldwellcc.com
Jason D. Cassady
Texas State Bar No. 24045625
Email:  jcassady@caldwellcc.com
John Austin Curry
Texas State Bar No. 24059636
Email:  acurry@caldwellcc.com
John F. Summers
Texas State Bar No. 24079417
Email: jsummers@caldwellcc.com
Jason S. McManis
Texas State Bar No. 24088032
Email: jmcmanis@caldwellcc.com
**CALDWELL CASSADY CURRY P.C.**
2101 Cedar Springs Rd., Suite 1000
Dallas, Texas 75201
Telephone: (214) 888-4848

T. John Ward
Texas State Bar No. 20848000
Email: tjw@wsfirm.com
T. John Ward, Jr.
Texas State Bar No. 00794818
Email: jw@wsfirm.com
**Ward & Smith Law Firm**
P.O. Box 1231
1127 Judson Road, Suite 220
Longview, Texas 75606
Telephone: (903) 757-6400
Facsimile: (903) 757-2323

**ATTORNEYS FOR PLAINTIFFS SMARTFLASH LLC AND SMARTFLASH TECHNOLOGIES LIMITED**

## **CERTIFICATE OF SERVICE**

The undersigned certifies that a true and correct copy of the foregoing document was served on all counsel of record via CM/ECF on May 11, 2015.

*/s/ Bradley W. Caldwell*
Bradley W. Caldwell