**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**TYLER DIVISION**

| | |
|---|---|
| SMARTFLASH LLC and SMARTFLASH TECHNOLOGIES LIMITED,<br><br>         Plaintiffs,<br><br>   v.<br><br>APPLE INC., ROBOT ENTERTAINMENT, INC., KINGSISLE ENTERTAINMENT, INC., and GAME CIRCUS LLC,<br><br>         Defendants. | Civil Action No. 6:13-cv-447-JRG-KNM |

**DEFENDANT APPLE INC.'S REPLY IN SUPPORT**
**OF ITS RULE 50(b) RENEWED MOTION FOR JUDGMENT OF**
**NO WILLFULNESS AS A MATTER OF LAW (DKT. 549)**

# TABLE OF CONTENTS

Page(s)

I.     SMARTFLASH CANNOT SATISFY *SEAGATE*'S OBJECTIVE PRONG .................... 1

     A.      Apple's Defenses Are Reasonable ........................................................................ 1

     B.      Apple Did Not Waive Its Challenge Under the Objective Prong .......................... 2

II.     SMARTFLASH DID NOT SATISFY *SEAGATE*'S SUBJECTIVE PRONG ................. 3

III.     APPLE'S POST-FILING CONDUCT DOES NOT CONSTITUTE WILLFUL
      INFRINGEMENT ........................................................................................................... 3

# **TABLE OF AUTHORITIES**

Page(s)

**Cases**

*Aqua Shield v. Inter Pool Cover Team*,
  774 F.3d 766 (Fed. Cir. 2014) ............................................................................... 1, 3

*Bard Peripheral Vascular, Inc. v. W.L. Gore & Assocs., Inc.*,
  682 F.3d 1003 (Fed. Cir. 2012) ............................................................................. 1, 3

*Commil USA, LLC v. Cisco Sys., Inc.*,
  No. 13-896, 2015 WL 2456617 (U.S. May 26, 2015) ............................................... 4

*Duro-Last, Inc. v. Custom Seal, Inc.*,
  321 F.3d 1098 (Fed. Cir. 2003) ................................................................................ 2

*Fujifilm Corp. v. Benun*,
  605 F.3d 1366 (Fed. Cir. 2010) ................................................................................ 2

*Harris Corp. v. Ericcson Inc.*,
  417 F.3d 1241 (Fed. Cir. 2005) ................................................................................ 2

*In re Seagate Tech., LLC*,
  497 F.3d 1360 (Fed. Cir. 2007) ............................................................................. 2, 3

*Internet Machines LLC v. Alienware Corp.*,
  No. 6:10-cv-23, 2013 WL 4056282 (E.D. Tex. June 19, 2013) ................................ 1

*Power Integr., Inc. v. Fairchild Semicond. Int'l, Inc.*,
  711 F.3d 1348 (Fed. Cir. 2013) ................................................................................ 4

*Power Integr., Inc. v. Fairchild Semicond. Int'l, Inc.*,
  725 F. Supp. 2d 474 (D. Del. 2010) ......................................................................... 4

*Saffran v. Johnson & Johnson*,
  No. 2:07-CV-451, 2011 WL 4378030 (E.D. Tex. Sept. 20, 2011) ........................... 3

*Ultratec, Inc. v. Sorenson Commc'ns., Inc.*,
  45 F. Supp. 3d 881 (W.D. Wis. 2014) ...................................................................... 3

**Statutes**

35 U.S.C § 101 ................................................................................................................ 1

**Rules**

Federal Rules of Civil Procedure 50 ............................................................................. 2

Smartflash's response largely ignores the objective prong of the *Seagate* inquiry and relies on a dubious chain of inferences for the subjective prong.  Apple need only prevail on one of these prongs to be entitled to judgment, and it prevails on both.

## I.     SMARTFLASH CANNOT SATISFY *SEAGATE*'S OBJECTIVE PRONG

Smartflash states nonsensically that "Apple has not challenged Smartflash's satisfaction of the objective prong" (Resp. at 19) of the *Seagate* test.  In fact, the argument that "judgment of no willfulness is warranted because Apple's invalidity and non-infringement defenses were objectively reasonable" consumes the majority of Apple's motion.  Mot. (Dkt. 549) at 1–4.

