**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION**

| | |
|---|---|
| SMARTFLASH LLC and<br>SMARTFLASH TECHNOLOGIES<br>LIMITED,<br><br>         Plaintiffs,<br><br>     v.<br><br>APPLE INC., ROBOT ENTERTAINMENT,<br>INC., KINGSISLE ENTERTAINMENT, INC.,<br>and GAME CIRCUS LLC,<br><br>         Defendants. | Civil Action No. 6:13-cv-447-JRG-KNM<br><br>**JURY TRIAL DEMANDED** |

**DEFENDANT APPLE INC.'S NOTICE OF SUPPLEMENTAL AUTHORITY
IN SUPPORT OF ITS RULE 50(b) RENEWED MOTION FOR JUDGMENT
AS A MATTER OF LAW UNDER 35 U.S.C. § 101 (DKT. 550)**

Defendant Apple Inc. submits this notice of supplemental authority to apprise the Court of two recent Federal Circuit decisions that bear on the question of patent-eligibility currently before this Court. *See* Dkt. 550. In each case, the Federal Circuit held that the patents-in-suit were ineligible under § 101 of the Patent Act. The cases are *OIP Technologies, Inc. v. Amazon.com, Inc.*, No. 2012-1696 (Fed. Cir. June 11, 2015) (a copy of which is attached as Exhibit A), and *Ariosa Diagnostics, Inc. et al. v. Sequenom, Inc. et al.*, Nos. 2014-1139, -1144 (Fed. Cir. June 12, 2015) (a copy of which is attached as Exhibit B).

In *OIP Technologies*, the asserted claims were "directed to the concept of offer-based price optimization" in e-commerce, which the court recognized to be an abstract idea. Slip Op. at 6. The asserted claims implemented this abstract idea through "programming" and hardware limitations that were "'well-understood, routine, conventional activities' previously known to the

industry." *Id.* at 7 (quoting *Alice Corp. Pty. Ltd. v. CLS Bank Int'l*, 134 S. Ct. 2347 (2014)) (alteration omitted). The court held these claims ineligible under § 101 because "relying on a computer to perform routine tasks more quickly or more accurately is insufficient to render a claim patent eligible." *Id.* at 8. The court also indicated that *DDR Holdings, LLC v. Hotels.com, L.P.*, 773 F.3d 1245 (Fed. Cir. 2014), is limited to claims that "recite a specific manipulation of a general-purpose computer such that the claims do not rely on a computer network operating in its normal, expected manner." Slip Op. at 8 (internal quotation omitted).

In the second case, *Ariosa Diagnostics*, the court held ineligible a patent claiming the discovery of a certain type of DNA on the ground that the methods used to isolate the DNA were "conventional, routine, and well understood applications in the art." Slip Op. at 13. Notably, the court rejected the patentee's argument that a method that "does not preclude alternative methods in the same field is non-preemptive, and, by definition, patent-eligible under Section 101." *Id.* at 14. Instead, "questions on preemption are inherent in and resolved by the § 101 analysis." *Id*. "While preemption may signal patent ineligible subject matter, the absence of complete preemption does not demonstrate patent eligibility." *Id.*

Dated: June 15, 2015

By: */s/ Ching-Lee Fukuda*
Ching-Lee Fukuda
NY Bar No. 2884088
(Eastern District of Texas Member)
Ching-Lee.Fukuda@ropesgray.com
Kevin J. Post (*pro hac vice*)
Kevin.Post@ropesgray.com
**ROPES & GRAY LLP**
1211 Avenue of the Americas
New York, NY 10036-8704
Telephone: (212) 596-9000
Facsimile: (212) 596-9050

James R. Batchelder
CA Bar No. 136347
(Eastern District of Texas Member)

2

James.Batchelder@ropesgray.com
Lauren N. Robinson
CA Bar No. 255028
(Eastern District of Texas Member)
Lauren.Robinson@ropesgray.com
**ROPES & GRAY LLP**
1900 University Ave 6th Floor
East Palo Alto, CA 94303-2284
Telephone:  (650) 617-4000
Facsimile:  (650) 617-4090

Douglas H. Hallward-Driemeier
(*pro hac vice*)
Douglas.Hallward-Driemeier@ropesgray.com
Megan F. Raymond (*pro hac vice*)
Megan.Raymond@ropesgray.com
**ROPES & GRAY LLP**
700 12th St. NW Suite 900
Washington, DC 20005
Telephone: (202) 508-4600
Facsimile: (202) 508-4650

Mark A. Perry
(*pro hac vice*)
mperry@gibsondunn.com
**GIBSON, DUNN & CRUTCHER LLP**
1050 Connecticut Avenue, N.W.
Washington, DC 20036
Telephone: (202) 955-8500
Facsimile: (202) 467-0539

Melissa Smith
TX Bar No. 24001351
**GILLIAM & SMITH LLP**
303 South Washington Avenue
Marshall, TX 75670
Telephone: (903) 934-8450
Facsimile: (903) 934-9257
Melissa@gilliamsmithlaw.com

*Attorneys for Defendant Apple Inc.*

3

## **CERTIFICATE OF SERVICE**

I hereby certify that on June 15, 2015, the foregoing was electronically filed with the Clerk of the Court using the CM/ECF system, which will send a notice of electronic filing to CM/ECF participants in this case.

*/s/ Ching-Lee Fukuda*
Ching-Lee Fukuda