## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## TYLER DIVISION

|  |  |
|---|---|
| SMARTFLASH LLC and<br>SMARTFLASH TECHNOLOGIES<br>LIMITED,<br><br>      Plaintiffs,<br><br>v.<br><br>APPLE INC., ROBOT ENTERTAINMENT,<br>INC., KINGSISLE ENTERTAINMENT, INC.,<br>and GAME CIRCUS LLC,<br><br>      Defendants. | Civil Action No. 6:13-cv-447-JRG-KNM<br><br>**JURY TRIAL DEMANDED** |

### DEFENDANT APPLE INC.'S MOTION FOR RECONSIDERATION OF THE COURT'S ORDERS ADOPTING CLAIM CONSTRUCTIONS AND DENYING SUMMARY JUDGMENT ON INDEFINITENESS (DKT. 351) AND DENYING PARTIAL SUMMARY JUDGMENT OF NONINFRINGEMENT (DKT. 482), OR IN THE ALTERNATIVE FOR A NEW TRIAL

Apple respectfully advises the Court that, on June 16, 2015, the *en banc* Federal Circuit in *Williamson v. Citrix Online, LLC*, No. 2013-1130, — F.3d —, 2015 WL 3687459 (Fed. Cir. June 16, 2015) (en banc), issued an important new decision changing the standard for invoking § 112, paragraph 6 (now § 112(f)) in the absence of the specific recitation of the term "means." The *Williamson* decision requires revisiting several rulings entered earlier in this litigation that were based on the now-overruled standard.

On December 4, 2014, U.S. District Court Judge Michael H. Schneider adopted (Dkt. 351) the Report and Recommendation of U.S. Magistrate Judge K. Nicole Mitchell (Dkt. 229) which: (1) declined to apply 35 U.S.C. § 112, paragraph 6 to asserted claims that include the "processor" and "code … to" limitations (found in all four claims asserted at trial); and (2) for

that reason, denied summary judgment of invalidity of certain asserted claims (including claims 26 and 32 of the '772 patent).  Defendants Apple Inc. and Samsung Electronics Co. had argued in their respective actions that certain of the claims were invalid (including claims 26 and 32 of the '772 patent), because the patent specifications failed to sufficiently disclose corresponding structure under § 112, paragraph 6.  Dkt. 161; No. 6:13-cv-448, Dkt. 177.  Apple has also argued that certain of the claims (including claim 13 of the '720 patent and claim 32 of the '221 patent) should be limited to the specific algorithms disclosed in the specifications.  Dkt. 129-1 at 21–24.

On February 13, 2015, this Court adopted (Dkt. 482) the Report and Recommendation of U.S. Magistrate Judge K. Nicole Mitchell (Dkt. 415), which denied Apple's motions for partial summary judgment of non-infringement based on the Court's adopted claim constructions.  Had the Court adopted claim constructions pursuant to § 112, paragraph 6, as described below, Apple would have been entitled to summary judgment of non-infringement.  Because the Court had rejected those constructions, Apple did not seek summary judgment on those grounds.

In determining that the "processor" and "code … to" limitations are not written in means-plus-function format, and in denying summary judgment of invalidity, the Court relied on the Federal Circuit's then-current standard that, absent a claim's explicit recitation of the term "means," there is a "'strong' presumption ... 'not readily overcome'" that § 112, paragraph 6 does not apply.  Dkt. 351 at 3 (citing *Lighting World, Inc. v. Birchwood Lighting, Inc.*, 382 F.3d 1354, 1358 (Fed. Cir. 2004); *Flo Healthcare Solutions, LLC v. Kappos*, 697 F.3d 1367 (Fed. Cir. 2012); *Apple, Inc. v. Motorola, Inc.*, 757 F.3d 1286, 1297–98 (Fed. Cir. 2014)); Dkt. 229 at 32–33 (citing *Lighting World*, 382 F.3d at 1359–60).  The Court determined that defendants had not overcome that "strong presumption," and thus held that the disputed terms "need not be construed."  Dkt. 229 at 35.

