**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION**

| | |
|---|---|
| SMARTFLASH LLC and<br>SMARTFLASH TECHNOLOGIES<br>LIMITED,<br><br>        Plaintiffs,<br><br>   v.<br><br>APPLE INC., ROBOT ENTERTAINMENT,<br>INC., KINGSISLE ENTERTAINMENT, INC.,<br>and GAME CIRCUS LLC,<br><br>        Defendants. | Civil Action No. 6:13-cv-447-JRG-KNM<br><br>**JURY TRIAL DEMANDED** |

**DEFENDANT APPLE INC.'S REPLY IN SUPPORT OF ITS MOTION FOR
RECONSIDERATION, OR IN THE ALTERNATIVE FOR A NEW TRIAL (DKT. 573)**

The post-verdict *en banc* decision in *Williamson v. Citrix Online LLC*, — F.3d —, 2015 WL 3687459 (Fed. Cir. June 16, 2015) (en banc), overruled the "strong presumption" against applying 35 U.S.C. § 112, ¶ 6 to claims that do not recite the word "means." As this Court has already recognized, "a proper claim construction should consider the *change in the law* enunciated in the *Williamson* case." *SimpleAir, Inc. v. Amazon.com, Inc.*, No. 2:14-cv-679, Dkt. 81 at 1 (E.D. Tex. June 23, 2015) (ordering supplemental briefing) (emphasis added). The claim construction and summary judgment orders previously entered expressly rested on the cases and standard that *Williamson* overruled. Those orders should therefore be reconsidered.

Smartflash's response to Apple's motion for reconsideration rests on mischaracterizing both *Williamson* and this Court's prior orders regarding § 112, ¶ 6:

***Williamson* Is a Significant Change in Law**

Smartflash first argues that *Williamson* did not alter the presumption against applying § 112, ¶ 6, but merely overruled the "*characterization* of the presumption." Response at 1. That is wrong. The Federal Circuit reheard the case *en banc* not simply to revise semantics, but to officially overrule cases imposing the "heightened evidentiary showing" previously required to overcome the "strong presumption," which the court found to be "unwarranted [and] uncertain in meaning and application, and ha[d] the inappropriate practical effect of placing a thumb on what should otherwise be a balanced analytical scale." *Williamson*, 2015 WL 3687459, at *6–7. The strong presumption had "shifted the balance struck by Congress in passing §112, para. 6 and ha[d] resulted in a proliferation of functional claiming untethered to § 112, para. 6 and free of the strictures set forth in the statute." *Id.* at *7. *Williamson* also specifically "overrule[d] the strict requirement of 'a showing that the limitation essentially is devoid of anything that can be construed as structure.'" *Id*.

A "strong presumption" against applying § 112, ¶ 6 no longer governs; rather, "[t]he standard is whether the words of the claim are understood by persons of ordinary skill in the art to have a sufficiently definite meaning as the name for structure" and "[w]hen a claim term lacks the word 'means,' the presumption can be overcome and § 112, para. 6 will apply if the challenger demonstrates that the claim term fails to 'recite sufficiently definite structure' or else recites 'function without reciting sufficient structure for performing that function.'" *Id.* (citing *Watts v. XL Sys., Inc.*, 232 F.3d 877, 880 (Fed. Cir. 2000)).

**The Prior Orders Applied Pre-*Williamson* Law**

Smartflash is also incorrect in arguing that *Williamson* does not require this Court to revisit the claim construction and summary judgment orders previously entered in this case. The Court previously applied the "strong presumption" that *Williamson* has now eliminated. *See* Dkt. 229 at 33 ("The presumption flowing from the absence of the term 'means' is a strong one that is not readily overcome"); Dkt. 351 at 8 ("Defendants failed to overcome the strong presumption that § 112, ¶ 6 does not apply to the 'processor' claim limitations, none of which include the term 'means'"). And the "heightened bar" established in cases cited in the Court's prior rulings—including *Lighting World, Inc. v. Birchwood Lighting, Inc.*, 382 F.3d 1354 (Fed. Cir. 2004); *Flo Healthcare Solutions, LLC v. Kappos*, 697 F.3d 1367 (Fed. Cir. 2012); and *Apple, Inc. v. Motorola, Inc.*, 757 F.3d 1286 (Fed. Cir. 2014) (*see* Dkt. 351 at 3; Dkt. 229 at 32–33)—was expressly overruled by the Federal Circuit in *Williamson*. 2015 WL 3687459, at *6.

