IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| SMARTFLASH LLC, et al., | § § § § § § § § § § § § | |
| *Plaintiff*, | | |
| v. | | Case No. 6:13-cv-447-JRG |
| APPLE INC., et al., | | |
| *Defendants*. | | |

## ORDER

Before the Court is the Renewed Motion for Judgment of No Willful Infringement as a Matter of Law under Rule 50(b) (Dkt. No. 549) filed by the Defendant Apple Inc. ("Apple"). Plaintiff Smartflash LLC, et al. ("Smartflash") responds as part of an omnibus response (Dkt. No. 555) and requests the Court to enter judgment in accordance with the jury verdict (Dkt. No. 551, Dkt. No. 503). On July 1, 2015, the Court held a hearing regarding both parties' motions. For the reasons set forth, the Court hereby **GRANTS** Apple's Motion.

"A finding of willful infringement allows an award of enhanced damages under 35 U.S.C. § 284." *Bard Peripheral Vascular, Inc. v. W.L. Gore & Assocs, Inc.*, 682 F.3d 1003, 1005 (Fed. Cir. 2012) (citing *In re Seagate Tech., LLC*, 497 F.3d 1360, 1368 (Fed. Cir. 2007) (en banc)). "[T]o establish willful infringement, a patentee must show by clear and convincing evidence that the infringer acted despite an objectively high likelihood that its actions constituted infringement of a valid patent." *In re Seagate Tech., LLC*, 497 F.3d 1360, 1371 (Fed. Cir. 2007) (en banc). This standard contains both an objective prong and a subjective prong. *Bard Peripheral Vascular, Inc. v. W.L. Gore & Assocs, Inc.*, 682 F.3d 1003, 1005 (Fed. Cir. 2012).

Based on a review of the totality of the trial record before the Court and the evidence presented to the jury during the trial, but without expressly adopting any of Apple's arguments in its Rule 50(b) motion, the Court finds that no reasonable jury could have concluded that Apple's infringement was willful. Specifically, no reasonable jury could have concluded that the subjective prong was met with respect to Apple's pre-suit conduct in this case.[1] Accordingly, based on the particular circumstances of this case, the Court finds no willful infringement, *see In re Seagate Tech. LLC,* 497 F.3d 1360, 1374 (Fed. Cir. 2007) (en banc); *Affinity Labs of Tex., LLC v. Alpine Electrs. Of Am., Inc.*, 2009 WL 9091275, at *1 (E.D. Tex. Sept. 2, 2009).

The Court therefore **GRANTS** Apple's Rule 50(b) Renewed Motion for Judgment of No Willful Infringement as a Matter of Law (Dkt. No. 549). The Court hereby directs the entry of judgment as a matter of law for Apple on the issue of willfulness.

**So ORDERED and SIGNED this 2nd day of July, 2015.**

_____
RODNEY GILSTRAP
UNITED STATES DISTRICT JUDGE

---

[1] Plaintiff's primary witness through which it sought to establish willful infringement by Apple was Augustin Farrugia, an Apple employee. Though examined adversely by Plaintiff, the Court finds nothing in his testimony which even approximates the clear and convincing evidence necessary to establish willfulness. The full transcript of his testimony can be found in Dkt. No. 516 at 46:1–108:25.