IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| SMARTFLASH LLC, et al., § § *Plaintiffs*, § § v. § § APPLE INC., et al., § § *Defendants*. § § | Case No. 6:13-CV-447-JRG-KNM |

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendant Apple Inc.'s ("Apple's") "Motion for Reconsideration of the Court's Orders Adopting Claim Constructions and Denying Summary Judgment on Indefiniteness (Dkt. No. 351) and Denying Partial Summary Judgment of Noninfringement (Dkt. No. 482), or in the Alternative for a New Trial." (Dkt. No. 573.) Also before the Court is the response of Plaintiffs Smartflash LLC and Smartflash Technologies Ltd. (collectively, "Plaintiff") as well as Apple's reply thereto. (Dkt. Nos. 574 & 577.)

The Court held a hearing on this motion in conjunction with a hearing on various post-trial motions on July 1, 2015. (*See* Dkt. No. 576, 6/26/2015 Order.)

### BACKGROUND

Prior to trial, the assigned United States Magistrate Judge received claim construction briefing, held a claim construction hearing on July 17, 2014, and entered a Report and Recommendation on claim construction on September 24, 2014. (Dkt. No. 229.) The Court analyzed and overruled objections in an Order Adopting Report and Recommendation of United States Magistrate Judge on December 4, 2014. (Dkt. No. 351.)

1

In addition, prior to trial the assigned United States Magistrate Judge received briefing on, and entered a Report and Recommendation recommending denial of, Apple's Motion for Partial Summary Judgment of Non-Infringement (Dkt. No. 271) on January 5, 2015. (Dkt. No. 390.) The Court overruled objections in an Order adopting the Report and Recommendation on February 13, 2015. (Dkt. No. 482.)

The above-captioned case proceeded to a jury trial that resulted in a verdict on February 24, 2015. (*See* Dkt. No. 503, Jury Verdict).

Apple now moves for reconsideration of the above-mentioned Orders in light of *Williamson v. Citrix Online, LLC*, --- F.3d ----, 2015 WL 3687459 (Fed. Cir. June 16, 2015), in which the Court of Appeals for the Federal Circuit abrogated certain prior statements regarding the presumption against applying 35 U.S.C. § 112, ¶ 6 means-plus-function treatment to claim language that does not use the word "means." *See id.*, at *7.

## LEGAL PRINCIPLES

Motions to reconsider serve a very limited purpose: "to permit a party to correct manifest errors of law or fact, or to present newly discovered evidence." *Krim v. pcOrder.com, Inc.*, 212 F.R.D. 329, 331 (W.D. Tex. 2002); *accord Tex. Instruments, Inc. v. Hyundai Elecs Indus., Co.*, 50 F. Supp. 2d 619, 621 (E.D. Tex. 1999). Only three grounds permit granting a motion to reconsider: "(1) an intervening change in controlling law; (2) the availability of new evidence not previously available; or (3) the need to correct a clear error of law or to prevent manifest injustice." *In re Benjamin Moore & Co.*, 318 F.3d 626, 629 (5th Cir. 2002).

Mere disagreement with a district court's order does not warrant reconsideration of that order. *Krim*, 212 F.R.D. at 332. A party should not restate, recycle, or rehash arguments that were previously made. *Id.* at 331. Rather, "litigants are expected to present their strongest case

when the matter is first considered." *Louisiana v. Sprint Commc'ns. Co.*, 899 F. Supp. 282, 284 (M.D. La. 1995).

**THE PARTIES' POSITIONS**

Apple submits that "[i]n *Williamson*, the *en banc* Federal Circuit held that the 'heightened burden' of the 'strong presumption' was 'unjustified.'" (Dkt. No. 573, at 3 (quoting 2015 WL 3687459, at *7).) Apple urges that "[e]ach of the four claims asserted at trial recites at least one element that, under the *Williamson* standard, should have been construed under § 112, paragraph 6. . . . [S]uch a construction would have resulted in a finding of indefiniteness and/or noninfringement." (Dkt. No. 573, at 3.) Apple concludes that *Williamson* warrants reconsideration of the Court's claim constructions and denial of summary judgment of non-infringement. (*Id.*, at 5 (citing *Lavespere v. Niagara Mach. & Tool Works, Inc.*, 910 F.2d 167, 185 (5th Cir. 1990) ("a new decision clarifying the applicable substantive law may justify reexamining a denial of summary judgment"), *overruled on other grounds by Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 n.14 (5th Cir. 1994)).)

