IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| SMARTFLASH LLC, et al., | § § § § § § § § § § § § | |
| *Plaintiff*, | | |
| v. | | Case No. 6:13-cv-447-JRG |
| APPLE INC., et al., | | |
| *Defendants*. | | |

## ORDER

Before the Court is the Renewed Motion for Judgment as a Matter of Law on the Issue of § 101 under Rule 50(b) (Dkt. No. 550) filed by the Defendant Apple Inc. ("Apple"). Plaintiff Smartflash LLC, et al. ("Smartflash") responds in an omnibus response (Dkt. No. 555). On July 1, 2015, the Court held a hearing regarding all post-trial issues. The Court previously addressed the issue of willfulness (Dkt. No. 580) and the issue of damages (Dkt. No. 581). For the reasons set forth below, the Court declines to revise its Rule 56 summary judgment order on the issue of § 101.

**I.   DISCUSSION**

On January 21, 2015, Magistrate Judge Nicole Mitchell issued a substantial Report and Recommendation denying Apple's Motion for Summary Judgment pursuant to 35 U.S.C. § 101. (Dkt. No. 423). On February 13, 2015, after hearing the parties' objections, the Court adopted the Report and Recommendation. (Dkt. No. 484). After trial was complete and a verdict had been returned, Apple field a motion for judgment as a matter of law under Federal Rule of Civil Procedure 50(b) seeking to reopen the § 101 issue.

The Court, exercising its discretion, declines to revise or revisit its Rule 56 Order. *See F.D.I.C. v. Massingill*, 24 F.3d 768, 774 (5th Cir.) (noting that the decision to revisit a Rule 56(d) Order is within the discretion of the district court) *opinion supplemented on denial of reh'g*, 30 F.3d 601 (5th Cir. 1994). The § 101 issue has already received full and fair treatment. To allow parties, in post-trial motions, to entirely reargue the merits of issues that have already been fully addressed during the case would potentially throw open the flood gates to repetitive post-trial motions. This Court has concerns about materially increasing the burden of post-trial motion practice on the parties and the Court, should this procedure be welcomed and made routine. Applying regional circuit law (cited above) to this procedural issue, the Court exercises its discretion, for the reasons noted above, and accordingly declines to reconsider the § 101 issue in the context of a post-trial JMOL when the same as been heard and fully addressed pre-trial, as it has here under Rule 56.

**So ORDERED and SIGNED this 8th day of July, 2015.**

_____
RODNEY GILSTRAP
UNITED STATES DISTRICT JUDGE