**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**TYLER DIVISION**

| | | |
|---|---|---|
| SMARTFLASH LLC,  SMARTFLASH TECHNOLOGIES LIMITED, | § § § | |
| | § | |
| *Plaintiffs*, | § § | |
| | § | |
| v. | § § | CIVIL ACTION NO.  6:13-CV-00447-JRG |
| | § | |
| APPLE INC., | § § | |
| | § | |
| *Defendant*. | § | |

## ORDER

Before the Court is Defendant Apple Inc.'s ("Apple" or "Defendant") Motion for Bill of Costs (the "Motion").  (Dkt. No. 661.)  Having considered the Motion and the relevant authorities, the Court is of the opinion that the Motion should be and hereby is **GRANTED-IN-PART** and **DENIED-IN-PART** to the extent and for the reasons set forth below.

**I.**   **BACKGROUND**

**A.  Asserted Patents**

On May 29, 2013, Smartflash LLC and Smartflash Technologies Limited (collectively, "Smartflash" or "Plaintiffs") filed a complaint against Apple, alleging infringement of six different patents: U.S. Patent Nos. 7,334,720 (the "'720 Patent"); 7,942,317 (the "'317 Patent"); 8,033,458 (the "'458 Patent"); 8,061,598 (the "'598 Patent"); 8,118,221 (the "'221 Patent"); and 8,336,772 (the "'772 Patent") (collectively, "Asserted Patents"). (Dkt. No. 1 at 3–4.)  Through the course of litigation, Smartflash narrowed its claims against Apple to four claims for presentation at trial: Claim 13 of the '720 Patent; Claim 32 of the '221 Patent; and Claims 26 and 32 of the '772 Patent (collectively, "Asserted Claims").  (*See* Dkt. No. 661-11 (Email from Hamad M. Hamad, Counsel

for Smartflash, to Counsel for Apple (Feb. 12, 2015)); *see also* Dkt. No. 302 at 8 (Proposed Pretrial Order) (identifying nineteen asserted claims as of November 11, 2014).)

### B.  Procedural History

A jury trial commenced in this case on February 16, 2015.  (Dkt. Nos. 493, 506, 507, 508, 510.)  The jury returned a unanimous verdict on February 24, 2015 finding the Asserted Claims infringed and also finding that the Asserted Claims were not invalid. (Dkt. No. 503.)  On July 1, 2016, this Court issued its Amended Judgment, awarding Smartflash costs as the prevailing party. (Dkt. No. 641 at 2.)  Apple appealed the Amended Judgment, and the United States Court of Appeals for the Federal Circuit subsequently held that the Asserted Claims were invalid for failing to recite patent-eligible subject matter under 35 U.S.C. § 101.  (Dkt. No. 651-1 at 14 (*Smartflash LLC v. Apple Inc.*, 680 F. App'x 977, 984 (Fed. Cir. 2017)).)  Consequently, on August 16, 2017, the Court entered judgment for Apple and found that "[p]ursuant to Rule 54(d) of the Federal Rules of Civil Procedure and 28 U.S.C. § 1920, Defendant is the prevailing party, and as such, Defendant shall recover its costs from Plaintiffs."[1]  (Dkt. No. 655 at 2.)

On September 22, 2017, Apple filed the present Motion.  (Dkt. No. 661.)  The parties do not dispute that a portion of Apple's requested costs—$132,228.66 ("Unopposed Costs")—are recoverable under Federal Rule of Civil Procedure 54 and 28 U.S.C. § 1920.  (Dkt. No. 661 at 4; Dkt. No. 662 at 1 (Response).)  Rather, the dispute before the Court is whether or not the Court should award Apple its full costs, including $805,317.71 ("Opposed Costs") associated with Apple's (1) video deposition expenses; (2) costs related to binders and tabs, transcripts, and document reproduction; (3) graphics expenses; (4) computer costs for source code examination

---

[1] Smartflash indicated that it would petition for writ of certiorari, noting that "the prevailing party can change on appeal, as has already happened in this case." (Dkt. No. 662 at 15.)  However, the Supreme Court denied Smartflash's petitions for writ as to this case and as to Smartflash's appeal from Covered Business Method review proceedings involving the asserted claims.  (*See* Dkt. Nos. 665, 667.)

