IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| SMARTFLASH LLC and SMARTFLASH TECHNOLOGIES LIMITED,<br><br>    *Plaintiffs*,<br><br>v.<br><br>APPLE INC.,<br><br>    *Defendant*. | Civil Action No. 6:13-cv-447-JRG |

**APPLE'S OPPOSED MOTION FOR APPOINTMENT
OF RECEIVER AND TO TURN OVER MATERIALS TO THE APPOINTED
RECEIVER**

Judgment Creditor Apple, Inc. hereby respectfully moves the Court to appoint Mr. Seth Kretzer of Kretzer & Volberding, P.C as receiver, and order Smartflash to turn over to the proposed receiver all nonexempt property and financial records in their possession or control, with all supporting documents. On August 16, 2017, this Court entered a final judgment against Smartflash, LLC and Smartflash Technologies Limited (collectively, "Smartflash") for costs incurred by Apple, Inc. Costs were $670,672.62. The judgment is final. Smartflash, LLC and Smartflash Technologies Limited have not paid the judgment or anything toward it.

For more than a year, Apple has repeatedly communicated with Smartflash and investigated Smartflash's assets in an attempt to obtain payment on this judgment without success. Smith Decl. ¶¶ 2-20. The Court granted Apple's motion for entry of the bill of costs on January 11, 2019. ECF 671. After Smartflash's window for appeal expired, Apple contacted Smartflash regarding payment on February 12, 2019. Smith Decl. ¶ 2. Apple and Smartflash continued to comumunicate about payment over the next month, but Smartflash did not pay. Smith Decl. ¶ 3. Apple also spent March and April 2019 attempting to obtain payment through lead-and-local meet and confers with Smartflash, an application for writ of execution and abstract of judgment, and post-judgment discovery. Smith Decl. ¶¶ 4-7.

While engaging in these discussions, Smartflash Technologies Limited, a British Virgin Islands entity, entered into dissolution proceedings in the British Virgin Islands. In late 2019, Smartflash Technologies Limited decided to undo these dissolution proceedings, and represented to the British Virgin Islands bankruptcy court that Smartflash shareholders were raising funds to pay Apple's costs. Smith Decl. ¶¶ 3-5, 9, 12, 15-18.

Following the termination of the British Virgin Islands dissolution proceedings, Smartflash has repeatedly represented to Apple that Smartflash was raising funding to pay Apple's costs. *Id.*

¶¶ 18-19. On January 10, 2020, Smartflash represented to Apple that Smartflash expected that it would raise funds to pay Apple in six to eight weeks. *Id.* ¶ 18. Despite these representations and Apple's repeated follow-up with Smartflash about payment, it is now two months past that eight-week window, and Smartflash still has not paid. Apple therefore respectfully asks the Court to sign a turnover order and to appoint a receiver.

## I.     THE COURT HAS AUTHORITY TO APPOINT A RECEIVER

Federal law permits the Court to appoint a receiver to manage and operate Smartflash's property in accordance with Texas law:

> *Trustees and receivers suable; management; State laws*
>
> . . .
>
> (b) Except as provided in section 1166 of title 11, a trustee, receiver or manager appointed in any cause pending in any court of the United States, including a debtor in possession, shall manage and operate the property in his possession as such trustee, receiver or manager according to the requirements of the valid laws of the State in which such property is situated, in the same manner that the owner or possessor thereof would be bound to do if in possession thereof.

28 U.S.C. § 959 (2018).[1]

Federal Rule of Civil Procedure 66 regulates receiverships:

> These rules govern an action in which the appointment of a receiver is sought or a receiver sues or is sued. But the practice in administering an estate by a receiver or a similar court-appointed officer must accord with the historical practice in federal courts or with a local rule. An action in which a receiver has been appointed may be dismissed only by court order.

Fed. R. Civ. P. 66.

Further, Rule 69(a) states that the "The procedure on execution — and in proceedings supplementary to and in aid of judgment or execution — must accord with the procedure of the

---

[1] The reference to section 1166 of title 11, the Bankruptcy Code, pertains to railroads and is not applicable.

state where the court is located ….": It is important to note that the language of Rule 69(a) goes beyond the traditional outlines of the *Erie* doctrine. Rule 69(a) does more than graft state substantive law onto federal procedure. Rule 69(a) authorizes the federal courts to utilize state procedural tools to aid in the execution of judgments. This means that the federal courts are not limited to writs of execution as defined in Rule 69(a), but are also able to provide the full panoply of post-judgment collection proceedings. *See, e.g., Grenada Bank v. Willey*, 694 F.2d 85 (5th Cir. 1982) (garnishments); *Skevofilax v. Quigley*, 810 F.2d 378 (3rd Cir. 1987).

