# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## TYLER DIVISION

|  |  |
|---|---|
| **SMARTFLASH LLC,** *et al.*, | **Case No. 6:13-cv-00447-JRG** |
| **Plaintiffs,** | **JURY TRIAL DEMANDED** |
| **v.** | |
| **APPLE INC.,** | ~~FILED UNDER SEAL~~ PUBLIC VERSION |
| **Defendant.** | |

**PLAINTIFFS' CORRECTED RESPONSE IN OPPOSITION TO APPLE'S MOTION FOR APPOINTMENT OF RECEIVER AND TO TURN OVER MATERIALS TO THE <u>APPOINTED RECEIVER</u>**

## <u>TABLE OF CONTENTS</u>

I.    SMARTFLASH IS DILIGENTLY ATTEMPTING TO PAY APPLE'S COSTS.................. 1

II.   APPLE HAS NOT ESTABLISHED THAT THE COURT HAS AUTHORITY TO APPOINT A RECEIVER IN THIS CIRCUMSTANCE.................................................... 3

III.  TEXAS DOES NOT FAVOR RECEIVERSHIPS. ................................................. 4

IV.  APPLE'S REQUESTED COMPENSATION FOR THE PROPOSED RECEIVER IS EXCESSIVE AND UNSUPPORTED. ............................................................. 6

V.   APPLE'S PROPOSED ORDER IS INACCURATE AND IS NOT TAILORED TO THE FACTS. ...................................................................................................... 8

VI.  CONCLUSION. ................................................................................................... 9

# TABLE OF AUTHORITIES

**Cases**

*Davenport v. Wood Motor Co.*
  107 S.W.2d 1093 (Tex. App.—Austin 1937) ............................................................ 5

*Ellis v. Vernon Ice Co. & Water Co.*
  86 Tex. 109 (1893) .................................................................................................... 5

*Estate of Price*
  528 S.W.3d 591 (Tex. App.—Texarkana 2017) ...................................................... 5

*Lost Creek Ventures, LLC v. Pilgrim*
  No. 01-15-00375-CV, 2016 Tex. App. LEXIS 6974 (Tex. App. June 30, 2016, no pet.) .............. 7

*Lost Creek Ventures, LLC v. Pilgrim*
  No. 01-15-00375-cv, 2016 WL 3569756 (Tex. App.—Houston [1st Dist.] 2016) ...................... 7

*Netsphere, Inc. v. Baron*
  703 F.3d 296 (5th Cir. 2012) .................................................................................... 6

*Parness v. Parness*
  560 S.W.2d 181 (Tex. App.—Dallas 1977) .......................................................... 4, 5

*Rusk v. Rusk*
  5 S.W.3d 299 (Tex. App.—Houston [14th Dist.] 1999) ........................................... 5

*Santibanez v. Wier McMahon & Co.*
  105 F.3d 234 (5th Cir. 1997) .................................................................................... 6

*United States SEC v. Harris*
  No. 3:09-CV-1809-B, 2016 U.S. Dist. LEXIS 51708 (N.D. Tex. Apr. 18, 2016) ...................... 7

*United States SEC v. Harris*
  No. 3:09-cv-1809-B, 2016 WL 1555773 (N.D. Tex. Apr. 18, 2016) ...................................... 7, 8

**Statutes**

35 U.S.C. § 101 ............................................................................................................ 2

Tex. Bus. & Com. Code § 24.010(a) ......................................................................... 9

Tex. Civ. Prac. & Rem. Code § 64.001 ................................................................. 3, 5

Tex. Civ. Prac. & Rem. Code § 64.001(a) ................................................................. 3

Tex. Civ. Prac. & Rem. Code § 64.001(a)(2) ........................................................... 3

Tex. Civ. Prac. & Rem. Code § 64.001(b) ................................................................. 4

**Rules**

Fed. R. Civ. P. 30(b)(6) ................................................................................................................ 1

**Other Authorities**

Charles Alan Wright & Arthur R. Miller, Fed. Prac. & Proc. § 2983 (3d ed. 2020) ........................ 6

Plaintiffs Smartflash LLC and Smartflash Technologies Limited ("Smartflash") take their obligation as a judgment creditor extremely seriously.  Since Apple's bill of costs was entered, Smartflash has been working diligently to raise funds to pay the money owed to Apple.  *See* Ex. A ███████████████████████████████████████████████████████ (detailing extensive efforts undertaken to pay Apple's bill of costs).  Apple is fully aware that Smartflash does not presently have the assets to pay the bill of costs.  Appointing a receiver will not change that fact.