### A.     Apple's Defenses Are Reasonable

Apple put forth objectively reasonable defenses to Smartflash's infringement claims (Mot. at 1–4; Dkt. 556 at 13–19), including its § 101 defense that the PTAB has validated by instituting review over all asserted claims.  Smartflash asserts that the jury made "implicit factual findings" that "Apple had no reasonable defenses to infringement" (Resp. at 19–20).  But the objective prong is *a question of law for the court*, not the jury.  *Bard Peripheral Vascular, Inc. v. W.L. Gore & Assocs., Inc.*, 682 F.3d 1003, 1008 (Fed. Cir. 2012); *Internet Machines LLC v. Alienware Corp.*, No. 6:10-cv-23, 2013 WL 4056282, at *5 (E.D. Tex. June 19, 2013).  If the Court determines that "the asserted defenses were not reasonable, only then can the jury's subjective willfulness finding be reviewed for substantial evidence."  *Bard*, 682 F.3d at 1008.

Smartflash also contends that "the objective prong is properly interpreted based on the defenses *actually subjectively known* to Apple at the time of infringement."  Resp. at 24, n.10 (original emphasis).  But "*Seagate*'s first requirement focuses on whether the infringer's defenses, *as ultimately presented to the court*, were reasonable."  *Aqua Shield v. Inter Pool Cover Team*, 774 F.3d 766, 774 (Fed. Cir. 2014) (original emphasis); *In re Seagate Tech., LLC*,

1

497 F.3d 1360, 1371 (Fed. Cir. 2007).   Because Apple's trial defenses were reasonable, the Court need not reach the jury findings in granting judgment of no willfulness as a matter of law.

### B.        Apple Did Not Waive Its Challenge Under the Objective Prong

Apple has argued consistently that its defenses preclude willfulness.   Dkt. 267 at 5–6.   In its pretrial motion, Apple argued that it "had good-faith belief in its strong invalidity and non-infringement defenses, as expressed in its discovery responses, contentions, and expert reports." *Id.* at 5 (citing *Seagate* for the proposition that a "substantial question about invalidity or infringement is likely sufficient not only to avoid a preliminary injunction, but also a charge of willfulness based on post-filing conduct").   Apple had no pre-suit knowledge of the patents, so this argument focused on post-filing conduct.   *Id.* at 2.   But analysis of the objective prong does not differ between pre- and post-filing conduct.   *See Harris Corp. v. Ericcson Inc.*, 417 F.3d 1241, 1251 (Fed. Cir. 2005) (no waiver where party argued "the same concept" in earlier phase).

Smartflash faults Apple for not discussing the objective prong in its pre-verdict Rule 50(a) motion, but ***legal*** arguments need not be raised in such a motion.   Rule 50(a)'s purpose is to "inform[] the opposing party of the challenge to the sufficiency of the evidence and afford[] a clear opportunity to provide additional evidence." Cmt. to the 2006 Amends. to R. 50. These rationales do not apply to questions of law like *Seagate*'s objective prong. *Cf. Fujifilm Corp. v. Benun*, 605 F.3d 1366, 1373 (Fed. Cir. 2010) (question of law "waived by [defendants'] failure to raise it in ***either*** the 50(a) ***or*** 50(b) motion" (emph. added)).   Even in Smartflash's cited case, the court reviewed the legal question of obviousness despite finding waiver of the evidentiary question.   *See Duro-Last, Inc. v. Custom Seal, Inc.*, 321 F.3d 1098, 1108 (Fed. Cir. 2003).

Post-trial was the most appropriate time to address the objective prong because only then could the Court assess Apple's defenses "based on the record ultimately made in the

2

infringement proceedings." *Bard*, 682 F.3d at 1008 (quotation omitted); *see Saffran v. Johnson & Johnson*, No. 2:07-CV-451, 2011 WL 4378030, at *2 (E.D. Tex. Sept. 20, 2011).

## II.     SMARTFLASH DID NOT SATISFY *SEAGATE*'S SUBJECTIVE PRONG

Smartflash concedes that there is no direct evidence that Augustin Farrugia learned about the claimed invention, much less the patents that issued years ***after*** he left Gemplus.  *See* Resp. at 20–21.  Instead it relies on a chain of inferences that "Farrugia learned of Smartflash's patent applications during his time as a director at Gemplus," that "Apple and Mr. Farrugia knew that those patents issued," and "that Apple gained knowledge of Smartflash's patents" from the "commercial prominence of Smartflash products and the public information available through the PTO."  *Id.*  The record does not support these inferences and cannot support willfulness.