In *Williamson*, the *en banc* Federal Circuit held that the "heightened burden" of the "strong presumption" was "unjustified."   2015 WL 3687459 at *7.   Accordingly, the Federal Circuit specifically overruled *Lighting World*, *Flo Healthcare*, *Apple*, and their progeny.   *Id.* at *6–7.   The Federal Circuit thus adopted a lower standard for invoking § 112, paragraph 6 in the absence of the specific recitation of the term "means":   "whether the words of the claim are understood by persons of ordinary skill in the art to have a sufficiently definite meaning as the name for structure."   *Id.* at *7 (citing *Greenberg v. Ethicon Endo-Surgery, Inc.*, 91 F.3d 1580, 1583 (Fed. Cir. 1996)).   Relatedly, the Federal Circuit recently explained in another case relevant here that a claim that does not "describe[]" a "mechanism" that is the "essential innovation" is ineligible under Section 101, because claims that "represent merely generic data collection steps or siting the ineligible concept in a particular technological environment do not add an inventive concept."   *Internet Patents Corp. v. Active Network, Inc.*, Nos. 2014-1048, 2014-1061, 2014-1062, 2014-1063, — F.3d —, 2015 WL 3852975, at *5-6 (Fed Cir. June 23, 2015)   ("IPC's proposed interpretation of 'maintaining state' describes the effect or result dissociated from any method by which maintaining the state is accomplished upon the activation of an icon.").

Each of the four claims asserted at trial recites at least one element that, under the *Williamson* standard, should have been construed under § 112, paragraph 6.   As the tables below show, such a construction would have resulted in a finding of indefiniteness and/or non-infringement.

| Claim Term | Claim(s) | Argument | Additional Detail |
|---|---|---|---|
| code responsive to the payment validation data to receive at least one access rule from the data supplier and to write the at least one access rule into the data carrier, the at least one access rule specifying at least one condition for accessing the retrieved data written into the data carrier, the at least one condition being dependent upon the amount of payment associated with the payment data forwarded to the payment validation system | '720 claim 13 '221 claim 32 | Not infringed because the disclosed algorithm is not present in the accused Apple system. Corresponding structure is limited to a general purpose processor specially programmed to perform the algorithm as described in '720 patent, FIG. 12c (S55-S57); 3:4-12; 21:41- 22:9. | Steps S55-S57 and the specification require that the content access terminal (e.g., an iPhone) forwards "payment record data received from e-payment system" to the "scheme owner."  The equivalent in the accused system would require the iPhone to forward the "download response" message *back* to Apple's servers prior to receiving content.  No evidence of this was presented during trial. |
| code responsive to the payment validation data to retrieve data from the data supplier and to write the retrieved data into the data carrier | '720 claim 13 '221 claim 32 | Not infringed because the disclosed algorithm is not present in the accused Apple system. Corresponding structure is limited to a general purpose processor specially programmed to perform the algorithm as described in '720 patent, FIG. 12c (S55-S57) and 21:35-22:3.  The accused Apple system contains no such structure. | In addition, the specification explains that it is the content access terminal that authenticates a payment before confirming that the payment has been made to the owner.  No such authentication and confirmation takes place on an iOS device and no evidence of this was presented during trial. |
| code responsive to said payment validation data to retrieve said selected at least one item of multimedia content via said wireless interface from a data supplier and to write said retrieved at least one item of multimedia content into said non-volatile memory | '772 claim 26 | | |
| code responsive to the payment validation data to retrieve said selected at least one content data item from a data supplier and to write said retrieved at least one content data item into said data carrier | '772 claim 32 | | |

| Claim Term | Claim(s) | Argument | Additional Detail |
|---|---|---|---|
| code to evaluate said use status data and use rules to determine whether access is permitted to said second selected one or more items of retrieved multimedia content | '772 claim 26 | Indefinite for failure to disclose sufficient corresponding algorithm. | The specification discloses "comparing" use rules and use data without any explanation as to what that comparison entails. This is not a sufficient corresponding algorithm. |
| code to evaluate said use status data and use rules to determine whether access is permitted to said second selected one or more retrieved content data items | '772 claim 32 | | |

As demonstrated above, claims 26 and 32 of the '772 patent would be invalid as indefinite because the patent specification fails to disclose corresponding structure for certain "code … to" limitations.   And although the asserted patents disclose some structure corresponding to other similar "code … to" limitations recited in all four asserted claims, the accused Apple system contains no such structure and therefore does not meet those limitations.