Smartflash seizes on a single sentence in Judge Mitchell's indefiniteness summary judgment opinion stating that "Defendants have failed to overcome the presumption" (Dkt. 229 at 35), and argues that, because the word "strong" was not reiterated in that sentence, the previous orders did not apply the then-controlling "strong presumption" standard. Response at 2.

But the very same opinion, relying on *Lighting World*, had already explicitly referred to that "presumption" as a "strong one that is not readily overcome." Dkt. 229 at 33. And that "strong presumption" was the primary basis for the remainder of the analysis in both the claim construction order and the summary judgment orders. Those orders applied the law in effect when they were entered, but *Williamson* effected a *change in law* that requires revisiting them.

**Under *Williamson*, the Asserted Claims Recite Means-Plus-Function Limitations**

Smartflash incorrectly asserts that "Apple does not even try to argue that any of the analysis in the prior rulings is affected by *Williamson*." Response at 2. In fact, *four of the motion's six pages* are devoted to explaining why, under *Williamson*, specific claim terms should be construed under § 112, ¶ 6. Motion at 3–6. The generic terms used in the asserted claims—"processor" and "code"—are akin to other "generic terms such as 'mechanism,' 'element,' 'device,' and other nonce words that reflect nothing more than verbal constructs that may be used in a claim in a manner tantamount to using the word 'means' because they 'typically do not connote sufficiently definite structure' and therefore may invoke § 112, para. 6." *Williamson*, 2015 WL 3687459, at *8 (quoting *Mass. Inst. of Tech. & Elecs. for Imaging, Inc. v. Abacus Software*, 462 F.3d 1344, 1354 (Fed. Cir. 2006)); *see also Eon Corp. IP Holdings v. AT&T Mobility LLC*, 785 F.3d 616, 623 (Fed. Cir. 2015) ("A microprocessor or general purpose computer lends sufficient structure only to basic functions of a microprocessor. All other computer-implemented functions require disclosure of an algorithm."). These terms connote insufficient structure:

> Because general purpose computers can be programmed to perform very different tasks in very different ways, simply disclosing a computer as the structure designated to perform a particular function does not limit the scope of the claim to "the corresponding structure, material, or acts" that perform the function, as required by section 112 paragraph 6.

*Aristocrat Techs. Austl. Pty Ltd. v. Int'l Game Tech.*, 521 F.3d 1328, 1333 (Fed. Cir. 2008). It

follows logically, then, that after *Williamson* terms like "processor" and "code" are also insufficiently "structural" when recited in a claim:

> If "computer" or "processor" is insufficient structure to define the scope of a means-plus-function limitation, the word "processor" cannot describe sufficient structure when recited direction in a clam limitation itself.

*Personal Audio, LLC v. Apple, Inc.*, 2011 WL 11757163, at *21 (E.D. Tex. Jan. 30, 2011). The PTAB recently (even prior to *Williamson*) followed the same approach in a triplet of cases:

> We begin with a dictionary definition of a "processor," which would be recognized, by a skilled artisan in computer programming, as a computer, a central processing unit, or a program that translates another program into a form acceptable by the computer being used. … Given this dictionary definition and complementary examples in the Specification, we find that the "processor" [in the claim at issue] is a non-structural term that would not be recognized by a skilled artisan as the name of a sufficiently definite structure for implementing the "perform" function recited [in the claim]. As such, the term "processor" at least initially appears to be merely a substitute for the term "means for" associated with recited functional language.

*Ex Parte Erol*, 2013 WL 1341107, at *8 (B.P.A.I. Mar. 13, 2013); *see also Ex Parte Lakkala*, 2013 WL 1341108, at *7 (B.P.A.I. Mar. 13, 2013); *Ex Parte Smith*, 2013 WL 1341109, at *8 (B.P.A.I. Mar. 14, 2013). The PTAB concluded that, because (as here) the use of the word "processor" in the claims was unmodified and because an off-the-shelf processor could not perform the claimed functions without software modification, § 112, ¶ 6 was properly invoked.[1]

Smartflash is simply wrong that *Williamson* "provides additional support for the prior rulings." Response at 5. Smartflash fails to provide any explanation as to why "processor" and "code" are not identical in substance to "means" and fails to explain how these terms are any different from "module," which the Federal Circuit held was a nonce term invoking § 112, ¶ 6.