Plaintiff responds that "[i]n *Williamson v. Citrix Online LLC*, the Federal Circuit overruled the characterization of the presumption (as a 'strong' one) that a limitation lacking the word 'means' is not subject to § 112 ¶ 6. The presumption, itself, is still intact. While *Williamson* may impact rulings in other cases, it changes nothing here. . . . None of the prior rulings in this case hinged on the strength of the presumption that § 112 ¶ 6 does not apply to [Plaintiff's] claims." (Dkt. No. 574, at 1 (citations omitted).) Plaintiff argues that the Court did not rely on characterizations of the presumption as "strong" but rather cited principles set forth in cases reaffirmed by *Williamson* and in cases that predate the *Lighting World* decision abrogated by *Williamson*. (*Id.*, at 2-4 (discussing, *inter alia*, *Lighting World, Inc. v. Birchwood Lighting,*

3

*Inc.*, 382 F.3d 1354, 1358 (Fed. Cir. 2004) & *Greenberg v. Ethicon Endo-Surgery, Inc.*, 91 F.3d 1580 (Fed. Cir. 1996)).) Plaintiff urges that the Court "correctly recognized that the terms 'processor' and 'code' are structural elements." (Dkt. No. 574, at 4.) Plaintiff explains:

> The terms "processor" and "code" are not nonce terms that could refer to any possible structure. The structure of the term "processor" can only be a processor. The structure of the term "code" can only be code. A person of skill in the art understands exactly what structure is required by these terms immediately upon reading them.

(*Id.*, at 5.)

Apple replies that reconsideration is appropriate because "[t]he Court previously applied the 'strong presumption' that *Williamson* has now eliminated." (Dkt. No. 577, at 2.) Apple argues that Plaintiff "fails to provide any explanation as to why 'processor' and 'code' are not identical in substance to 'means' and fails to explain how these terms are any different from 'module,' which the Federal Circuit [in *Williamson*] held was a nonce term invoking § 112, ¶ 6." (*Id.*, at 4.) Finally, Apple reiterates that summary judgment should be revisited and, "[a]t a minimum, reconstruing the claims requires a new trial on all issues because the constructions on which the verdict was rendered were erroneous, and this error was not harmless." (*Id.*, at 5.)

In sur-reply, Plaintiff argues that "Apple still fails to show how *Williamson* changes *anything* in the analysis of the prior rulings or how *Williamson* demands a different outcome." (Dkt. No. 578, at 1.) Plaintiff reiterates that "processor" and "code" are not "nonce" words. (*Id.*, at 2-3.) Plaintiff further argues that Apple improperly relies upon cases relating to lack of corresponding structure, which Plaintiff submits are applicable if and only if a term is found to be a means-plus-function term. (*Id.*, at 3.)

## ANALYSIS

*Williamson*, in an *en banc* portion of the decision, abrogated prior statements that the absence of the word "means" gives rise to a "strong" presumption against means-plus-function treatment. 2015 WL 3687459, at *7 (citation omitted). *Williamson* also abrogated prior statements that this presumption "is not readily overcome" and that this presumption cannot be overcome "without a showing that the limitation essentially is devoid of anything that can be construed as structure." *Id.* (citations omitted). Instead, *Williamson* found, "[h]enceforth, we will apply the presumption as we have done prior to *Lighting World* . . . ." *Id.* (citing 382 F.3d 1354). In a subsequent part of the decision not considered *en banc*, *Williamson* affirmed the district court's finding that the term "distributed learning control module" was a means-plus-function term that was indefinite because of lack of corresponding structure, and in doing so *Williamson* stated that "'module' is a well-known nonce word." *Id.*, at *8-*9.

The parties dispute whether the findings in *Williamson* warrant reconsideration of the Court's findings that certain "code" and "processor" terms are not means-plus-function terms. (*See* Dkt. No. 229 at 32-35; *see also* Dkt. No. 351.)

The terms "code" and "processor" as used here are distinguishable from the word "module" in *Williamson* because, for example, Apple's own expert has opined that the word "processor" connotes structure to a person of ordinary skill in the art as "a general-purpose processor that can be programmed to carry out specific functions." (Dkt. No. 161-1, 6/20/2004 Cromarty Decl., at ¶ 29; *see id.*, at ¶ 32 ("a person o[f] ordinary skill in the art, when reading the claims and intrinsic record of the patents-in-suit, would have understood that the term 'processor' itself refers to a general-purpose processor, as opposed to a specialized microprocessor designed to provide specific functionality").) Plaintiff has also submitted a

technical dictionary definition[1] reinforcing that the word "processor" connotes structure to a person of ordinary skill in the art. (Dkt. No. 174, Ex. 1, *The Authoritative Dictionary of IEEE Standards Terms* 872 (7th ed. 2000) (defining a "processor" as, for example, "[a] device that interprets and executes instructions, consisting of at least an instruction control unit and an arithmetic unit").)