2

(e.g., software licensing and GPS monitoring costs); and (5) payments to a court-appointed technical advisor.  (Dkt. No. 661 at 15.)

## II.   LEGAL STANDARD

The issue of costs raises a procedural issue not unique to patent law and is therefore governed by regional circuit law.  *In re Ricoh Co., Ltd. Patent Litigation*, 661 F.3d 1361, 1364 (Fed. Cir. 2011).  Under Federal Rule of Civil Procedure 54(d)(1), "[u]nless a federal statute, these rules, or a court order provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party."  Fed. R. Civ. P. 54(d)(1).  Rule 54(d) affords courts discretion in awarding costs to prevailing parties.  *Taniguchi v. Kan Pac. Saipan, Ltd.*, 132 S. Ct. 1997, 2002 (2012).  However, the provisions of 28 U.S.C. § 1920 limit the Court's discretion in taxing costs against the unsuccessful litigant.  *See Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 441–42 (1987).  Section 1920 enumerates expenses that a federal court may tax as a cost under the discretionary authority found in Rule 54(d):

    (1)    Fees of the clerk and marshal;

    (2)    Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;

    (3)    Fees and disbursements for printing and witnesses;

    (4)    Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;

    (5)    Docket fees under section 1923 of this title;

    (6)    Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

28 U.S.C. § 1920; *see also CBT Flint Partners, LLC v. Return Path, Inc.*, 737 F.3d 1320, 1325 (Fed. Cir. 2013).  A district court is permitted to decline to award costs listed in the statute but may not award costs omitted from the statute.  *Crawford*, 482 U.S. at 441–42.

### III.   DISCUSSION

The parties do not dispute that Apple is the prevailing party.  Accordingly, the Court's analysis focuses solely on whether or not the Court should award Apple the Opposed Costs.  (Dkt. No. 661 at 1.)  Smartflash ultimately argues that the Opposed Costs are not taxable under § 1920 because "[n]one of the requested expenses . . . had anything to do with the purely legal issue of Apple's § 101 defense or the result Apple obtained in this litigation," and thus the Court should deny Apple's Opposed Costs.  (Dkt. No. 662 at 1; *see also* Dkt. No. 664 at 1 & n.1.)

**A.  Disputed Video Deposition Costs Are Taxable**

Apple and Smartflash dispute whether $23,997.50 in costs associated with deposition video recordings and $3,802.48 in incidental deposition expenses are taxable under § 1920.  (*See* Dkt. No. 664 at 2; *see also* Dkt. No. 661-14 (Ex. 8, Pearson 9/20 email); Dkt. No. 661-17 (Ex. 11, Pearson 9/22 email).)

Apple argues that the expenses it incurred to obtain deposition videos were reasonable and necessary.  (Dkt. No. 661 at 16–17.)  Apple needed access to deposition videos of Apple's witnesses taken by Smartflash to prepare for trial should Smartflash seek to impeach or present deposition testimony of Apple's witnesses.  (*Id.* at 16.)  Additionally, Apple needed deposition videos of Smartflash's witnesses for trial preparation as Apple had no guarantees about which witnesses Smartflash would ultimately bring to trial.[2]  (*Id.* at 17; *see also* Dkt. No. 663 at 1–2 (noting that the lack of assurances that Smartflash's deponents, designated as "may call," would be at trial).)  Apple also argues that the "costs for video-recorded depositions are recoverable *in addition to* printed deposition transcript costs."  (Dkt. No. 663 at 2 (quoting *Macrosolve, Inc. v.*

---

[2] "Indeed, Apple sought to and did play video testimony from Smartflash witnesses that Apple deposed, and reasonably could have expected to present video testimony from Smartflash's other witnesses as well."  (Dkt. No. 661 at 17.)

*Antenna Software, Inc.*, No. 6:11-cv-287-MHS-KNM, 2014 WL 11511735, at *2 (E.D. Tex. Oct. 16, 2014)) (emphasis in original).)