The Fifth Circuit favors receiverships as an effective and efficient means of collecting and enforcing federal civil judgments such as this one. The "seizure of all assets on behalf of the court is a central purpose for the appointment of a receiver." *United States v. Setser*, 568 F.3d 482 (5th Cir. 2009). By design, federal receiverships are designed broadly, without statutory limits, to be tailored to the circumstances. *Id.* at 488 ("We have found no statutory or judicially created limits of the nature Setser argues exist to a receiver's right to seize assets. In fact, the statutory authority of a receiver appointed by the court is as broad as this receiver order[.]"). "A receiver 'stands in the shoes of' the entity or individual over which he or she maintains control, but is 'not an agent of the parties,' and is instead 'considered to be an officer of the court.'" *Certain Underwriters at Lloyds London v. Perraud*, 623 Fed. Appx. 628, 637 (5th Cir. 2015) (one of the Allen Stanford cases) (citations and quotation marks omitted for ease). "A receiver is 'the representative and protector of the interests of all persons, including creditors, shareholders and others, in the property of the receivership.'" *Jones v. Wells Fargo Bank, N.A.*, 666 F.3d 955, 966 (5th Cir. 2012) (quoting state case). The receiver "has a duty to pursue a corporation's claims." *Id.* (citation omitted); *see, e.g., Henderson v. West Jackson Student Hous., L.L.C.*, 676 Fed. Appx. 293 (5th Cir. 2017) (granting civil immunity to receiver against tort claims).

Texas District Courts appoint receivers when appropriate. *See, e.g., Janvey v. Alguire*, 2014 U.S. Dist. LEXIS 193394 at 98-101 (N.D. Tex. 2014) (discussing contours and history of federal equity receivership; rejecting attempts to force receiver to arbitration); *also United States SEC v. Harris,* 2016 U.S. Dist. LEXIS 51708 (allocating funds recovered by receiver in bankruptcy case and paying fees).

## II. TEXAS FAVORS RECEIVERSHIPS

As 28 U.S.C. § 959(b) indicates, federal equity receiverships are also regulated by state law. The Texas turnover statute is a procedural device to assist judgment creditors in post-judgment collection. A judgment creditor is entitled to receive aid from a court in order to reach property to obtain satisfaction on a judgment "if the judgment debtor owns property . . . that: is not exempt from attachment, execution, or seizure for the satisfaction of liabilities." Tex. Civ. Prac. & Rem. Code § 31.002(a) (2017). The statute empowers courts to order a judgment debtor to turn over nonexempt property that is in the debtor's possession or subject to the debtor's control, including present or future rights to property. *Id.* § 31.002 (b)(1). It also allows a court to appoint a receiver "with the authority to take possession of the nonexempt property, sell it and pay the proceeds to the judgment creditor to the extent to satisfy the judgment." *Id.* § 31.002(b)(3). The trial court is not required to identify in the order the specific property subject to turnover. *Id.* § 31.002(h). In addition, the trial court may enforce the turnover order by contempt proceedings. *Id.* § 31.002(c); *Davis v. West,* 317 S.W.3d 301, 309, 2009 Tex. App. LEXIS 9921, 14-15 (Tex. App. -- Houston [1st Dist.] 2009, pet. denied).

Texas Civil Practice & Remedies Code § 31.002 provides:

*Collection of Judgment Through Court Proceeding.*

(a) A judgment creditor is entitled to aid from ***a court of appropriate jurisdiction*** through injunction or other means in order to reach property to obtain

satisfaction on the judgment if the judgment debtor owns property, including present or future rights to property, that:

> (1) cannot readily be attached or levied on by ordinary legal process; and
>
> (2) is not exempt from attachment, execution, or seizure for the satisfaction of liabilities.