## I.     SMARTFLASH IS DILIGENTLY ATTEMPTING TO PAY APPLE'S COSTS.

Apple has been kept fully apprised of Smartflash's situation as well as the diligent efforts Smartflash has taken to raise funds to pay its debt to Apple.  *See generally* Dkt. 676-1 at 1-4 (detailing communications between the parties and Smartflash's plans to raise funds).  Apple hired counsel in the British Virgin Islands "to follow the Smartflash Technologies Limited insolvency proceeding." Dkt. 676-1 at 2.  Counsel for Apple attended every single hearing that occurred in the insolvency proceeding.  At the final hearing, Smartflash sought permission to terminate the proceedings so that they could undergo restructuring to raise funds to pay the cost order.  S*ee* Dkt. 676-1 at 4.  The judge specifically provided Apple the opportunity to comment or object to this plan, but Apple did not.

Further, Smartflash fully complied with Apple's extensive and thorough post-judgment interrogatories, requests for production, and 30(b)(6) notice.  *See* Dkts. 676-2, 676-3, 676-4.  After fully responding to Apple's post-judgment discovery, including producing documents, Apple never followed up once to ask for additional information or clarification.  In fact, having apparently been satisfied with the written discovery, Apple never followed up to schedule a deposition on the topics for which Smartflash agreed to produce a 30(b)(6) witness or to meet and confer regarding the

questions Smartflash had about the scope of certain topics.  *See, e.g.*, Dkt. 676-2 at 10, 13 (offering

to provide a witness for Topics 8, 11, requesting to meet and confer regarding the scope of the

remaining topics).  Following extensive and satisfactory post-judgment discovery, never once—

including in the present Motion—has Apple so much as hinted that Smartflash has hidden any

assets, executed any fraudulent transfers, or done anything improper beyond failing to pay Apple

money it does not yet have.

Smartflash was not undercapitalized when this litigation began in 2013.  Smartflash

successfully litigated this case to judgment, including overcoming Apple's § 101 defense.  Dkt.

641.  That the Federal Circuit agreed with Apple's § 101 defense on appeal does not unwind the

significant resources Smartflash had to expend to get to that stage.  More importantly, Apple went

to extraordinary and abusive lengths to increase Smartflash's costs, filing thirty-one *unique* CBMs

across the six patents asserted in Smartflash's original complaint.[1]  Smartflash had to expend a

great amount of resources defending against these excessive CBMs.

Appointing a receiver in the manner Apple requests will only have one effect—improperly

increasing the debt Smartflash owes by 25%.  *See* Dkt. 676-5 at 8.  It will not create money out of

thin air.  Smartflash has diligently worked to raise the funds necessary to pay Apple and will be

doing so upon completion of restructuring process, to the extent it does not become impossible if a

receiver is appointed.  While Apple complains that Smartflash is "now two months past that eight-

---

[1] *See* Dkt. 1 at 3-4; CBM2014-00102, CBM2014-00103, CBM2014-00104, CBM2014-00105, CBM2014-00106, CBM2014-00107, CBM2014-00108, CBM2014-00109, CBM2014-00110, CBM2014-00111, CBM2014-00112, CBM2014-00113, CBM2015-00015, CBM2015-00016, CBM2015-00017, CBM2015-00018, CBM2015-00028, CBM2015-00029, CBM2015-00031, CBM2015-00032, CBM2015-00033, CBM2015-00117, CBM2015-00118, CBM2015-00119, CBM2015-00120, CBM2015-00123, CBM2015-00124, CBM2015-00127, CBM2015-00130, CBM2015-00131, CBM2015-00133.  This list does not include the additional 10 unique CBMs filed by Samsung and Google.

week window," during 2020 key members of Smartflash, who are located in the UK and Europe, are subject to unprecedented travel restrictions and office closures due to COVID-19, which has created significant and ongoing logistical difficulties.  Dkt. 676 at 3.