Smartflash cites *Ultratec, Inc. v. Sorenson Commc'ns., Inc.*, 45 F. Supp. 3d 881 (W.D. Wis. 2014), but the court there found "sufficient evidence from which a jury could conclude that defendants went ***out of their way*** to ignore the patents."  *Id.* at 925–26 (emphasis added).  The defendants ignored "numerous red flags," were told that plaintiff owned "all the patents" in the area, called plaintiff's inventions "landmines" that would cause "grief," and copied part of the plaintiff's invention.  *Id.*  Smartflash's tenuous chain of inferences is not at all like *Sorenson*. Instead, it evokes a defunct standard "more akin to negligence."  *Seagate*, 497 F.3d at 1371.

## III.    APPLE'S POST-FILING CONDUCT DOES NOT CONSTITUTE WILLFUL INFRINGEMENT

Defenses made in court—that is, post-filing conduct—are always the focus of *Seagate*'s objective prong, and Apple's defenses continue to be objectively reasonable.  *See Aqua Shield*, 774 F.3d at 774; *Seagate*, 497 F.3d at 1371.  The Court has not entered judgment on Smartflash's claims, and there was no preliminary injunction here.  *See Seagate*, 497 F.3d at 1374. Smartflash cites *Power Integr., Inc. v. Fairchild Semicond. Int'l, Inc.*, 725 F. Supp. 2d 474, 480 (D. Del.

2010), as support that an objectively reasonable defense is "only one factor among the totality of the circumstances to be considered in determining willful infringement." But there, the Federal Circuit vacated the district court's willfulness decision after reversing on other merits issues. *Power Integr., Inc. v. Fairchild Semicond. Int'l, Inc.*, 711 F.3d 1348, 1381 (Fed. Cir. 2013).

The willfulness analysis is not affected by the Supreme Court's decision in *Commil USA, LLC v. Cisco Sys., Inc.*, No. 13-896, 2015 WL 2456617 (U.S. May 26, 2015), which answered "whether knowledge of, or belief in, a patent's validity is required for induced infringement." *Id.* at *6. "In contrast to direct infringement, liability for inducing infringement attaches only if the defendant knew of the patent and that the induced acts constitute patent infringement." *Id.* at *5 (quotation omitted). Here, the issue is the willfulness finding that is a predicate for enhanced, punitive damages. An alleged infringer does not act "reprehensibly," as required for punitive damages, if it reasonably believes in good faith that the patents are invalid or ineligible. Dkt. 556 at 6–7. This does not "erode the presumption of validity" (Resp. at 24, n.10) because the law imposes strict liability and compensatory damages for infringement.


Dated: June 4, 2015

By: */s/  Ching-Lee Fukuda*
Ching-Lee Fukuda
NY Bar No. 2884088
(Eastern District of Texas Member)
Ching-Lee.Fukuda@ropesgray.com
Kevin J. Post (*pro hac vice*)
Kevin.Post@ropesgray.com
**ROPES & GRAY LLP**
1211 Avenue of the Americas
New York, NY 10036-8704
Telephone: (212) 596-9000
Facsimile: (212) 596-9050

James R. Batchelder
CA Bar No. 136347
(Eastern District of Texas Member)

4

James.Batchelder@ropesgray.com
Lauren N. Robinson
CA Bar No. 255028
(Eastern District of Texas Member)
Lauren.Robinson@ropesgray.com
**ROPES & GRAY LLP**
1900 University Ave 6th Floor
East Palo Alto, CA 94303-2284
Telephone:  (650) 617-4000
Facsimile:  (650) 617-4090

Douglas H. Hallward-Driemeier
(*pro hac vice*)
Douglas.Hallward-
Driemeier@ropesgray.com
Megan F. Raymond (*pro hac vice*)
Megan.Raymond@ropesgray.com
**ROPES & GRAY LLP**
700 12th St. NW Suite 900
Washington, DC 20005
Telephone: (202) 508-4600
Facsimile: (202) 508-4650

Mark A. Perry (*pro hac vice*)
mperry@gibsondunn.com
**GIBSON, DUNN & CRUTCHER LLP**
1050 Connecticut Avenue, N.W.
Washington, DC 20036
Telephone: (202) 955-8500
Facsimile: (202) 467-0539

Melissa Smith
TX Bar No. 24001351
**GILLIAM & SMITH LLP**
303 South Washington Avenue
Marshall, TX 75670
Telephone: (903) 934-8450
Facsimile: (903) 934-9257
Melissa@gilliamsmithlaw.com

*Attorneys for Defendant Apple Inc.*

5

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on June 4, 2015, the foregoing was electronically filed with the Clerk of the Court using the CM/ECF system, which will send a notice of electronic filing to CM/ECF participants in this case.

*/s/ Ching-Lee Fukuda*
Ching-Lee Fukuda