The Court should therefore reconsider its prior decisions, as they rest on an erroneous view of the law.  First, the Court should reconsider: (1) whether, under the Federal Circuit's new standard, the particular "processor" and "code … to" limitations in claims 26 and 32 of the '772 patent should be construed under § 112, paragraph 6; and, if so (2) whether the patent specification sufficiently discloses corresponding structure.   Second, the Court should similarly determine:   (1) whether the other "code … to" limitations of the four asserted claims, as discussed above, should be construed under § 112, paragraph 6; and, if so: (2) whether corresponding structure is disclosed and whether such structure is present in the accused Apple system.   This Court clearly has the authority to reconsider these prior rulings, even though trial has been completed, because final judgment has not yet been entered.   *See*, *e.g.*, *Lavespere v. Niagara Mach. & Tool Works, Inc.*, 910 F.2d 167, 185 (5th Cir. 1990), *overruled on other*

*grounds by Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 n.14 (5th Cir. 1994); *Helena Labs. Corp. v. Alpha Scientific Corp.*, 483 F. Supp. 2d 538, 538 n.1 (E.D. Tex. 2007).

As explained above, if the claims were construed in a manner consistent with § 112, paragraph 6, the asserted claims would either be invalid as indefinite or not infringed, because Apple's products do not practice the limitations of the corresponding structure disclosed in the specifications.  But even if the Court were not to find that Apple was entitled to summary judgment on those grounds, the Court's previous claim constructions would at the least need to be revisited in light of the Federal Circuit's new *en banc* precedent regarding § 112, paragraph 6. And Apple would, at a minimum, be entitled to a new trial on the basis of any new constructions compelled by the recent, post-trial change in the law.

Apple is prepared to address these issues at the July 1, 2015 hearing, and stands ready to further brief the impact of *Williamson* on this case, if this Court so desires.


Dated: June 24, 2015                              By: */s/ Ching-Lee Fukuda*

Ching-Lee Fukuda
NY Bar No. 2884088
(Eastern District of Texas Member)
Ching-Lee.Fukuda@ropesgray.com
Kevin J. Post (*pro hac vice*)
Kevin.Post@ropesgray.com
**ROPES & GRAY LLP**
1211 Avenue of the Americas
New York, NY 10036-8704
Telephone: (212) 596-9000
Facsimile: (212) 596-9050

James R. Batchelder
CA Bar No. 136347
(Eastern District of Texas Member)
James.Batchelder@ropesgray.com
Lauren N. Robinson
CA Bar No. 255028
(Eastern District of Texas Member)
Lauren.Robinson@ropesgray.com
**ROPES & GRAY LLP**
1900 University Ave 6th Floor
East Palo Alto, CA 94303-2284
Telephone:  (650) 617-4000
Facsimile:  (650) 617-4090

Douglas H. Hallward-Driemeier
(*pro hac vice*)
Douglas.Hallward-
Driemeier@ropesgray.com
Megan F. Raymond (*pro hac vice*)
Megan.Raymond@ropesgray.com
**ROPES & GRAY LLP**
700 12th St. NW Suite 900
Washington, DC 20005
Telephone: (202) 508-4600
Facsimile: (202) 508-4650

Mark A. Perry
(*pro hac vice*)
mperry@gibsondunn.com
**GIBSON, DUNN & CRUTCHER LLP**
1050 Connecticut Avenue, N.W.
Washington, DC 20036
Telephone: (202) 955-8500
Facsimile: (202) 467-0539

Melissa Smith
TX Bar No. 24001351
**GILLIAM & SMITH LLP**
303 South Washington Avenue
Marshall, TX 75670
Telephone: (903) 934-8450
Facsimile: (903) 934-9257
Melissa@gilliamsmithlaw.com

*Attorneys for Defendant Apple Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on June 24, 2015, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send a notice of electronic filing to EM/ECF participants in this case.

*/s/ Ching-Lee Fukuda*
Ching-Lee Fukuda

## CERTIFICATE OF CONFERENCE

I hereby certify that on June 23, 2015, Kevin Post, counsel for Apple, met and conferred by telephone with Brad Caldwell, counsel for Smartflash, and Mr. Caldwell confirmed that Smartflash opposes the instant motion.  No agreement could be reached because Smartflash disagrees that the Court should reconsider its prior determinations regarding claim construction and indefiniteness in light of the Federal Circuit's decision in *Williamson v. Citrix Online, LLC.* Accordingly, counsel has complied with the meet and confer requirement pursuant to Local Rule CV-7(h) and the Motion is opposed by Smartflash.

*/s/ Kevin J. Post*
Kevin J. Post