Because the "strong presumption" standard that served as the fundamental premise for

---

[1] As Magistrate Judge Mitchell noted, *Greenberg v. Ethicon Endo-Surgery, Inc.*, 91 F.3d 1580, 1583 (Fed. Cir. 1996), related to a "detent mechanism" that "denotes a type of device with a generally understood meaning in the mechanical arts." Dkt. 229 at 34. No such specific structure is generally understood for "processor" or "code" in the computer arts. Dkt. 161-1.

the Court's prior rulings has been overruled by *Williamson*, this Court should reconsider its prior orders applying that standard. First, the claim construction rulings (Dkts. 229, 351) should be revisited, and the asserted claims reconstrued in light of *Williamson* as being subject to § 112, ¶ 6. Second, after construing the claims under that standard, the Court should reopen its summary judgment rulings (Dkts. 229, 351, 415, 482) and hold that claims 26 and 32 of the '772 patent are invalid as indefinite because the specification fails to disclose sufficient corresponding structure for performing the claimed functions. The Court should also enter judgment as a matter of law that, properly construed, all asserted claims are not infringed (Dkt. 573). At a minimum, reconstruing the claims requires a new trial on all issues because the constructions on which the verdict was rendered were erroneous, and this error was not harmless.

In light of the previously scheduled hearing on July 1, Apple has briefed the effect of *Williamson* quickly and concisely; the issue is straightforward and the need to revisit the applicability of § 112, ¶ 6 is clear. If the Court would benefit from further briefing or argument on claim construction or the consequences of reconstruing these claims consistent with *Williamson*, Apple would be pleased to provide it.

Dated: June 29, 2015                    By: */s/ Ching-Lee Fukuda*

                                                      Ching-Lee Fukuda
                                                    NY Bar No. 2884088
                                                    (Eastern District of Texas Member)
                                                    Ching-Lee.Fukuda@ropesgray.com
                                                    Kevin J. Post (*pro hac vice*)
                                                    Kevin.Post@ropesgray.com
                                                    **ROPES & GRAY LLP**
                                                    1211 Avenue of the Americas
                                                    New York, NY 10036-8704
                                                    Telephone: (212) 596-9000
                                                    Facsimile: (212) 596-9050

James R. Batchelder
CA Bar No. 136347
(Eastern District of Texas Member)
James.Batchelder@ropesgray.com
Lauren N. Robinson
CA Bar No. 255028
(Eastern District of Texas Member)
Lauren.Robinson@ropesgray.com
**ROPES & GRAY LLP**
1900 University Ave 6th Floor
East Palo Alto, CA 94303-2284
Telephone:  (650) 617-4000
Facsimile:  (650) 617-4090

Douglas H. Hallward-Driemeier
(*pro hac vice*)
Douglas.Hallward-Driemeier@ropesgray.com
Megan F. Raymond (*pro hac vice*)
Megan.Raymond@ropesgray.com
**ROPES & GRAY LLP**
700 12th St. NW Suite 900
Washington, DC 20005
Telephone: (202) 508-4600
Facsimile: (202) 508-4650

Mark A. Perry
(*pro hac vice*)
mperry@gibsondunn.com
**GIBSON, DUNN & CRUTCHER LLP**
1050 Connecticut Avenue, N.W.
Washington, DC 20036
Telephone: (202) 955-8500
Facsimile: (202) 467-0539

Melissa Smith
TX Bar No. 24001351
**GILLIAM & SMITH LLP**
303 South Washington Avenue
Marshall, TX 75670
Telephone: (903) 934-8450
Facsimile: (903) 934-9257
Melissa@gilliamsmithlaw.com

*Attorneys for Defendant Apple Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on June 29, 2015, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send a notice of electronic filing to EM/ECF participants in this case.

*/s/ Ching-Lee Fukuda*
Ching-Lee Fukuda