Similarly, the word "code" refers to a particular type of structure, as discussed by expert declarations submitted by defendants in a companion case. (*See Smartflash LLC, et al. v. Samsung Elecs. Co., Ltd., et al.*, No. 6:13-CV-448, Dkt. No. 177-1, 6/20/2014 Wolfe Decl., at ¶ 40 ("A general purpose processor of the type available for purchase during the relevant time period (or, for that matter, available for purchase now) is designed to interpret and execute instructions that are provided to it as compiled machine code. The machine code is generated from a computer program written by a human programmer that contains one or more algorithms, each of which is a set of steps to be carried out by the processor in order to perform an intended function."); *see also id.* at ¶¶ 41-42; *id.*, Dkt. No. 521-1, 6/30/2015 Wolfe Decl., at ¶ 42 (similar).)

Thus, at least in the present context, "processor" and "code" are not "nonce" words. *See Williamson*, 2015 WL 3687459, at *6 ("What is important is . . . that the term, as the name for structure, has a reasonably well understood meaning in the art.") (quoting *Greenberg*, 91 F.3d at 1583).

Further, *Williamson* found that the claim at issue did not "describe how the 'distributed learning control module' interacts with other components in the distributed learning control

---

[1] *See Phillips v. AWH Corp.*, 415 F.3d 1303, 1318 (Fed. Cir. 2005) ("We have especially noted the help that technical dictionaries may provide to a court to better understand the underlying technology and the way in which one of skill in the art might use the claim terms.") (citations and internal quotation marks omitted).

server in a way that might inform the structural character of the limitation-in-question or otherwise impart structure . . . ." *Id.*, at 8.  Here, the terms at issue are not merely "code" and "processor" but rather include substantial additional language[2] describing the operation of the components at issue and their interaction with other components.[3]  (*See* Dkt. No. 351, at 7-8.)

Finally, although Apple again cites *Personal Audio, LLC v. Apple, Inc.*, No. 9:09-CV-111, 2011 WL 11757163, at *21 (E.D. Tex. Jan. 30, 2011),[4] the Court adequately addressed Apple's arguments upon overruling objections to the Report and Recommendation on claim construction.  (*See* Dkt. No. 351, *esp.* at 8-9.)

---

[2] *See Williamson*, 2015 WL 3687459, at *8 ("We begin with the observation that the claim limitation in question is not merely the introductory phrase 'distributed learning control module,' but the entire passage 'distributed learning control module for receiving communications transmitted between the presenter and the audience member computer systems and for relaying the communications to an intended receiving computer system and for coordinating the operation of the streaming data module.'"); *see also Apex Inc. v. Raritan Computer, Inc.*, 325 F.3d 1364, 1372 (Fed. Cir. 2003) ("[T]he primary source of . . . error lies in the district court's reliance on single words of the limitations . . . as opposed to the limitations as a whole . . . .").

[3] Apple submits that the relevant terms recited in the claims that were asserted at trial ('720 Patent, Claim 13; '221 Patent, Claim 32; '772 Patent, Claims 26 and 32) are: "code responsive to the payment validation data to receive at least one access rule from the data supplier and to write the at least one access rule into the data carrier, the at least one access rule specifying at least one condition for accessing the retrieved data written into the data carrier, the at least one condition being dependent upon the amount of payment associated with the payment data forwarded to the payment validation system" ('720 Patent, Claim 13; '221 Patent, Claim 32); "code responsive to the payment validation data to retrieve data from the data supplier and to write the retrieved data into the data carrier" ('720 Patent, Claim 13; '221 Patent, Claim 32); "code responsive to said payment validation data to retrieve said selected at least one item of multimedia content via said wireless interface from a data supplier and to write said retrieved at least one item of multimedia content into said nonvolatile memory" ('772 Patent, Claim 26); "code responsive to the payment validation data to retrieve said selected at least one content data item from a data supplier and to write said retrieved at least one content data item into said data carrier" ('772 Patent, Claim 32); "code to evaluate said use status data and use rules to determine whether access is permitted to said second selected one or more items of retrieved multimedia content" ('772 Patent, Claim 26); and "code to evaluate said use status data and use rules to determine whether access is permitted to said second selected one or more retrieved content data items" ('772 Patent, Claim 32). (Dkt. No. 573, at 4-5.)