Smartflash responds that for deposition costs to be taxable, the requesting party must show that the video deposition was "reasonably obtained for use at trial" at the time the deposition was taken.  (Dkt. No. 662 at 2 (quoting *Motion Games, LLC v. Nintendo Co. Ltd.*, No. 6:12-cv-878, 2016 WL 9136171, at *6 (E.D. Tx. Oct. 24, 2016)); Dkt. No. 664 at 1.)  While "Apple may have *desired* video recordings for impeachment," Apple could use printed transcripts—the costs for which are unopposed—to achieve the same desired purpose.  (Dkt. No. 662 at 3–4 (emphasis in original).)   Since video deposition expenses are taxable only where there is a reasonable expectation, at the time of the deposition, that a witness would be unavailable at trial and Apple controlled the attendance of its witnesses at trial, it is unnecessary for Apple to obtain videotapes of its own witnesses.  (*Id.* at 2.)  Smartflash also opposes the costs associated with Smartflash's inventor and experts as Apple should have reasonably expected these individuals to attend the trial. (*Id.* at 3.)  Additionally, Smartflash contends that any of Apple's costs beyond the cost of a certified printed deposition transcript ($3,802.48) are non-taxable incidental costs.  (Dkt. No. 664 at 2.)

The Court is persuaded that the video depositions at issue were necessarily obtained for presentation of this case.  The Court's standing order is particularly instructive: "costs may be allowed for video tapes of depositions."  Chief Judge Rodney Gilstrap's Standing Order Regarding Bills of Costs at 3 (citing *S&D Trading Academy, LLC v. AAFIS, Inc.*, 336 Fed. App'x. 443, 450–52 (5th Cir. 2009) (unpublished); *SynQor, Inc. v. Artesyn Techs., Inc.*, 2011 WL 4591893, at *9–10 (E.D. Tex. September 30, 2011)) [*hereinafter* Standing Order].   Expenses for videotaped depositions are taxable—even if printed transcripts are available. *See SynQor*, 2011 WL 4591893, at *2 ("Defendants argue that the plain language of 28 U.S.C. § 1920(2) allows recovery for

deposition transcripts or electronic video recording, not both. The Court disagrees.").
Accordingly, Apple is entitled to recover $23,997.50 in costs for videotaped depositions.

However, incidental costs associated with depositions are generally not recoverable.
(*Compare e.g.*, Dkt. No. 661-3 at 17 (including disputed costs for "Exhibits," "CD Depo Litigation
Pkge (SBF, PTZ, LEF, ASCII)," and "Production & Processing" in Invoice SF2083142) *with*
Standing Order at 3.)  Therefore, Apple is not entitled to recover the disputed $3,802.48 in costs
beyond the cost of videotaped depositions and certified printed deposition transcripts.

### B.  Disputed Reproduction Costs Are Taxable

Apple and Smartflash dispute whether $64,433.17 in costs associated with binders, tabs,
and photocopying and $48,350 in related equipment and labor expenses are taxable under § 1920.
(*See* Dkt. No. 662 at 6–9; *see also* Dkt. No. 661-14 (Ex. 8, Pearson 9/20 email); Dkt. No. 661-17
(Ex. 11, Pearson 9/22 email).)

Apple argues that it should not be penalized for discounts that it could not obtain on
binders, tabs, and photocopying when the "statute does not specify that only the lowest possible
cost for exemplification is recoverable." (Dkt. No. 661 at 17–19 (quoting *Equistar Chemicals, LP
v. Westlake Chemical Corp.*, No. 6:14-cv-68, ECF No. 246, at 5 (E.D. Tex. Dec. 29, 2016)).)
Apple also argues that the expenses it incurred to retain the services of and rent copiers from
vendors were necessary to timely reproduce witness documents, source code, exhibits, and other
documents throughout the trial.  (*See* Dkt. No. 661 at 19–20; Dkt. No. 663 at 3.)

Smartflash responds that Apple has not met its burden to demonstrate that the disputed
$112,783.17 in copying costs[3] are necessary and properly taxable.  (Dkt. No. 662 at 6.)  Smartflash
contends that $28,212.73 of the Opposed Costs relate to over-priced office supplies (e.g., binders,

---

[3] Smartflash has already agreed that portions of Apple's copying invoices—$40,681.29 of the Unopposed Costs—are
properly taxable.  (Dkt. No. 662 at 6.)

labeled manila folders, etc.) for which lower-cost alternatives were readily available and Apple does not explain why volume discounts were not obtained. (*Id.* at 6–7.) Smartflash also argues that Apple has not met its burden to explain why it sometimes did not obtain discounted price-per-page copying charges, and thus $36,220.44 in non-discounted price-per-page copying charges are not taxable. (*Id.* at 8–9.) Additionally, Smartflash contends there is no authority for the proposition that costs corresponding to equipment and labor expenses ($48,350) are taxable under § 1920(4). (*Id.* at 9; Dkt. No. 664 at 3.)