(b) The court may:

> (1) order the judgment debtor to turn over nonexempt property that is in the debtor's possession or is subject to the debtor's control, together with all documents or records related to the property, to a designated sheriff or constable for execution;
>
> (2) otherwise apply the property to the satisfaction of the judgment; or
>
> (3) appoint a receiver with the authority to take possession of the nonexempt property, sell it, and pay the proceeds to the judgment creditor to the extent required to satisfy the judgment.

Tex. Civ. Prac. & Rem. Code § 31.002 (2017) (emphasis added).

Texas Civil Practice & Remedies Code § 64.001 provides:

*Availability of Remedy.*

(a) ***A court of competent jurisdiction*** may appoint a receiver:

> (1) in an action by a vendor to vacate a fraudulent purchase of property;
>
> (2) ***in an action by a creditor to subject any property or fund to his claim;***
>
> (3) in an action between partners or others jointly owning or interested in any property or fund;
>
> (4) in an action by a mortgagee for the foreclosure of the mortgage and sale of the mortgaged property;
>
> (5) for a corporation that is insolvent, is in imminent danger of insolvency, has been dissolved, or has forfeited its corporate rights; or
>
> (6) in any other case in which a receiver may be appointed under the rules of equity.

Tex. Civ. Prac. & Rem. Code § 64.001 (2017) (emphases added).

Based on these two statutes, the only requirement is that the court have "appropriate jurisdiction" or "competent jurisdiction." A District Court has jurisdiction when it is the court that issued the judgment.

Under state law, bank accounts are non-exempt. Money loses its exempt status when deposited to a bank. *Schultz v. Cadle Co.*, 825 S.W.2d 151, 153-54 (Tex. App.—Dallas 1992, writ denied). A judgment creditor is not required to exhaust other remedies before seeking a receivership. *See In re Estate of Trevino*, 195 S.W.3d 223, 231 (Tex. App.—San Antonio 2006, no pet.) ("A receiver appointed pursuant to § 64.001(a) and (b) . . . . is not required to show that no other adequate remedy exists."). Receivership may be the first, not the last, remedy. *See Universe Life Insurance Company v. Giles,* 982 S.W.2d 488 (Tex. App.—Texarkana 1998, pet. denied); *Hennigan v. Hennigan,* 666 S.W.2d 322, 323 (Tex. App.—Houston [14th Dist.] 1984, writ ref'd n.r.e.); *Childre v. Great Sw. Life Ins. Co.,* 700 S.W. 2d 284, 288 (Tex. App.—Dallas 1985, no writ). It is not necessary to show that a writ of execution has been returned *nulla bona. Childre,* 700 S.W. 2d at 288.

Under Texas law, the power of a receivership derives from the doctrine of *custodia legis*. Once a turnover order is signed, all of the judgment debtor's nonexempt property becomes property in *custodia legis*, or "in the custody of the law." *First Southern Properties, Inc. v. Vallone*, 533 S.W.2d 339, 343 (Tex. 1976). *Custodia Legis* occurs immediately upon the appointment of the receiver, even prior to his or her qualifying by filing the bond and oath of office. *Cline v. Cline*, 323 S.W.2d 276, 282 (Tex. Civ. App. – Houston 1959, writ ref'd, n.r.e.). The judgment debtor's property is considered to be in the constructive possession of the court. During the pendency of a receivership, the receiver has exclusive possession and custody of the judgment debtor's property

to which the receivership relates. *First S. Props.*, 533 S.W.2d at 343; *Ellis v. Vernon Ice Co. & Water Co.*, 86 Tex. 109, S.W. 858 (1893). No one, not even a lien holder with a deed of trust, can sell property held in *custodia legis* by a duly appointed receiver. *First S. Props*. at 533 S.W.2d at 341; *Huffmeyer v. Mann*, 49 S.W.3d 554, 560 (Tex. Civ. App. – Corpus Christi, 2001). Any unauthorized transfer of property in the custody of a receiver is not merely voidable, it is void. *First S. Props.*, 533 S.W.2d at 341. Any conveyance of property in the custody of a receiver without approval by the court has no effect upon the receivership and the accomplishment of its purposes. *T.H. Neelv. W.L. Fuller*, 557 S.W2d 73, 76 (Tex. 1977).