Apple acknowledges that what they are seeking is a "federal *equity* receivership[]."  Dkt. 676 at 5 (emphasis added).  *Equity* demands denying Apple's request in light of Smartflash's continued efforts to satisfy its debt.  Moreover, as is demonstrated below, the Court should deny the Motion because not only did Apple fail to demonstrate that appointment of a receiver is appropriate in these circumstances, but Apple entirely omitted the relevant considerations for the Court and materially misstated the law governing receiverships.

## II.     APPLE HAS NOT ESTABLISHED THAT THE COURT HAS AUTHORITY TO APPOINT A RECEIVER IN THIS CIRCUMSTANCE.

Smartflash does not dispute Apple's proposition that "Texas District Courts appoint receivers *when appropriate*."  Dkt. 676 at 5 (emphasis added).  Apple points to Texas Civil Practice & Remedies Code § 31.002 (Texas' turnover statute) and Texas Civil Practice & Remedies Code § 64.001 (Texas' receivership statute) as establishing the Court's authority to appoint a receiver here.  Dkt. 676 at 3-7 (also detailing why "federal equity receiverships are regulated by state law").  After excerpting from these statutes, Apple concludes that "[b]ased on these two statutes, the *only requirement* is that the court have 'appropriate jurisdiction' or 'competent jurisdiction.'"  Dkt. 676 at 7 (emphasis added).

Texas Civil Practice & Remedies Code § 64.001 governs when "[a] court of competent jurisdiction may appoint a receiver."  Tex. Civ. Prac. & Rem. Code § 64.001(a) (2019).  Apple specifically italicizes § 64.001(a)(2) as relevant to this circumstance.  Dkt. 676 at 6-7.  While it is true that Apple is Smartflash's creditor, the very next subsection of this statute provides that

Under <u>Subsection (a)</u>(1), <u>(2)</u>, or (3),  the  receiver  may  be  appointed  on  the

3

application of the plaintiff in the action or another party. The party must have a probable interest in or right to the property or fund, _and_ the property or fund must be in danger of being lost, removed, or materially injured.

Tex. Civ. Prac. & Rem. Code § 64.001(b) (2019) (emphasis added).

Accordingly, it is untrue that "the *only requirement* is that the court have 'appropriate jurisdiction' or 'competent jurisdiction.'" Dkt. 676 at 7.  Apple also must show that "the property or fund must be in danger of being lost, removed, or materially injured."  Tex. Civ. Prac. & Rem. Code § 64.001(b) (2019); *see also, e.g.*, *Parness v. Parness*, 560 S.W.2d 181, 182 (Tex. App.—Dallas 1977) (vacating receivership appointment order, finding trial court was without power to appoint a receiver "absent a showing that the property was in danger of being lost, removed, or materially altered").  Not only did Apple fail to attempt to show assets in danger of injury despite having conducted thorough, extensive, and satisfactory post-judgment discovery—Apple simply sidestepped this requirement.

Of course, it is undisputed that Apple cannot demonstrate that Smartflash has the funds to pay Apple and that they are in danger of being lost, removed, or materially injured.  As discussed above, Apple is fully aware that Smartflash has been diligently working to *raise* the funds necessary to pay Apple upon restructuring.  Furthermore, Apple has never made any allegation that Smartflash has hidden any assets, executed any fraudulent transfers, or done anything improper with assets it had in the past and used to pay litigation and CBM expenses, despite receiving extensive and satisfactory post-judgment discovery.  Accordingly, under these circumstances, Apple has not demonstrated that the Court has authority to appoint a receiver.