[4] (*See* Dkt. No. 577, at 4.)

7

In sum, although *Williamson* abrogated any characterization of the presumption as "a strong one that is not readily overcome" or any requirement of finding that "the limitation essentially is devoid of anything that can be construed as structure,"[5] in the above-captioned case the Court's analysis did not turn, explicitly or implicitly, upon such characterizations of the presumption. (*See* Dkt. No. 229 at 32-35; *see also* Dkt. No. 351.)

Instead, the Court applied long-standing principles articulated prior to the abrogated *Lighting World* decision. *See id.*; *see, e.g., Linear Tech. Corp. v. Impala Linear Corp.*, 379 F.3d 1311, 1320 (Fed. Cir. 2004) ("when the structure-connoting term 'circuit' is coupled with a description of the circuit's operation, sufficient structural meaning generally will be conveyed to persons of ordinary skill in the art, and § 112 ¶ 6 presumptively will not apply"; noting "language reciting [the circuits'] respective objectives or operations"); *Apex*, 325 F.3d at 1372 ("While we do not find it necessary to hold that the term 'circuit' by itself always connotes sufficient structure, the term 'circuit' with an appropriate identifier such as 'interface,' 'programming' and 'logic,' certainly identifies some structural meaning to one of ordinary skill in the art."); *Personalized Media Commc'ns, LLC v. Int'l Trade Comm'n*, 161 F.3d 696, 705 (Fed. Cir. 1998) ("Even though the term 'detector' does not specifically evoke a particular structure, it does convey to one knowledgeable in the art a variety of structures known as 'detectors.' We therefore conclude that the term 'detector' is a sufficiently definite structural term to preclude the application of § 112, ¶ 6."); *Greenberg*, 91 F.3d at 1583 (finding that "detent mechanism" was not a means-plus-function term because it denotes a type of device with a generally understood meaning in the mechanical arts);[6] *Affymetrix, Inc. v. Hyseq, Inc.*, 132 F.

---

[5] 2015 WL 3687459, at *7 (citation omitted).

[6] *Greenberg*, 91 F.3d at 1583 ("'detent' denotes a type of device with a generally understood meaning in the mechanical arts, even though the definitions are expressed in functional terms");

8

Supp. 2d 1212, 1232 (N.D. Cal. 2001) (finding that "'computer code' is not a generic term, but rather recites structure that is understood by those of skill in the art to be a type of device for accomplishing the stated functions").[7]

The Court concludes that *Williamson* does not warrant modification of the decisions and conclusions challenged by Apple. Because the Court thus rejects Apple's request to modify the Court's claim construction rulings, the Court accordingly rejects Apple's request to revisit summary judgment or for a new trial.

## CONCLUSION

For the reasons set forth above, the Court hereby **DENIES** Apple's "Motion for Reconsideration of the Court's Orders Adopting Claim Constructions and Denying Summary Judgment on Indefiniteness (Dkt. 351) and Denying Partial Summary Judgment of Noninfringement (Dkt. 482), or in the Alternative for a New Trial" (Dkt. No. 573).

---

*id.* ("It is true that the term 'detent' does not call to mind a single well-defined structure, but the same could be said of other commonplace structural terms such as 'clamp' or 'container.' What is important is not simply that a 'detent' or 'detent mechanism' is defined in terms of what it does, but that the term, as the name for structure, has a reasonably well understood meaning in the art.")

[7] Apple has cited apparently contrary decisions by the Patent Trial and Appeal Board. *See Ex Parte Lakkala*, No. 2011-001526, 2013 WL 1341108, at *7 (P.T.A.B. Mar. 13, 2013); *see also Ex Parte Erol*, No. 2011-00143, 2013 WL 1341107, at *9 (P.T.A.B. Mar. 13, 2013); *Ex Parte Smith*, No. 2012-007631, 2013 WL 1341109, at *8 (P.T.A.B. Mar. 14, 2013). These decisions, which are not binding authority upon this Court, are unpersuasive, particularly in light of the above-cited pre-*Lighting World* decisions of the Court of Appeals for the Federal Circuit. *See Williamson*, 2015 WL 3687459, at *7 ("[h]enceforth, we will apply the presumption as we have done prior to *Lighting World*") (citing 382 F.3d 1354).

**So ORDERED and SIGNED this 6th day of July, 2015.**

_____
RODNEY GILSTRAP
UNITED STATES DISTRICT JUDGE

10