As an initial matter, the Court finds that Apple's equipment and labor expenses are not enumerated in § 1920 and thus are not taxable. The parties do not dispute that Apple's costs for photocopies and supplies are taxable, rather they dispute the amount that should be taxed to Smartflash. Considering the complexity of the case, the last-minute narrowing of asserted claims, and the volume of documents involved, the Court finds that 50% of the Opposed Costs for office supplies and 80% of the Opposed Costs for copying expenses are reasonable under the circumstances. Accordingly, the Court awards Apple $14,106.36 in disputed office supplies costs and $28,976.35 in disputed copying charges.

### C.  Disputed Graphics Costs Are Taxable

Apple and Smartflash dispute whether $651,365 in graphics consulting expenses are taxable under § 1920. (*See* Dkt. No. 661 at 21; Dkt. No. 662 at 12.)

Apple argues that the amount of its graphics expenses (1) correspond to the complexity of the case,[4] and (2) is not excessive in view of the Court previously awarding over $400,000 in graphics cost in a similarly complex case that Apple defended in this District. (Dkt. No. 661 at 21

---

[4] "Smartflash[] alleg[ed] that Apple owed Smartflash $852 million dollars in damages because Apple purportedly infringed 30 claims across six different patents." (Dkt. No. 661 at 21.) "Apple had to prepare its defense against 19 asserted claims until Smartflash narrowed its asserted claims just days before trial." (*Id.* at 22.)

(citing *Core Wireless v. Apple*, No. 6:12-cv-00100-JRG, ECF No. 474, at 8–9, ECF No. 470, ECF No. 483).)  Additionally, Apple avers that Federal Circuit and Eastern District of Texas opinions hold that graphics are recoverable.  (Dkt. No. 661 at 20 (citing, e.g., *Deere & Co. v. Duroc LLC*, 650 F. App'x 779, 783 (Fed. Cir. 2016) (affirming, under Eighth Circuit law, graphics costs); *Realtime Data, LLC v. T-Mobile USA, Inc.*, No. 6:10-cv-493, 2013 WL 12156681, at *3 (E.D. Tex. May 1, 2013); *Synqor, Inc. v. Artesyn Techs., Inc.*, No. 2:07-cv-497, 2011 U.S. Dist. LEXIS 112493, at *12–13 (E.D. Tex. Sep. 29, 2011); *Versata Software Inc. v. SAP Am., Inc.*, No. 2:07-cv-153, 2011 WL 4436283, at *2 (E.D. Tex. Sept. 23, 2011)); *see also* Dkt. No. 663 at 4.)  Apple also contends that, unlike the cases cited by Smartflash, its demonstratives were exemplifications of record evidence, the parties agreed to and did exchange daily demonstratives, the Court acknowledged the parties' agreement and provided instructions for the use of demonstratives, and Smartflash also used electronic demonstratives.  (Dkt. No. 661 at 23.)  Hence, Apple asserts that the opposed graphics expenses were both necessary and reasonable.  (*Id.*)

Smartflash responds that graphics costs (e.g., computer animations, videos, PowerPoint presentations, and graphic illustrations) are not recoverable costs under § 1930(4) absent prior court approval.  (Dkt. No. 662 at 10, 11 (citing, e.g., *Erfindergemeinschaft UroPep GBR v. Eli Lilly and Co.*, No. 2:15-cv-1202, 2017 WL 3044594 at *3 (E.D. Tex. July 18, 2017)).)  Smartflash also argues that Apple "has failed to meet its burden to show that the scope of fees requested is appropriate and only reflects necessary costs."  (Dkt. No. 662 at 12.)  Specifically, Apple's requested fees are unnecessary, cover too large of a time period—before and after trial, and excessive (e.g., 82 hours of graphics consulting on a single day of trial).  (Dkt. No. 662 at 11–12 (citing *Eolas Techs. Inc. v. Adobe Sys., Inc.*, 891 F. Supp. 2d 803, 808 (E.D. Tex. 2012); *Versata Software, Inc. v. SAP Am. Inc.*, No. 2:07-cv-153, 2011 WL 4436283, at *2 (E.D. Tex. Sept. 23,

2011); Dkt. No. 662-13 at 2/17/2015 (Ex. L, Impact Consulting Invoice)); *see also* Dkt. No. 664 at 4.).)