Receivership fees are costs of court. *See Lost Creek Ventures, LLC v. Pilgrim*, No. 01-15-00375-CV, 2016 Tex. App. LEXIS 6974, at *23 (Tex. App. June 30, 2016, no pet). Generally, receivership fees are paid as a percentage of funds collected, usually 25% in state court, but also on a contingency hourly basis. *United States SEC v. Harris,* 2016 U.S. Dist. LEXIS 51708 (allocating funds recovered by receiver in bankruptcy case and paying fees).

No bond is required of the receiver. This is because the court has already adjudicated the claims and concluded that the debtor owes money. Therefore, the risk that the receiver might harm the debtor by seizing property is low. *See Schultz v. Cadle Company*, 825 S.W.2d 151 (Tex. App.--Dallas), *writ denied per curium*, 852 S.W.2d 499 (Tex. 1993). Here, surety bond of $100 is sufficient.

### III. PROPOSED RECEIVER

Apple requests that the Court appoint Mr. Seth Kretzer of Kretzer & Volberding, P.C. as receiver:

> Mr. Seth Kretzer
> Texas Bar No.: 24043764
> Kretzer & Volberding, P.C.
> The Lyric Center
> 440 Louisiana, Ste. 1440

       Houston, TX 77002
       (713) 775 3050 (office)
       Email: seth@kretzerfirm.com

Mr. Kretzer is an experienced litigation attorney who often serves as receiver. Mr. Kretzer clerked for Hon. Judge Thomas Reavley and Hon. Judge David Folsom. Mr. Kretzer is a member of the Eastern, Northern, Southern, and Western District bars. He has been appointed in nearly 100 different cases. A contingency fee of 25%, plus expenses, to be paid from funds recovered as court costs, subject to Court approval, is appropriate, alternatively, an hourly rate of $700. Attached is a proposed order of receivership. Apple respectfully requests that the Court grant the Receiver the authority requested in the proposed order.

## IV.   TURNOVER

Apple respectfully requests that the Court order Smartflash, LLC and Smartflash Technologies Limited to turn over all nonexempt property and financial records in their possession or control, with all supporting documents. The proposed order is drafted to this effect.

## V.   CONCLUSION

Apple respectfully requests that the Court appoint an equity Receiver to collect the judgment in this case and provide broad authority to the Receiver as set forth in the proposed order.

| | |
|---|---|
| Dated:  May 18, 2020 | Respectfully submitted, |
| | /s/ *James R. Batchelder*<br>Melissa R. Smith<br>TX Bar No. 24001351<br>**GILLIAM & SMITH LLP**<br>303 South Washington Avenue<br>Marshall, TX 75670<br>Telephone: (903) 934-8450<br>Facsimile: (903) 934-9257<br>Melissa@gilliamsmithlaw.com<br><br>Kevin J. Post (*pro hac vice*)<br>Kevin.Post@ropesgray.com<br>**ROPES & GRAY LLP**<br>1211 Avenue of the Americas<br>New York, NY 10036-8704<br>Telephone: (212) 596-9000<br>Facsimile: (212) 596-9050<br><br>James R. Batchelder<br>CA Bar No. 136347<br>(Eastern District of Texas Member)<br>James.Batchelder@ropesgray.com<br>**ROPES & GRAY LLP**<br>1900 University Avenue, 6th Floor<br>East Palo Alto, CA 94303-2284<br>Telephone: (650) 617-4000<br>Facsimile: (650) 617-4090<br><br>Douglas H. Hallward-Driemeier (*pro hac vice*)<br>Douglas.Hallward-Driemeier@ropesgray.com<br>**ROPES & GRAY LLP**<br>700 12th Street NW, Suite 900<br>Washington, DC 20005<br>Telephone: (202) 508-4600<br>Facsimile: (202) 508-4650<br><br>***Attorneys for Defendant Apple Inc.*** |

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that all counsel of record for Parties who are deemed to have consented to electronic service are being served with this document via the Court's CM/ECF system pursuant to the Local Rule CV-5(a)(3)(A) on May 18, 2020.

/s/ *Melissa Smith*

**CERTIFICATE OF CONFERENCE**

Counsel for the parties have complied with the meet and confer requirement in Local Rule CV-7(h). From April 28, 2020 to May 15, 2020, counsel for Apple and counsel for Smartflash met and conferred regarding this motion. Smartflash stated that they are opposed to the relief requested herein. Accordingly, the discussions have conclusively ended in an impasse, leaving an open issue for the court to resolve.

/s/ *Melissa Smith*