## III.   TEXAS DOES NOT FAVOR RECEIVERSHIPS.

Apple devotes an entire section to the proposition that "Texas Favors Receiverships."  Dkt. 676 at § II, pp. 5-8.  Apple cites no legal authority to support the notion that receiverships are

actually favored; the section merely details various rules that exist *when it is already appropriate* for a court to appoint a receiver.  More importantly, Apple's contention is the opposite of the law.

Texas does not favor receiverships.  This is established by authority Apple itself cites.  The Texas Supreme Court stated that "the power to authorize a receiver appointed by a court of equity…should be exercised, if at all, with extreme caution" because the power is "liable to great abuse."  *Ellis v. Vernon Ice Co. & Water Co.*, 86 Tex. 109, 111 (1893); cited in Dkt. 676 at 8. Texas law has not stopped disfavoring receiverships in the subsequent 127 years.  *See, e.g.*, *Estate of Price*, 528 S.W.3d 591, 593–94 (Tex. App.—Texarkana 2017) (citations omitted) ("appointment of a receiver is a harsh, drastic, and extraordinary remedy, which must be used cautiously."); *Davenport v. Wood Motor Co.*, 107 S.W.2d 1093, 1093 (Tex. App.—Austin 1937) ("Receivership is one of the harshest remedies known to the law, and should never be awarded where adequate legal or less onerous equitable remedy is available."); *Parness*, 560 S.W.2d at 182 (citations omitted) ("It is well settled in Texas that the appointment of a receiver is a harsh remedy and should only be exercised in extraordinary circumstances."); *Rusk v. Rusk*, 5 S.W.3d 299, 306 (Tex. App.—Houston[14th Dist.] 1999) (citations omitted) ("Receivership is an extraordinarily harsh remedy and one that courts are particularly loathe to utilize.").  Further, Texas' receivership statute, Tex. Civ. Prac. & Rem. Code § 64.001, is found within the larger section Title 3, entitled "Extraordinary Remedies."

Apple also specifically claims, without citation, that "[t]he Fifth Circuit favors receiverships as an effective and efficient means of collecting and enforcing federal civil judgments such as this one."  Dkt. 676 at 4.  Again, this is the opposite of the law.

> Receivership is "an extraordinary remedy that should be employed with the utmost caution" and is justified *only* where there is a clear necessity to protect a party's interest in property, legal and less drastic equitable remedies are inadequate, and the benefits of receivership outweigh the burdens on the affected parties.

*Netsphere, Inc. v. Baron*, 703 F.3d 296, 305 (5th Cir. 2012) (emphasis added) (citing Charles Alan Wright & Arthur R. Miller, FED. PRAC. & PROC. § 2983 (3d ed. 2020) ("The appointment of a receiver is considered to be an extraordinary remedy that should be employed with the utmost caution and granted only in cases of clear necessity to protect plaintiff's interests in the property.")).

Furthermore, the Fifth Circuit has set forth "factors that courts have considered as indicating the need for a receivership," including:

> a valid claim by the party seeking the appointment; the probability that fraudulent conduct has occurred or will occur to frustrate that claim; imminent danger that property will be concealed, lost, or diminished in value; inadequacy of legal remedies; lack of a less drastic equitable remedy; and likelihood that appointing the receiver will do more good than harm.

*Santibanez v. Wier McMahon & Co.*, 105 F.3d 234, 241-42 (5th Cir. 1997); *see also Netsphere*, 703 F.3d at 305 (citing *Santibanez* for the proposition that it "summarizes factors courts must consider before appointing a receiver"); Charles Alan Wright & Arthur R. Miller, FED. PRAC. & PROC. § 2983 (3d ed. 2020) (summarizing similar factors). Again, not only has Apple failed to show that these factors favor appointing a receiver, Apple completely failed to mention them. Texas law and Fifth Circuit law do not favor receiverships, and Apple has not demonstrated that the factors courts must consider in appointing a receiver have been met. For the reasons discussed above, Apple cannot make this showing. Accordingly, Apple's motion should be denied.