This Court requires parties to present their evidence at trial in a streamlined, orderly, and efficient manner.  As such, the Court finds that graphics costs in preparation for and during any motion hearings, pre-trial hearings, and trial are properly taxable under § 1920(4).  (*Compare* Dkt. No. 661-6 at 8–27 (detailing Apple's graphics costs from November 10, 2014, through February 24, 2015) *with* Dkt. Nos. 348, 356, 404, 495, 505, 506, 507, 508, 510, 512 (minute entries for motion hearings, pretrial hearings, and trial).)  However, Apple has not explained why graphics costs incurred *after* the trial and not near in time to a post-trial hearing were "necessarily obtained for use in the case."  29 U.S.C. § 1920(4).  Any of Apple's graphics costs incurred after trial are not taxable to Smartflash.  (*See* Dkt. No. 661-6 at 29 (Invoice Apple-SF-1005 for $22,880).)  Considering the totality of the circumstances, the Court is persuaded that a 25% reduction factor is reasonable in this case.  Therefore, the Court finds that Apple is entitled to $471,363.75 in graphics costs.

### D.  Disputed Source Code Computer Costs Are Not Taxable

Apple and Smartflash dispute whether $1,883 in costs associated with software licenses and $718.80 in GPS monitoring expenses are taxable under § 1920.  (*See* Dkt. No. 662 at 13–14; *see also* Dkt. No. 661 at Table 9; Dkt. No. 662-14 ¶ 5 (Declaration of Aaron Stanley).)

Apple argues that, pursuant to Smartflash's request and the Court's Protective Order, it obtained licenses for Windows-exclusive software and installed the same on computers for Smartflash's exclusive use to review Apple's source code during discovery.  (Dkt. No. 661 at 23–24 (citing Dkt. No. 176 ¶ 11(c)(i) (Revised Agreed Protective Order)).)  Apple also contends that the $718.80 in GPS costs that Apple incurred to monitor the source code computers were necessary

to ensure that Apple's source code would not be exposed.  (*See* Dkt. No. 661 at 24; Dkt. No. 663 at 5.)

Smartflash responds that GPS monitoring is not included in the Court's Protective Order and Apple has not provided any authority indicating that such costs are taxable under § 1920.  (Dkt. No. 662 at 12–13.)  Smartflash also argues that, aside from the Understand software, the other software licenses that Apple installed on the source code computers were not authorized by the Protective Order, and as such, the disputed source code computer costs are not taxable under § 1920.  (*See id.* at 13–14; *see also* Dkt. No. 661 at Table 9; Dkt. No. 662-14 ¶ 5 (Declaration of Aaron Stanley).)

Here, the Court finds that Apple's expenses related to software licenses installed on the source code computers are not taxable to Smartflash under § 1920.  *See Crawford*, 482 U.S. at 441–42 (1987) ("Section 1920 enumerates expenses that a federal court may tax as a cost under the discretionary authority found in Rule 54(d).").  Although Apple purchased software licenses for "Understand, Windows 7 Ultimate, Microsoft Office, SlickEdit, and Winzip," the Court's Protective Order only identifies Understand.[5]  Accordingly, Apple is not entitled to the $1,883 that Apple incurred to obtain licenses for software other than Understand.[6]

---

[5] The Court's Protective Order does not address whether such costs are taxable under § 1920(4).  (*See generally*, Dkt. No. 176; *but see United States ex rel King v. Solvay Pharm., Inc.*, 871 F.3d 318, 335 (5th Cir. 2017) ("the authority of the trial court to assess 'necessary and reasonable' costs incurred during discovery 'can hardly be doubted'"); *accord Rundus v. City of Dallas*, 634 F.3d 309, 316 (5th Cir. 2011); *Harrington v. Texaco, Inc.*, 339 F.2d 814, 822 (5th Cir. 1964).)  Smartflash has not specifically objected to any costs corresponding to software licenses listed in the Protective order, which appear to have been reasonably contemplated by discovery.  (*See* Dkt. No. 662 at 13 ("Smartflash does not object to the cost of the Understand license, because that program is specifically listed in the Protective Order.").)