## IV.     APPLE'S REQUESTED COMPENSATION FOR THE PROPOSED RECEIVER IS EXCESSIVE AND UNSUPPORTED.

Apple requests that the Court award the receiver "a contingency fee of 25%, plus expenses," thus authorizing the receiver "to collect 125% of the judgment, plus out-of-pocket expenses incurred." Dkt. 676 at 9; Dkt. 676-5 at 8. Apple provides no support for the proposition that in order to pay a receiver for which Apple has provided no justification, the debt Smartflash

owes should be increased by at least 25%.  Apple provides the Court with two citations to cases related to receivership fees.  Dkt. 676 at 8.  Apple relies on the first for the proposition that "[r]eceivership fees are costs of court.  *See Lost Creek Ventures, LLC v. Pilgrim*, No. 01-15-00375-CV, 2016 Tex. App. LEXIS 6974, at *3 (Tex. App. June 30, 2016, no pet.)."  *Id*.  This case about a landlord-tenant dispute makes no mention of a receiver being involved and has no apparent connection to the proper measure of receivership fees.  *See Lost Creek Ventures, LLC v. Pilgrim*, No. 01-15-00375-cv, 2016 WL 3569756 (Tex. App.—Houston [1st Dist.] 2016).

The only other case Apple relies on is *United States SEC v. Harris*, 2016 U.S. Dist. LEXIS 51708, for the proposition that "[g]enerally, receivership fees are paid as a percentage of funds collected, usually 25% in state court, but also on a contingency hourly basis."  Dkt. 676 at 8 (full citation not provided, but is *United States SEC v. Harris*, No. 3:09-CV-1809-B, 2016 U.S. Dist. LEXIS 51708 (N.D. Tex. Apr. 18, 2016)).  This case provides no support at all for the proposition that receivership fees are "usually 25% in state court" or that they should be awarded on a contingency fee basis.  *See United States SEC v. Harris*, No. 3:09-cv-1809-B, 2016 WL 1555773 (N.D. Tex. Apr. 18, 2016).  Receivership fees in this case were *expressed* as a percentage of funds collected, but only in the context of *reducing* the receivers' incurred attorneys' fees, billed at reasonable hourly rates of $100-$400, in order to fairly distribute money to the creditors in light of the poor results of the receiver's collection efforts.  *Id*. at *11-*17.  Moreover, before beginning work on an hourly basis, that receiver "agreed to work bearing the risk that they would receive only a partial payment on their invoices" because "the ultimate value of the estate might not be enough to pay the full amount of their billed fees and expenses."  *Id*. at *15.  Nowhere does the opinion discuss *increasing* the debt in order to award a receiver a contingency fee.

Alternatively, Apple requests that the receiver be compensated at an hourly rate of $700.

Dkt. 676 at 9.  Apple makes no attempt to justify this amount, which Smartflash believes would be excessive.  Apple has identified no case where a court has awarded $700 as an hourly rate for receivership fees, nor has Apple identified why this receivership will require "specialized tasks in complex cases that few attorneys are capable of handling." *Harris*, 2016 WL 1555773 at *11.  In the *Harris* case, the court observed that "[o]ther district courts in the Northern District of Texas have found reasonable hourly rates for attorneys of comparable skill, experience, and reputation range from $100-$400 dollars." *Id*.  However, it was also found that "[t]he Receivership here was complex, problematic, and atypical." *Id*. at *16.  Apple has made no attempt to show that the receivership here would be complex or problematic, especially considering Smartflash's full compliance with extensive post-judgment discovery.  Accordingly, if the Court were to appoint a receiver—which Smartflash believes would be improper and ultimately detrimental—Smartflash requests that the receiver be awarded an hourly rate within the range identified in *Harris*.

## V.     APPLE'S PROPOSED ORDER IS INACCURATE AND IS NOT TAILORED TO THE FACTS.

Apple's proposed order contains inaccuracies and requests unnecessary relief, and on that basis should be denied.  First, Apple seeks to have the Court order "that Smartflash, LLC and Smartflash Technologies Limited likely have non-exempt assets." Dkt. 676-5 at 1.  As discussed above, this is factually untrue, and Apple has provided no basis to support asking the Court to rule on this fact.