[6] Although the Protective Order required Apple to provide source code computers with Microsoft Visual Studio installed thereon, the parties agreed during discovery to forego Visual Studio.  (*See* Dkt. No. 662 at 13–14.)

Similarly, GPS monitoring costs are not provided for in the Court's Protective Order and not listed within § 1902 as a taxable cost.  Accordingly, Apple is not entitled to the $718.80 in GPS monitoring costs.

### E.  Disputed Technical Advisor Costs Corresponding to Non-Apple Defendants Are Not Taxable

Apple and Smartflash dispute the apportionment of the $10,767.76 in fees that Apple paid to the Court's Technical Advisor ("TA").  (*See* Dkt. No. 662 at 14–15; *see also* Dkt. No. 661 at Table 10.)

Apple argues that although the Court's order to pay the TA did not separately apportion the TA's fees among multiple defendants[7], Apple would have been in violation of the Court's order specifically requiring it to "collect each remaining Defendant's portion of the payment and make a single collective payment" to the TA if any of the other defendants failed to pay the TA.  (Dkt. No. 663 at 5; *see also* Dkt. Nos. 205, 527 (orders to pay technical advisor).)  Having paid the entirety of the defense portion of the TA's fees, Apple contends that it should be awarded the full costs that it incurred.  (*See* Dkt. No. 661 at 24; *see also id.* at 14 (Table 10).)

Smartflash responds that, instead of ignoring the Court's prior orders and seeking the disputed TA fees from Smartflash, Apple should use the Court's enforceable orders to collect the remaining fees from Samsung and HTC.  (Dkt. No. 662 at 14–15 (citing Dkt. Nos. 205, 527); *see also* Dkt. No. 664 at 5.)

Magistrate Judge K. Nicole Mitchell and the Court's prior orders expressly allocated costs equally between the parties.  (*See* Dkt. Nos. 205 (allocating $14,554.14 to Smartflash and

---

[7] In addition to Apple, the TA fees were allocated among Defendants HTC Corporation and HTC America, Inc. (collectively, "HTC") and Defendants Samsung Electronics Co., Ltd., Samsung Electronics America, Inc., Samsung Telecommunications America, LLC (collectively, "Samsung").  (*See* Dkt. No. 205, 527; *see also Smartflash LLC v. Samsung Electronics Co., Ltd.*, No. 6:13-cv-448-JRG-KNM, Dkt. Nos. 243, 491.)

$14,554.14 to Apple, Samsung, and HTC) (Mitchell, J.), 527 (allocating $1,597.50 to Smartflash and $1,597.50 to Apple, Samsung, and HTC) (Mitchell, J.), 584 (allocating $5,428.68 to Smartflash and $5,428.68 to Apple).)  Since Judge Mitchell's orders instruct Apple to "collect each remaining Defendant's portion of the payment" (Dkt. No. 205 at 2; Dkt. No. 527 at 2), only the portion of defendant payments to the TA fees attributable to Apple is taxable to Smartflash under § 1902(4).  Accordingly, the Court finds that the apportionment of defendant payments to Apple reflected in the Unopposed Costs (*see* Dkt. No. 661 at Table 5) is reasonable in this case. Apple is not entitled to recover $10,767.76 in Disputed Costs associated with TA fees from Smartflash.  Nonetheless, this Order does not preclude Apple from recovering its additional incurred costs from Samsung and HTC.

## IV.    CONCLUSION

For the reasons discussed above, the Court hereby **GRANTS-IN-PART** and **DENIES-IN-PART** Apple's Motion for Entry of Bill of Costs.   (Dkt. No. 661.)  The Court **GRANTS** Apple $132,228.66 in Unopposed Costs.   Additionally, the Court **GRANTS** Apple $538,443.96 in Opposed Costs.  However, the Court **DENIES** Apple $266,873.75 in Opposed Costs.  Apple is hereby **ORDERED** to submit, within seven (7) days of this Order, a renewed proposed Bill of Costs with the Court that is consistent with the Court's ruling herein.

**So ORDERED and SIGNED this 20th day of December, 2018.**

RODNEY  GILSTRAP
UNITED STATES DISTRICT JUDGE