Second, Apple seeks to have the Court order Smartflash to turn over a long list of categories of documents and records.  Dkt. 676-5 at 2-5.  It is unclear why Apple needs this relief from the Court, considering that Apple already served *broader* post-judgment document requests on Smartflash, Smartflash fully complied, and Apple never once followed up or contended they needed more information. *Compare id*. *with* Dkt. 676-4.  Furthermore, Apple does not attempt to

8

show why it needs documents and records going back to the filing of the case in 2013.  The statute

of limitations for fraudulent transfers is between one and four years, and the discovery rule limited

to "one year after the transfer or obligation was or could have reasonably been discovered by the

claimant."  Tex. Bus. & Com. Code § 24.010(a).  Again, Smartflash fully complied with Apple's

broad post-judgment discovery over a year ago, Apple was satisfied with the responses, and there

is no basis to conclude—much less a showing made by Apple—that Smartflash has engaged in any

fraudulent transfer or taken any steps to hide or move assets.  *See* Dkts. 676-2, 676-3, 676-4.  The

only evidence is to the contrary; Smartflash shareholders have gone to great lengths to try to raise

funds to pay the costs order, and the actions requested by Apple would only impede those ongoing

efforts.  Accordingly, Apple's request should be denied.

## VI.    CONCLUSION.

For the foregoing reasons, Smartflash respectfully requests that the Court deny Apple's

Motion.

Dated:  June 2, 2020                                      Respectfully submitted,

                                                          **CALDWELL CASSADY CURRY P.C.**

.                                                         /s/ *Bradley W. Caldwell*
                                                          Bradley W. Caldwell
                                                          Texas State Bar No. 24040630
                                                          Email: bcaldwell@caldwellcc.com
                                                          Jason D. Cassady
                                                          Texas State Bar No. 24045625
                                                          Email: jcassady@caldwellcc.com
                                                          John Austin Curry
                                                          Texas State Bar No. 24059636
                                                          Email: acurry@caldwellcc.com
                                                          Daniel R. Pearson
                                                          Texas State Bar No. 24070398
                                                          Email: dpearson@caldwellcc.com
                                                          Hamad M. Hamad
                                                          Texas State Bar No. 24061268
                                                          Email: hhamad@caldwellcc.com
                                                          Justin T. Nemunaitis
                                                          Texas State Bar No. 24065815
                                                          Email: jnemunaitis@caldwellcc.com
                                                          Christopher S. Stewart
                                                          Texas State Bar No. 24079399
                                                          Email: cstewart@caldwellcc.com
                                                          John F. Summers
                                                          Texas State Bar No. 24079417
                                                          Email: jsummers@caldwellcc.com
                                                          Warren J. McCarty, III
                                                          Texas State Bar No. 24107857
                                                          Email: wmccarty@caldwellcc.com
                                                          **CALDWELL CASSADY CURRY P.C.**
                                                          2121 N. Pearl St., Suite 1200
                                                          Dallas, Texas 75201
                                                          Telephone: (214) 888-4848
                                                          Facsimile: (214) 888-4849

                                                          T. John Ward
                                                          Texas State Bar No. 20848000
                                                          Email: tjw@wsfirm.com
                                                          T. John Ward, Jr.
                                                          Texas State Bar No. 00794818
                                                          Email: jw@wsfirm.com
                                                          **WARD, SMITH & HILL, PLLC**
                                                          1507 Bill Owens Parkway

Longview, Texas 75604
(903) 757-6400
(903) 757 2323 (fax)

**ATTORNEYS FOR PLAINTIFFS**
**SMARTFLASH LLC AND**
**SMARTFLASH TECHNOLOGIES**
**LIMITED**

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that the foregoing document has been served upon counsel

of record for Apple Inc. via electronic mail on June 2, 2020.

*/s/ Bradley W. Caldwell*
Bradley W. Caldwell

## CERTIFICATE OF AUTHORIZATION TO FILE UNDER SEAL

The undersigned hereby certifies that the foregoing document is authorized to be filed under

seal pursuant to the Protective Order in this case.

*/s/ Bradley W. Caldwell*
Bradley W. Caldwell